

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
FILED

OCT 1 8 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JEFFERSON PILOT LIFE INSURANCE | § § § | |
| vs. | § | CIVIL ACTION NO. B-01-142 |
| SORT-RITE INTERNATIONAL, INC., et al. | § § | |

## COASTAL BANC ssb's ANSWER TO COMPLAINT FOR INTERPLEADER

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW,** COASTAL BANC ssb (hereinafter referred to as *"Bank")* makes and files this its Original Answer to the Original Complaint for Interpleader of Jefferson Pilot Life Insurance Company and for such Answer and in support of same, respectfully shows the Court as follows:

1. Bank admits the allegations of paragraph 1 of the Complaint.

2. Bank admits the allegations of paragraph 2 of the Complaint.

3. Bank admits the allegations of paragraph 3 of the Complaint.

4. Bank admits paragraph 4 of the Complaint except that the Bank is a state savings bank chartered under Chapter 92 of the Texas Finance Code.

5. Bank admits to paragraph 5 of the Complaint except as to the citizenship and address of Defendant Leticia Elizalde de Pino as to which Bank is without knowledge or information sufficient to form a belief as to the truth of the averment.

6. Bank admits to paragraph 5 of the Complaint except as to the address of Defendant Debra Ann Metzger Finch as to which Bank is without knowledge or information sufficient to form a belief as to the truth of the averment

7. Bank admits to paragraph 5 of the Complaint except as to the address of Defendant Katherine Lee Metzger as to which Bank is without knowledge or information sufficient to form a belief as to the truth of the averment

8. Bank admits the allegations of the first sentence in paragraph 8 of the Complaint. Bank is without knowledge or information sufficient to form a belief as to the truth of the averment of the second sentence of paragraph 8 of the complaint.

9. Bank admits the allegations of paragraph 9 of the complaint.

10. Bank admits the allegations of paragraph 10 of the Complaint except the allegations of the last sentence thereof as to which Bank is without knowledge or information sufficient to form a belief as to the truth of the averment.

11. Bank admits that Shirley Metzger assigned the policy in question to its predecessor in interest, San Benito Bank & Trust Company, by an Assignment of Life Insurance Policy as Collateral dated December 29, 1987. Bank denies that the Assignment of December 29, 1987, was subsequently assigned to Export-Import Bank of the United States. Bank admits that Shirley Metzger executed an Assignment of Life Insurance dated July 19, 1988, in favor of Export-Import Bank of the United States. The averment of the last sentence of paragraph 11 are admitted.

12. Bank is without knowledge or information sufficient to form a belief as to averment of paragraph 12.

13. Bank admits the allegation of paragraph 13 of the Complaint, except that Bank is without knowledge or information sufficient to form a belief as to the truth of the averment of the amount of an alleged outstanding policy loan.

14. Bank is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 14 of the Complaint.

15. Bank admits the allegation of paragraph 15 of the Complaint.

16. Bank is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 16 of the Complaint.

17. Bank admits the allegation of paragraph 17 of the Complaint.

18. Bank is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 18 of the Complaint.

19. Bank is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 19 of the Complaint.

20. Bank is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 20 of the Complaint.

21. Bank admits the allegation of paragraph 21 of the Complaint.

22. Bank admits the allegation of paragraph 22 of the Complaint.

23. Bank admits the allegation of paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint contains no averment of fact which requires an admission or denial except that Bank refers to and repeats responses to paragraph 1 through 20 inclusive of the Complaint.

25. Bank admits the allegations of paragraph 25 of the Complaint except the Bank is without knowledge or information sufficient to admit or deny the averment of the amount due under the policy.

26. Bank admits the allegations of paragraph 26 of the Complaint.

27. Bank admits the allegations of paragraph 27 of the Complaint except as to the amount alleged to be due under the policy and the amount of the policy loan claimed by Plaintiff as to which Bank is without knowledge or information sufficient to form a belief as the truth of such averments.

28. Bank admits the allegations of paragraph 28 of the Complaint.

29. Bank is without knowledge or information sufficient to form a belief as to the truth of averments of paragraph 29 of the Complaint except for the last sentence thereof which is admitted.

30. Paragraph 24 of the Complaint contains no averment of fact which requires an admission or denial except that Bank refers to and repeats responses to paragraph 1 through 29 inclusive of the Complaint.

31. The allegations of paragraph 31 of the Complaint in which Plaintiff states the grounds on which it seeks declaratory judgment do not contain averments of fact which require an admission or denial.

32. Paragraph 24 of the Complaint contains no averment of fact which requires an admission or denial except that Bank refers to and repeats responses to paragraph 1 through 31 inclusive of the Complaint.

33. Bank admits the allegations of paragraph 33 of the Complaint.

34. Bank admits the allegations of paragraph 34 of the Complaint except for the allegation of reasonable and necessary attorney's fees or an amount of $5,000.00 as to which Bank is without knowledge or information sufficient to form a belief as to the truth of that averment.

35. The allegations of paragraph 35 of the Complaint contain no averments of fact which require admission or denial.

Respectfully submitted this 18th day of October, 2001.

Andrew K. Rozell
**LAW OFFICE OF ANDREW ROZELL**
323 E. Jackson
Harlingen, TX 78550
Telephone:   (956) 428-1282
Facsimile:    (956) 428-6595
State Bar No.: 17358000
Southern District of Texas
Admissions Id. No. 1220


Michael R. Ezell
**LAW OFFICE OF MICHAEL R. EZELL**
312 E. Van Buren
P. O. Box 2878
Harlingen, Texas 78551
Telephone:   (956) 425-2000
Facsimile:    (956) 421-4258


By: _____/s/ Michael R. Ezell_____
MICHAEL R. EZELL
State Bar No.: 06764200
Southern District of Texas
Admissions Id. No. 2250

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of October, 2001, a true and correct copy of the above and foregoing Answer was forwarded to all parties herein:

| | |
|---|---|
| Plaintiff Jefferson Pilot Life Ins. Co.<br>By and Through Its Attorney of Record<br>Mr. Jason R. Mann<br>***J. EDWARD MANN, JR. & ASSOCIATES***<br>P.O. Box 231<br>Harlingen, Texas 78551 | Hand Delivered |
| Defendant Sort-Rite International, Inc.<br>By and Through Its Attorney of Record<br>Mr. Chris Boswell<br>***STAPLETON, CURTIS & BOSWELL, LLP***<br>P.O. Box 2644<br>Harlingen, Texas 78551 | CM,RRR#7000 1530 0006 3431 4438 |
| Defendant Export-Import Bank of the US<br>By and Through Its Attorney of Record<br>Mr. William Mays<br>***Office of the General Counsel***<br>***Export-Import Bank of the U.S.***<br>911 Vermont Ave, NW<br>Washington, DC 20571 | CM,RRR#7000 1530 0006 3431 4445 |
| Defendant Leticia Elizalde de Pino<br>Defendant Debra Ann Metzger Finch<br>Defendant Katherine Lee Metzger<br>By and Through Their Attorney of Record<br>Ms. Constance Y. Singleton<br>***ATTORNEY AT LAW***<br>215 Bayland Ave.<br>Houston, Texas 77009 | CM,RRR#7000 1530 0006 3431 4452 |

_____
MICHAEL R. EZELL