

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

OCT 1 9 2001

JEFFERSON PILOT LIFE INSURANCE COMPANY,
Plaintiff,

v.      CIVIL ACTION No. B-01-142

SORT RITE INTERNATIONAL INC., et al.,
Defendants.

## EXPORT IMPORT BANK OF THE UNITED STATES ANSWER TO JEFFERSON PILOT LIFE INSURANCE COMPANY'S COMPLAINT FOR INTERPLEADER

TO THE HONORABLE JUDGE OF SAID COURT:

The Export Import Bank of the United States (hereinafter referred to at "Eximbank"), by and through Gregory A. Serres, United States Attorney for the Southern District of Texas, files this its answer to Jefferson Pilot Life Insurance Company's Original Complaint for Interpleader and respectfully shows unto the Court as follows:

1. Eximbank admits the allegations contained in this paragraph.

2. Eximbank admits the allegations contained in this paragraph.

3. Eximbank admits the allegations contained in this paragraph.

4. Eximbank admits the allegations contained in this paragraph.

5. Eximbank is without sufficient information to either admit or deny the allegations set forth in this paragraph.

6. Eximbank is without sufficient information to either admit or deny the allegations set forth in this paragraph.

7. Eximbank is without sufficient information to either admit or deny the allegations set forth in this paragraph.

8. Eximbank admits the allegations contained in this paragraph.

9. Eximbank admits the allegations contained in this paragraph.

10. Eximbank admits the allegations contained in this paragraph.

11. Eximbank admits the allegations contained in this paragraph.

12. Eximbank is without sufficient information to either admit or deny the allegations set forth in this paragraph.

13. Eximbank admits the allegations contained in this paragraph.

14. Eximbank admits the allegations contained in this paragraph.

15. Eximbank admits the allegations contained in this paragraph.

16. Upon information and belief, Eximbank admits the allegations in this paragraph.

17. Upon information and belief, Eximbank admits the allegations in this paragraph.

18. Eximbank admits the allegations contained in this paragraph.

19. Upon information and belief, Eximbank admits the allegations in this paragraph.

20. Upon information and belief, Eximbank admits the allegations in this paragraph.

21. Eximbank admits the allegations contained in this paragraph.

22. Eximbank admits the allegations contained in this paragraph.

23. Eximbank admits the allegations contained in this paragraph.

24. Eximbank admits the allegations contained in this paragraph.

25. Eximbank admits the allegations contained in this paragraph.

26. Eximbank admits the allegations contained in this paragraph.

27. Eximbank admits the allegations contained in this paragraph.

28. Eximbank admits the allegations contained in this paragraph.

29. Eximbank admits the allegations contained in this paragraph.

30. Eximbank admits the allegations contained in this paragraph.

31. Eximbank admits the allegations contained in this paragraph.

32. Eximbank admits the allegations contained in this paragraph.

33. Eximbank admits the allegations contained in this paragraph.

34. Eximbank admits the allegations contained in this paragraph.

The remaining paragraphs of this complaint in Interpleader consists of a Prayer for Relief for which no response is required. All allegations not addressed in this Answer are denied.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Eximbank is entitled, by way of a validly executed assignment of the life insurance proceeds by Shirley Metzger in her individual capacity and in her capacity as President of Sort-Rite International, Inc., to the life insurance proceeds to the extent of the balance due on a Promissory Note dated November 30, 1991, for which Shirley Metzger was a personal guarantor.

WHEREFORE, PREMISES CONSIDERED, the Eximbank prays that this Court enter judgment in favor of the Eximbank and award the life insurance proceeds at issue to Eximbank to the extent of the amount due and owing on its promissory note that was personally guaranteed by Shirley Metzger and such other and further relief to which it may be entitled.

Respectfully submitted,

GREGORY A. SERRES
United States Attorney

NANCY L. MASSO
Assistant United States Attorney
600 E. Harrison St., No. 201
Brownsville, Texas 78520
Tel: (956) 548-2554
Fax: (956) 548-2549
State Bar No. 00800490
Federal I.D. No. 10263

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the true and foregoing copy of the EXPORT IMPORT BANK OF THE UNITED STATES ANSWER TO JEFFERSON PILOT LIFE INSURANCE COMPANY'S COMPLAINT FOR INTERPLEADER was mailed to the following parties herein, via certified mail, return receipt requested:

Mr. Jason R. Mann, Attorney for
Jefferson Pilot Life Insurance Company
P.O. Box 231
P.O. Box 231
Harlingen, Texas 78551

Mr. Michael R. Ezell, Attorney for
Coastal Banc, ssb
P.O. Box 2878
Harlingen, Texas 2878

Ms. Constance Singleton, Attorney for
Debra Ann Metzger Finch,
Katherine Lee Metzger
Leticia Elizalde de Pino
215 Bayland Ave.
Houston, Texas 77009

Mr. Chris Boswell, Attorney for
Sort-Rite International Inc.
515 East Harrison St., Suite A
Harlingen, Texas 78550

NANCY L. MASSO
Assistant United States Attorney