IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



United States Courts
Southern District of Texas
FILED

NOV 2 6 2001

Michael N. Milby, Clerk

| | | |
|---|---|---|
| JEFFERSON-PILOT LIFE INS. CO. | § | |
| | § | |
| V. | § | CASE NO. B-01-142 |
| | § | |
| SORT-RITE INTERNATIONAL, ET AL. | § § | |

## ANSWER FILED BY
## LETICIA ELIZALDE DE PINO, DEBRA METZGER FINCH
## AND KATHERINE METZGER
## TO
## ORIGINAL COMPLAINT FOR INTERPLEADER

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW LETICIA ELIZALDE DE PINO, DEBRA METZGER FINCH, and KATHERINE METZGER and file this, their Answer to the Original Complaint for Interpleader filed by JEFFERSON-PILOT LIFE INSURANCE COMPANY. Their joint answer consists of the following:

1. Parties admit the allegations of Paragraph 1 of the Complaint.

2. Parties admit the allegations of Paragraph 2 of the Complaint.

3. Parties are without sufficient information upon which to form the basis to admit or deny the allegations of Paragraph 3 of the Complaint.

4. Parties are without sufficient information upon which to form the basis to admit or deny the allegations of Paragraph 4 of the Complaint.

5. Parties deny that LETICIA ELIZALDE DE PINO is a citizen of Florida. She is a citizen of Ecuador and may be served through the undersigned attorney.

6. Parties admit the allegations of Paragraph 6 of the Complaint.

7. Parties admit the allegations of Paragraph 7 of the Complaint.

8. Parties admit the allegations of Paragraph 8 of the Complaint, except with regard to the citizenship of the parties.

9. Parties admit the allegations of Paragraph 9 of the Complaint.

10. Parties admit the first two sentences of Paragraph 10 of the Complaint. Parties deny the last sentence of Paragraph 10. Parties submit that, with regard to the remainder of the paragraph, these statements were true at the time the policy was issued, but the status of the owners changed as a result of bankruptcy proceedings of SORT-RITE INTERNATIONAL.

11. Parties admit the allegations of first sentence of Paragraph 11 of the Complaint. Parties are without sufficient information or complete documents to admit or deny the remainder of the paragraph.

12. Parties admit the allegations of Paragraph 12 of the Complaint.

13. Parties admit that the face amount of the policy was $1,500,000. Parties are without sufficient information upon which to admit or deny the amount of the loan against the policy or the present benefits due under the policy.

14. Parties are without sufficient information upon which to form the basis to admit or deny Paragraph 14.

15. Parties admit the allegations of Paragraph 15 of the Complaint.

16. Parties are without sufficient information upon which to form the basis to admit or deny the allegations of Paragraph 16 of the Complaint.

17. Parties are without sufficient information upon which to form the basis to admit or deny the allegations of Paragraph 17 of the Complaint.

18. Parties are without sufficient information upon which to form the basis to admit or deny the allegations of Paragraph 18 of the Complaint.

19. Parties are without sufficient information upon which to form the basis to admit or deny the allegations of Paragraph 19 of the Complaint.

20. Parties admit that on or about May 2, 2001 Constance Singleton sent to Jefferson-Pilot a letter wherein Leticia Pino, as beneficiary, asserts an interest in the policy.

21. Parties admit the allegations of Paragraph 21 of the Complaint.

22. Parties admit the allegations of Paragraph 22 of the Complaint.

23. Parties admit the allegations of Paragraph 23 of the Complaint.

24. Parties do not dispute Plaintiff's incorporation by reference, as contained in Paragraph 24.

25. Parties are without sufficient information upon which to form the basis to admit or deny the allegations of Paragraph 25 of the Complaint.

26. Parties admit the allegations of Paragraph 26 of the Complaint.

27. Parties admit the allegations of Paragraph 27 of the Complaint, except as to the specific amount due under the policy.

28. Parties admit the allegations of Paragraph 28 of the Complaint.

29. Parties admit the allegations of Paragraph 29 of the Complaint.

30. Paragraph 30 contains no statement which addresses matters to be admitted or denied.

31. Paragraph 31 contains no statement which addresses matters to be admitted or denied.

32. Paragraph 32 contains no statement which addresses matters to be admitted or denied.

33. Paragraph 33 contains no statement which addresses matters to be admitted or denied.

34. Parties admit the allegations of Paragraph 34 of the Complaint.

35. Paragraph 35 contains no statement which addresses matters to be admitted or denied.

      Respectfully submitted,

      CONSTANCE Y. SINGLETON
      ATTORNEY FOR LETICIA PINO,
      KATHERINE METZGER, AND
      DEBRA METZGER FINCH
      Fed. ID. 6567
      SBOT 18435600
      215 Bayland Avenue
      Houston, Texas 77009
      (281) 687-0100
      Facsimile: (713) 802-1202

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been sent, via facsimile (where facsimile number is listed) and first class mail, to the following counsel of record or parties, on this the 26th day of November, 2001:

Chris Boswell
Stapleton, Curtis & Boswell, LLP
P. O. Box 2644
Harlingen, Texas 78551

Andrew K. Rozell
Attorney At Law
323 E. Jackson
Harlingen, Texas 78550

Michael R. Ezell
312 E. Van Buren
P. O. Box 2878
Harlingen, Texas 78551

Nancy L. Masso
Assistant U.S. Attorney
600 E. Harrison Street, #201
Brownsville, Texas 7852

Jason Mann
Edward Mann and Associates
Bank of America Tower
222 East Van Buren; Suite 701
Harlingen, Texas 78550

CONSTANCE Y. SINGLETON