

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 1 4 2002

Michael N. Milby
Clerk of Court

JEFFERSON-PILOT INSURANCE CO., *
                                   *
v.                               *       CIVIL ACTION No. B-01-142
                                   *
SORT-RITE INTERNATIONAL, ET AL *

## Amended JOINT DISCOVERY/CASE MANAGEMENT PLAN

1. State where and when the meeting of parties required by Rule 26(f) was held and identify the counsel who attended for each party.

ANSWER: November 6, 2001, January 9, 2002 Telephonically, January 14, 2002, Federal Courthouse. Boswell, Masso, Rozell and Singleton and Ezell in attendance.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

ANSWER: In Re: Sort-Rite International, Inc.; Bankruptcy No. 92-21053-B-11
In Re: Sort-Rite International, Inc.; Bankruptcy No. 00-21094-B-11

3. Specify the allegation of federal jurisdiction.

ANSWER: Diversity, 28 U.S.C. §1334.

4. Name the Parties who disagree and the reasons.

ANSWER: None disagree with jurisdiction

5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

ANSWER: None.

6. List anticipated interventions.

ANSWER: None.

7. Describe class action issues.

ANSWER: None.

8.  State whether each party represents that it has made initial disclosures required by Rule 26(a). If not, describe what arrangements have been made to complete the disclosures.

*ANSWER*:   Each party contends it has satisfied initial disclosures.

9.  Describe the proposed agreed discovery plan, including:

    A. Responses to all the matters raised in Rule 26(f).
    B. When and to whom the plaintiff anticipates it may send interrogatories.
    C. When and to whom the defendant anticipates it may send interrogatories.
    D. Of whom and by when the plaintiff anticipates taking oral depositions.
    E. Of whom and by when the defendant anticipates taking oral depositions.
    F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.
    G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).
    H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

*ANSWER*:

   B. & C.  Each party intends to send interrogatories to each other by January 31, 2002 and all parties will respond no later than February 27, 2002.

   D. & E.  Coast Bank intends to depose a representative of Pacific Southwest, Leticia de Pino and Nathan Winters or another prior bank employee by April 30, 2002.

   de Pino intends to depose Catherine Snyder, Frank Hyde, Nathan Winters and Eddie May by April 30, 2002.

   Ex-Im Bank intends to depose records custodian by April 30, 2002.

   Sort-Rite intends to depose a representative of Jefferson Pilot and Debbie Finch by April 30, 2002.

   F.  All parties to designate experts and produce reports by April 1, 2002.

   G.  No expert depositions are anticipated this time.

2

10. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

*ANSWER*: No disagreement.

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

*ANSWER*: Coast Bank has produced documents for inspection and answered some interrogatories propounded by De Pino. Ex-Im Bank is attempting to obtain additional documents by January 22, 2002.

12. State the date the planned discovery can reasonably be completed.

*ANSWER*: May 1, 2002.

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

*ANSWER*: Mediation with Steven Fieldcamp on March 1, 2002.

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

*ANSWER*: Voluntary production of documents, discussions regarding merits and agreement to mediate.

15. From the attorney's discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

*ANSWER*: Mediation.

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

*ANSWER*: No objection, ~~and subject client approval.~~

17. State whether a jury demand has been made and if it was made on time.

*ANSWER*: None.

18. Specify the number of hours it will take to present the evidence in this case.

*ANSWER*: 24 hours.

3

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

*ANSWER*:   None.

20. List other motions pending.

*ANSWER*:   None.

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

*ANSWER*:   The Joint Case Management Plan filed on January 11, 2002 is incorporated by reference excepted as modified by this Plan.

<u>Counsel for de Pino, Debra Finch and Katherine Metzger</u> submit that there are matters peculiar to this case which should be brought to the attention of the Court. The insured under the subject policy was the President of a corporation which endured two separate Chapter 11 bankruptcies. Each had a confirmed plan of reorganization. It is the position of the beneficiaries that orders and representations in those bankruptcy proceedings stripped each of the other claimants of their interests in the policy proceeds.

22. List the names, bar numbers, addresses, and telephone numbers of all counsel.

*ANSWER*:

**Counsel for Ex-Im Bank:**
Nancy L. Masso
Assistant United States Attorney
600 E. Harrison St., #201
Brownsville, Texas 78520
State Bar No. 00800490
Federal I.D. No. 10263
TEL: (956) 548-2554
(FAX): (956) 548-2549

BY: _____           DATE:   1-14-02
NANCY L. MASSO
Assistant United States Attorney

4

**Counsel for Sort-Rite International, Inc.**
Chris Boswell
Attorney at Law
515 E. Harrison Suite A
P.O. Box 2644
Harlingen, TX 78551
State Bar No. 02683300
Federal I.D. No. 1256
TEL: (956) 428-9191
FAX: (956) 428-9283

BY: _____  DATE: 1-14-02
CHRIS BOSWEL
Attorney at Law

**Counsel for Coastal Bank**
Michael R. Ezell
Attorney at Law
P.O. Box 2878
Harlingen, TX 78551
State Bar No.06764200
Federal I.D. No. 2250
TEL: (956) 425-2000
FAX: (956) 421-4258

BY: _____  DATE: 1/14/02
MICHAEL R. EZELL
Attorney at Law

and

Andrew Rozell
Attorney at Law
323 E. Jackson
Harlingen, TX 78550
State Bar No. 17358000
Federal I.D. No. 1220
TEL: (956) 428-1282
FAX: (956) 428-6595

BY: _____  DATE: 1/14/02
ANDREW ROZELL
Attorney at Law

5

**Counsel for Leticia Elizalde de Pino, Debra Ann Metzger Finch, and Katherine Lee Metzger:**

    Constance Y. Singleton
    Attorney at Law
    215 Bayland Ave.
    Houston, TX 77009
    State Bar No. 8435600
    Federal I.D. No. 6567
    TEL: (713) 687-0100
    FAX: (713) 802-1202

BY: _/s/ Constance Y. Singleton_      DATE: 1-14-02
    CONSTANCE Y. SINGLETON
    Attorney at Law