

United States Courts
Southern District of Texas
FILED

FEB 2 8 2002

Michael N. Milby, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

JEFFERSON-PILOT LIFE INS. CO. §
§
V. § CASE NO. B-01-142
§
SORT-RITE INTERNATIONAL, §
    ET AL. §

## LETICIA ELIZALDE DE PINO, DEBRA METZGER FINCH AND KATHERINE METZGER'S ANSWER TO SORT-RITE INTERNATIONAL'S CROSS-CLAIM AND COUNTERCLAIM

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW LETICIA ELIZALDE DE PINO, DEBRA METZGER FINCH, and KATHERINE METZGER and file this, their Answer to SORT-RITE INTERNATIONAL'S Cross-Claim and Counterclam. They respectfully state the following:

1.    Parties admit the allegations of Paragraph 1.

2.    Parties admit the allegations of Paragraph 2.

3.    Parties are without sufficient information upon which to form the basis to admit or deny the allegations of Paragraph 3.

4.    Parties deny Parargraph 4. Leticia Pino is a citizen of Ecuador.

5.   Parties admit Paragraph 5.

6.   Parties admit Paragraph 6.

7.   Parties admit Paragraph 7.

8.   Parties admit Paragraph 8.

9.   Parties admit Paragraph 9.

10.   Parties admit the date of Shirley Metzger's death.  Parties admit that the insurance policy contained and endorsement identified as a split-dollar endorsement.   Otherwise Parties deny Paragraph 10.   SORT-RITE had relinquished all interest in the insurance policy through the language of its Second Amended Plan of Reorganization which was confirmed on January 30, 2001 in its Chapter 11 proceeding, Case No. 00-21094-B.  Further, SORT-RITE had no insurable interest in the life of Shirley Metzger after January 10, 2001. Further, in September 1995, Sort-Rite had changed the designation of beneficiary of its portion of the policy, designating LETICIA PINO as the beneficiary of its portion.  Further, SORT-RITE is owed no reimbursements for premiums, as those have been paid.

11.   Parties deny Paragraph 11.

12.   Parties admit the allegations of Paragraph 12.

13.   As an affirmative defense, Parties assert res judicata and collateral estoppel, as a result of the language contained in the confirmed plans of

2

reorganization entered in Chapter 11 Case 92-21053, SORT-RITE'S first Chapter 11, and Case 00-21094, SORT-RITE'S second Chapter 11.

14. As an affirmative defense, Parties assert that SORT-RITE had no insurable interest in the life of Shirley Metzger at the time of her death.

15. As an affirmative defense, Parties assert that SORT-RITE had no interest in the life insurance policy after the confirmation of the plan of reorganization if the first bankruptcy, March 14, 1994, that it, accordingly, did not list the life insurance policy as an asset in the second bankruptcy, and is precluded from asserting an interest herein.

WHEREFORE, PREMISES CONSIDERED, Parties pray that Cross-Plaintiff, SORT-RITE INTERNATIONAL, take nothing by its Cross-Claim, and that Parties be granted all relief, at law or equity, to which they show themselves justly entitled.

Respectfully submitted,

CONSTANCE Y. SINGLETON
ATTORNEY FOR LETICIA PINO,
KATHERINE METZGER, AND
DEBRA METZGER FINCH
Fed. ID. 6567
SBOT 18435600
215 Bayland Avenue
Houston, Texas 77009
(281) 687-0100
Facsimile:  (713) 802-1202

3

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been sent, via facsimile (where facsimile number is listed) and first class mail, to the following counsel of record or parties, on this the 28th day of February, 2002:


Chris Boswell
Stapleton, Curtis & Boswell, LLP
P. O. Box 2644
Harlingen, Texas 78551

Andrew K. Rozell
Attorney At Law
323 E. Jackson
Harlingen, Texas 78550

Michael R. Ezell
312 E. Van Buren
P. O. Box 2878
Harlingen, Texas 78551

Nancy L. Masso
Assistant U.S. Attorney
600 E. Harrison Street, #201
Brownsville, Texas 78520

CONSTANCE Y. SINGLETON