Case 1:01-cv-00142   Document 29   Filed in TXSD on 04/01/2002   Page 1 of 11

United States District Court
Southern District of Texas
FILED

APR 0 1 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JEFFERSON PILOT LIFE INSURANCE | § § | |
| vs. | § § | CIVIL ACTION NO. B-01-142 |
| SORT-RITE INTERNATIONAL, INC., et al. | § § | |

SORT-RITE INTERNATIONAL, INC.'S
DESIGNATION OF EXPERT WITNESS

To:   Defendants Leticia Elizalde de Pino, Debra Ann Metzger Finch and Katherine Lee Metzger, by and through their attorneys of record

Ms. Constance Y. Singleton
215 Bayland Avenue
Houston, Texas 77009

Defendant SORT-RITE INTERNATIONAL, INC., (*hereinafter "Sort-Rite"*) makes these expert disclosures as required by Rule 26(a)(2) F.R.C.P. and the Court's Order of January 14, 2002.

### A. Identity of Experts

1.   The following persons may be used at trial to present evidence under Rules 702, 703 or 705 F.R.C.P.

      a.   Thomas Braniff, JD, CPCU
          Texas Insurance Consulting
          River Oaks Bank & Trust Bldg.
          2001 Kirby Drive, Suite 915
          Houston, Texas 77019
          (713) 524-2250

      b.    Chris Boswell
Stapleton, Curtis & Boswell, L.L.P.
515 E. Harrison, Suite "A"
Harlingen, Texas 78550
(956) 428-9191

2. The following persons are those whom the Defendant Sort-Rite has retained and provide expert testimony.

      a.    Thomas Braniff, consultant.

      b.    Chris Boswell, attorney.

3. For each expert, except Sort-Rite, Defendant attaches the following where applicable.

      a.    A report, prepared and signed by the expert in compliance with Rule 26(a)(2)(b);

      b.    a complete statement of all opinions to be expressed - the bases and reasons for them;

      c.    data and other information considered in forming the opinions;

      d.    description of exhibits to be used as a summary or in support of those opinions;

      e.    a curriculum vitae, resume or other listing of the expert's qualifications;

      f.    a list of all publications authored by the expert within the last 10 years; and

      g.    a list of all other cases in which the expert has testified as an expert at trial or by deposition within the last four years.

4. Each expert will be compensated as follows:

      a.    Thomas Braniff, $240.00 per hour plus $85.00 per hour for legal assistants if time is needed; and

  b.  Chris Boswell, $175.00 per hour.

Respectfully submitted this __1st__ day of April, 2002.

OF COUNSEL:

STAPLETON, CURTIS &
 BOSWELL, L.L.P.

*/s/ Chris Boswell*
_____
Chris Boswell
Attorney in Charge
State Bar No. 02683300
Southern District of Texas
Admissions Id. No. 1256
515 East Harrison, Suite "A" (78550)
Post Office Box 2644
Harlingen, Texas 78551
Telephone: (956) 428-9191
Telecopier: (956) 428-9283

Attorney for Sort-Rite International, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the __1st__ day of April, 2002, a true and correct copy of the above and foregoing Designation of Expert Witness was forwarded to the following:

| | |
|---|---|
| Defendant Leticia Elizalde de Pino<br>Defendant Debra Ann Metzger Finch<br>Defendant Katherine Lee Metzger<br>By and Through Their Attorney of Record<br>Ms. Constance Y. Singleton<br>215 Bayland Ave.<br>Houston, Texas 77009 | CMRRR #7001 2510 0006 8915 7754<br>and<br>Via Facsimile (713) 802-1202 |
| Defendant Export-Import Bank of the US<br>By and Through Its Attorney of Record<br>Ms. Nancy Masso<br>Assistant United States Attorney<br>600 East Harrison, Suite 201<br>Brownsville, Texas 78520 | CMRRR #7001 2510 0006 8915 7723<br>and<br>Via Facsimile (956) 548-2549 |
| Defendant Coastal Banc, ssb<br>By and Through Its Attorneys of Record<br>Mr. Michael R. Ezell<br>P.O. Box 2878<br>Harlingen, Texas 78551-2878<br>and | Hand Delivered |
| Mr. Andy Rozell<br>Attorney at Law<br>323 East Jackson<br>Harlingen, Texas 78550 | Hand Delivered |
| Mr. William Capt<br>Sort-Rite International, Inc.<br>P.O. Box 1805<br>Harlingen, Texas 78551-1805 | First Class Mail |

_____
Chris Boswell



Texas Insurance Consulting

*Thomas M. Braniff, JD, CPCU*
President

March 8, 2002

Mr. Chris Boswell
Stapleton, Curtis & Boswell
P.O. Box 2644
Harlengen, Texas 78551-2644

VIA FAX: 956/428-9283
Original by U.S. Mail

Re: Sort Right International Matter

Dear Mr. Boswell:

This letter is written to set forth the terms of our engagement Stapleton, Curtis & Boswell. (hereinafter referred to as "Boswell").

