United States District Court
Southern District of Texas
FILED

APR 0 3 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JEFFERSON PILOT LIFE INSURANCE | § § | |
| vs. | § § | CIVIL ACTION NO. B-01-142 |
| SORT-RITE INTERNATIONAL, INC., et al. | § § | |

## APPLICATION FOR DEFAULT JUDGMENT

TO THE HONORABLE UNITED STATES MAGISTRATE:

SORT-RITE INTERNATIONAL, INC., (*hereinafter "Sort-Rite"*) files this its Application for Default Judgment and in support thereof, would respectfully show the Court as follows:

### 1. Procedural History

1.01  On or about August 15, 2001, Jefferson-Pilot Life Insurance Company (*hereinafter "Jefferson-Pilot"*) filed its Original Complaint for Interpleader whereby the Plaintiff interpled into the Registry of the Court the approximate sum of One Million Five Hundred Nine Thousand Seven Hundred Seventy-Four Dollars and Seventy Cents ($1,509,774.70) being the proceeds due on life insurance policy number JP4038973 issued by Jefferson-Pilot on or about December 1, 1987 insuring the life of Shirley J. Metzger.

1.02   Pursuant to the Court's Order Setting Conference, Sort-Rite timely filed its List of All Entities Financially Interested in this Litigation.

1.03   Thereafter, Sort-Rite filed its Original Answer, Counterclaim and Cross-Claim for Declaratory Judgment. The Cross-Claim for Declaratory Judgment was directed in part against Defendant Leticia Elizalde de Pino, Defendant Debra Ann Metzger Finch and Katherine Lee Metzger. Sort-Rite's Cross-Action for Declaratory Judgment asserts that as a result of the death of Shirley J. Metzger, Sort-Rite is entitled under the Split Dollar Endorsement for Universal Life Policy to One Million Dollars ($1,000,000) together with accrued interest on that portion of premiums which should have been paid by Shirley J. Metzger. Sort-Rite pled that pursuant to Federal Rule of Civil Procedure 57, it was entitled to a Declaratory Judgment awarding it One Million Dollars ($1,000,000) on the amount interplead plus that portion of the premiums paid by Sort-Rite which should have been paid by co-owner Shirley J. Metzger, individually plus interest at the rate of four percent (4%).

1.04   Although other parties including Coastal Banc and Export Import Bank filed Responses to the Counterclaim and Cross-claim as well as Notices of Claim, Cross-Defendants Leticia Elizalde de Pino (*hereinafter "Pino"*), Debra Metzger Finch (*hereinafter "Finch"*) and Katherine Metzger (*hereinafter "Metzger"*) did not file an Answer to Sort-Rite's Cross-claim. [1]

---

[1] Coastal Banc and Export-Import Bank have settled their claims to the interpled fund. An Agreed Judgment regarding a disposition of their interests to the fund will be submitted by the parties shortly, if it has not already been done.

---

1.05    Pino, Finch and Metzger did file an Answer to Jefferson-Pilot's Complaint for Interpleader and have entered an appearance.

## 2. Argument and Authorities

2.01    Federal Rule of Civil Procedure 55 provides that "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the parties' default." Rule 55(d) provides that "the provisions of this rule apply whether the party entitled to the judgment by default is a plaintiff, a third-party plaintiff, or a party who has pleaded a cross-claim or counter-claim."

2.02    It has been repeatedly held that "the failure of a named interpleader Defendant to answer the interpleader complaint and assert a claim to the fund can be viewed as forfeiting any claim of entitlement that might have been asserted." *General Accident Group v. Gagliardi,* 593 F.Supp. 1080, 1089 (D.Conn.1984); *Nationwide Mutual Fire Insurance Company v. Eason,* 736 F.2d 130, 133 N.4 (4th Cir. 1984); *New York Life Insurance Company v. Connecticut Development Authority,* 700 F.2d 91, 95 and N.6 (2nd Cir. 1983). Thus an interpleader claimant may obtain judgment when the remaining claimants have defaulted.

2.03    Federal Rule of Civil Procedure 8(d) provides that averment in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted if not denied in a responsive pleading.

1.05    Pino, Finch and Metzger did file an Answer to Jefferson-Pilot's Complaint for Interpleader and have entered an appearance.

## 2. Argument and Authorities

2.01    Federal Rule of Civil Procedure 55 provides that "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the parties' default." Rule 55(d) provides that "the provisions of this rule apply whether the party entitled to the judgment by default is a plaintiff, a third-party plaintiff, or a party who has pleaded a cross-claim or counter-claim."

2.02    It has been repeatedly held that "the failure of a named interpleader Defendant to answer the interpleader complaint and assert a claim to the fund can be viewed as forfeiting any claim of entitlement that might have been asserted." *General Accident Group v. Gagliardi,* 593 F.Supp. 1080, 1089 (D.Conn.1984); *Nationwide Mutual Fire Insurance Company v. Eason,* 736 F.2d 130, 133 N.4 (4th Cir. 1984); *New York Life Insurance Company v. Connecticut Development Authority,* 700 F.2d 91, 95 and N.6 (2nd Cir. 1983). Thus an interpleader claimant may obtain judgment when the remaining claimants have defaulted.

2.03    Federal Rule of Civil Procedure 8(d) provides that averment in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted if not denied in a responsive pleading.

WHEREFORE, PREMISES CONSIDERED, Applicant Sort-Rite International, Inc. respectfully requests that this Court grant its Application for Default Judgment entering Declaratory Judgment that Sort-Rite is entitled to the employer's portion of the Split Dollar Policy in the amount of One Million Dollars ($1,000,000) and directing the Clerk of the Court to pay to Sort-Rite the sum of One Million Dollars ($1,000,000) together with all interest accrued on that sum since the deposit of the interpled funds into the Registry of the Court.

OF COUNSEL:

STAPLETON, CURTIS &
BOSWELL, L.L.P.

_____
Chris Boswell
Attorney in Charge
State Bar No. 02683300
Southern District of Texas
Admissions Id. No. 1256
515 East Harrison, Suite "A" (78550)
Post Office Box 2644
Harlingen, Texas 78551
Telephone:    (956) 428-9191
Telecopier:   (956) 428-9283

Attorney for Sort-Rite International, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 3rd day of April, 2002, a true and correct copy of the above and foregoing Application for Default Judgment was forwarded to all parties herein:

| | |
|---|---|
| Defendant Leticia Elizalde de Pino<br>Defendant Debra Ann Metzger Finch<br>Defendant Katherine Lee Metzger<br>By and Through Their Attorney of Record<br>Ms. Constance Y. Singleton<br>215 Bayland Ave.<br>Houston, Texas 77009 | CMRRR 7001 2510 0006 8915 7778 |
| Defendant Export-Import Bank of the US<br>By and Through Its Attorney of Record<br>Ms. Nancy Masso<br>Assistant United States Attorney<br>600 East Harrison, Suite 201<br>Brownsville, Texas 78520 | CMRRR #7001 2510 0006 8915 7693 |
| Defendant Coastal Banc, ssb<br>By and Through Its Attorneys of Record<br>Mr. Michael R. Ezell<br>P.O. Box 2878<br>Harlingen, Texas 78551-2878<br>and | Hand Delivered |
| Mr. Andy Rozell<br>Attorney at Law<br>323 East Jackson<br>Harlingen, Texas 78550 | Hand Delivered |
| Mr. William Capt<br>Sort-Rite International, Inc.<br>P.O. Box 1805<br>Harlingen, Texas 78551-1805 | First Class Mail |

_____
Chris Boswell