United States District Court
Southern District of Texas
FILED

APR 1 9 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JEFFERSON-PILOT LIFE INS. CO. | § | |
| | § | |
| V. | § | CASE NO. B-01-142 |
| | § | |
| SORT-RITE INTERNATIONAL, | § | |
| ET AL. | § | |

## COMPANION MOTION TO DISTRIBUTE FUNDS NOW IN THE REGISTRY OF THE COURT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW LETICIA ELIZALDE DE PINO, DEBRA METZGER FINCH, and KATHERINE METZGER and file this, their companion motion to distribute funds now in the Registry of the Court. This motion is related to and filed in connection with a document recently filed by COASTAL BANC, SSB, entitled "Motion to Distribute Funds in the Rigestry of the Court and for Dismissal of Parties." Movants herein would show the following:

1. <u>Settlement Between Banks and Movants.</u> On March 1, 2001, through mediation, a settlement was reached between Movants herein and the two banks who are parties to this suit, namely COASTAL BANC, SSB and EXPORT-IMPORT BANK OF THE UNITED STATES. A copy of this executed Settlement Agreement

is attached to COASTAL BANC's motion, to which Movants' motion relates.

2. <u>Effect of Settlement Upon Claim to Funds in Registry of Court.</u> The funds in the Registry of the Court represent proceeds from a life insurance policy. This policy was originally drafted in 1987 as a "split dollar" policy, where $500,000 of the proceeds was to go to the beneficiary selected by the insured, and $1,000,000 of the policy was to go to the employer. Movants herein assert in this suit that they are entitled to all of the proceeds of the policy. The employer has claimed a right to $1,000,000 of the policy, and that portion remains in dispute. After the settlement with the two banks identified above, the only claimant adverse to Movants' interests is the employer, Sort-Rite International. Its claim is against the $1,000,000 portion of the policy, and Movants are entitled to what remains of the $500,000 after the payment to COASTAL BANC, SSB. of $125,000 and the payment to EXPORT-IMPORT BANK OF THE UNITED STATES of $25,000.

3. <u>Request to Distribute Funds.</u> There is presently in the Registry of the Court an amount of approximately $1,495,000. Approximately $500,000 of these funds are the proceeds of the insured's portion of the policy. Movants pray that the following amount be disbursed jointly to LETICIA PINO, DEBRA FINCH, KATHERINE METZGER, and CONSTANCE SINGLETON:

The amount of $350,000, less ONE-THIRD of the difference between $1,500,000 and that exact amount which remains in the Registry of the Court.

Movants continue to assert their claim against the remaining $1,000,000 portion of the policy.

WHEREFORE, PREMISES CONSIDERED, Movants pray that this Court order a disbursement of the proceeds to Movants as requested in this motion.

Respectfully submitted,

*[signature]*
CONSTANCE Y. SINGLETON
ATTORNEY FOR LETICIA PINO,
KATHERINE METZGER, AND
DEBRA METZGER FINCH
Fed. ID. 6567
SBOT 18435600
215 Bayland Avenue
Houston, Texas 77009
(281) 687-0100
Facsimile: (713) 802-1202

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been sent, via facsimile (where facsimile number is listed) and first class mail, to the following counsel of record or parties, on this the 15th day of April, 2002:

Chris Boswell
Stapleton, Curtis & Boswell, LLP
P. O. Box 2644
Harlingen, Texas 78551

Andrew K. Rozell
Attorney At Law
323 E. Jackson
Harlingen, Texas 78550

Michael R. Ezell
312 E. Van Buren
P. O. Box 2878
Harlingen, Texas 78551

Nancy L. Masso
Assistant U.S. Attorney
600 E. Harrison Street, #201
Brownsville, Texas 78520

*[signature]*
CONSTANCE Y. SINGLETON

3

## AVERMENT UNDER LOCAL RULE 6

  The undersigned counsel has, prior to the filing of this motion, spoken with counsel for COASTAL BANC, SSB and EXPORT-IMPORT BANK OF THE UNITED STATES, who have no objection to this motion. The undersigned has attempted to contact counsel for the employer, SORT-RITE INTERNATIONAL, on April 15, 2002, but was unable to reach him. The undersigned cannot represent to the Court that the motion is not opposed, and must, therefore, assume that it is opposed.

CONSTANCE SINGLETON