## SCOPE

Our services to SCB will be limited to reviewing and analyzing documents and matters relating to the referenced lawsuit, and possibly serving as an expert witness.

## FEES

My billing rate is $240 per hour. The rate for my legal assistants is $85 per hour, if their time is needed. I will be primarily responsible for handling this file; and may assign work to my assistant.

## EXPENSES

In addition, SCB will be responsible for either paying directly or reimbursing the firm for various out-of-pocket expenses incurred on your behalf. These expenses include, but are not limited to, charges for long distance telephone calls, fax and telex transmissions, postage, courier and deliveries, travel expenses and filing fees.

*River Oaks Bank & Trust Building*
*2001 Kirby Drive, Suite 915  Houston, Texas 77019*
*713/524-2250  Fax: 713/524-3350*



RECEIVED MAR 14 2002 S.C. & B.

Page 2

## RETAINER

We request a $1,000 retainer at this time. The retainer will be applied toward time and expenses incurred in connection with our final billing in this matter.

## BILLING

We will provide you with monthly billing statements which itemize the services performed and the expenses incurred. The billing statements routinely include the following information (1) the date on which each service was performed, (2) the initials of the person performing such service, (3) a general description of the service performed, (4) a summary of the time spent by each person performing service that month, and (5) the total charges for fees and expenses for that month.

## EFFECTIVE DATE

If you find this letter of employment acceptable, please sign the enclosed copy and return it to us, along with the retainer. The effective date of our representation shall be March 8, 2002. If you have any questions or concerns, please do not hesitate to call.

## TERMINATION

We reserve the right to terminate our consulting relationship and to withdraw from representation if statements are not timely paid. This engagement is not intended to be for any specific period of time; and you are free to terminate the use of our services at will.

We appreciate the opportunity to work with you in this matter.

Sincerely,

*Thomas M. Braniff*

Thomas M. Braniff, JD, CPCU

TMB:efh

Page 3

Accepted this 25th day of March, 2002.

**Stapleton, Curtis & Boswell**

By: _CH Boswell_
Chris Boswell

---

**Notice To Clients**

The State Bar of Texas investigates and prosecutes professional misconduct committed by Texas attorneys.

Although not every complaint against or dispute with a lawyer involves professional misconduct, the State Bar Office of the General Counsel will provide you with information about how to file a complaint.

For more information, please call 800/932-1900.
This is a toll-free phone call.

# THOMAS M. BRANIFF, JD, CPCU

River Oaks Bank & Trust Building
2001 Kirby Drive, Suite 915
Houston, Texas 77019
713/524-2250 Fax 713/524-3350

| | | |
|---|---|---|
| **EDUCATION:** | **UNIVERSITY OF HOUSTON**<br>Continuing Education Program<br>CPCU – Insurance | 1975 |
| | **ST. MARY'S UNIVERSITY - SCHOOL OF LAW**<br>San Antonio, Tx<br>JD - Law | 1970 |
| | **ST. MARY'S UNIVERSITY**<br>San Antonio, Tx<br>BBA - Marketing/Advertising | 1967 |
| **PROFESSIONAL:** | <u>**TEXAS INSURANCE CONSULTING**</u><br>Legal / Technical / Regulatory Consulting | 1989 - Present |

President and owner of insurance consulting firm that provides legal / technical assistance; primarily to attorneys, insurance companies and other insurance-related firms. TIC has functioned as the manager of a property-casualty insurance company; assists clients with acquisitions, sales, and mergers of insurance entities; represents clients before the Texas Legislature; and assists clients with regulatory / technical issues.

<u>**ESSEX INSURANCE GROUP**</u>　　　　　　　　　　　　　　　　1986 - 1989
Insurance Company / Managing General Agency

President / Chief Executive Officer of property-casualty insurance company, writing personal insurance coverage for individuals throughout Texas. Assumed direct management immediately following the discovery of fraudulent activities on the part the insurance company's managing agent. Established and instituted all company systems and procedures. Administered all aspects of the business; including financial, underwriting, marketing, claims, etc. Company withdrew from the marketplace.

<u>**BRANIFF + BRANIFF, INC**</u>　　　　　　　　　　　　　　　　1971 - 1988
Independent Insurance Agency

Executive Vice-President / Chief Financial Officer / General Counsel of a large regional Insurance Broker, which provided property, casualty, life and employee-benefits coverages, and risk management advice. Also handled health, disability, and income protection type products for commercial and professional clients. Administered a staff of 60+ employees. The firm merged with Arthur J. Gallagher & Co. (one of the largest Insurance Brokers in the United States) to form Gallagher-Braniff, Inc.

TMB:ejf
07/01

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JEFFERSON PILOT LIFE INSURANCE | § § | |
| vs. | § § | CIVIL ACTION NO. B-01-142 |
| SORT-RITE INTERNATIONAL, INC., et al. | § § | |

## LIST OF DOCUMENTS REVIEWED BY THOMAS BRANIFF

1. Letter of Employment signed by Chris Boswell;

2. Jefferson Pilot Insurance Policy;

3. Change of Beneficiary Forms;

4. Affidavit of Carl D. Semmler;

5. Factual Summary Addressing Relevant Issues Against All Parties;

6. Sort-Rite International's Reply Points;

7. Jefferson Pilot Life Insurance Company's Original Complaint for Interpleader; and

8. Sort-Rite International, Inc.'s Original Answer, Counterclaim and Cross Claim for Declaratory Judgment.



**Texas Insurance Consulting**

*Thomas M. Braniff, JD, CPCU*
President

April 1, 2002

Stapleton, Curtis & Boswell, LLP          Via Fax: 956/428-9283
515 East Harrison, Suite A                Original by U.S. Mail
Harlingen, Texas 78550

Attention: Mr. Christopher H. Boswell

Re: Jefferson Pilot v. Sort-Rite International

Dear Mr. Boswell:

The following are opinions and conclusions I have reached in the above referenced matter...

### SPLIT DOLLAR LIFE INSURANCE

A form of Life Insurance co-ownership that allows one party (often a Corporation) to join with an individual (known as a "Co-Beneficiary", who is often an officer or senior executive of the Corporation) to obtain life insurance protection.

This type of Life Insurance contemplates a division of death proceeds between two (2) beneficiaries...the Corporation and the Co-Beneficiary.

Generally, the Corporation has the right to designate and change the beneficiary of the Corporation's share of the death proceeds; and the Co-Beneficiary has the right to designate or change the beneficiary of his / her share of the death proceeds.

It is normal for the Corporation and the Co-Beneficiary to mutually agree not to exercise any right, option or privilege associated with the policy that is specifically reserved by one party, in a manner which would impair any right or interest of the other party. This allows each party to remain secure in their share of the death proceeds.

*River Oaks Bank & Trust Building*
*2001 Kirby Drive, Suite 915 Houston, Texas 77019*
*713/524-2250  Fax: 713/524-3350*

## OPINIONS / CONCLUSIONS

- In the life insurance industry, the normal and usual practice is to require that at least two (2) authorized corporate officers sign a "Change of Beneficiary" request, if it would result in a change of the Corporation's position or rights in the policy.

- In a Split Dollar Life Insurance policy, the Co-Beneficiary only has a right to designate or change the beneficiary of his / her share of the death proceeds. The Co-Beneficiary cannot designate or change the Corporation's share of the death benefits.

- It is improper for one party to a Split Dollar Life Insurance policy to attempt to change the beneficiary of the other party's share of the policy's death proceeds.

- For the Insured to attempt to name a friend as beneficiary of the Corporation's portion of the death proceeds would be highly detrimental to the Corporation's interest; and thus would violate the terms of the policy.

The above are a general overview of my opinion at this time. These opinions are based upon the information I have reviewed as of this date. I will continue to review the information that has been provided, and will likewise review any documents and other information we are provided in the future. These opinions may be supplemented or added to as a result of this further review, or by matters raised during testimony.

Sincerely,

*Thomas M. Braniff*

Thomas M. Braniff, JD, CPCU