48

United States District Court
Southern District of Texas
FILED

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

JUN 0 4 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JEFFERSON PILOT LIFE INSURANCE | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-01-142 |
| | § | |
| SORT-RITE INTERNATIONAL, INC., | § | |
| et al. | § | |

## SORT-RITE INTERNATIONAL INC.'s
## MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM
## OF AUTHORITIES IN SUPPORT THEREOF

TO THE HONORABLE JUDGE OF SAID COURT:

SORT-RITE INTERNATIONAL, INC., Defendant/Counter-Claimant and Cross-Claimant, *(hereinafter "Sort-Rite")* files this its Motion for Summary Judgment and Memorandum of Authorities in Support Thereof, pursuant to Federal Rule of Civil Procedure 56 and in support thereof would respectfully show the Court as follows:

### 1. Introduction and Procedural History

This suit was originally filed by Jefferson-Pilot Life Insurance Company *(hereinafter sometimes Jefferson Pilot)* as a Complaint for Interpleader to determine the extent, of various parties' claims and interest in the proceeds of a life insurance policy. The face value of the life insurance policy is One Million Five Hundred Thousand Dollars ($1,500,000.00). Sort-Rite asserts its interest in the policy as the "Employer/Beneficiary"

of Shirley Metzger. Leticia Elizalde de Pino, Debra Ann Metzger Finch and Katherine Lee Metzger's also claim an interest in the proceeds of the policy, although it is unclear from their pleadings in what capacity each maintains their claim. Coastal Banc, SSB and the Export-Import Bank of the United States have settled their claims pursuant to an Agreed Order For Partial Distribution of Funds and Dismissal of parties entered May 23, 2002 (Instrument No. 42) and their claims have been severed pursuant to an Order of Severance entered May 31, 2002 (Instrument No. 43). Jefferson-Pilot has been dismissed pursuant to a Stipulation of Dismissal with Prejudice and is no longer a party. Therefore, the only remaining parties are Sort Rite International, Inc., Leticia Elizalde de Pino, Debra Ann Metzger Finch and Katherine Lee Metzger.

## 2. The Undisputed Summary Judgment Facts

A.    On or about September 1, 1987, Shirley Jean Metzger, then age 49, applied for a policy of life insurance with Jefferson-Pilot Life Insurance Company also known as "Pilot Life". The face amount of the policy applied for was One Million Five Hundred Thousand and No/Dollars ($1,500,000.00) with a Split-Dollar Endorsement" between the "Employer", Sort-Rite, and certain individual Co-Beneficiaries. Shirley Metzger signed the application herself. A copy of the insurance application is attached hereto as *SJX "1"*. Jefferson-Pilot Insurance Policy number JP4038973 was issued on or about December 1, 1987 insuring the life of Shirley J. Metzger in the amount of One Million Five Hundred Thousand and No/100 Dollars ($1,500,000.00). Pursuant to the "Split-Dollar Endorsement"

for Universal Life Policy, Sort-Rite was the "Employer". Shirley Jean Metzger was the "Co-owner". The "Co-beneficiaries" under the Split-Dollar Endorsement for Universal Life Policy were Debra Ann Metzger Finch, Katherine Lee Metzger and Frances E. Merrick. A copy of the Policy and Split-Dollar Endorsement signed by Shirley Metzger is attached hereto as *SJX "2"*.

B.      Beginning January 11, 1988 through January 4, 2001, Sort-Rite paid One Hundred Thousand Four Hundred Forty-Seven and 90/100 Dollars ($100,477.90)  in premiums for the policy. The premium amounts paid have been verified by Jefferson Pilot's Manager of Customer Service, James Richard Kettering. *See SJX "3", James Kettering Deposition, p.8, line 25 thru p.9, line 8 and Kettering Exhibits 1 and 2.* These premiums were paid from the Sort-Rite checking account with Sort-Rite funds. *See SJX "4"* attached.

C.      Shirley Metzger never paid any premiums, nor did she reimburse Sort-Rite for any portion of the premiums. *See SJX "5", Affidavit of George Daily attached.*

D.      On or about September 6, 1995, Shirley Metzger executed a Change of Beneficiary naming Leticia Elizalde De Pino as the primary beneficiary of her portion of the split dollar policy and Debra Ann Metzger Finch as the contingent beneficiary and Katherine Lee Metzger as the second contingent beneficiary.  A copy of the Change of Beneficiary Form is attached hereto as *SJX "6"*.

E. The Change of Beneficiary Form was signed only by Shirley Metzger. No other officer of the corporation signed or witnessed the Change of Beneficiary. Jefferson Pilot

requires that if a policy is "corporate owned, the form must be signed and dated by two officials with their titles shown." Sort-Rite was a corporate owner of the policy. Jefferson Pilot treated the change of beneficiary request as a change in the Co-Owner's (Metzger's) portion of the policy and not to the corporate Employer's (Sort-Rite's) portion of the policy. **See SJX "7", Affidavit of Carl Semmler, paragraphs 4 and 5.**

F.    Debra Ann Metzger Finch and Katherine Metzger do not contend that they are currently beneficiaries under the policy. Instead, their only interest is through an agreement with de Pino to share in any recovery she may obtain through this suit. *SJXs "8" & "9", Deposition Excerpts of Finch, page 18, line 25 thru page 19, line 6, and Metzger, page 9 , lines 12 thru 17 .*

G.    On April 30, 1996, subsequent to the execution of the Change of Beneficiary form, Shirley Metzger, on behalf of Sort Rite, signed a "Life Insurance Standard Confirmation Inquiry" confirming that Sort-Rite International, Inc. remained the Beneficiary of the Policy in question. **SJX "10", Copy of Document from Jefferson Pilot's Business Records.**

H.    Upon filing its Complaint for Interpleader, Jefferson Pilot deposited the sum of $1,509,774.70 with the United States Clerk's Office. See Jefferson Pilot Life Insurance Company's Original Complaint for Interpleader, paragraph 29.

I.    Jefferson Pilot was dismissed from the case upon Stipulation of the Parties with payment from the interplead fund of $5,786.73 as attorney's fees and costs.

The foregoing described facts, documents and Orders are conclusive and dispositive of this case.

### 3. Summary Judgment Standard

Summary judgment evidence is viewed in the light most favorable to the non-movant. *Easement Kodak v. Image Technical Servs*, 504 U.S. 451, 456-58 (1992).   Summary judgment is proper only when it appears that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.   Fed. R. Civ. P. 56(c).   An alleged factual dispute will not defeat a motion unless it is genuine and material.   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).   An issue is "material" if it involves a fact that might effect the outcome of the suit under governing law.   *Douglass v. United Auto Association,* 79 F.3rd 1415, 1429 (5th Cir. 1996).   Once the movant establishes the absence of a factual dispute, the burden shifts to the non-movant to show that summary judgment is inappropriate.

The non-moving party may not rest upon the mere allegations or denials of its pleadings.   *Anderson,* 477 U.S. at 256.   Instead, the non-movant must "make a showing sufficient to establish the existence of each essential element of its case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).   This evidence must do more than create a metaphysical doubt.   *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986). Unsubstantiated or conclusory assertions that a face issue exists will not suffice. *Anderson,* 477 U.S. at 256.

### 4. <u>Relevant Provisions of the Policy</u>

The court must first examine the portions of the policy germane to the division of proceeds. The Split Dollar Endorsement for Universal Life Policy provides under Paragraph III titled "Division of Death Proceeds" as follows:

> Upon the death of the insured while this Split-Dollar Endorsement is in effect:
> . . .
>
> 3.  (XX)    The Employer shall receive the greater of (1) $1,000,000.00 or (2) the Net Premiums. The Co-Beneficiary shall receive any remainder of the net death proceeds, except that if the net death proceeds are less than the Net Premiums, the entire net death proceeds shall be payable to the Employer.

The endorsement further provides that the Employer would pay the premiums and the Co-owner would repay the Employer for the cost of the insurance.

> "Each premium on the policy shall be paid by the employer as it becomes due. The co-owner agrees to pay to the employer an amount equal to the cost of the insurance provided to the co-owner by the policy each year. Co-owner may make voluntary additional premium contributions to the employer and the employer shall pay each such amount as an increased premium."

The endorsement defines net premiums as:

> "The term "Net Premiums" means the total premiums paid on the policy by the employer less (1) any outstanding policy loans made by the employer plus accrued interest thereon, (2) any partial withdrawals made by the employer, and (3) any other amounts received by the employer from the co-owner as a reimbursement of the premium paid by the employer."
>
> . . .

The endorsement prohibits owner from acting against the interest of the other.

IV. "Ownership Rights

. . .

Nevertheless, as between the Employer and the Co-Owner, the Employer covenants that it will not exercise any rights, options and privileges not specifically reserved to the Employer in a manner which would impair any right or interest of the co-Owner or Co-Beneficiary. In a like manner, the Co-Owner covenants that it will not exercise any rights, options or privileges not specifically reserved to the Co-Owner in a manner which would impair any right or interest of the Employer. [emphasis supplied]."

The policy further provides at Paragraph V. C that "This Endorsement may be cancelled only upon the joint request of the Employer and Co-owner."

## 5. **Argument**

The policy and Change of Beneficiary Form clearly provide that the proceeds are to be divided between Sort-Rite as the Employer and Leticia Elizalde De Pino as the Co-Beneficiary. Debra Ann Metzger Finch and Katherine Lee Metzger have no claim, since De Pino survived Metzger. Pursuant to the terms of the policy, Sort-Rite is to receive One Million Dollars and No/100 Dollars ($1,000,000.00) and De Pino is to receive Five Hundred Thousand and No/100 Dollars ($500,000.00) less any claim the employer may have against De Pino's portion for premiums paid by the corporation which should have been reimbursed by Metzger. De Pino's share of the proceeds has been reduced by her agreement with the settling Parties Coastal Banc and Exim Bank. The Agreed Order for Partial Distribution of Funds and Dismissal of Parties provides in relevant part that the $150,000 disbursed shall be "deducted from the employee portion of the split-dollar life insurance proceeds" and that

the payment of those funds "shall not constitute a charge against any of the funds claimed owed to Sort-Rite International, Inc. or to which they may be adjudged entitled."

### 5.01  Split Dollar Policies

Split Dollar Policies are whole life policies in which a corporation and its employee share in the payment of premiums. The typical Split Dollar Policy has a corporate employer as both its owner and its beneficiary up to the cash value of the policy.    The corporate employer and the employee each pay portions of the premium.   The employee has the right to specify the beneficiary for the portion of the proceeds that exceed the cash value of the policy. Under any of the many variations of this arrangement, the employee has incidents of ownership over that portion of the proceeds over which he or she may designate the beneficiary, and that portion of the proceeds is included in his or her estate. *See Fiore, et al., Modern Estate Planning, Chapter 17, Life Insurance.  See also Internal Revenue Code Section 2042(2).*

### 5.02  Application of General Rules and Principles of Contract Construction to Insurance Policies

Insurance policies are contracts and are governed by the rules of interpretation that are applicable to contracts generally.    *Barnett v. Aetna Life Insurance Company*, 723 S.W.2d 663, 665 (Tex. 1987).    In the absence of ambiguity insurance contracts are to be interpreted generally as other contracts are interpreted. *Koral Industries, Inc. v. Security*

*Connecticut Life Insurance Company*, 788 S.W.2d 136, 150 (Tex.App.-Dallas 1990, writ denied) 802 S.W.2d 650 (Tex.)

Rules of construction are to be applied only where there is uncertainty as to the meaning of an insurance contract or some portion thereof. It is not for the courts to rewrite the terms of a policy but to enforce it as written. Thus, the courts can only construe and enforce the insurance contract as it was made; they are not authorized to make a new contract for the parties that disregards plain and unambiguous language used in the policy. The courts will neither extend the contract by implication, nor limit it by too strict a construction. *American Amicable Life Insurance Company v. Lawson*, 419 S.W.2d 823 (Tex.1967).

When an insurance contract is not subject to challenge for ambiguity its interpretation is a question of law for the court. *Utica National Insurance Company v. Fidelity & Casualty Company*, 812 S.W.2d 656 at 661 (Tex.App.-Dallas 1991). The question on whether an insurance policy is ambiguous is also a question of law for the court to decide. "Courts should not strain to find an ambiguity, if, in doing so they defeat the probable intentions of the parties. . . . Courts attempt to construe a contract so as to avoid rendering any of its terms void. *Vest v. Gulf Insurance*, 809 S.W.2d 531 at 533 (Tex.App.-Dallas 1991, writ denied).

The plain and unambiguous provisions of the policy provides that Sort-Rite, as the defined employer, shall receive One Million Dollars ($1,000,000.00), since that sum is greater than the net premiums. De Pino, as the substituted beneficiary, is entitled to the

remaining portion less one-third of each payment made by Sort-Rite for the policy premium plus interest thereon.

### 5.03 Sort-Rite's Insurable Interest.

It should be noted that Sort-Rite at all times maintained an insurable interest in the life of Shirley Metzger since Metzger, the insured, consented to Sort-Rite as beneficiary by signing the Application for the Split Dollar Endorsement. "Compared to the common law, the range of people who have an insurable interest in another person's life is greatly expanded by Section 3.49–1 of the Insurance Code, which has effectively eliminated the insurable interest requirement in most cases involving adult insureds. Under Section 3.49–1, a person "of legal age" may (1) buy a life insurance policy on his or her own life and designate virtually any other person or entity as the beneficiary or owner of the policy. . . ." Dorsaneo, TEX.LIT.GUIDE, Life, Health, & Accident Ins., Sec. 344.03[1][a]. The revision to the Insurance Code and Section 3.49–1 was tested by the Texas Supreme Court in *Empire Life Ins. Co. v. Moody,* 584 S.W.2d 855 (Tex.Sup. 1979). In that case, the Court applied **Tex.Ins.Code Sec. 3.49–1** and held, where the insured applied for the policies in question and designated the corporation as beneficiary and owner, the corporation "shall at all times thereafter have an insurable interest." Since Metzger herself applied for the policy, Sort-Rite thereafter at all times has an insurable interest.

## 5.04. Effect of the Change of Beneficiary Form.

De Pino contends, albeit through no pleading currently on file, that the Change of Beneficiary Form changed not only Metzger's individual $500,000 "Co-Owner" portion of the policy but the Sort-Rite's $1,000,000 portion as well. The affidavit of Carl D. Semmler, Assistant Vice-President and Associate Counsel for Jefferson-Pilot Insurance Company, conclusively establishes otherwise. Semmler has testified through affidavit and deposition that "the Change of Beneficiary Form used in 1995 in connection with policy number JP4038973 (the Metzger Policy) [was treated by the Insurance Company] as a change in the Co-Owner's [Metzger's $500,000 individual] portion of the policy and not to the corporate Employer's portion of the policy." *SJX "7", Semmler Affidavit, paragraph 4*; moreover, Metzger herself continued to certify that Sort-Rite continued as a beneficiary of the policy when she executed the Life insurance Standard Confirmation Inquiry in 1996 after the 1995 Change of Beneficiary Form. *See SJX "10"*.

Moreover, Metzger could not unilaterally and without the signature of another officer effect the change of Sort-Rite's Employer portion of the policy. Texas law requires strict compliance with change of beneficiary requirements. Jefferson pilot required that two corporate officers execute any change of beneficiary with respect to the corporate employer owner's interest in the policy. The 1995 change of beneficiary form does not contain the signature of two corporate officers. While an insurer may waive compliance with regulations in the policy intended for its benefit, the beneficiary named in the policy has a right by virtue

of the contract to require that a change be made substantially in accordance with the manner provided. Jefferson Pilot could not have waived the "two-officer" requirement since it never considered that Metzger would be attempting to effect a change to the corporation's share of the policy to an individual. Restrictions on change of beneficiary in life policies are not only for the benefit of the insured but are also for the benefit of the beneficiary last named as such in the certificate or policy itself. It is now well-settled that a purported change in beneficiary will be given effect only if the insured has substantially complied with the requirements or done all she reasonably could have done to comply. *Creighton v. Barnes*, 257 S.W.2d 101 (Tex. Sup. 1953). There are not two officer signatures on the Change of Beneficiary instrument. Therefore, a change of the corporation's share of the policy benefits could not possibly have been her intent, nor was it effective. The policy itself prohibits either the Employer or the Employee/Co-Owner from "exercis[ing] any rights, options or privileges not specifically reserved to the Co-Owner in a manner which would impair any right or interest of the Employer. "Abrogating the corporation's interest in a unilateral move after the corporation's investment in the policy certainly constitutes an impairment of interest as a matter of law. De Pino admits that she gave nothing of value in exchange for any interest in the policy. *See SJX "11", de Pino Deposition, page 67, lines 2 thru 9.*

Thus, applying reasonable terms of contract construction to the facts and the policy, the Court can determine as a matter of law that the 1995 Change of Beneficiary Instrument

merely changed the beneficiary of Metzger's Co-Owner/Employee portion of the policy. Sort-Rite remains the beneficiary of the Employer portion of the policy.

### 6. Reasonable Attorney's Fees

Sort-Rite should also have and recover its reasonable attorney's fees. The Affidavit of the undersigned counsel is attached as evidence of a reasonable fee for prosecution of this Declaratory Judgment action through Summary Judgment.

### 7. Summary

The policy clearly describes the outcome of this case.   Of the One Million Five Hundred Thousand and No/100 Dollars ($1,500,000.00) currently held in the registry of this court, One Million Dollars ($1,000,000.00) plus interest since its deposit should  be distributed to Sort-Rite International, Inc.  In addition, Sort-Rite should have and recover from De Pino as the co-beneficiary and  executor of the Metzger Estate, one-third (1/3) of all premiums paid by Sort-Rite International, Inc. plus interest as it accrued thereon from the date of each payment.  The Court should further award to Sort-Rite its reasonable attorney's fees.  Debra Ann Metzger Finch and Katherine Metzger should take nothing.

WHEREFORE, PREMISES CONSIDERED, Sort-Rite International respectfully prays that this Court grant summary judgment in accordance with this Motion and for such other and further relief as to which it may be entitled.

OF COUNSEL:

STAPLETON, CURTIS &
   BOSWELL, L.L.P.

_____

Chris Boswell
Attorney in Charge
State Bar No. 02683300
Southern District of Texas
Admissions Id. No. 1256
515 East Harrison, Suite "A" (78550)
Post Office Box 2644
Harlingen, Texas 78551
Telephone:    (956) 428-9191
Telecopier:    (956) 428-9283

Attorney for Sort-Rite International, Inc.

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 4th day of June, 2002, a true and correct copy of the above and foregoing Sort-Rite's Motion for Summary Judgment was forwarded to counsel for Defendants De Pino, Finch & Metzger, Ms. Constance Singleton, 215 Bayland Avenue, Houston, Texas 77009 via facsimile (713) 802-1202 and via Certified Mail, Return Receipt Requested #7001 2510 0006 8915 7945.

_____

Chris Boswell

STATE OF TEXAS         }
                        }      VERIFICATION

COUNTY OF CAMERON  }

**BEFORE ME,** the undersigned official, on this day appeared CHRIS BOSWELL,

who is personally known to me, and first being duly sworn according to law upon his oath

deposed and said:

> My name is CHRIS BOSWELL. I am over eighteen years of age and have never been convicted of a felony or crime involving moral turpitude. I am fully competent, qualified and authorized to make this verification. I have personal knowledge of the matters set forth herein. The excerpts to the depositions of James Kettering, Debra Ann Metzger Finch, Leticia Elizalde de Pino and Katherine Lee Metzger attached to the Motion for Summary Judgment as SJX "3", SJX "8", SJX "9" and SJX "11" respectively, are authentic and otherwise genuine copies of the originals.

Further affiant sayeth not.



CHRIS BOSWELL

**SUBSCRIBED AND SWORN** to before me by the said CHRIS BOSWELL, affiant, on the ___4th___ day of June, 2002, to certify which witness my hand and official seal.

HILDA LOPEZ
Notary Public, State of Texas
My Commission Expires
September 14, 2005

Notary Public, State of Texas

---

Sort-Rite's Motion for Summary Judgment/3206.001                Page 15

Pilot Life
Insurance Company
O Box 20727
Greensboro, NC 27420-0727



**Pilot Life**

## Life Insurance Application    Part One

| 1. Print full name of proposed insured | | | | | | |
|---|---|---|---|---|---|---|
| *Shirley Jean Metzger* | | | | | | |

| 2. Date of Birth | Month | Day | Year | Age | State of Birth | Sex |
|---|---|---|---|---|---|---|
| | 5 | 20 | 38 | 49 | Col | F |

3. Residence address
No. and Street *2206 Treasure Hills Apt #9*
City *Harlingen* State *Texas*
County *Cameron* Zip *78550*

Social Security Number *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*

4. Owner if not insured (full name, relationship & address)
*Sort Rite International, Inc*
*P.O. Box 1805*
*Harlingen Texas 78551*

5. Social Security or Federal Tax I.D. number of owner if not insured *74-198217-7*

6. Premium payor if not insured (full name & address)
*Sort-Rite International, Inc.*
*P.O. Box 1805*
*Harlingen TX 78551*

7. a. Beneficiary (full name & relationship to insured)
*SEE SPLIT DOLLAR ENDORSEMENT*

b. Contingent Beneficiary (full name & relationship to insured)

| c. The policyowner reserves the right to change the beneficiary. | Yes | No |
|---|---|---|
| | ☒ | ☐ |

8. Insurance now in force on the life of the proposed insured. If none, check here ☐

| Amount | ADB | Date | Company |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

9. Occupation *President - C.E.O.*

10. Name & address of employer
*Sort Rite International, Inc*
*P.O. Box 1805*
*Harlingen TX 78551*

Ho **Office Endorsements**
~~RATED PREMIUM CLASS~~
~~Age 50~~

*SJX "1"*

---

| 11. Amount | 12. Plan | 13. APL ☐ Yes ☐ No |
|---|---|---|
| *1,500,000* | *UL203N* | Not Available on U.L. or Term |

| 14. Premium Basis | 15. Premium |
|---|---|
| *DTMS* | *$985.13* |

| 16. ☐ Non Par | 17. ☐ Premium Waiver | 18. ☐ Accidental Death Benefit ☐ 2 times ADB |
|---|---|---|

19. ☐ Par    Dividend Option
☐ cash                    ☐ 1 YT-add
☐ left on dep        ☐ 5 DO-dep
☐ paid up add      ☐ 5 DO-add
☐ reduce prem    ☐ 5 DO-rp

20. Universal Life Option
☐ Option A—Death benefit equals specified amount plus cash value
☒ Option B—Death benefit equals specified amount

21. Additional benefits or riders

22. Special instructions

23. Date application was completed *9-1-87*
24. City and state where signed *Harlingen Tx.*
25. Amount collected with application $ *$1,160.96*

| 26. Driver's license number of the proposed insured and state of issue *Texas 04076241* | | |
|---|---|---|

| 27. Within the past 12 months have you smoked cigarettes? If the answer is "yes," smoker's rate is accepted. | Yes | No |
|---|---|---|
| | ☐ | ☒ |

| 28. Is the Non-Medical Alternative being used? | ☐ | ☒ |
|---|---|---|

| 29. Will this insurance replace any existing insurance or annuities on the life of the proposed insured? If yes, show the amount, plan, company & payor | ☐ | ☒ |
|---|---|---|

As of the close of business on December 31, 1986, Pilot Life Insurance Company changed its name to Jefferson-Pilot Life Insurance Company. At the same time it changed its address to 101 North Elm Street, Greensboro, North Carolina 27401. Any reference to Pilot Life Insurance Company on the form to which this is attached shall be deemed to mean Jefferson-Pilot Life Insurance Company.

BJ-6576

**Part one of Application Continued.**

| | Yes No |
|---|---|
| 30. Have you ever had an application for life or accident and sickness insurance or for reinstatement declined, postponed or rated? | ☐ ☒ |
| 31. Do you have an application for insurance or reinstatement pending in this or any other company? | ☐ ☒ |
| 32. Within the past 2 years have you flown other than as a passenger or do you plan to do so? (If yes, and coverage is desired, complete Aviation Questionnaire) | ☐ ☒ |
| 33. Within the past 5 years have you been convicted of 2 or more moving violations, driving under the influence of alcohol or other drugs or had your driver's license suspended or revoked? | ☐ ☒ |

| | Yes No |
|---|---|
| 34. Within the past 2 years have you engaged in or do you have any plans to engage in motor racing on land or water, underwater or sky diving, ballooning, hang gliding or parachuting? | ☐ ☒ |
| 35. In the past ten years have you: | |
| (1) had or been told you had Acquired Immune Deficiency Syndrome ("AIDS"), AIDS Related Complex ("ARC"), or AIDS related conditions? | ☐ ☒ |
| (2) received advice or treatment in connection with any of the categories mentioned in (1) above? | ☐ ☒ |
| (3) tested positive for antibodies to the AIDS (Human T-cell Lymphotropic, Type III; HTLV-III) virus? | ☐ ☒ |

36. Details of "yes" answers - identify the question being answered.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Statement**

I have paid to the Company $ _1160. 96_____ which is equal to at least one month's premium. I have received, read and agree to the terms of the conditional receipt.

Under penalties of perjury, I, the Owner, declare that the Tax Identification Number or Social Security Number shown is correct and that the Internal Revenue Service has not notified me that I am subject to back-up withholding for failing to properly report dividend or interest income.

The answers in this application and on the examination are to the best of my knowledge complete, true and written as I gave them. If no money has been paid with this application there will be no insurance unless: (1) a policy has been issued and delivered to me; (2) the full first premium has been paid and; (3) the answers to the questions contained in the application continue to be correct. I understand that only an officer of the Company can make or change a contract of insurance. I have received and read the "Notice to Applicant". I agree that my accepting a policy issued on this application will be acceptance of any changes, additions or corrections made by the Company in the space provided for "Home Office Endorsements". No changes will be made in age at issue, plan of insurance, amount, classification, or benefits unless I agree in writing. I agree that a copy of this application shall be attached to and made a part of any policy issued.

If this block ☐ is checked, I request an interview if an investigative consumer report is made.

| _W. E. May_ | _0152_ | _Harlingen TX_ | _9-1-87_ |
|---|---|---|---|
| Signature of agent taking application | Account No. | City and state where signed | Date |

_____
Signature of policyowner (if other than Insured)

Signature of proposed insured (if under age 15, parent)

X _Shirley Switzer_
Signature of applicant

**Part II. Continuation of Application to The Pilot Life Insurance Company**

| Proposed Insured | (First name - Middle initial - Last name) | Birthdate (Month - Day - Year) |
|---|---|---|
| | *SHIRLEY J Metzger* | *5 20 1938* |

1  a. Name and address of your personal physician? *DR BURNZIAN - Dignostic Hospital Houston*
   b. Date and reason last consulted? *1/87 - Physical*
   c. What treatment was given or medication prescribed? *allergies*

2  Have you, within the past 10 years, been treated for or had any known indication of:

| | Yes | No | **Details of "Yes" answers. (Identify question number, circle applicable items; Include diagnoses, dates, duration, names and addresses of all physicians and medical facilities.)** |
|---|---|---|---|
| a. Disorder of eyes, ears, nose or throat? | ☐ | ☒ | |
| b. Dizziness, fainting, convulsions, headache, paralysis or stroke; mental or nervous disorder? | ☐ | ☒ | |
| c. Shortness of breath, persistent hoarseness or cough, asthma, bronchitis, pleurisy, emphysema, tuberculosis or chronic respiratory disorder? | ☐ | ☒ | |
| d. Chest pain, palpitation, high blood pressure, rheumatic fever, heart attack, murmur or other disorder of the heart or blood vessels? | ☐ | ☒ | |
| e. Jaundice, intestinal bleeding, ulcer, colitis, diverticulitis, recurrent indigestion, or other disorder of the stomach, intestines, liver or gallbladder? | ☒ | ☐ | *2 months - 1986 Dr Burnzian* |
| f. Sugar, albumin, blood or pus in urine, sexually transmitted diseases, stone or other disorder of kidney, bladder or prostate? | ☐ | ☒ | |
| g. Diabetes, thyroid or other endocrine disorders? | ☐ | ☒ | |
| h. Neuritis, arthritis, gout, or disorder of the muscles or bones, including the spine, back or joints? | ☐ | ☒ | |
| i. Deformity, lameness, or amputation? | ☐ | ☒ | |
| j. Disorder of skin, lymph glands, cyst, tumor or cancer? | ☐ | ☒ | |
| k. Allergies, anemia or other disorder of the blood? | ☒ | ☐ | *To Smoke + etc Burnzian* |
| l. Need for treatment because of alcohol or drug abuse? | ☐ | ☒ | |
| m. Abnormalities, disease or disorder of the reproductive organs or breasts, menstruation or pregnancy? | ☐ | ☒ | |

3  Are you now under observation or taking treatment? ☐ ☒

4  Have you had any change in weight in the past year? ☒ ☐   *10# - dieting*

5  Other than the above, have you within the past 5 years:
   a. Had any mental or physical disorder not listed above? ☐ ☒
   b. Had a checkup, consultation, illness, injury or surgery? ☒ ☐   *Corrective Land + foot - Dr. Burns + Clem 2/87 - Park Plaza Houston*
   c. Been a patient in a hospital, clinic, sanatorium or other medical facility? ☒ ☐
   d. Had electrocardiogram, X-ray, or other diagnostic test? ☒ ☐
   e. Been advised to have any diagnostic test, hospitalization, or surgery which was not completed? ☐ ☐

6  Have you ever had military service deferment, rejection or discharge because of a physical or mental condition? ☐ ☒

7  Have you ever requested or received a pension, benefits or payment due to an injury, sickness or disability? ☐ ☒

8  To the best of your knowledge and belief are you now pregnant? ☐ ☒

9  Family History: Tuberculosis, diabetes, cancer, high blood pressure, heart or kidney disease, mental illness, alcoholism or suicide? ☒ ☐   *Father died 1978*

| Parents | Age if Alive | Age at Death | Cause of Death | Siblings | Age if Alive | Age at Death | Cause of Death |
|---|---|---|---|---|---|---|---|
| Father | | *60* | *Heart* | Brothers | *45* | | |
| Mother | *71* | | | Sisters | *41* | | |

The answers to the above questions are to the best of my knowledge complete, true and written as I gave them.

For the purpose of underwriting this application for life insurance, I authorize any licensed physician, medical practitioner, hospital, clinic or other medical or medically related facility, insurance company, the Medical Information Bureau or other organization, institution or person that has any records or knowledge of the proposed insureds or their health to give Pilot Life Insurance Company and its reinsurers such information. I also authorize the foregoing, except for the Medical Information Bureau, to give such information to any consumer reporting agency acting on behalf of Pilot Life. I further authorize Pilot Life to give all such information to my personal physician upon request and I waive any privilege to such information. I understand either I or my authorized representative may obtain a copy of this authorization. This authorization shall be valid for 30 months from this date and a copy of this authorization shall be as valid as the original.

| *Harlingen TX* | *9/1/87* | *Shirley Metzger* |
|---|---|---|
| City and state where signed | Date | Signature of proposed insured (if under age 15, parent) |



**Insured**

**Specified Amount**

**Policy Number**

**Policy Date**



**Jefferson-Pilot Life Insurance Company will pay**

1. The Death Benefit of this policy to the Beneficiary immediately upon receipt of due proof of the death of the Insured while the policy is in force and prior to the Maturity Date, or

2. the Maturity Value of this policy to the Owner on the Maturity Date if the policy is in force and the Insured is alive on that date.

This policy is a legal contract between the Owner and the Company. All provisions on the following pages are a part of this contract.

**Ten Day Right to Examine Policy**

This policy may be surrendered within ten days after it is delivered by returning it to the Company or to one of its agents. Upon such surrender, the policy will be considered void from the beginning and any premiums paid will be refunded.

Signed for the Company at its home office in Greensboro, North Carolina, on the policy date.

Secretary                     Chairman of the Board
                              Chief Executive Officer

Form 87-130



EXHIBIT

B

*SJX "2"*

**Flexible Premium Adjustable Life Insurance Policy**

Adjustable death benefit payable at death prior to the Maturity Date. Maturity Value payable on the Maturity Date if the Insured is then alive. Flexible premiums payable during Insured's lifetime until the Maturity Date. Non-participating.

# Insurance Coverage Provisions

**Death Benefit**    The Death Benefit of the policy will be defined under one of the following options:

Option A    The Death Benefit is the larger of
1. The Specified Amount on the date of death plus the cash value at the beginning of the policy month of death, or
2. A percentage of the cash value at the beginning of the policy month of death. The percentage is defined below.

Option B    The Death Benefit is the largest of
1. The Specified Amount on the date of death, or
2. The cash value at the beginning of the policy month of death, plus $25,000, or
3. A percentage of the cash value at the beginning of the policy month of death. The percentage is defined below.

| Attained Age | Percentage | Attained Age | Percentage | Attained Age | Percentage |
|---|---|---|---|---|---|
| 0-40 | 140% | 55 | 125 | 70 | 110 |
| 41 | 139 | 56 | 124 | 71 | 109 |
| 42 | 138 | 57 | 123 | 72 | 108 |
| 43 | 137 | 58 | 122 | 73 | 107 |
| 44 | 136 | 59 | 121 | 74 | 106 |
| 45 | 135 | 60 | 120 | 75 & over | 105 |
| 46 | 134 | 61 | 119 | | |
| 47 | 133 | 62 | 118 | | |
| 48 | 132 | 63 | 117 | | |
| 49 | 131 | 64 | 116 | | |
| 50 | 130 | 65 | 115 | | |
| 51 | 129 | 66 | 114 | | |
| 52 | 128 | 67 | 113 | | |
| 53 | 127 | 68 | 112 | | |
| | 126 | 69 | 111 | | |

Under either option, the Death Benefit will be reduced by any indebtedness on the date of death. In addition, any premium paid after the beginning of the policy month of death will be refunded. The cash value at the beginning of the month of death used in calculating the death benefit above is after subtracting all parts of the monthly deduction for the month except for the cost of insurance.

The Specified Amount at issue and the option in effect at issue are shown on page three. Either may be changed as described below. The Death Benefit payable is subject to all provisions of this policy.

**Maturity Value**    The Maturity Date is shown on page three. The Maturity Date is the date the policy will terminate if the policy is in force and the Insured is alive on that date. The Maturity Value will be paid on termination on the Maturity Date. The Maturity Value will be the cash value less any indebtedness on that date. It is possible that the policy will terminate without value prior to the Maturity Date. This will happen if premiums paid and interest credited are not sufficient to continue coverage to that date.

**Changes in Insurance Coverage**    The insurance coverage may be changed at any time after the first policy year on written request by the Owner. The changes which can be made are
1. Increase in the Specified Amount.
2. Decrease in the Specified Amount.
3. Change in the existing death benefit option.
4. Change in the Maturity Date, subject to the consent of the Company.

If a change would result in an increase in the amount payable at death, such change will be subject to satisfactory evidence of insurability. The Specified Amount may not be decreased below $25,000. A decrease in the Specified Amount will apply first against insurance with the most recent effective date, with the Initial Specified Amount being last to be decreased. A change will be effective on the Monthly Anniversary Day on or next following the date of approval by the Company of the request for the change, unless another date acceptable to the Company is requested.

# Premium Provisions

**Payment of Premiums**    The initial premium is due on the policy date. Subsequent premiums may be paid at any time and in any amount, subject to the following conditions, unless otherwise agreed to in writing by the Company.

The amount of each premium must be at least $25.00.

The maximum amount of premium the Company will accept in any policy year will be three times the yearly planned premium shown on page 3.

All premiums are payable either at the home office or to an authorized agent. If paid to an agent, the agent will furnish an official premium receipt. This receipt must be signed by the Secretary of the Company and countersigned by the agent; no agent has the authority to collect a premium unless he has such a receipt.

**Grace Period**    If on a Monthly Anniversary Day the cash value less any indebtedness is less than the monthly deduction due, a grace period of 60 days from that date will be allowed for the payment of the minimum amount needed to continue the policy. The cash value and monthly deductions are described in the Nonforfeiture Provisions.

The Company will notify the Owner and any Assignee of the minimum amount due at least 30 days before the end of the grace period. If the amount specified is not paid within the grace period, the policy will terminate without value at the end of such period. If the Insured dies within the grace period, the amount needed to continue the policy to the end of the policy month of death will be deducted from the amount otherwise payable.

# Non-participating

No dividends will be paid on this policy.

POLICY SPECIFICATIONS
-------------------------------

INSURED                      SHIRLEY JEAN METZGER

SPECIFIED AMOUNT             $1,500,000      DECEMBER 1, 1987    POLICY DATE

POLICY NUMBER                JP4038973

DEATH BENEFIT OPTION         B

MATURITY DATE                DECEMBER 1, 2032

  NOTE: THE MATURITY DATE SHOWN IS THE DATE THE POLICY WILL MATURE IF IT IS
        IN FORCE ON THAT DATE.  EVEN IF COVERAGE CONTINUES TO THE MATURITY
        DATE, THERE MAY IN FACT BE LITTLE OR NO VALUE TO BE PAID.  IT IS
        POSSIBLE THAT COVERAGE WILL TERMINATE PRIOR TO THE MATURITY DATE
        SHOWN.   THIS WILL HAPPEN IF PREMIUMS PAID AND INTEREST CREDITED ARE
        NOT SUFFICIENT TO CONTINUE COVERAGE TO THAT DATE.

ISSUE AGE                    50

PLANNED PREMIUM              $1,004.48      MONTHLY

OWNER                        AS PROVIDED IN RIDER

BENEFICIARY                  PAYABLE AS PROVIDED IN RIDER

SCHEDULE OF BENEFITS AND PREMIUMS - POLICY NUMBER JP-4038973
----------------------------------------------------------------------

| FORM NUMBER | BENEFIT | | EFFECTIVE DATE | MONTHLY DEDUCTION | RATE CLASS | YEARS PAYABLE |
|---|---|---|---|---|---|---|
| 87-130 | INITIAL SPECIFIED AMOUNT | 1,500,000 | DEC 1, 1987 | SEE PAGE 6 | STD | |

PAGE 3

# General Provisions

**The Contract**  This insurance is issued in return for the application and the payment of the initial premium.

The policy and the application make up the entire contract. A copy of the application is attached to the policy. Only statements contained in the application can be used to contest a claim or the validity of the policy. These statements are considered representations and not warranties, in the absence of fraud.

**Incontestability**  This policy becomes incontestable if it is in force and the Insured is alive two years after the policy date. After that time the validity of the policy cannot be contested due to misrepresentation of material facts in the application.

An addition to the Specified Amount becomes incontestable if it is in force and if the Insured is alive two years from its effective date.

**Modification**  No agent or other person, except an officer in the home office of the Company, has the power to act for the Company. Only such officers can modify the terms of this policy. No promise made by any other person with regard to the terms or benefits of this policy is binding on the Company. The agent is not authorized to accept any information for the Company that is not in the application, to extend the time allowed for paying a premium, or to waive and of the Company's rights or requirements.

**Settlement**  All sums payable by the Company are payable at the home office. Any sum due will be mailed or otherwise delivered. In any settlement under this policy all indebtedness will be first deducted. The term indebtedness means the balance owed to the Company on a loan on this policy.

**Reinstatement**  If this policy terminates because a premium or other required amount is not paid, but it is not surrendered for cash, it may be reinstated. Reinstatement means the policy is put back in full force. Reinstatement may be made at any time within five years from the date of termination and prior to the Maturity Date. Satisfactory evidence of insurability must be furnished at that time. The minimum payment required will be an amount sufficient to keep the policy in force for at least two months. Any indebtedness which existed on the date of termination must also be repaid or reinstated. Reinstatement will be effective on the Monthly Anniversary Day on or next following the date of approval by the Company of the request for reinstatement, unless another date acceptable to the Company is requested.

**Suicide**  If the Insured commits suicide, while sane or insane, within two years from the policy date, the amount payable under this policy will be the sum of the premiums paid less any indebtedness and less any partial surrenders.

If the Insured commits suicide, while sane or insane, within two years from the date of an addition to the Specified Amount, the amount payable under such addition will be the sum of the monthly deductions for such addition.

**Misstatement of Age or Sex**  If the date of birth or the sex of the Insured has been misstated, the amount of death benefit will be adjusted to the amount which would have been provided by the most recent cost of insurance deduction at the true age and sex.

**Assignment**  This policy may be assigned. An assignment will not be binding on the Company unless it is in writing and filed at the home office. The Company is not responsible for the validity or sufficiency of an assignment.

**Ownership**  The Owner of this policy is shown on page 3 or in a rider attached to the policy. While the Insured is living, the Owner may exercise every right and option and receive every benefit provided by the policy. The rights of the Owner are not subject to consent of the Beneficiary.

**Beneficiary**  The Beneficiary may be changed by written request satisfactory to the Company filed at its home office. Any change will take effect on the date of the written request if the Insured is alive at that time. However, a change is subject to any payment made or action taken by the Company prior to the time such request is filed at the home office.

If any Beneficiary dies before the Insured, benefits which would have been paid such Beneficiary shall be paid to the Owner, if living, unless otherwise provided. If the Owner is not living, such proceeds will be paid to the estate of the Owner, unless otherwise provided. The interest of any Beneficiary will be subject to the rights of any Assignee.

**Monthly Anniversary Day**  The monthly anniversary day in each month is the same day of the month as the policy date.

Insert 575

# Nonforfeiture Provisions

**Cash Value**    On each Monthly Anniversary Day, the cash value will be 1 plus 2 plus 3 plus 4 minus 5, where

1. is the cash value as of the preceding Monthly Anniversary Day minus the monthly deduction for the month ending on the Monthly Anniversary Day.

2. is one month's interest on 1.

3. is all net premiums received since the preceding Monthly Anniversary Day.

4. is interest on 3 from the date the premium is received to the end of the policy month.

5. is the reduction in cash value caused by any partial surrender since the preceding Monthly Anniversary Day.

On any day other than a Monthly Anniversary Day, the cash value will be 1 plus 3 minus 5 where

1. is the cash value as of the preceding Monthly Anniversary Day minus the monthly deduction for the current policy month, with

3 and 5 defined as above.

**Interest Rate**    The guaranteed interest credited in the cash value calculations described above is .32737% per month, compounded monthly. This rate is equivalent to an annual rate of 4% compounded yearly. Interest in excess of the guaranteed rate may be applied as determined by the Company. Such interest is referred to in this policy as excess interest. No excess interest will be credited on any cash value held as security for a policy loan, nor on the first $1,000 of cash value not held as security for a policy loan.

**Net Premium**    Each net premium will be computed by multiplying each gross premium by 92%.

**Monthly Deduction**    The monthly deduction for a policy month will be computed as 1 plus 2 plus 3 where

1. is the cost of insurance and the cost of additional benefits provided by rider for the policy month.

2. is a charge of $30.00 plus $.12 per $1000 of the Initial Specified Amount. This charge is made only for the first twelve policy months.

3. is a charge of $1.40 per $1000 of any addition to the Specified Amount. This charge is made only for the first policy month in which such addition is in force.

**Cost of Insurance**    The cost of insurance is determined on a monthly basis as the cost of insurance rate for the month multiplied by the number of thousands of net amount at risk for the month. The net amount at risk for a month is computed as 1 minus 2 where

1. is the death benefit for the month before reduction for any indebtedness, discounted to the beginning of the month at .32737%.

2. is the cash value at the beginning of the month after subtracting all parts of the monthly deduction other than the cost of insurance.

For months in which death benefit option B is in effect, for the purpose of allocating the cost of insurance between different parts of the Specified Amount, the cash value will be considered as part of the Initial Specified Amount. If the cash value exceeds the Initial Specified Amount, any excess will be considered part of the earliest addition to the Specified Amount. This allocation will continue in order of all additions to the Specified Amount until all cash value is allocated.

**Cost of Insurance Rates**    The monthly cost of insurance rates are determined by the Company. Rates will be based on the Company's expectation of future mortality, interest, expenses, and lapses. Any change in the monthly cost of insurance rates used will be on a uniform basis for Insureds of the same classification. Rates will never be larger than the maximum rates shown on page 10.

# Ɪn-Forfeiture Provisions (Continued)

**Continuation of Insurance**    This policy and all riders will continue in force according to their terms as long as the cash value, less any indebtedness, is sufficient to cover the monthly deduction. If such value is not sufficient, the policy will terminate according to the Grace Period provision. In no case will the policy continue past the Maturity Date nor will a rider continue past its termination date. If premiums are discontinued on any date, the value on that date will be used to provide insurance under this provision.

**Basis of Values**    Minimum cash values are based on the 1958 Commissioners' Standard Ordinary Mortality Table, age nearest birthday, with interest at 4% per year. A detailed statement of the method of computation of cash values under this policy has been filed with the insurance department of the state in which this policy was delivered. Cash values under this policy are not less than the minimum values required by law.

**Surrender and Surrender Value**    This policy may be surrendered at any time prior to the Maturity Date. Written request must be made by the Owner. The surrender value will be the cash value as of the date of surrender less any indebtedness and less the charge for full surrender.

If surrender is requested within 30 days after the end of a policy year, the surrender value will not be less than the surrender value at the end of that year less any policy loans or ꞮꞮal surrenders made since the end of that year.

The Company has the right to defer the payment of any surrender value for up to six months after receiving written request.

**Partial Surrender**    A partial surrender of this policy may be made at any time prior to the Maturity Date. Written request must be made by the Owner. A partial surrender will not be allowed if the remaining surrender value would be less than the minimum required by law. The partial surrender may be for any amount not to exceed the surrender value at the time, less $500.00.

When a partial surrender is made,

1    the cash value will be reduced by the amount of the partial surrender, plus a fee of $25.00, plus the charge for the partial surrender.

2.    the death benefit will also be reduced by the same amount as the reduction in cash value. The Specified Amount will be reduced by such amount if the policy is under death benefit option B at the time. A partial surrender cannot be allowed if it would reduce the Specified Amount below $25,000.

The Company has the right to defer the payment of a partial surrender for up to six months after receiving written request. A partial surrender made for the purpose of paying premiums to the Company will not be deferred.

**Surrender Charges**    If the policy has been in force less than ten years (120 months) there will be a charge for full or partial surrender. The charge will be the amount of excess interest credited to the policy or to the amount of the partial surrender for the period immediately preceding surrender as shown below. For full surrender during the first 12 months, there will be an additional charge of $30.00 for each policy month less than 12 the policy has been in force.

| Number of full months the policy has been in force prior to surrender | Excess interest charge |
| --- | --- |
| Less than 60 | 12 months excess interest |
| 60-71 | 10 months excess interest |
| 72-83 | 8 months excess interest |
| 84-95 | 6 months excess interest |
| 96-107 | 4 months excess interest |
| 108-119 | 2 months excess interest |
| 120 or more | no surrender charge |

# Exchange Privilege

The Owner may surrender this policy at any time and use the surrender value to purchase a new policy on the life of the Insured without evidence of insurability. Written request for such a change must be made to the home office. The new policy will be on the nonparticipating Single Premium Endowment at Age 95 plan. The amount applied to purchase the new policy may not exceed the surrender value of this policy. If the surrender value of this policy is greater than the amount applied, the excess will be paid to the Owner in cash. The face amount of the new policy plus the amount of cash paid to the Owner may not exceed the death benefit of this policy less any indebtedness immediately before the exchange.

The maximum single premium rates which may be used for this section are shown on page 10.

## Annual Report

The Company will provide an annual report to the Owner. This report will show the activity of the policy for the past year. It will list premiums paid, expense charges, monthly deductions, interest credited, and partial surrenders. It will show the then current death benefit and cash and surrender values and the loan balance outstanding. It will also provide a projection of future values of the policy using the then current policy values and both guaranteed and current rates terest and mortality.

The Company will provide a projection of the policy at any time using other assumptions as to future premiums and interest and mortality rates on request. A fee of not more than $25.00 may be charged for this service.

# Loans

e Company will make a policy loan on the security of this policy. Loans are subject to the following conditions:

1.  Written request for a loan must be made to the Company.

2.  The loan value at any time is the then current cash value less an amount equal to the surrender charge which would apply if the policy were surrendered on the date of the loan. The maximum loan at any time is the loan value at that time less any existing loan. Loan interest to the end of the policy year, if not paid in cash, will be deducted from the loan amount.

3.  Interest on a policy loan will be payable in advance. Interest will be charged at the rate of 5.66% per year in advance, which is equivalent to a rate of 6% payable at the end of the year.

4.  If loan interest is not paid when due, it will be added to the loan balance and bear interest at the same rate. If the loan balance plus accrued interest at any time equals or exceeds the cash value, the policy will terminate. In such event the Company will give at least one month's notice (not less than 30 days) to the Owner and any Assignee before the policy is terminated.

5.  Every payment to the Company will be considered a premium payment unless clearly marked for loan repayment or for payment of loan interest.

6.  The Company has the right to defer making a policy loan f    to six months after receiving written request. A loan for the purpose of paying premiums to the Company will not be deferred.

## Table of Guaranteed Maximum Cost Of Insurance Rates

| Attained Age | Monthly Rate Per $1,000 Male | Female | Attained Age | Monthly Rate Per $1,000 Male | Female | Attained Age | Monthly Rate Per $1,000 Male | Female | Attained Age | Monthly Rate Per $1,000 Male | Female |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 5 | .11259 | .10341 | 30 | .17771 | .16602 | 55 | 1.09104 | .83452 | 80 | 9.75658 | 7.49433 |
| 6 | .10842 | .09924 | 31 | .18273 | .16936 | 56 | 1.19338 | .91290 | 81 | 10.64755 | 8.17314 |
| 7 | .10508 | .09590 | 32 | .18774 | .17354 | 57 | 1.30603 | .99812 | 82 | 11.59239 | 8.92995 |
| 8 | .10258 | .09340 | 33 | .19359 | .17771 | 58 | 1.42988 | 1.09104 | 83 | 12.58709 | 9.75658 |
| 9 | .10091 | .09257 | 34 | .20027 | .18273 | 59 | 1.56498 | 1.19338 | 84 | 13.63637 | 10.64755 |
| 10 | .10091 | .09257 | 35 | .20946 | .18774 | 60 | 1.71395 | 1.30603 | 85 | 14.75036 | 11.59239 |
| 11 | .10258 | .09340 | 36 | .22033 | .19359 | 61 | 1.87602 | 1.42988 | 86 | 15.93675 | 12.58709 |
| 12 | .10508 | .09507 | 37 | .23370 | .20027 | 62 | 2.05298 | 1.56498 | 87 | 17.20693 | 13.63637 |
| 13 | .11009 | .09757 | 38 | .25125 | .20946 | 63 | 2.24664 | 1.71395 | 88 | 18.58378 | 14.75036 |
| 14 | .11593 | .10091 | 39 | .27132 | .22033 | 64 | 2.45886 | 1.87602 | 89 | 20.10283 | 15.93675 |
| 15 | .12177 | .10508 | 40 | .29474 | .23370 | 65 | 2.69237 | 2.05298 | 90 | 21.81387 | 17.20693 |
| 16 | .12845 | .11009 | 41 | .32068 | .25125 | 66 | 2.95084 | 2.24664 | 91 | 23.78325 | 18.58378 |
| 17 | .13513 | .11593 | 42 | .34830 | .27132 | 67 | 3.23711 | 2.45886 | 92 | 26.09731 | 20.10283 |
| 18 | .14097 | .12177 | 43 | .37844 | .29474 | 68 | 3.55410 | 2.69237 | 93 | 28.86757 | 21.81387 |
| 19 | .14515 | .12845 | 44 | .41111 | .32068 | 69 | 3.89783 | 2.95084 | 94 | 32.23901 | 23.78325 |
| 20 | .14932 | .13513 | 45 | .44714 | .34830 | 70 | 4.26510 | 3.23711 | | | |
| 21 | .15266 | .14097 | 46 | .48738 | .37844 | 71 | 4.65006 | 3.55410 | | | |
| 22 | .15517 | .14515 | 47 | .53184 | .41111 | 72 | 5.04940 | 3.89783 | | | |
| 23 | .15767 | .14932 | 48 | .58137 | .44714 | 73 | 5.46066 | 4.26510 | | | |
| 24 | .15934 | .15266 | 49 | .63596 | .48738 | 74 | 5.89660 | 4.65006 | | | |
| 25 | .16101 | .15517 | 50 | .69649 | .53184 | 75 | 6.37029 | 5.04940 | | | |
| 26 | .16352 | .15767 | 51 | .76295 | .58137 | 76 | 6.89792 | 5.46066 | | | |
| 27 | .16602 | .15934 | 52 | .83452 | .63596 | 77 | 7.49433 | 5.89660 | | | |
| 28 | .16936 | .16101 | 53 | .91290 | .69649 | 78 | 8.17314 | 6.37029 | | | |
| 29 | .17354 | .16352 | 54 | .99812 | .76295 | 79 | 8.92995 | 6.89792 | | | |

## Table of Guaranteed Maximum Single Premium Endowment At 95 Rates

| Age of Issue Male | Female | Single Premium Per $1,000 | Age at Issue Male | Female | Single Premium Per $1,000 | Age at Issue Male | Female | Single Premium Per $1,000 | Age at Issue Male | Female | Single Premium Per $1,000 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 0 | 0 | 97.14 | 22 | 25 | 175.46 | 47 | 50 | 387.85 | 72 | 75 | 704.13 |
| 1 | 1 | 94.61 | 23 | 26 | 180.96 | 48 | 51 | 399.54 | 73 | 76 | 715.61 |
| 2 | 2 | 96.81 | 24 | 27 | 186.66 | 49 | 52 | 411.43 | 74 | 77 | 726.97 |
| 3 | 3 | 99.31 | 25 | 28 | 192.58 | 50 | 53 | 423.51 | 75 | 78 | 738.21 |
| 4 | 4 | 101.97 | 26 | 29 | 198.74 | 51 | 54 | 435.75 | 76 | 79 | 749.35 |
| 5 | 5 | 104.80 | 27 | 30 | 205.13 | 52 | 55 | 448.16 | 77 | 80 | 760.35 |
| 6 | 6 | 107.78 | 28 | 31 | 211.77 | 53 | 56 | 460.71 | 78 | 81 | 771.15 |
| 7 | 7 | 110.94 | 29 | 32 | 218.65 | 54 | 57 | 473.41 | 79 | 82 | 781.68 |
| 8 | 8 | 114.26 | 30 | 33 | 225.79 | 55 | 58 | 486.23 | 80 | 83 | 791.88 |
| 9 | 9 | 117.74 | 31 | 34 | 233.19 | 56 | 59 | 499.17 | 81 | 84 | 801.76 |
| 10 | 10 | 121.39 | 32 | 35 | 240.85 | 57 | 60 | 512.20 | 82 | 85 | 811.31 |
| 11 | 11 | 125.19 | 33 | 36 | 248.80 | 58 | 61 | 525.31 | 83 | 86 | 820.58 |
| 12 | 12 | 129.13 | 34 | 37 | 257.02 | 59 | 62 | 538.48 | 84 | 87 | 829.67 |
| | 13 | 129.13 | 35 | 38 | 265.54 | 60 | 63 | 551.69 | 85 | 88 | 838.65 |
| | 14 | 129.13 | 36 | 39 | 274.34 | 61 | 64 | 564.90 | 86 | 89 | 847.64 |
| | 15 | 129.13 | 37 | 40 | 283.42 | 62 | 65 | 578.12 | 87 | 90 | 856.80 |
| 13 | 16 | 133.20 | 38 | 41 | 292.78 | 63 | 66 | 591.31 | 88 | 91 | 866.33 |
| 14 | 17 | 137.39 | 39 | 42 | 302.39 | 64 | 67 | 604.45 | 89 | 92 | 876.50 |
| 15 | 18 | 141.69 | 40 | 43 | 312.25 | 65 | 68 | 617.52 | 90 | 93 | 887.69 |
| 16 | 19 | 146.11 | 41 | 44 | 322.35 | 66 | 69 | 630.49 | 91 | 94 | 900.50 |
| 17 | 20 | 150.65 | 42 | 45 | 332.68 | 67 | 70 | 643.32 | 92 | | 915.85 |
| 18 | 21 | 155.30 | 43 | 46 | 343.25 | 68 | 71 | 655.96 | 93 | | 935.25 |
| 19 | 22 | 160.10 | 44 | 47 | 354.06 | 69 | 72 | 668.38 | 94 | | 961.53 |
| 20 | 23 | 165.05 | 45 | 48 | 365.09 | 70 | 73 | 680.54 | | | |
| 21 | 24 | 170.16 | 46 | 49 | 376.36 | 71 | 74 | 692.45 | | | |

The rates shown are for a standard premium class. For a rated premium class the rates shown will be adjusted as determined by the Company.

# Optional Methods of Settlement

The net amount payable under this policy may be applied under one of the following options, provided:

  a.  The amount applied must be at least $2,500.

  b.  The periodic payments must be at least $25.

  c.  Consent of the Company is needed if the policy is assigned or if the payee is an executor, administrator, trustee, corporation, partnership or association.

**1.  Payments for a Specified Period**    Under this option, the Company will make equal monthly payments for a specified number of years. The first payment will be made immediately. Table I shows the monthly payment for each $1,000 applied.

**2.  Life Income with Payments for a Guaranteed Period**    Under this option, the Company will make equal monthly payments for the life of the original payee. If the original payee dies during the guaranteed period, the Company will continue the payments to the payee's beneficiary for the balance of the guaranteed period. The guaranteed period can be 5, 10, 15, or 20 years. The first payment will be made immediately. Table II shows the monthly payment for each $1,000 applied.

**3.  Amount Left at Interest**    Under this option, the Company will retain the amount payable for a specified period for 30 years or less or for the life of the original payee. Interest will be paid on the balance held at a rate declared by the Company. Such rate will not be less than 3% per year The amount of each interest payment per $1,000 held by the Company will not be less than $30.00 annually, $14.89 semi-annually, $7.42 quarterly, or $2.47 monthly.

**4.  Payments of a Fixed Amount**    Under this option, the Company will make equal annual, semi-annual, quarterly or monthly payments of a fixed amount. The payments will be made until the balance held runs out. Interest will be added to the balance held at a rate declared by the Company .Such rate will not be less than 3% per year. The fixed payment may not be less than 8% per year of the original amount left with the Company.

In the event of the death of the last surviving payee before all payments have been made under any of the above options, the present value of the remaining guaranteed payments under Option 1 or 2, or the balance held under Option 3 or 4 will be paid in one sum to the estate of that payee. The present value will be calculated using an interest rate of 3% per year.

Payments under Option 1 or 2 can also be made annually, semi-annually, or quarterly. The amount of such payments will be equivalent to the monthly payments at 3% per year.

The amounts guaranteed under Option 1 and 2 are based on an interest rate of 3% per year. Such excess interest as the Company may declare will be payable on the 15th day of December of each year. No excess interest will be paid under Option 2 after the guaranteed period.

The Owner may elect any of the above options, or may change or revoke a previous election. A change of Beneficiary automatically revokes a settlement option previously elected. If the Owner elects a settlement option, the Beneficiary cannot change the election unless the right to do so is given the Beneficiary in the election. If at the death of the Insured the proceeds of the policy are payable to the Beneficiary in a single sum, the Beneficiary may elect a settlement option at that time.

Payments under a settlement option may not be assigned. To the extent permitted by law, funds held and payments made shall not be subject to claims of creditors, nor to execution or other legal process by creditors.

**5.  Annuity Settlement Option**    Instead of the above options, the amount payable may be used to provide income according to the Company's Single Premium Immediate Annuity rates in effect at that time. The amount of the payments under this option will be 104% of the payments which the amount applied would otherwise purchase, adjusted so the first payment is immediate. No excess interest will be payable under this option.

# Optional Methods Of Settlement

## Table I — Option 1

| No. of Years | Monthly Installments | No. of Years | Monthly Installments | No. of Years | Monthly Installments |
|---|---|---|---|---|---|
| 1 | 84.47 | 11 | 8.86 | 21 | 5.32 |
| 2 | 42.86 | 12 | 8.24 | 22 | 5.15 |
| 3 | 28.99 | 13 | 7.71 | 23 | 4.99 |
| 4 | 22.06 | 14 | 7.26 | 24 | 4.84 |
| 5 | 17 91 | 15 | 6.87 | 25 | 4.71 |
| 6 | 15.14 | 16 | 6.53 | 26 | 4.59 |
| 7 | 13.16 | 17 | 6.23 | 27 | 4.47 |
| 8 | 11.68 | 18 | 5.96 | 28 | 4.37 |
| 9 | 10.53 | 19 | 5.73 | 29 | 4.27 |
| 10 | 9.61 | 20 | 5.51 | 30 | 4 18 |

## Table II — Option 2 (Monthly Installments)

| Attained Age of Payee Male | Female | Years Guaranteed 5 | 10 | 15 | 20 | Attained Age of Payee Male | Female | Years Guaranteed 5 | 10 | 15 | 20 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 15 & Under | 19 & Under | 2.98 | 2.97 | 2.96 | 2.95 | 51 | 55 | 4.54 | 4 50 | 4 42 | 4.31 |
| 16 | 20 | 3.00 | 2.99 | 2.98 | 2.97 | 52 | 56 | 4.64 | 4.59 | 4.51 | 4.38 |
| 17 | 21 | 3.01 | 3.00 | 2.99 | 2.98 | 53 | 57 | 4.74 | 4.69 | 4.59 | 4.44 |
| 18 | 22 | 3.03 | 3.02 | 3.01 | 3.00 | 54 | 58 | 4.85 | 4.79 | 4.68 | 4.51 |
| 19 | 23 | 3.05 | 3.04 | 3.03 | 3.02 | 55 | 59 | 4.97 | 4.90 | 4.77 | 4.58 |
| | 24 | 3.07 | 3.06 | 3.05 | 3.04 | 56 | 60 | 5.09 | 5.01 | 4.86 | 4.65 |
| | 25 | 3.10 | 3 09 | 3.08 | 3.07 | 57 | 61 | 5.23 | 5.13 | 4.96 | 4.72 |
| | 26 | 3.12 | 3 11 | 3.10 | 3.09 | 58 | 62 | 5.37 | 5.25 | 5.06 | 4.79 |
| 23 | 27 | 3.14 | 3.13 | 3.12 | 3.11 | 59 | 63 | 5.52 | 5.39 | 5.16 | 4.85 |
| 24 | 28 | 3.17 | 3.16 | 3.15 | 3.14 | 60 | 64 | 5.68 | 5.52 | 5.27 | 4.92 |
| 25 | 29 | 3.19 | 3.18 | 3.17 | 3.16 | 61 | 65 | 5.84 | 5.67 | 5.37 | 4.99 |
| 26 | 30 | 3.22 | 3.21 | 3.20 | 3.19 | 62 | 66 | 6.02 | 5.82 | 5.48 | 5.05 |
| 27 | 31 | 3.25 | 3.24 | 3.23 | 3.22 | 63 | 67 | 6.21 | 5.97 | 5.59 | 5.11 |
| 28 | 32 | 3.27 | 3.26 | 3.25 | 3.24 | 64 | 68 | 6.41 | 6.13 | 5.69 | 5.16 |
| 29 | 33 | 3.30 | 3.29 | 3.28 | 3.27 | 65 | 69 | 6.63 | 6.30 | 5.80 | 5.21 |
| 30 | 34 | 3 34 | 3.33 | 3.32 | 3.31 | 66 | 70 | 6.86 | 6.48 | 5.90 | 5.26 |
| 31 | 35 | 3.37 | 3.36 | 3.35 | 3.34 | 67 | 71 | 7.10 | 6.66 | 6.01 | 5.31 |
| 32 | 36 | 3.40 | 3.39 | 3.38 | 3.37 | 68 | 72 | 7.36 | 6.84 | 6.11 | 5.34 |
| 33 | 37 | 3.44 | 3.43 | 3.42 | 3.41 | 69 | 73 | 7.64 | 7.03 | 6.20 | 5.38 |
| 34 | 38 | 3.48 | 3.47 | 3.46 | 3.44 | 70 | 74 | 7.93 | 7 22 | 6.29 | 5.41 |
| 35 | 39 | 3.52 | 3.51 | 3.50 | 3.48 | 71 | 75 | 8.24 | 7.41 | 6.38 | 5.43 |
| 36 | 40 | 3.56 | 3.55 | 3.54 | 3.52 | 72 | 76 | 8.57 | 7 60 | 6.46 | 5.45 |
| 37 | 41 | 3.60 | 3.59 | 3.58 | 3.56 | 73 | 77 | 8.91 | 7.79 | 6.53 | 5.47 |
| 38 | 42 | 3.65 | 3.64 | 3.62 | 3.60 | 74 | 78 | 9.28 | 7.98 | 6.59 | 5.48 |
| 39 | 43 | 3.70 | 3.69 | 3.67 | 3.65 | 75 | 79 | 9.66 | 8.17 | 6.65 | 5.49 |
| 40 | 44 | 3.75 | 3.74 | 3.72 | 3.69 | 76 | 80 | 10.06 | 8.35 | 6.70 | 5.50 |
| 41 | 45 | 3.80 | 3.79 | 3.77 | 3.74 | 77 | 81 | 10.48 | 8.52 | 6.74 | 5.50 |
| 42 | 46 | 3.86 | 3.85 | 3.82 | 3.79 | 78 | 82 | 10.92 | 8.68 | 6.77 | 5.51 |
| 43 | 47 | 3.92 | 3.90 | 3.88 | 3.84 | 79 | 83 | 11.38 | 8.83 | 6.80 | 5.51 |
| 44 | 48 | 3.98 | 3.97 | 3.94 | 3.89 | 80 | 84 | 11.83 | 8.96 | 6.82 | 5.51 |
| 45 | 49 | 4.05 | 4.03 | 4.00 | 3.95 | 81 | 85 & over | 12.32 | 9.08 | 6.83 | 5.51 |
| 46 | 50 | 4.12 | 4.10 | 4.06 | 4.00 | 82 | over | 12.80 | 9.19 | 6.85 | 5.51 |
| 47 | 51 | 4.19 | 4.17 | 4.13 | 4.06 | 83 | | 13.28 | 9.28 | 6.85 | 5.51 |
| 48 | 52 | 4.27 | 4.25 | 4.20 | 4.12 | 84 | | 13.76 | 9.36 | 6.86 | 5.51 |
| 49 | 53 | 4.36 | 4.33 | 4.27 | 4.18 | 85 & over | | 14.25 | 9.42 | 6.86 | 5.51 |
| 50 | 54 | 4.44 | 4.41 | 4 35 | 4.25 | | | | | | |

**COMPLAINT NOTICE:**   Should any dispute arise about your premiums or about a claim that you have filed, write to Jefferson-Pilot Life Insurance Company, PO Box 21008, Greensboro, NC 27420. If the problem is not resolved, you may also write the State Board of Insurance, Department C, 1110 San Jacinto Street, Austin, Texas 78786. This notice of complaint is for information only and does not become a part or condition of this contract.

(Texas)
BJ-5130

# Amendments to the Policy

**Rider forming a part of the policy to which attached.**

The **Death Benefit** provision on page 2 is hereby replaced by the following:

**Death Benefit**     The Death Benefit of the policy will be defined under one of the following options:

**Option A**     The Death Benefit is the larger of
1. The Specified Amount on the date of death plus the policy value at the beginning of the policy month of death, or
2. A percentage of the policy value at the beginning of the policy month of death. The percentage is defined below.

**Option B**     The Death Benefit is the larger of
1. The Specified Amount on the date of death, or
2. A percentage of the policy value at the beginning of the policy month of death. The percentage is defined below.

Under either option, the Death Benefit will be reduced by any indebtedness on the date of death. In addition, any premium paid after the beginning of the policy month of death will be refunded. The policy value at the beginning of the month of death used in calculating the death benefit above is after subtracting all parts of the monthly deduction for the month except for the cost of insurance.

The Specified Amount at issue and the option in effect at issue are shown on page 3. Either may be changed as described below. The Death Benefit payable is subject to all provisions of this policy.

The General Provisions contained in this policy are hereby amended by adding the following paragraph:

**Compliance with the Internal Revenue Code**     The Company reserves the right to: 1. refund any premium payment, or 2. refuse to make any change in the Specified Amount or the Death Benefit Option – if such premium or change would cause this policy to fail to qualify as life insurance under the Internal Revenue Code.

| Attained Age | Percentage | Attained Age | Percentage | Attained Age | Percentage |
|---|---|---|---|---|---|
| 0-40 | 250% | 55 | 150 | 70 | 115 |
| 41 | 243 | 56 | 146 | 71 | 113 |
| 42 | 236 | 57 | 142 | 72 | 111 |
| 43 | 229 | 58 | 138 | 73 | 109 |
| 44 | 222 | 59 | 134 | 74 | 107 |
| 45 | 215 | 60 | 130 | 75-90 | 105 |
| 46 | 209 | 61 | 128 | 91 | 104 |
| 47 | 203 | 62 | 126 | 92 | 103 |
| 48 | 197 | 63 | 124 | 93 | 102 |
| 49 | 191 | 64 | 122 | 94 | 101 |
| 50 | 185 | 65 | 120 | 95 | 100 |
| 51 | 178 | 66 | 119 | | |
| 52 | 171 | 67 | 118 | | |
| 53 | 164 | 68 | 117 | | |
| 54 | 157 | 69 | 116 | | |

*Jerry L. Engler*
Secretary

BJ-5146

Jefferson-Pilot
Life Insurance Company

Jefferson–Pilot Life
Insurance Company
P.O. Box 21008
Greensboro, NC  27420

SPLIT DOLLAR ENDORSEMENT
FOR UNIVERSAL LIFE POLICY

Policy No. _____    or New Application dated _____

on the life of _____SHIRLEY JEAN METZGER_____
                                                    Name of Insured


Jefferson–Pilot Life Insurance Company is requested to make the provisions of this form a part of the policy.
Any previous designations of beneficiary or contingent beneficiary and election of settlement options are
hereby revoked.

I.      Definitions – Where the terms below appear, they are defined as follows:

        ''Employer'':  __SORT–RITE INTERNATIONAL, INC._____

        ''Co-Owner'':  __SHIRLEY JEAN METZGER_____

        ''Co-Beneficiary'':  (Check (X)  the appropriate block and insert the desired
        Co-Beneficiary.)

        (     )  _____,  _____
                 of the Insured, if living; otherwise _____
                 _____, _____ of the Insured, if
                 living;  otherwise the Co-Owner, if living;  otherwise the estate of the Co-Owner.


        ( XX )  __DEBRA ANN METZGER, DAUGHTER, KATHERINE LEE METZGER, DAUGHTER, AND___

                 __FRANCES E. MERRICK, MOTHER OF INSURED SHARE AND SHARE ALIKE, SURVIVOR__

                 __OR SURVIVORS._____

                 _____


''Net Premiums'':  For the purpose of this Endorsement, the term ''Net Premiums'' means the total premiums
paid on the policy by the Employer less  (1) any outstanding policy loans made by the Employer plus accrued
interest thereon, (2) any partial withdrawals made by the Employer, and (3) any other amounts received by the
Employer from the Co-Owner as a reimbursement of premium paid by the Employer.


B-5250A

39

Copyright  1986  By LifeComp Programs, Inc.

II.  Payment of Premiums

The Employer and Co-Owner agree to the following plan for payment of premiums:
(Check  (X)  appropriate box.)

( )     EMPLOYER PAYS ALL – The Employer agrees to pay the entire gross premium(s)
on the policy. Co-Owner may make voluntary additional premium contributions
to the Employer and Employer shall pay each such amount as an increased premium.

( XX )  CO-OWNER PAYS COST OF INSURANCE – Each premium on the policy shall be paid
by the Employer as it becomes due. The Co-Owner agrees to pay to the Employer an
amount equal to the cost of the insurance provided to the Co-Owner by the policy
each year. Co-Owner may make voluntary additional premium contributions to the
Employer and Employer shall pay each such amount as an increased premium.

III.  Division of Death Proceeds

This endorsement contemplates a division of death proceeds between two beneficiaries:
the Employer and the Co-Beneficiary.

Upon the death of the Insured while this Split Dollar Endorsement is in effect:
(Select one)

1.  ( )     The Co-Beneficiary shall receive the net death proceeds less the Net Premiums.
Employer shall receive the remainder of any net death proceeds.

2.  ( )     The Co-Beneficiary shall receive the lesser of (1)  $_____, or (2)  the
net death proceeds less the Net Premiums. The Employer shall receive any remainder
of the net death proceeds, except that if the net death proceeds are less than the
Net Premiums, the entire net death proceeds shall be payable to the Employer.

3.  ( XX )  The Employer shall receive the greater of (1)  $_1,000,000.00_, or (2)  the Net
Premiums. The Co-Beneficiary shall receive any remainder of the net death proceeds,
except that if the net death proceeds are less than the Net Premiums, the entire
net death proceeds shall be payable to the Employer.

Regardless of the option selected above, the amount payable to the Co-Beneficiary shall be referred to
as ''Co-Beneficiary Death Proceeds''.

Notwithstanding the above, in no event shall the Co-Beneficiary be entitled to receive an amount which
is less than the Policy Value or Cash Value less the total of Net Premiums and any policy loans
by the Co-Owner.

Jefferson–Pilot Life shall pay the entire net death proceeds in one sum to the joint order of the Employer,
the Co-Beneficiary, and any collateral assignee. Payment by Jefferson-Pilot Life in accordance with the
above will fully and finally discharge Jefferson-Pilot Life for the amount so paid.

27:SD2

Copyright  1986,  By LifeComp Programs, Inc.

IV.    Ownership Rights

Unless otherwise stated herein, the Employer, acting alone, may exercise the following rights:

1)    The right to borrow against, pledge or assign the policy, however, in an amount not to exceed the Net Premiums.

2)    The right to make partial surrenders of the cash surrender value, provided the aggregate amount of such partial surrenders shall not exceed the amount of the Net Premiums.

3)    The right to designate and change the beneficiary for the Employer's share of the death proceeds.

4)    The right to change the planned premium, the mode of premium payment and the frequency of premium payment.

Unless otherwise stated herein, the Co-Owner, acting alone, may exercise the following rights:

1)    The right to designate and change the Co-Beneficiary and to change a settlement option for the Co-Beneficiary.

2)    The right to exercise the Conversion Privilege of any Spouse Term Rider or Children's Term Rider which is included in the policy and be the Owner and premium payor of any new policy issued in lieu of such Rider.

3)    The right to transfer, assign or pledge the Co-Owner's interest in the policy.

Unless otherwise stated herein, the Employer and Co-Owner must act jointly to exercise the following rights:

1)    The right to change the Specified Amount of the policy and the death benefit option.

2)    The right to reinstate the policy.

3)    The right to borrow against or make a partial surrender of the Co-Owner's interest in the policy.

The Employer's consent to these transactions shall not be unreasonably withheld.

The Employer and Co-Owner hereby agree that Jefferson–Pilot Life is authorized to recognize the Employer's claims to its rights hereunder and to rely on the Employer's determination of any amount payable to the Employer under this policy prior to the death of the Insured, with no further inquiry of any nature. The exercise of these rights and determination of these amounts by the Employer shall be binding on the Co-Owner, and the rights of any other persons or parties having an ownership or beneficiary interest in the policy shall be subject to such exercise and/or such determination.

27:SD3

Copyright, 1986, By LifeComp Programs, Inc.

Nevertheless, as between the Employer and the Co-Owner, the Employer covenants that it will not exercise any rights, options and privileges not specifically reserved to the Employer in a manner which would impair any right or interest of the Co-Owner or Co-Beneficiary. In a like manner, the Co-Owner covenants that it will not exercise any rights, options or privileges not specifically reserved to the Co-Owner in a manner which would impair any right or interest of the Employer.

V.    Termination

A.    Upon the termination of the Insured's employment with the Employer for any reason other than death of the Insured or if the Co-Owner shall fail to pay that portion of each premium payment, if any, required in II above, the Employer shall have the following rights, without the consent of the Co-Owner:

(1)    If the Surrender Value of the policy is less than the Net Premiums, the Employer shall have the right to

(a)    surrender the policy and receive all surrender proceeds to the exclusion of the Co-Owner and Co-Beneficiary (however, the Co-Owner shall owe and pay to the Employer the difference between the surrender proceeds and the Net Premiums), or

(b)    sell the policy to the Co-Owner for an amount equal to the Net Premiums. The Co-Owner may purchase said policy within 15 days following the date of the Employer's written offer to sell.

(2)    If the Surrender Value exceeds the Net Premiums, the following shall apply

(a)    The Employer may split the policy into two separate policies, one to be owned by the Employer and one to be owned by the Co-Owner. The Employer shall receive a policy which has a Cash Surrender Value equal to the Net Premuims and a Death Benefit which shall not exceed that to which the Employer was entitled under Article III. The remaining cash values shall then be applied to a policy for the Co-Owner, issued with the same policy date as this policy and with a Death Benefit not to exceed the Co-Beneficiary's Death Proceeds determined under Article III.

(b)    If the Employer elects not to take a policy pursuant to (a) above, then the Employer shall make a partial surrender in an amount equal to the Net Premiums and shall have no further incidence of ownership in the policy; however, the Death Benefit may be adjusted, if necessary, so that the Death Benefit is no greater than the Co-Beneficiary's Death Proceeds as determined in Article III.

27:SD4

Copyright 1986, By LifeComp Programs, Inc.

The type and insured amount of any new policy shall conform to Jefferson-Pilot Life's policy rules in effect on the date of the issue or reissue of the new policy.

Jefferson-Pilot Life shall have no responsibility for determining the Net Premiums for the purposes of this Section V but instead shall rely solely upon the statements and representations of the Employer and shall be fully protected in relying thereon.

B.   Upon the adjudication of the Employer as an insolvent or as a bankrupt, the Co-Owner may pay to the Employer an amount equal to the Net Premiums in exchange for the transfer by the Employer of all ownership rights to the Co-Owner, including the right to change the beneficiary.

C.   This Endorsement may be cancelled only upon the joint request of the Employer and the Co-Owner.

D.   In the event of a conflict between the terms of this Endorsement and the policy to which it is attached, the terms of the policy shall control.

Dated at _Harlingen Texas_ this the _1st_ day of _September_, 19 _87_

_____          _____
Witness                                                     (Signature of Applicant Co-Owner)

ATTEST:

By _Frank S. Morris V.P._                         By _Shirley Pritzker_
              Title:                                                              Title:

_____

Jefferson-Pilot Life Insurance Company acknowledges and has recorded this Split Dollar Endorsement.

_December 17, 1987_                              By: _Doris J. Callicutt_
Date recorded

27:SD5

43

Copyright 1986, By Lifecomp Programs, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

Case No. B-01-142

JEFFERSON-PILOT LIFE           )
INSURANCE COMPANY,             )
                               )
            Plaintiff,         )
                               )
        vs.                    )
                               )
SORT-RITE INTERNATIONAL,       )
ET AL.,                        )
                               )
            Defendants.        )

COPY

---

## DEPOSITION

## OF

## JAMES RICHARD KETTENRING

---

Greensboro, North Carolina
May 3, 2002
10:52 a.m.

*SJX "3"*

Court Reporter:  Cindy A. Fletcher

**ACCURATE REPORTING SERVICE, A SPHERION COMPANY (336) 373-0985**

1      A.    Correct.

2      Q.    Have you brought with you today papers

3  that would allow you to answer questions regarding

4  the payment of premiums on that life-insurance

5  policy?

6      A.    Yes.

7      Q.    Could you point those papers out to me.

8            (Witness complies with request.)

9      Q.    Okay.  You're handing me a stapled

10  collection of papers that's one, two, three, four,

11  five, six, seven pages?

12      A.    Correct.

13      Q.    And these each look like they're computer

14  printouts of some kind.

15      A.    Yes, they are.

16      Q.    Can you walk me through this--  Well,

17  first, did you go through and itemize how many

18  payments were made?  And "by payments," let me

19  explain what I'm looking for.  Payments that were

20  made not from the cash value of the policy itself,

21  but were made by some--someone else.

22      A.    Yes.  Yes.

23      Q.    Money coming into Jefferson-Pilot--

24      A.    That's what these note--papers signify.

25      Q.    Okay.  And can you tell us, from 1987,

J. KETTENRING                    MAY 3, 2002                    PAGE 9

1    when the policy was first--first became effective--

2    effective until the date of Shirley Metzger's death

3    in March of 2001--can you tell us what the total

4    payments made by anyone, except payments made from

5    the cash value of the policy, what those numbers

6    total?

7            A.   One hundred thousand four hundred and

8    forty-seven dollars and 90 cents.

9            Q.   One hundred thousand four hundred

10   forty-seven dollars--?

11           A.   And 90 cents.

12           Q.   And 90 cents?

13           A.   Correct.

14           Q.   And that's from the time period of the

15   very first payment in December of 1987 until

16   March 2001?

17           A.   Correct.

18           Q.   Okay.  Was there any way for you to

19   ascertain who made those hundred thousand dollars'

20   worth of premiums?

21           A.   No.

22           MS. SINGLETON:  Okay.  Okay.  If we can

23   go off the record.

24           (Discussion off the record.)

25           MS. SINGLETON:  I'm going to ask that the

Session - PASSPORT                                          April 29, 2002, 15:28:24

```
LPOS 201 79 JRK                      FLEXCICS     04-29-2002  15.27.14
CENT 1774 JP4038973  METZGER          INSURED * SHIRLEY JEAN METZGER

    SUSPEND  OVERRIDE  IMAGE   CORRES/CHECK    DATE     BATCH
      3         N        N          N        04-29-02   1JRK

    ID  FUNC    ACCT    TYPE    DUR    USE   TOT-AMOUNT    USE   NET-AMOUNT
    ME    .      908      6      00          000100447.90   .    000092411.93

            USE     ACCUM-UNITS     USE    REG-PMTS    USE   OTH-PMTS   NUMBER
             .    0000000.000000     .      00085       .     00000       13

    FUNC TYPE SUB     AMOUNT   FUNC TYPE SUB    AMOUNT   FUNC TYPE SUB     AMOUNT
      .    4    8   0011821.56    .    2    1  0008035.97   .    2    8   0000360.00
      .    2    9   0002160.00    .    5    1  0079456.55   .    4    9   0003835.69
      .    4    4   0001106.13    .    D    1  1484622.80   .    D    4   1484622.80
      .    3    4   0015377.20    .    2    G  0000000.00   .    2    2   0000000.00

    6 ME TRAILERS PRESENT        DISPLAY - N    NEXT - 05    NEXT SEG  13


ID96   COMMENT TRAILER PRESENT
```

Session - PASSPORT                                      April 29, 2002, 15:25:46

LPOS 201 79 JRK      SCREEN 1812 SUMMARY - FLEXCICS    04/29/2002  15:24:41  F2
Policy # JP4038973   252 NF Trailers   INSURED * SHIRLEY JEAN METZGER
  sued 12-01-87                                                        UL/CAL
Trl  - Tran. Ident -  Journal   Hist  Journal    As-of      Due              Financial
 #   MAJ TYP SUB BAS   Date      ID  Rev. Date    Date       Date    Status   Amount
  1   9   1   1   0   08-25-01   02              04-01-01   08-25-01    1      -526.41
  2   3   1   2   D   08-25-01   01              04-01-01   04-01-01    1     1486575.65
  5   1   1   1   4   01-11-01   01              01-11-01   01-11-01    1      1004.48
  6   1   1   1   4   01-02-01   01              01-02-01   01-02-01    1      1004.48
  9   9   1   1   0   11-11-00   01              12-00-00   11-11-00    1      789.61
 11   1   1   1   4   10-24-00   01              10-24-00   10-24-00    1      1004.48
 13   1   1   1   4   09-25-00   01              09-25-00   09-25-00    1      1004.48
 15   1   1   A   4   08-12-00   01              08-10-00   08-10-00    1      2008.96
 25   9   1   1   0   11-11-99   01              12-00-99   11-11-99    1      -744.92
 33   1   1   1   4   04-05-99   01              04-05-99   04-05-99    1      1004.48
 36   1   1   1   4   02-18-99   01              02-18-99   02-18-99    1      1004.48
 38   1   1   1   4   01-26-99   01              01-26-99   01-26-99    1      1004.48
 39   1   1   1   4   01-19-99   01              01-19-99   01-19-99    1      1004.48
 41   1   1   A   4   12-26-98   01              12-26-98   12-26-98    1      2008.96
 42   9   1   1   0   12-22-98   01              12-21-98   12-22-98    1      742.30
 44   9   1   1   0   11-11-98   01              12-01-98   11-11-98    1      744.77
 47   1   1   1   4   09-28-98   01              09-28-98   09-28-98    1      9040.32
 53   9   1   1   0   04-29-98   01              04-29-98   04-29-98    1      12413.76
F1=Help      F3=Exit      F4=Initial Menu      ENTER=Next   Or jump to trailer

2

Session - PASSPORT                                    April 29, 2002, 15:26:03

```
LPOS 201 79 JRK      SCREEN 1812 SUMMARY - FLEXCICS    04/29/2002  15:24:59  F2
Policy # JP4038973   252 NF Trailers   INSURED * SHIRLEY JEAN METZGER
   sued 12-01-87                                                          UL/CAL
Trl - Tran. Ident -  Journal   Hist  Journal    As-of       Due            Financial
 #  MAJ TYP SUB BAS  Date      ID  Rev. Date    Date        Date   Status  Amount
58   1   1   1   4   12-29-97  01            12-29-97    12-29-97   1      1004.48
59   1   1   1   4   12-09-97  01            12-08-97    12-08-97   1      1004.48
61   1   1   1   4   11-04-97  01            11-04-97    11-04-97   1      1004.48
64   1   1   1   4   09-29-97  01            09-29-97    09-29-97   1      1004.48
65   1   1   1   4   09-06-97  01            09-06-97    09-06-97   1      1004.48
68   1   1   1   4   08-02-97  01            08-02-97    08-02-97   1      1004.48
70   1   1   1   4   06-30-97  01            06-30-97    06-30-97   1      1004.48
71   1   1   1   4   06-12-97  01            06-12-97    06-12-97   1      1004.48
74   1   1   1   4   04-28-97  01            04-28-97    04-28-97   1      1004.48
76   1   1   1   4   03-25-97  01            03-25-97    03-25-97   1      1004.48
77   1   1   1   4   03-05-97  01            03-05-97    03-05-97   1      1004.48
80   1   1   1   4   01-27-97  01            01-27-97    01-27-97   1      1004.48
81   1   1   1   4   01-15-97  01            01-15-97    01-15-97   1      1004.48
83   1   1   1   4   12-04-96  01            12-04-96    12-04-96   1      1004.48
86   1   1   1   4   10-24-96  01            10-24-96    10-24-96   1      1004.48
88   1   1   1   4   09-28-96  01            09-28-96    09-28-96   1      1004.48
90   1   1   1   4   08-26-96  01            08-26-96    08-26-96   1      1004.48
91   1   1   1   4   08-03-96  01            08-03-96    08-03-96   1      1004.48
F1=Help      F3=Exit      F4=Initial Menu      ENTER=Next    Or jump to trailer
```

18 C 1004 ⁴⁸   1808064

3

Session - PASSPORT                                    April 29, 2002, 15:26:25

LPOS 201 79 JRK        SCREEN 1812 SUMMARY - FLEXCICS    04/29/2002  15:25:22   F2
Policy # JP4038973     252 NF Trailers   INSURED * SHIRLEY JEAN METZGER
   sued 12-01-87                                                        UL/CAL
Trl  -  Tran. Ident -   Journal  Hist  Journal     As-of       Due          Financial
 #   MAJ TYP SUB BAS     Date     ID  Rev. Date     Date        Date   Status  Amount

| Trl # | MAJ | TYP | SUB | BAS | Journal Date | Hist ID | Journal Rev. Date | As-of Date | Due Date | Status | Financial Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 94 | 1 | 1 | 1 | 4 | 07-01-96 | 01 | | 07-01-96 | 07-01-96 | 1 | 1004.48 |
| 95 | 1 | 1 | 1 | 4 | 06-10-96 | 01 | | 06-10-96 | 06-10-96 | 1 | 1004.48 |
| 97 | 1 | 1 | 1 | 4 | 05-09-96 | 01 | | 05-09-96 | 05-09-96 | 1 | 1004.48 |
| 100 | 1 | 1 | 1 | 4 | 04-01-96 | 01 | | 04-01-96 | 04-01-96 | 1 | 1004.48 |
| 101 | 1 | 1 | 1 | 4 | 03-06-96 | 01 | | 03-06-96 | 03-06-96 | 1 | 1004.48 |
| 104 | 1 | 1 | 1 | 4 | 01-30-96 | 01 | | 01-30-96 | 01-30-96 | 1 | 1004.48 |
| 106 | 1 | 1 | 1 | 4 | 12-27-95 | 01 | | 12-27-95 | 12-27-95 | 1 | 1004.48 |
| 108 | 1 | 1 | 1 | 4 | 11-28-95 | 01 | | 11-28-95 | 11-28-95 | 1 | 1004.48 |
| 110 | 1 | 1 | 1 | 4 | 10-24-95 | 01 | | 10-24-95 | 10-24-95 | 1 | 1004.48 |
| 111 | 1 | 1 | 1 | 4 | 10-14-95 | 01 | | 10-14-95 | 10-14-95 | 1 | 1004.48 |
| 114 | 1 | 1 | 1 | 4 | 08-28-95 | 01 | | 08-28-95 | 08-28-95 | 1 | 1004.48 |
| 116 | 1 | 1 | 1 | 4 | 07-31-95 | 01 | | 07-31-95 | 07-31-95 | 1 | 1004.48 |
| 118 | 1 | 1 | 1 | 4 | 06-27-95 | 01 | | 06-27-95 | 06-27-95 | 1 | 1004.48 |
| 120 | 1 | 1 | 1 | 4 | 05-30-95 | 01 | | 05-30-95 | 05-30-95 | 1 | 1004.48 |
| 124 | 1 | 1 | A | 4 | 02-02-95 | 01 | | 02-02-95 | 02-02-95 | 1 | 2008.96 |
| 129 | 1 | 1 | 1 | 4 | 10-27-94 | 01 | | 10-27-94 | 10-27-94 | 1 | 1004.48 |
| 138 | 1 | 1 | 1 | 4 | 02-02-94 | 01 | | 02-02-94 | 02-02-94 | 1 | 1004.48 |
| 142 | 1 | 1 | 1 | 4 | 11-16-93 | 01 | | 11-16-93 | 11-16-93 | 1 | 1004.48 |

F1=Help     F3=Exit      F4=Initial Menu     ENTER=Next    Or jump to trailer

Session - PASSPORT                                    April 29, 2002, 15:27:09

```
LPOS 201 79 JRK       SCREEN 1812 SUMMARY - FLEXCICS      04/29/2002  15:26:02   F2
Policy # JP4038973    252 NF Trailers    INSURED * SHIRLEY JEAN METZGER
      Issued 12-01-87                                                     UL/CAL
Trl  - Tran. Ident -   Journal  Hist  Journal     As-of      Due            Financial
 #   MAJ TYP SUB BAS     Date    ID  Rev. Date     Date      Date    Status   Amount
144   1   1   1   4    10-31-93  01             10-31-93   10-31-93    1      1004.48
147   1   1   1   4    08-31-93  01             08-31-93   08-31-93    1      1004.48
153   1   1   1   4    03-29-93  01             03-29-93   03-29-93    1      1004.48
155   1   1   1   4    02-20-93  01             02-20-93   02-20-93    1      1004.48
158   1   1   1   4    12-07-92  01             12-07-92   12-07-92    1      1004.48
160   1   1   1   4    11-19-92  01             11-19-92   11-19-92    1      1004.48
162   1   1   1   4    10-17-92  01             10-17-92   10-17-92    1      1004.48
177   1   1   1   4    08-27-91  01             08-26-91   08-26-91    1      1004.48
178   1   1   1   4    08-26-91  01             08-26-91   08-26-91    1      1004.48
180   1   1   1   4    07-18-91  01             07-18-91   07-18-91    1      1004.48
183   1   1   1   4    05-20-91  01             05-16-91   05-16-91    1      1004.48
184   1   1   1   4    05-18-91  01             05-16-91   05-16-91    1      1004.48
185   1   1   1   4    05-16-91  01             05-16-91   05-16-91    1      1004.48
196   1   1   1   4    07-11-90  02             07-11-90   07-11-90    1      1004.48
197   1   1   1   4    07-11-90  01             07-11-90   07-11-90    1      1004.48
203   1   1   1   4    04-07-90  01             04-07-90   04-07-90    1      6026.88
206   1   1   1   4    02-24-90  01             02-23-90   02-23-90    1      1004.48
211   1   1   1   4    08-26-89  01             08-26-89   08-26-89    1      1004.48
F1=Help      F3=Exit      F4=Initial Menu      ENTER=Next   Or jump to trailer
```

17C 1004 48      17076/6
1C 602688        6026 88
                 271030*

Session - PASSPORT                                    April 29, 2002, 15:27:34

LPOS 201 79 JRK      SCREEN 1812 SUMMARY - FLEXCICS    04/29/2002  15:26:30   F2
Policy # JP4038973   252 NF Trailers   INSURED * SHIRLEY JEAN METZGER
   sued 12-01-87                                                       UL/CAL
Trl  - Tran. Ident -  Journal    Hist  Journal      As-of        Due             Financial
 #   MAJ TYP SUB BAS   Date       ID  Rev. Date      Date        Date   Status   Amount

| Trl # | MAJ | TYP | SUB | BAS | Journal Date | Hist ID | Journal Rev. Date | As-of Date | Due Date | Status | Financial Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 213 | 1 | 1 | 1 | 4 | 07-26-89 | 01 | | 07-26-89 | 07-26-89 | 1 | 1004.48 |
| 215 | 1 | 1 | 1 | 4 | 06-06-89 | 01 | | 06-06-89 | 06-06-89 | 1 | 1004.48 |
| 217 | 1 | 1 | 1 | 4 | 05-06-89 | 01 | | 05-06-89 | 05-06-89 | 1 | 1004.48 |
| 219 | 1 | 1 | 1 | 4 | 04-04-89 | 01 | | 04-04-89 | 04-04-89 | 1 | 1004.48 |
| 221 | 1 | 1 | 1 | 4 | 03-08-89 | 01 | | 03-08-89 | 03-08-89 | 1 | 1004.48 |
| 223 | 1 | 1 | 1 | 4 | 02-04-89 | 01 | | 02-04-89 | 02-04-89 | 1 | 1004.48 |
| 225 | 1 | 1 | 1 | 4 | 01-03-89 | 01 | | 01-03-89 | 01-03-89 | 1 | 1004.48 |
| 228 | 1 | 1 | 1 | 4 | 12-03-88 | 01 | | 12-03-88 | 12-03-88 | 1 | 1004.48 |
| 230 | 1 | 1 | 1 | 4 | 10-26-88 | 01 | | 10-25-88 | 10-25-88 | 1 | 1004.48 |
| 232 | 1 | 1 | 1 | 4 | 10-25-88 | 01 | | 10-25-88 | 10-25-88 | 1 | 1004.48 |
| 234 | 1 | 1 | 1 | 4 | 08-16-88 | 01 | | 08-16-88 | 08-16-88 | 1 | 1004.48 |
| 236 | 1 | 1 | 1 | 4 | 07-11-88 | 01 | | 07-11-88 | 07-11-88 | 1 | 1004.48 |
| 239 | 1 | 1 | 1 | 4 | 06-18-88 | 01 | | 06-18-88 | 06-18-88 | 1 | 1004.48 |
| 241 | 1 | 1 | 1 | 4 | 05-19-88 | 01 | | 05-19-88 | 05-19-88 | 1 | 1004.48 |
| 243 | 1 | 1 | 1 | 4 | 04-11-88 | 01 | | 04-11-88 | 04-11-88 | 1 | 1004.48 |
| 245 | 1 | 1 | 1 | 4 | 04-05-88 | 01 | | 04-05-88 | 04-05-88 | 1 | 1004.48 |
| 247 | 1 | 1 | 1 | 4 | 02-23-88 | 02 | | 02-23-88 | 02-23-88 | 1 | 19.35 |
| 248 | 1 | 1 | 1 | 4 | 02-23-88 | 01 | | 02-23-88 | 02-23-88 | 1 | 1004.48 |

F1=Help      F3=Exit      F4=Initial Menu      ENTER=Next    Or jump to trailer

Session - PASSPORT                                     April 29, 2002, 15:27:50

```
LPOS 201 79 JRK      SCREEN 1812 SUMMARY - FLEXCICS    04/29/2002  15:26:38  F2
Policy # JP4038973   252 NF Trailers   INSURED * SHIRLEY JEAN METZGER
    sued 12-01-87                                                      UL/CAL
Trl  - Tran. Ident -  Journal  Hist Journal   As-of      Due          Financial
 #   MAJ TYP SUB BAS    Date    ID  Rev. Date   Date      Date   Status  Amount
250   1   1   1   4   01-19-88  01            01-19-88  01-19-88   1     985.13
252   1   1   A   4   12-17-87  01            12-17-87  12-17-87   1    1004.38
```

F1=Help      F3=Exit      F4=Initial Menu      ENTER=Next      Or jump to trailer

1C 1004.38
1C 985.13

198.51

Total $1004.38

1

POLICY # JP4038973
INSURED * SHIRLEY JEAN METZGER



EXHIBIT

2

| AS-OF DATE | DUE DATE | S T | FINANCIAL AMOUNT |
|---|---|---|---|
| 01-11-01 | 01-11-01 | 1 | 1004.48 |
| 01-02-01 | 01-02-01 | 1 | 1004.48 |
| 10-24-00 | 10-24-00 | 1 | 1004.48 |
| 09-25-00 | 09-25-00 | 1 | 1004.48 |
| 08-10-00 | 08-10-00 | 1 | 2008.96 |
| 04-05-99 | 04-05-99 | 1 | 1004.48 |
| 02-18-99 | 02-18-99 | 1 | 1004.48 |
| 01-26-99 | 01-26-99 | 1 | 1004.48 |
| 01-19-99 | 01-19-99 | 1 | 1004.48 |
| 12-26-98 | 12-26-98 | 1 | 2008.96 |
| 09-28-98 | 09-28-98 | 1 | 9040.32 |
| 12-29-97 | 12-29-97 | 1 | 1004.48 |
| 12-08-97 | 12-08-97 | 1 | 1004.48 |
| 11-04-97 | 11-04-97 | 1 | 1004.48 |
| 09-29-97 | 09-29-97 | 1 | 1004.48 |
| 09-06-97 | 09-06-97 | 1 | 1004.48 |
| 08-02-97 | 08-02-97 | 1 | 1004.48 |
| 06-30-97 | 06-30-97 | 1 | 1004.48 |
| 06-12-97 | 06-12-97 | 1 | 1004.48 |
| 04-28-97 | 04-28-97 | 1 | 1004.48 |
| 03-25-97 | 03-25-97 | 1 | 1004.48 |
| 03-05-97 | 03-05-97 | 1 | 1004.48 |
| 01-27-97 | 01-27-97 | 1 | 1004.48 |
| 01-15-97 | 01-15-97 | 1 | 1004.48 |
| 12-04-96 | 12-04-96 | 1 | 1004.48 |
| 10-24-96 | 10-24-96 | 1 | 1004.48 |
| 09-28-96 | 09-28-96 | 1 | 1004.48 |
| 08-26-96 | 08-26-96 | 1 | 1004.48 |
| 08-03-96 | 08-03-96 | 1 | 1004.48 |
| 07-01-96 | 07-01-96 | 1 | 1004.48 |
| 06-10-96 | 06-10-96 | 1 | 1004.48 |
| 05-09-96 | 05-09-96 | 1 | 1004.48 |
| 04-01-96 | 04-01-96 | 1 | 1004.48 |
| 03-06-96 | 03-06-96 | 1 | 1004.48 |
| 01-30-96 | 01-30-96 | 1 | 1004.48 |

```
              POLICY # JP4038973
   12-27-95   12-27-95   1      1004.48
   11-28-95   11-28-95   1      1004.48
   10-24-95   10-24-95   1      1004.48
   10-14-95   10-14-95   1      1004.48
   08-28-95   08-28-95   1      1004.48
   07-31-95   07-31-95   1      1004.48
   06-27-95   06-27-95   1      1004.48
   05-30-95   05-30-95   1      1004.48
   02-02-95   02-02-95   1      2008.96
   10-27-94   10-27-94   1      1004.48
   02-02-94   02-02-94   1      1004.48
   11-16-93   11-16-93   1      1004.48
   10-31-93   10-31-93   1      1004.48
   08-31-93   08-31-93   1      1004.48
   03-29-93   03-29-93   1      1004.48
   02-20-93   02-20-93   1      1004.48
   12-07-92   12-07-92   1      1004.48
   11-19-92   11-19-92   1      1004.48
   10-17-92   10-17-92   1      1004.48
   08-26-91   08-26-91   1      1004.48
   08-26-91   08-26-91   1      1004.48
   07-18-91   07-18-91   1      1004.48
   05-16-91   05-16-91   1      1004.48
   05-16-91   05-16-91   1      1004.48
   05-16-91   05-16-91   1      1004.48
   07-11-90   07-11-90   1      1004.48
   07-11-90   07-11-90   1      1004.48
   04-07-90   04-07-90   1      6026.88
   02-23-90   02-23-90   1      1004.48
   08-26-89   08-26-89   1      1004.48
   07-26-89   07-26-89   1      1004.48
   06-06-89   06-06-89   1      1004.48
   05-06-89   05-06-89   1      1004.48
   04-04-89   04-04-89   1      1004.48
   03-08-89   03-08-89   1      1004.48
   02-04-89   02-04-89   1      1004.48
```

```
        POLICY # JP4038973
01-03-89  01-03-89   1      1004.48
12-03-88  12-03-88   1      1004.48
10-25-88  10-25-88   1      1004.48
10-25-88  10-25-88   1      1004.48
08-16-88  08-16-88   1      1004.48
07-11-88  07-11-88   1      1004.48
06-18-88  06-18-88   1      1004.48
05-19-88  05-19-88   1      1004.48
04-11-88  04-11-88   1      1004.48
04-05-88  04-05-88   1      1004.48
02-23-88  02-23-88   1        19.35
02-23-88  02-23-88   1      1004.48
01-19-88  01-19-88   1       985.13
12-17-87  12-17-87   1      1004.38
```

447?



*Sort-Rite International, Inc.*
P.O. Box 1805, Harlingen, TX 78550
Phone (512) 423-2427 / Telex 766-603

THE SAN BENITO BANK & TRUST CO.
SAN BENITO, TX   78586
88-319/1149

SORT-RITE 985.00    13

PAY TO THE ORDER OF:

DATE
1/11/88

AMOUNT
$985.13

Jefferson-Pilot Life Ins. Co.
P.O. Box 25500
Greensboro NC  27420

⑈004472⑈ ⑆114903190⑆   10  1503  6⑈   ⑈0000098513⑈

PAID
JEFFERSON - PILOT LIFE INSURANCE CO.
FOR DEPOSIT ONLY CREDIT
GREENSBORO, NORTH CAROLINA
NORTH CAROLINA NATIONAL BANK
PAY TO

JAN 18 88

**SJX "4"**

①



8603

**Sort-Rite International, Inc.**
P.O. Box 1805, Harlingen, TX 78550
Phone (512) 423-2427 / Telex 766-603

Feb. 1, 19 88

88-541
1149

PAY TO THE
ORDER OF   Jefferson Pilot Life Insurance                    $19.35

SORT-RITE 19 DOLS 35 CTS

_____ DOLLARS



**Harlingen State Bank**
521 N 77 Sunshine Strip
P.O. Box 191
Harlingen, Texas 78550
512/425-4836

*Frances J. Menck*

⑈008603⑈ ⑆114905415⑈ ⑈0016268⑈                    ⑈000000193 5⑈

DELUXE CHECK PRINTERS

(3)

4664

*Sort-Rite International, Inc.*

P O Box 1805, Harlingen, TX 78550
Phone (512) 423-2427 / Telex 766-803

ORIGINAL AND MANUFACTURERS
EQUIPMENT OF QUALITY

THE SAN BENITO BANK & TRUST CO.
SAN BENITO, TX 78586
88-319/1149

SORT-RITE **I O O 4 DOLS 48 CTS**

PAY TO THE ORDER OF:

| DATE | AMOUNT |
|------|--------|
| 2/9/88 | $1,004.48 |

Jefferson Pilot Insurance Co.
P.O. Box 20000
Greensboro, NC   27420

⑆004664⑆ ⑆114903190⑆    10  1503  6⑆    ⑆0000100448⑆

FEB 16 '88

PAY TO
OLINA NATIONAL BANK
RO, NORTH CAROLINA
EPOSIT ONLY CREDIT
PILOT LIFE INSURANCE CO.
PAID


⑤



6021

**Sort-Rite International, Inc.**
P.O. Box 1805, Harlingen, TX 78550
Phone (512) 423-2427 / Telex 766-603

EQUIPMENT OF QUALITY

30 May 19 89          88-2206
                     1149

PAY TO THE
ORDER OF   Jefferson-Pilot Life Insurance Company          $1004.48

SORT-RITE I 004 DOLS 48 CTS

_____ DOLLARS

Texas
Commerce
Bank
Brownsville

P.O. BOX 2179
BROWNSVILLE, TEXAS 78520

_Frances E. Merck_

⑈"006021"⑈ ⑆⑉111492206⑆⑈      ⑈"002 098 2"⑈      06 ⑈"0000100448"⑈

DELUXE CHECK PRINTERS

JE 89 01

111000025

18 89 07

P053000196 NCMB NATIONAL
BANK OF NORTH CAROLINA 10 IN
TRY ONST, CHARLOTTE 06/06/

30343702

⑥

7201



*Sort-Rite International, Inc.*
P.O. Box 1805, Harlingen, TX 78550
Phone (512) 423-2427 / Telex 766-603

THE SAN BENITO BANK & TRUST CO.
SAN BENITO, TX 78586
88-319/1149

SORT-RITE *I* OO 4 *DOLS* 4 8 *CTS*

PAY TO THE ORDER OF:

JEFFERSON PILOT
LIFE INSURANCE COMPANY
PO BOX 20000
GREENSBORO, NC 27420

| DATE | AMOUNT |
|------|--------|
| 20 July 89 | $1004.48 |

⑆007201⑆ ⑆114903190⑆    10 1503 6⑆    ⑆0000100448⑆

JY 89 26

1140-00093

⑆053000196⑈HCHB NATIONAL
BANKOFNORTHCAROLINA 161N
TRYONST,CHARLOTTE 07/25/

41209207

JEFFERSON-PILOT
INSURANCE COMPANY
ACCOUNTING CO.

⑨

6040



**Sort-Rite International, Inc.**
P.O. Box 1805, Harlingen, TX 78550
Phone (512) 423-2427 / Telex 766-603

DESIGNERS AND MANUFACTURERS
EQUIPMENT OF QUALITY

8/21     19 89     88-2206
1149

PAY TO THE
ORDER OF     Jefferson-Pilot Life Ins. Co.     $ 1,004.48

SORT-RITE **PAID** *4 DOLS 48 CTS*

DOLLARS


Texas
Commerce
Bank

**Brownsville**

P.O. BOX 2179
BROWNSVILLE, TEXAS 78520

AUG 28    89

TEXAS COMMERCE BANK
BROWNSVILLE TEXAS

*Sherly Netzger*

⑆006040⑆ ⑆ 2 206 ⑆ 2206 ⑆002 098 2⑆            ⑆000100448⑆

DELUXE CHECK PRINTERS

⑩

8183



**Sort-Rite International, Inc.**
P.O. Box 1805, Harlingen, TX 78550
Phone (512) 423-2427 / Telex 766-603

**THE SAN BENITO BANK & TRUST CO.**
SAN BENITO, TX  78586
88-319/1149

PAY TO THE ORDER OF:    SORT-RITE I○○○◄IID 48 ¢TS

DATE    2/20/90    AMOUNT    $1004.48

Jefferson Pilot Insurance Co.

SAN BENITO, TEXAS

⑈003100    11490310    *Francis E. Mercer*

⑈'008183⑈' ⑈:1190319O⑈: ⑈ 10 1503 6⑈'    ⑈'0000100448⑈'

PAY ANY BANK P E G.
CNB NATIONAL BANK CO
NORTH CAFETERIA
CHARLOTTE N C
FB '90 23

11400007'21

FB '90 26

⑲

8337



**Sort-Rite International, Inc.**
P.O. Box 1805, Harlingen, TX 78550
Phone (512) 423-2427 / Telex 766-603

THE SAN BENITO BANK & TRUST CO.
SAN BENITO, TX  78586
88-319/1149

SORT-RITE 6026 DOLS 88 CTS

PAY TO THE ORDER OF:

| | DATE | AMOUNT |
|---|---|---|
| | 3/28/90 | $6026.88 |

Jefferson Pilot Insurance Co.

APR 12 90

"008337"  :114903190:    10  1503  6"   67  "0000602688"

AP 90 11

114000721

653000196 NCNB NAT'L BK
OF NC 101N TRYON ST.CHAR
04/09/90 0602000001411

JEFFERSON-PILOT LIFE
INSURANCE COMPANY
H. O. CASH
APR 0 9 1990

(22)

8630



**Sort-Rite International, Inc.**
P.O. Box 1805, Harlingen, TX 78550
Phone (512) 423-2427 / Telex 766-603

**THE SAN BENITO BANK & TRUST CO.**
SAN BENITO, TX 78586
88-319/1149

SORT-RITE 2008.96

PAY TO THE ORDER OF:

| DATE | AMOUNT |
|------|--------|
| 7/5/90 | $2008.96 |

Jefferson Piloy Insurance Co.

INSUFFICIENT FUNDS

⑈008630⑈ ⑊114903190⑊     10 1503 6⑈ 67 ⑈0000200896⑈

FOR DEPOSIT ONLY
TO THE ACCOUNT OF
JEFFERSON-PILOT
INSURANCE COMPANY
ACCOUNTING-8C
JUL 11 1990

JY 'ov 12

1140-00093



**Sort-Rite International, Inc.**
Debtor In Possession Case #92-21053-B-11
P.O. Box 1805, Harlingen, TX 78550
Phone (512) 423-2427 / Telex 766-603

1680

Aug. 26, 1993      88-2165
1149

PAY TO THE
ORDER OF     Jefferson Pilot Insurance Co.                          $1004.48

SORT-RITE **I** 004 ... 48

DOLLARS

★ Texas
Commerce
Bank
Rio Grande Valley

NATIONAL ASSOCIATION
P.O. BOX 2548
HARLINGEN, TEXAS 78551

Frances E. Merrick

⑈001680⑈ ⑈114921651⑈ ⑈0430500517 8⑈           ⑈0000100448⑈

SE '93 01
111000025

FOR DEPOSIT.

AUG 31 1993
JEFFERSON-PILOT LIFE
INSURANCE COMPANY
H.O. CASH

113000023
09/243 '01

TEXAS COMMERCE DALLAS NA
111001150
AG

39

1892

**Sort-Rite International, Inc.**
Debtor In Possession Case #92-21053-B-11
P.O. Box 1805, Harlingen, TX 78550
Phone (512) 423-2427 / Telex 766-603

11/11   19 93    88-2165
                 1149

PAY TO THE
ORDER OF        Jefferson Pilot                                     $ 1,004.48

SORT-RITE ✲00✲ 48

_____ DOLLARS

Texas
Commerce
Bank
Rio Grande Valley

NATIONAL ASSOCIATION
P.O. BOX 2548
HARLINGEN, TEXAS 78551

JP4038973

Frances de Merick

⑈001892⑈ ⑆114921651⑈ ⑈0430500517 8⑈ ⑆0000100448⑈

NOV 17 1993

FOR DEPOSIT

NOV 16 1993
JEFFERSON-PILOT LIFE
INSURANCE COMPANY
H.O. CASH

005824 3916  TEXAS COMMERCE DALLAS NA
111893  01      >111001150<

40

2006

| ACCOUNT NUMBER | |
|---|---|

32-115/1110

NAME Sort-Rite International Inc.

ADDRESS Harlingen, Texas

Jan. 31, 19 94

Pay To
The Order Of    Jefferson Pilot Life Insurance    $1004.48

One Thousand Four Dollars and 48/100 - - - - - - - - - - - Dollars

**Texas Commerce Bank**
TEXAS COMMERCE BANK NATIONAL ASSOCIATION
MAIN OFFICE
712 MAIN AT RUSK
HOUSTON, TEXAS 77002

Memo  Policy JP4038973

*Frances F. Menell*

⑈111001150⑈   ⑈043050051?8⑈   ⑈0000100448⑈

FB 94

111001150

41

**SORT-RITE INTERNATIONAL, INC.**
FAX. 425 2543
P. O. BOX 1805   PH  210-423 2427
HARLINGEN, TEXAS  78551

10868

32-115/1110

10/24    1994

PAY TO THE
ORDER OF    Jefferson-Pilot Life                                $1,004.48

SORT-RITE I O O 4 DOLS 4 8 CTS                              _____ DOLLARS


**Texas Commerce Bank**

TEXAS COMMERCE BANK NATIONAL ASSOCIATION
DOWNTOWN BROWNSVILLE OFFICE
1034 EAST LEVEE
BROWNSVILLE, TEXAS 78520

10/1/94 Premium-Policy #Jp4038973                    _Frances E. Merriok_ MD

⑈010868⑈ ⑆111001150⑆ ⑈0670002098 2⑈          ⑈0000100448⑈

FOR DEPOSIT

OCT 27 1994
OCT 2 8 1994
JEFFERSON-PILOT LIFE
INSURANCE COMPANY
H.O. CASH

⑈053000196 NATIONSBANK
HC MA  161N TRYON; ST CHART
10/28/94 0AA02000001SP10
017987
OCT '94' 31
TEXAS COMMERCE BANK
NATIONAL ASSOCIATION
700 N PEARL DALLAS, TX
1110
01150

56

13011

**SORT-RITE INTERNATIONAL, INC.**
FAX 425-2543
P. O. BOX 1805   PH. 210-423-2427
HARLINGEN, TEXAS  78551

32-115/1110

1/24   19 95

PAY TO THE
ORDER OF    Jefferson Pilot                                    $ 1004.48

SORT-RITE ɪ ○○4 Dols 48 cts                                    DOLLARS

Texas
Commerce
Bank

TEXAS COMMERCE BANK NATIONAL ASSOCIATION
DOWNTOWN BROWNSVILLE OFFICE
1034 EAST LEVEE
BROWNSVILLE, TEXAS 78520

Shirley Metzger

⑈013011⑈ ⑆111001150⑈ ⑈067000 2098 2⑈          ⑈0000100448⑈

≠053000196≠NATIONSBANK
HA 101N TRYON ST CHAR NC
01/30/96                P12
69266937

11445

**SORT-RITE INTERNATIONAL, INC.**
FAX 425-2543
P. O. BOX 1805  PH. 210-423-2427
HARLINGEN, TEXAS  78551

1/30     19 95

32-115/1110

PAY TO THE
ORDER OF ___Jefferson-Pilot___                              $ 2,008.96

SORT-RITE **2008** DOLS **96** CTS                              DOLLARS

Texas
Commerce
Bank

TEXAS COMMERCE BANK NATIONAL ASSOCIATION
DOWNTOWN BROWNSVILLE OFFICE
1034 EAST LEVEE
BROWNSVILLE, TEXAS 78520

JP4038973                                    _Frances E. Brock_  MP

⑈011445⑈ ⑆111001150⑆ ⑈067000 20982⑈                ⑆0000200896⑈

FEB 03 1995

DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE
RESERVED FOR FINANCIAL INSTITUTION USE
*INSURANCE COMPANY USE*
H.O. CASH

0243   35674

12125

**SORT-RITE INTERNATIONAL, INC.**
FAX 425-2543
P. O. BOX 1805  PH. 210-423-2427
HARLINGEN, TEXAS  78551

5/26 19 95

32–115/1110

PAY TO THE
ORDER OF  Jefferson-Pilot                                    $1,004.48

SORT-RITE  I OO 4 DOLS 4 8 CTS

DOLLARS

Texas
Commerce
Bank

TEXAS COMMERCE BANK NATIONAL ASSOCIATION
DOWNTOWN BROWNSVILLE OFFICE
1034 EAST LEVEE
BROWNSVILLE, TEXAS 78520

Peggy Love

Policy #JP4038973/6-1-95

⑈012125⑈ ⑆111001150⑆ ⑈06700020982⑈          ⑈0000100448⑈

JE '95 '01

⑈1100002⑈

MY '95 '31
NATIONSBANK, N.A.
(CAROLINAS)
101 N TRYON ST.
CHARLOTTE, N.C.

DO NOT WRITE STAMP OR SIGN BELOW THIS LINE
RESERVED FOR FINANCIAL INSTITUTION USE

**FOR DEPOSIT**

JEFFERSON-PILOT LIFE
INSURANCE COMPANY
MAY 30 1995

73

12271

**SORT-RITE INTERNATIONAL, INC.**
FAX 425-2543
P. O. BOX 1805   PH. 210-423-2427
HARLINGEN, TEXAS  78551

6/23  19 95

32-115/1110

PAY TO THE
ORDER OF _____ Jefferson-Pilot Life Insurance Company _____ $ 1,004.48

SORT-RITE I⬤⬤4 DOLS 48 CTS _____ DOLLARS


**Texas Commerce Bank**

TEXAS COMMERCE BANK NATIONAL ASSOCIATION
DOWNTOWN BROWNSVILLE OFFICE
1034 EAST LEVEE
BROWNSVILLE, TEXAS 78520

Peggy Devine  MP

⑆012271⑆ ⑆111001150⑆ ⑆067000 2098 2⑆ ⑆0000100448⑆

DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE
RESERVED FOR FINANCIAL INSTITUTION USE ✱

ENDORSE HERE

053000196 NATIONSBANK
NA  101N TRYON ST CHAR NC
06/27/95 DAA000000014P12
JE '95 28
111001150

0425249

76

12462

**SORT-RITE INTERNATIONAL, INC.**
FAX 425-2543
P. O. BOX 1805  PH  210-423-2427
HARLINGEN, TEXAS  78551

7/28  19 95

32-115/1110

PAY TO THE
ORDER OF    Jefferson-Pilot                                     $ 1,004.48

SORT-RITE *I⦿⦿4* DOLS *4 8* CTS

DOLLARS


Texas
Commerce
Bank

TEXAS COMMERCE BANK NATIONAL ASSOCIATION
DOWNTOWN BROWNSVILLE OFFICE
1034 EAST LEVEE
BROWNSVILLE, TEXAS 78520

Policy #JP4038973                                    *Peggy Davis*

⑈⦂012462⦂⦂  ⦂⦂111001150⦂⦂  ⦂⦂067000209482⦂⦂                ⦂⦂00010044 8⦂⦂

AG '95 01

NATIONSBANK
OF NORTH CAROLINA, N.A.
681 N TRYON ST.

FOR DEPOSIT
AUG 1 1995
JEFFERSON-PILOT LIFE
INSURANCE COMPANY
DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE
RESERVED FOR FINANCIAL INSTITUTION USE

⑲

12543

**SORT-RITE INTERNATIONAL, INC.**
FAX 425-2543
P. O. BOX 1805  PH. 210-423-2427
HARLINGEN, TEXAS  78551

8/25   19 95

32–115/1110

PAY TO THE
ORDER OF  Jefferson Pilot                          $1,004.48

SORT-RITE **I OO 4** DOLS **4 8** CTS

_____ DOLLARS

Texas
Commerce
Bank

TEXAS COMMERCE BANK NATIONAL ASSOCIATION
DOWNTOWN BROWNSVILLE OFFICE
1034 EAST LEVEE
BROWNSVILLE, TEXAS 78520

Peggy Davis

⑈012543⑈ ⑆111001150⑆ ⑈067000 2098 2⑈                    ⑈0000 100448⑈

(82)

12650

**SORT-RITE INTERNATIONAL, INC.**
FAX 425-2543
P. O. BOX 1805   PH. 210-423-2427
HARLINGEN, TEXAS  78551

10/1  19 95

32–115/1110

PAY TO THE
ORDER OF _____ Jefferson Pilot _____ $1,004.48

SORT-RITE *I OO 4* DOLS *4 8* CTS

_____ DOLLARS

Texas
Commerce
Bank

TEXAS COMMERCE BANK NATIONAL ASSOCIATION
DOWNTOWN BROWNSVILLE OFFICE
1034 EAST LEVEE
BROWNSVILLE, TEXAS 78520

Shirley Metzger

⑆012650⑆ ⑆111001150⑆ ⑆067000 20982⑆   ⑆0000100448⑆

ENDORSE HERE

DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE
RESERVED FOR FINANCIAL INSTITUTION USE

85

12690

**SORT-RITE INTERNATIONAL, INC.**
FAX 425-2543
P. O. BOX 1805   PH. 210-423-2427
HARLINGEN, TEXAS  78551

32-115/1110

10/18 19 95

PAY TO THE
ORDER OF __Jefferson Pilot_____ $1,004.48

SORT-RITE *I OO 4* DOLS *48* CTS

_____ DOLLARS

Texas
Commerce
Bank

TEXAS COMMERCE BANK NATIONAL ASSOCIATION
DOWNTOWN BROWNSVILLE OFFICE
1034 EAST LEVEE
BROWNSVILLE, TEXAS 78520

*Shirley Pretzger*
MP

⑈012690⑈ ⑆111001150⑆ ⑈067000209 82⑈ ⑈0000100448⑈

ENDORSE HERE

DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE
RESERVED FOR FINANCIAL INSTITUTION USE

OT '95 25

NATIONSBANK N.A.
101 N. TRYON ST.

88

12802

**SORT-RITE INTERNATIONAL, INC.**
FAX 425-2543
P. O. BOX 1805  PH. 210-423-2427
HARLINGEN, TEXAS  78551

11/21  19 95

32–115/1110

PAY TO THE
ORDER OF ___ Jefferson Pilot ___ $1,004.48

SORT-RITE 1004 DOLS 48 CTS

___ DOLLARS

Texas
Commerce
Bank

TEXAS COMMERCE BANK NATIONAL ASSOCIATION
DOWNTOWN BROWNSVILLE OFFICE
1034 EAST LEVEE
BROWNSVILLE, TEXAS 78520

Policy #JP4038973

⑈012802⑈ ⑆111001150⑆ ⑈067000209820⑈ ⑆0000100448⑈

NO of 29

91

12906

**SORT-RITE INTERNATIONAL, INC.**
FAX 425-2543
P. O. BOX 1805   PH. 210-423-2427
HARLINGEN, TEXAS  78551

32-115/1110

12/20    1995

PAY TO THE
ORDER OF _____ Jefferson Pilot _____   $ 1004.48

SORT-RITE **I OO 4** DOLS **4 8** CTS _____ DOLLARS

Texas
Commerce
Bank

TEXAS COMMERCE BANK NATIONAL ASSOCIATION
DOWNTOWN BROWNSVILLE OFFICE
1034 EAST LEVEE
BROWNSVILLE, TEXAS 78520

*Shirley Mitzger*

⑆012906⑆ ⑈111001150⑈ ⑆067000 2098 2⑆     ⑈0000 100448⑈

111000025

⑆053900 196 4 NATIONSBANK
WA 101H TRYON ST CHAR NC
12/27/95          P12

63833261

DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE
RESERVED FOR FINANCIAL INSTITUTION USE ★

94

13172

**SORT-RITE INTERNATIONAL, INC.**
FAX 425-2543
P. O. BOX 1805   PH. 210-423-2427
HARLINGEN, TEXAS  78551

3/1      19 96

32-115/1110

PAY TO THE
ORDER OF _____ Jefferson Pilot _____  $ 1,004.48

SORT-RITE 𝐈 𝟎𝟎𝟒 DOLS 48 CTS

_____ DOLLARS

Texas
Commerce
Bank

TEXAS COMMERCE BANK NATIONAL ASSOCIATION
DOWNTOWN BROWNSVILLE OFFICE
1034 EAST LEVEE
BROWNSVILLE, TEXAS 78520

Policy JP4038973

⑆013172⑈ ⑆111001150⑆ ⑈067000 2098 2⑈        ⑈0000 100448⑈

MR '96 06

101

13301

**SORT-RITE INTERNATIONAL, INC.**
FAX 425-2543
P. O. BOX 1805   PH. 210-423-2427
HARLINGEN, TEXAS  78551

3/26        19 96        32-115/1110

PAY TO THE
ORDER OF    Jefferson-Pilot Life Insurance Company          $1,004.48

SORT-RITE 1004 DOLS 48 CTS

_____ DOLLARS

 **Texas Commerce Bank**
TEXAS COMMERCE BANK NATIONAL ASSOCIATION
DOWNTOWN BROWNSVILLE OFFICE
1034 EAST LEVEE
BROWNSVILLE, TEXAS 78520

Policy JP4038973                              Shirley Metzger  MP

⑈013301⑈ ⑆111001150⑆ ⑈067000 2098 2⑈        ⑈0000 100448⑈

(104)

13640

## SORT-RITE INTERNATIONAL, INC.
FAX 425-2543
P. O. BOX 1805  PH. 210-423-2427
HARLINGEN, TEXAS  78551

32–115/ 1110

6/24          19 96

PAY TO THE
ORDER OF ___ Jefferson Pilot _____          $ 1,004.48

SORT-RITE **I ⚬⚬ 4** DOLS **4 8** CTS

_____ DOLLARS


**Texas Commerce Bank**

TEXAS COMMERCE BANK NATIONAL ASSOCIATION
DOWNTOWN BROWNSVILLE OFFICE
1034 EAST LEVEE
BROWNSVILLE, TEXAS 78520

Policy JP4038973

*Shelby Metzger*

MP

⑆013640⑆ ⑈111001150⑇ 067000 2098 2⑆          ⑈0000 100448⑆

NATIONSBANK N.A.
101 N. TRYON ST.
CHARLOTTE, N.C.

JY '96 01

(111)

14006

**SORT-RITE INTERNATIONAL, INC.**
FAX 425-2543
P. O. BOX 1805  PH. 210-423-2427
HARLINGEN, TEXAS  78551

9/24          19 96          32-115/1110

PAY TO THE
ORDER OF ___ Jefferson-Pilot Life Insurance Co. ___ $ 1,004.48

SORT-RITE **I OO 4** DOLS **4 8** CTS _____ DOLLARS

Texas
Commerce
Bank

TEXAS COMMERCE BANK NATIONAL ASSOCIATION
DOWNTOWN BROWNSVILLE OFFICE
1034 EAST LEVEE
BROWNSVILLE, TEXAS 78520

JP4038973                           _Shirley Metzger_

⑈014006⑈ ⑆111001150⑆ ⑈067000 2098 2⑈                    ⑈0000 100448⑈

111000025

15001883

(114)

14090

**SORT-RITE INTERNATIONAL, INC.**
FAX 425-2543
P O. BOX 1805   PH. 210-423-2427
HARLINGEN, TEXAS  78551

10/22        19 96

32-115/1110

PAY TO THE
ORDER OF _____ Jefferson Pilot Life Insurance Co. _____ $ 1,004.48

SORT-RITE *1004* DOLS *48* CTS

_____ DOLLARS

 Texas
Commerce
Bank

TEXAS COMMERCE BANK NATIONAL ASSOCIATION
DOWNTOWN BROWNSVILLE OFFICE
1034 EAST LEVEE
BROWNSVILLE, TEXAS 78520

_____
Shirley Metzger          VP

POL JP4038973  11/1/96

⑈014090⑈ ⑆111001150⑆ ⑈067000 2098 2⑈          ⑈0000100448⑈

OT 9 25

111000025

15218839

(115)

14185

**SORT-RITE INTERNATIONAL, INC.**
FAX 425-2543
P. O. BOX 1805   PH. 210-423-2427
HARLINGEN, TEXAS  78551

32-115/1110

11/26  19 96

PAY TO THE
ORDER OF      Jefferson Pilot Life Insurance Co                    $ 1,004.48

SORT-RITE *100 4* DOLS *48* CTS

_____ DOLLARS


Texas
Commerce
Bank

TEXAS COMMERCE BANK NATIONAL ASSOCIATION
DOWNTOWN BROWNSVILLE OFFICE
1034 EAST LEVEE
BROWNSVILLE, TEXAS 78520

JP4038973/12-1-96

*Sherry Metzger*

MP

⑈014185⑈ ⑆111001150⑆ ⑈067000 2098 2⑈          ⑈0000 100448⑈

⑊053060196⑊NATIONSBANK
901W TRADE ST CHAR NC
12/04/96

TO BE PAID ORDER PAYEE          62396567
⑈11+038973

18552

(116)

13775

**SORT-RITE INTERNATIONAL, INC.**
FAX 425-2543
P. O. BOX 1805  PH. 210-423-2427
HARLINGEN, TEXAS  78551

7/29  19 96                32-115/1110

PAY TO THE
ORDER OF _____ Jefferson Pilot Life Insurance Company _____ $ 1,004.48

SORT-RITE *I OO* 4 *DOLS* 4 *8 CTS* _____ DOLLARS

 Texas Commerce Bank

TEXAS COMMERCE BANK NATIONAL ASSOCIATION
DOWNTOWN BROWNSVILLE OFFICE
1034 EAST LEVEE
BROWNSVILLE, TEXAS 78520

Policy JP4038973/Shirley Jean Metzger _____ *Shirley Metzger* MP

⑈013775⑈ ⑆111001150⑆ ⑈067000 20982⑈          ⑈0000 100448⑈

AG `96` 05

15049673

NATIONSBANK N.A.

(112)

13887

## SORT-RITE INTERNATIONAL, INC.
FAX 425-2543
P. O. BOX 1805  PH. 210-423-2427
HARLINGEN, TEXAS 78551

8/20     1996

32-115/1110

PAY TO THE
ORDER OF ___Jefferson-Pilot Life Insurance Co___          $1,004.48

SORT-RITE **1004** DOLS **48** CTS

_____ DOLLARS


Texas
Commerce
Bank

TEXAS COMMERCE BANK NATIONAL ASSOCIATION
DOWNTOWN BROWNSVILLE OFFICE
1034 EAST LEVEE
BROWNSVILLE, TEXAS 78520

Policy  JP4038973

*Shirley Metzger*

⑈013887⑈ ⑆111001150⑆ ⑈067000 2098 2⑈      ⑈0000 100448⑈

14287

**SORT-RITE INTERNATIONAL, INC.**
FAX 425-2543
P. O  BOX 1805   PH. 210-423-2427
HARLINGEN, TEXAS   78551

1/3          19 97          32-115/1110

PAY TO THE
ORDER OF _____ Jefferson-Pilot Life Insurance Company _____ $ 1,004.48

SORT-RITE *I* **OO** *4* DOLS *4* **8** CTS _____ DOLLARS

 Texas
Commerce
Bank

TEXAS COMMERCE BANK NATIONAL ASSOCIATION
DOWNTOWN BROWNSVILLE OFFICE
1034 EAST LEVEE
BROWNSVILLE, TEXAS 78520

*Shirley Metzger*          MP

JP4038973

⑈014287⑈ ⑆111001150⑈ ⑈067000 2098 2⑈          ⑆0000100448⑈

14370

**SORT-RITE INTERNATIONAL, INC.**
FAX 425-2543
P. O. BOX 1805   PH. 210-423-2427
HARLINGEN, TEXAS  78551

1/24   19 97

32-115/1110

PAY TO THE
ORDER OF___ Jefferson Pilot ___                                    $ 1,004.48

SORT-RITE **I004** DOLS **48** CTS

_____ DOLLARS

Texas
Commerce
Bank

TEXAS COMMERCE BANK NATIONAL ASSOCIATION
DOWNTOWN BROWNSVILLE OFFICE
1034 EAST LEVEE
BROWNSVILLE, TEXAS 78520

JP4038973                                    _Shelby Rodgers_        MP

⑈014370⑈ ⑆111001150⑆ ⑈0670020982⑈        ⑈0000100448⑈

JA   20

⑈110000250⑈14370⑈ ⑆111001150⑆   0670020982⑈        ⑈0000100448⑈

145344419644ATIONSBANK
901N TRADE ST CHAR NC
01/27/97

0530 140070002 740 UMD    01287 70711728

15454190

⑯

Case 1:01-cv-00142    Document 48    Filed in TXSD on 06/04/2002    Page 83 of 122

14478

**SORT-RITE INTERNATIONAL, INC.**
FAX 425-2543
P. O. BOX 1805   PH. 210-423-2427
HARLINGEN, TEXAS   78551

2/28          19 97

32-115/1110

PAY TO THE
ORDER OF ___Jefferson-Pilot Insurance___                    $1,004.48

SORT-RITE *I OO 4* DOLS *48* CTS

_____ DOLLARS

 **Texas Commerce Bank**
TEXAS COMMERCE BANK NATIONAL ASSOCIATION
DOWNTOWN BROWNSVILLE OFFICE
1034 EAST LEVEE
BROWNSVILLE, TEXAS 78520

JP4038973

*Shirley Metzger*                    MP

⑈014478⑈ ⑊111001150⑈ ⑈067000 2098 2⑈          ⑈0000100448⑈

111000025
03/06/97

06155050

⑊053000196⑊NATIONSBANK
901W TRADE ST CHAR NC
03/05/97

70746743

119

14562

## SORT-RITE INTERNATIONAL, INC.
FAX 425-2543
P. O. BOX 1805   PH. 210-423-2427
HARLINGEN, TEXAS  78551

32-115/1110

3/21        19 97

PAY TO THE
ORDER OF _____ Jefferson Pilot _____ $1,004.48

SORT-RITE 1004 DOLS 48 CTS

_____ DOLLARS

 Texas
Commerce
Bank

TEXAS COMMERCE BANK NATIONAL ASSOCIATION
DOWNTOWN BROWNSVILLE OFFICE
1034 EAST LEVEE
BROWNSVILLE, TEXAS 78520

JP4038973

*Shirley Metzger*

AP

⑈014562⑈  ⑊111001150⑊  ⑈067000209 82⑈          ⑈0000100448⑈

111000925
03/26/97

053600196 NATIONSBANK
901N TRADE ST CHAR NC
03/25/97

05170100    61749580

14682

**SORT-RITE INTERNATIONAL, INC.**
FAX 425-2543
P. O. BOX 1805   PH. 210-423-2427
HARLINGEN, TEXAS 78551

32-115/1110

4/24   19 97

PAY TO THE
ORDER OF _____ Jefferson-Pilot Life Insurance _____ $1004.48

SORT-RITE *I* **00 4** *DOLS* **48** *CTS* _____ DOLLARS



Texas
Commerce
Bank

TEXAS COMMERCE BANK NATIONAL ASSOCIATION
DOWNTOWN BROWNSVILLE OFFICE
1034 EAST LEVEE
BROWNSVILLE, TEXAS 78520

JP4038973   SJM

*Sherry Metzger*   MP

⑈014682⑈ ⑆111001150⑆ ⑈067000 2098 2⑈   ⑈0000100448⑈

111000025
04/29/97

06⑆⑆⑆⑆⑆⑆

⑈053000196⑈NATIONSBANK
95 W TRADE ST CHAR INC
04/28/97

66504428

(121)

**SORT-RITE INTERNATIONAL, INC.**
P.O. BOX 1805
HARLINGEN, TX 78551
PHONE (210) 423-2427
FAX (210) 423-2543

TEXAS COMMERCE BANK NA
HARLINGEN, TX 78551
32-115/1110

PRIOR YR

21031

1/31/98

PAY TO THE
ORDER OF ____ Jefferson Pilot Life Insurance _____ $ 1,004.48

_____ DOLLARS

Security features
Included.
Details on back.

© 1984, 1995 INTUIT • # 825 • 1-800-433-8810

MEMO ____ JP4038973 _____    Shirley Metzger

⑈021031⑈ ⑆111001150⑆ 067000 2098 2⑈    ⑈0000100448⑈

ENDORSE HERE
X

DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE
RESERVED FOR FINANCIAL INSTITUTION USE *

FOR DEPOSIT ONLY *
WITHIN NAMED PAYEE

TNM SEP 28 1998

/y/  16 62 69 ⑈

46264

SEP 29 98

FEDERAL RESERVE

ADVERTICAMERS RELI

111000025
09/30/98

8430177636  ⑈⑈721652⑈

(122)

**SORT-RITE INTERNATIONAL, INC.**
P.O. BOX 1805
HARLINGEN, TX 78551
PHONE (210) 423-2427
FAX (210) 423-2543

TEXAS COMMERCE BANK NA
HARLINGEN, TX. 78551
32-115/1110

21526

9/23/98

PAY TO THE
ORDER OF _____ Jefferson Pilot Life Insurance _____ $8,035.84

SORT-RITE **8035** DOLS **84** CTS

DOLLARS

Security features
included.
Details on back.

MEMO _____ JP4038973 3/1 - 10/1/98 _____ Shirley Metzger

⑆021526⑆ ⑈111001150⑈ 067000 20982⑆ ⑆0000803584⑆

FOR DEPOSIT ONLY
WITHIN NAMED PAYEE

SEP 28 1998

SEP 29 98

* FEDERAL RESERVE BOARD OF GOVERNORS REG CC

(123)

SORT-RITE INTERNATIONAL, INC.
P.O. BOX 1805
HARLINGEN, TX 78551
PHONE (210) 423-2427
FAX (210) 423-2543

TEXAS COMMERCE BANK NA
HARLINGEN, TX 78551
32-115/1110

21698

12/17/98

PAY TO THE
ORDER OF          Jefferson Pilot Financial                    $ 1,004.48

— — One thousand four and 48/100 — — — —                      DOLLARS

Security features
included.
Details on back.

MEMO    JP4038973   for 11/98

⑈"0 2 ⑈698⑈"  ⑈⑈⑈⑈00⑈⑈50⑈:  06 7000 2098 2⑈"           ⑈"0000 ⑈00⑈⑈8⑈"

---

For Deposit Only Within Named Payee

45688-17 122198 0115 0002 4038973

111000025
12/22/98

NATIONSBANK CAR 12/21/98
▶653000196◀ E4007 90 P13
00003758093697

0630181311      7390020421P

(124)

**SORT-RITE INTERNATIONAL, INC.**
P.O. BOX 1805
HARLINGEN, TX 78551
PHONE (210) 423-2427
FAX (210) 423-2548

TEXAS COMMERCE BANK NA
HARLINGEN, TX 78551
32-115/1110

21697

12/17/98

PAY TO THE
ORDER OF ___ Jefferson Pilot Financial ___ $ 1,707.10

--- Seventeen hundred seven and 10/100 --- DOLLARS

Security features
Included.
Details on back.

JP4038973
Loan Interest 702.62
MEMO      Premium      1004.48

_Shirley Metzger_

⑈"021697⑈" ⑆111001150⑆ 067000 2098 2⑈"      ⑈"0000170710⑈"

---

FEDERAL RESERVE BOARD OF GOVERNORS REG. CC

Checklock Security
Signature Line - Padlock
Security Screen on the

45688-17 122198 0116 0002 4038973
Jr Deposit Only Within Named Payee

DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE
RESERVED FOR FINANCIAL INSTITUTION USE

111000025            NATIONSBANK CAR 12/21/98
12/22/98             ⑈953000196⑆ E4807 90 P13
                     00003750093687

8630181312    9200200219

125

21770



TEXAS COMMERCE BANK
HARLINGEN, TX 78551
32-115/1110

SORT-RITE INTERNATIONAL INC.
P.O. BOX 1806
HARLINGEN, TX 78551
PHONE (210) 423-2427
FAX (210) 423-2543

1/15/99

$ 1,004.48

Jefferson-Pilot Life Insurance Co.

DOLLARS

SORT-RITE **IOO4** DOLS **48** CTS

PAY TO THE
ORDER OF

Security features
included.
Details on back.

Shirley Metzger

"0000100448"

MEMO    JP4038973 SJM

"021770"  ⑆111001150⑆ 067000 2098 2"

ENDORSE HERE

DO NOT WRITE STAMP OR SIGN BELOW THIS LINE
RESERVED FOR FINANCIAL INSTITUTION USE

FEDERAL RESERVE BOARD OF C

ØHICRS REG. CC

35-11 011999 0044 0002 4038973
Deposit Only Within Named Payee

NATIONSBANK CAR 01/19/99
⑆053000196⑆ E0554 99 P13

111000025
01/20/99

083000009226790000000

126

SORT-RITE INTERNATIONAL, INC.
P.O. BOX 1805
HARLINGEN, TX 78551
PHONE (210) 423-2427
FAX (210) 423-2543

TEXAS COMMERCE BANK NA
HARLINGEN, TX 78551
32-115/1110

21778

1/19/99

AY TO THE
ORDER OF _____ Jefferson Pilot Life Insurance Company _____ $ 1,004.48

SORT-RITE *1004* DOLS *48* CTS

DOLLARS

Security features
included.
Details on back.

MEMO    2/1   JP4038973

Shirley Metzger

⑈021778⑈ ⑆111001150⑆ 06 7000 2098 2⑈        ⑈0000100448⑈

4782-12 012699 0001 0002 4038973
For Deposit Only Within Named Payee

111000025
01/27/99

NATIONSBANK CAR 01/26/99
▶053000196◀ E5325 96 P13

9330089980  090X00002

127

SORT-RITE INTERNATIONAL, INC.
P.O. BOX 1805
HARLINGEN, TX 78551
PHONE (210) 423-2427
FAX (210) 423-2548

TEXAS COMMERCE BANK NA
HARLINGEN, TX 78551
32-115/1110

21872

2/15/99

PAY TO THE
ORDER OF        Jefferson Pilot Life Insurance Co.        $ 1,004.48

SORT-RITE **I 004 DOLS 48 CTS**

DOLLARS

MEMO    JP4038973

Shirley Metzger

⑈"0 21872" ⑈:111001150: 067000 2098 2⑈    ⑈"0000 100448⑈

26-13 021899 0027 0002 4038973
Deposit Only Within Named Payee

DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE
RESERVED FOR FINANCIAL INSTITUTION USE

ENDORSE HERE

NATIONSBANK DAL 02/19/99
HARLINGEN TX BATCH 012

128

SORT-RITE INTERNATIONAL, INC.
P.O. BOX 1805
HARLINGEN, TX 78551
PHONE (210) 423-2427
FAX (210) 423-2543

TEXAS COMMERCE BANK NA
HARLINGEN, TX. 78551
32-115/1110

21980

3/28/99

Y TO THE
DER OF      Jefferson Pilot                                $1,004.48

SORT-RITE *I004* DOLS *48* CTS                                    DOLLARS

Security features
Included.
Details on back.

MEMO      JP4038973

Shirley Metzger

⑈"021980"⑈ ⑆111001150⑈: 067000 2098 2"⑈              ⑈"0000100448,"⑈

---



847-10 040599 0281 0002 4038973
or Deposit Only Within Named Payee

111000025
CHASE MANHATTAN BANK 04/05/99
053000196 0952 96 P13

(129)

1108

**SORT-RITE INTERNATIONAL, INC.**
GENERAL OPERATING ACCOUNT
P.O. BOX 1805
HARLINGEN, TX 78551
PHONE (956) 423-2427
FAX (956) 423-2543

WELLS FARGO BANK
HARLINGEN, TX 78551
37-85/1119

8/2/2000

PAY TO THE
ORDER OF ___Jefferson Pilot Financial_____  $ **2,008.96

Two Thousand Eight and 96/100***************************************************************************

DOLLARS
Security features
Included.
Details on back.

Jefferson Pilot Financial
P.O. Drawer 531728
Harlingen, Tx.  78553-1728

MEMO_____

⑈"001108"⑈  ⑆111900659⑆06128097311⑈  ⑆0000200896⑆

FOR DEPOSIT ONLY WITHIN NAMED PAYEE

1215

**SORT-RITE INTERNATIONAL, INC.**
**GENERAL OPERATING ACCOUNT**
P.O. BOX 1805
HARLINGEN, TX 78551
PHONE (956) 423-2427
FAX (956) 423-2543

WELLS FARGO BANK
HARLINGEN, TX 78551
37-65/1119

9/13/2000

PAY TO THE
ORDER OF __Jefferson Pilot Financial__                                    $ **1,004.48

One Thousand Four and 48/100*********************************************************************************** DOLLARS

Security features
Included.
Details on back.

Jefferson Pilot Financial
P.O. Drawer 531728
Harlingen, Tx.  78553-1728

MEMO__Shirley Metzger__                                          NP

⑈001215⑈ ⑆111900659⑆061280973 1⑈                    ⑈0000100448⑈

06540-14092520000025000212260 0622
FOR DEPOSIT ONLY WITHIN NAMED PAYEE

BANK OF AMERICA, NA DAL     NFB   DALLAS TX  09262000
111000025  E5167 90 009     TRANS AMERICA NA AMR
          09/26/00          90522915CA FF50 90 P14
                                      09/25/00

8130146557 05678481243

131

1257

**SORT-RITE INTERNATIONAL, INC.**
GENERAL OPERATING ACCOUNT
P.O. BOX 1805
HARLINGEN, TX 78551
PHONE (956) 423-2427
FAX (956) 423-2543

WELLS FARGO BANK
HARLINGEN, TX 78551
37-65/1119

10/19/2000

TO THE
ORDER OF ___Jefferson Pilot Financial_____   $ **1,004.48

One Thousand Four and 48/100*************************************************************** DOLLARS

Security features
included.
Details on back.

Jefferson Pilot Financial
P.O. Drawer 531728
Harlingen, Tx.  78553-1728

George Paul

MEMO_____

⑆001257⑆ ⑆111900659⑆061280973⑆ ⑆000100448⑆

4252-1310242000007500020125016 22
FOR DEPOSIT ONLY WITHIN NAMED PAYEE

BANK OF AMERICA.NA DAL        WEB DALLAS TX 10/25/00
111000025 E2001 90 009        BANK OF AMERICA.NA CAR 001
              10/25/00
0130320067

(132)

1382

**SORT-RITE INTERNATIONAL, INC.**
GENERAL OPERATING ACCOUNT
P.O. BOX 1805
HARLINGEN, TX 78551
PHONE (956) 423-2427
FAX (956) 423-2543

WELLS FARGO BANK
HARLINGEN, TX 78551
37-65/1119

12/28/2000

PAY TO THE
ORDER OF    Jefferson Pilot Financial                                      $ **1,004.48

One Thousand Four and 48/100************************************************************************** DOLLARS

Security features
Included.
Details on back.

Jefferson Pilot Financial
P.O. Drawer 531728
Harlingen, Tx.  78553-1728

George Peale

MEMO

⑈"001382⑈ ⑆111900659⑆061280973⑈        ⑈0000100448⑈

---

45085-3401022001006000002022501622
OR DEPOSIT ONLY WITHIN NAMED PAYEE

WFB DALLAS,TX 01/03/01
BANK OF AMERICA,NA DAL        BANK OF AMERICA NA CAR 061
111000025  E7185 90 P09        053000196 E5404 004 P13
                                         01/03/01      01/03/01
9230499790 7000021767

1393

**SORT-RITE INTERNATIONAL, INC.**
GENERAL OPERATING ACCOUNT
P.O. BOX 1805
HARLINGEN, TX 78551
PHONE (956) 423-2427
FAX (956) 423-2543

WELLS FARGO BANK
HARLINGEN, TX 78551
37-85/1119

JP4038973   01-11-01
PAID   2062   111

1/4/2001

PAY TO THE
ORDER OF     Jefferson Pilot Financial                                        $ **1,004.48

One Thousand Four and 48/100*************************************************************************

DOLLARS
Security features
included.
Details on back.

Jefferson Pilot Financial
P.O. Drawer 531728
Harlingen, Tx.  78553-1728

*George D Paul*

MEMO_____

⑈001393⑈ ⑆111900659⑆061280973⑈ ⑈0000100448⑈

STATE OF TEXAS                    }
                                 }          AFFIDAVIT
COUNTY OF CAMERON                 }

   **BEFORE ME,** the undersigned official, on this day appeared GEORGE DAILY, who

is personally known to me, and first being duly sworn according to law upon his oath

deposed and said:

1.   My name is GEORGE DAILY. I am above the age of 18 years, and otherwise
     fully competent to make this affidavit. I am an Officer and General Manager
     of Sort-Rite International, Inc. I have been employed by the company since
     the Spring of 1999.

2.   The financial records of the company show that Sort-Rite International, Inc.
     always paid the life insurance premium for the Split Dollar Endorsement
     Jefferson Pilot insurance policy number JP4038973. True and correct copies
     of checks written by Sort-Rite International, Inc. to Jefferson Pilot Life
     Insurance Company are attached. Copies of some checks were not available.

3.   The financial records of the corporation do not reflect that Shirley Metzger
     ever reimbursed Sort-Rite International, Inc. for any premiums paid on her
     individual portion of the policy.

Further affiant sayeth not.

                                        _____
                                        George Daily

   **SUBSCRIBED AND SWORN** to before me on the ___4th___ day of June, 2002, by
the said George Daily to certify which witness my hand and official seal.



HILDA LOPEZ
Notary Public, State of Texas
My Commission Expires
September 14, 2005

                                        _____
                                        Notary Public, State of Texas

                           **SJX "5"**

**To Policyowner Service Dept.**

**Ŀ Change of Beneficiary**

**☐ Name Change**

Jefferson-Pilot
Life Insurance Company
PO Box 21008
Greensboro, NC 27420

**Jefferson Pilot**

**When this form is used for an annuity "Insured" shall mean "Annuitant"**

| Policy No. | Insured |
|---|---|
| JP4038973 | SHIRLEY JEAN METZGER |

revious beneficiary designations and optional methods of settlement selected under the above numbered policy are hereby cancelled, and the proceeds of said policy upon the death of the Insured are to be paid to:

| Primary Beneficiary(ies) if living, Name(s) in full | Relationship(s) |
|---|---|
| LETICIA ELIZALDE DE PINO – FRIEND OF THE INSURED | |

**Address Must Be Shown on Reverse Side of Page 2**

| Otherwise to Contingent Beneficiary(ies) if living, Name(s) in full | Relationship(s) |
|---|---|
| DEBRA ANN METZGER | DAUGHTER |

**Address Must Be Shown on Reverse Side of Page 2**

| Otherwise to Second Contingent Beneficiary(ies) if living, Name(s) in full | Relationship(s) |
|---|---|
| ~~KATHERLINE~~ KATHERINE LEE METZGER | ~~ER~~ DAUGHTER |

**Address Must Be Shown on Reverse Side of Page 2**

## If no beneficiary is living, payment will be made as provided in the policy.

☐ If checked, I hereby elect to provide that in no case shall any payment be made to any beneficiary designated in this policy until _____ days after the Insured's death, and in the event of the death of a beneficiary during such period, payment shall be made in the same manner provided in this policy had said beneficiary predeceased the insured.

Unless otherwise stated above, if joint beneficiaries are named in any of the three classes (Primary, Contingent, or Second Contingent), the proceeds are to be paid equally to the survivor or survivors, if any, in that class. If unnamed children of the Insured are designated above as beneficiaries, the proceeds are to be paid to the Insured's lawful children. This change in beneficiary is subject to any assignment of this policy recorded with the company.

If there is a provision in said policy requiring that it accompany any request for change of beneficiary or that such change shall not take effect until endorsed by the Company on the policy, such provision is hereby modified, and the beneficiary may be changed pursuant to this w⌐ n request, which change will be effected by recordation by the Company at its Home Office without endorsement on the policy, and w⌐ so recorded shall take effect as of the date of this request, but subject to any payment made or action taken by the Company before such recordation.

## Name Change

| Policy required to change Insured's name if the reason is other than marriage, divorce or adoption. | ☐ Change the Name of the | ☐ Insured to ☐ Annuitant ☐ Owner | First, Maiden, Married Name if applicable | Because of | ☐ Marriage ☐ Divorce ☐ Other |
|---|---|---|---|---|---|

(If the name has been changed for any reason other than marriage, divorce or adoption, a certified copy of the legal document authorizing the change must be submitted.)

SORT-RITE INTERNATIONAL, INC.          *Shirley Metzger*          SEP 6 1995

By SHIRLEY METZGER, PRESIDENT    Secretary *Arlene Alaro*    8/16/95    Recorded Date

**This acknowledgement should be attached to the policy after it is received back from Home Office.**

☐ The policyowner's address is being changed to that shown below.

```
Sort Rite International Inc.
P O Box 1805
Harlingen, TX  78551
```

*SJX "6"*

| Please Date and Sign in Shaded Space | *[signature]* Signature of Policyowner | *[signature]* Date |
|---|---|---|

Jefferson-Pilot
Life Insurance Company
PO Box 21008
Greensboro, NC 27420

If unnamed children of the Insured are designated in the request for change of beneficiary, children currently included are (if none, state "none"):

| Name | Address | Relationship |
|------|---------|--------------|
| LETICIA ELIZALDE DE PINO | 600 GRAPETREE DR. - APT. 11.DN KEY BISCAYNE, FL 33149 | FRIEND OF INSURED |

The current address(es) of all other beneficiaries names in the request for change of beneficiary are:

| Name | Address | Relationship |
|------|---------|--------------|
|      |         |              |

_____          _____
Date                                 Signature of person(s) with Right to
                                     Change Beneficiary

STATE OF NORTH CAROLINA          }
                                 }
COUNTY OF GUILFORD               }                              AFFIDAVIT


BEFORE ME, the undersigned official, on this day appeared CARL D. SEMMLER, who is personally known to me, and first being duly sworn according to law upon his oath deposed and said:

1. My name is CARL D. SEMMLER, I am the Assistant Vice President and Associate Counsel for Jefferson-Pilot Life Insurance Company, headquartered in Greensboro, North Carolina. I am above the age of 18 years, and otherwise fully competent to make this affidavit.

2. I am familiar with life insurance policy number JP4038973 insuring the life of Shirley Jean Metzger. It was at my direction that the interpleader action involving the proceeds from the aforementioned life insurance policy was initiated as Civil Action Number B-01-142 in the United States District Court for the Southern District of Texas. I understand that Jefferson-Pilot has been discharged from that case through a Stipulation of Dismissal and that it has no further liability to any party in this case.

3. I am familiar with the general policies and procedures related to the life insurance policies issued by Jefferson-Pilot Life Insurance Company.

4. I have internally investigated the Change of Beneficiary Form used in 1995 in connection with policy number JP4038973 (*the Metzger Policy*) and concluded that Jefferson-Pilot treated the change of beneficiary request as a change in the Co-Owner's portion of the policy and not to the corporate Employer's portion of the policy. A copy of the Change of Beneficiary form that I have reviewed is attached to this Affidavit as *Exhibit A-1*.

5. It is the usual policy of Jefferson-Pilot to require changes affecting any ownership or beneficiary position of a corporate owner's policy to be signed by two officers of the corporation, although that requirement can be waived, depending on the circumstances. The instructions on the reverse side of the Change of Beneficiary form itself states, "If the policy is corporate owned, the form must be signed and dated by two officials with their titles shown." A copy of the instructions on the reverse of the Change of Beneficiary form is attached as *Exhibit A-2*. Those instructions reflect Jefferson-Pilot's usual requirements regarding a Change of Beneficiary to a corporate owned policy. Our records reflect that both at the time of Shirley Metzger's death and in 1995, Sort Rite International, Inc. was co-owner of the Metzger Policy with Shirley Metzger. The Change of Beneficiary form signed by Shirley Metzger in 1995 does not bear the signature of two officers of the corporation.

6. Ms. Metzger signed the bottom of the Change of Beneficiary form in her individual capacity. Furthermore, it has been Jefferson-Pilot's experience that

corporate Employers do not designate an individual beneficiary, even though the Spit Dollar Endorsement permits it. For these reasons, Jefferson-Pilot treated the 1995 Change of Beneficiary form received in connection with the Metzger Policy only as a change of the beneficiary to Ms. Metzger's Co-Owner's portion of the policy.

Further affiant sayeth not.

_____

Carl D. Semmler

**SUBSCRIBED AND SWORN** to before me on the ___15⁻ᵗʰ___ day of March 2002.

_____

Notary Public, State of North Carolina

My Commission Expires
March 15, 2003

**To Policyowner Service Dept.**

XX **Change of Beneficiary**

☐ **Name Change**

Jefferson-Pilot
Life Insurance Company
PO Box 21008
Greensboro, NC 27420

Jefferson
Pilot

**When this form is used for an annui**
**"Insured" shall mean "Annuitant"**

| Policy No. | Insured |
|---|---|
| JP4038973 | SHIRLEY JEAN METZGER |

All previous beneficiary designations and optional methods of settlement selected under the above numbered policy are hereby cancelled, and the proceeds of said policy upon the death of the Insured are to be paid to:

Primary Beneficiary(ies) if living,
Name(s) in full                                                Relationship(s)

LETICIA ELIZALDE DE PINO – FRIEND OF THE INSURED

**Address Must Be Shown on Reverse Side of Page 2**

Otherwise to Contingent Beneficiary(ies) if living,
Name(s) in full                                                Relationship(s)

DEBRA ANN METZGER                    DAUGHTER

**Address Must Be Shown on Reverse Side of Page 2**

Otherwise to Second Contingent Beneficiary(ies) if living,
Name(s) in full                                                Relationship(s)
                                                          X

KATHERINE LEE METZGER              DAUGHTER
**Address Must Be Shown on Reverse Side of Page 2**

## If no beneficiary is living, payment will be made as provided in the policy.

☐ If checked, I hereby elect to provide that in no case shall any payment be made to any beneficiary designated in this policy until _____ days after the Insured's death, and in the event of the death of a beneficiary during such period, payment shall be made in the same manner provided in this policy had said beneficiary predeceased the insured.

Unless otherwise stated above, if joint beneficiaries are named in any of the three classes (Primary, Contingent, or Second Contingent), the proceeds are to be paid equally to the survivor or survivors, if any, in that class. If unnamed children of the Insured are designated above as beneficiaries, the proceeds are to be paid to the Insured's lawful children. This change in beneficiary is subject to any assignment of this policy recorded with the company.

If there is a provision in said policy requiring that it accompany any request for change of beneficiary or that such change shall not take effect until endorsed by the Company on the policy, such provision is hereby modified, and the beneficiary may be changed pursuant to this ~~ten~~ request, which change will be effected by recordation by the Company at its Home Office without endorsement on the policy, and n so recorded shall take effect as of the date of this request, but subject to any payment made or action taken by the Company before such recordation.

### Name Change

Policy required to change Insured's name if the reason is other than marriage, divorce or adoption.

☐ Change the Name of the      ☐ Insured    to
                             ☐ Annuitant
                             ☐ Owner

First, Maiden, Married Name if applicable

(If the name has been changed for any reason other than marriage, divorce or adoption, a certified copy of the legal document authorizing the change must be submitted.)

Because of ☐ Marriage
           ☐ Divorce
           ☐ Other

SORT-RITE INTERNATIONAL, INC.    _Shirley Metzger_                8/16/95

By SHIRLEY METZGER, PRESIDENT    Secretary                       Recorded Date

**This acknowledgement should be attached to the policy after it is received back from Home Office.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Policy Owner:  Please type or print in the box below the name and address to which the acknowledged copy is to be sent.
☐ Check here if this is a change of address for the policyowner. If checked, the address is changed at the time the Change of Beneficiary and/or name is recorded in the Home Office.

_Exhibit "A-1"_

See Instructions on Reverse Side Of Last Page

BJ-6625 Rev 2-94

Please Date
and Sign
in Shaded Space

_Shirley Metzger_                                              8/16/95
Signature of Policyowner                                      Date

## Instructions

Almost all beneficiary changes can be requested by using this form and following the examples below. However, if there is any question concerning the completion of the request or if a beneficiary designation is desired which cannot be requested on this form, contact your local Jefferson-Pilot representative or Agency which services your policy.

1. Complete a separate request for change of beneficiary for each policy to be changed. Sign by ball point pen. Press hard: be sure all copies are legible.
2. If the policy is corporate owned, the form must be signed and dated by two officials with their titles shown.
3. All copies of this form are to be forwarded to the Company. When the change is recorded in the Home Office, one copy will be acknowledged and returned to be attached to the policy.
4. When a married woman is named as a beneficiary, show her first, maiden and married names. For example, if Mary Evelyn Doe married John Smith, show her name as Mary Doe Smith.
5. If unnamed children are to be beneficiaries, specify one of the following: "my lawful children" or "children born of my marriage to (name of spouse)"
6. If the clause indicated by check-block ☐ is elected, insert the number of days (not over 180) the Company is to wait before making payment to the beneficiary(ies) who survive the waiting period.
7. This form is not to be used to elect an Optional Method of Settlement, to name an irrevocable beneficiary or to change the beneficiary in a Family Plan policy.
8. If beneficiaries are named as a class (such as "my lawful children") the name of each current beneficiary in that class should be on the back of part 2 of this form.

## Examples Of The Most Frequently Used Beneficiary Designations

| Individual (Always show relationship to the insured) | Show as Primary Beneficiary | Show as Contingent Beneficiary | Show as Second Contingent Beneficiary |
|---|---|---|---|
| one beneficiary | Mary Doe Smith, wife | (leave blank) | (leave blank) |
| one primary beneficiary and one contingent beneficiary | Mary Doe Smith, wife | John Henry Smith, son | (leave blank) |
| two primary beneficiaries and one contingent beneficiary | Ernest Lee Smith, father Helen Jones Smith, mother | Susan Smith Williams, sister | (leave blank) |
| one primary beneficiary, unnamed children as first contingent beneficiary and two second contingent beneficiaries | Mary Doe Smith, wife | children born of my marriage to Mary Doe Smith | Ernest Lee Smith, father Helen Jones Smith, mother |
| equal distribution (always use fractional proportions) | one-half to Helen Jones Smith, mother one-fourth to Susan Smith Williams, sister one-fourth to Harry Lewis Smith, brother | surviving primary beneficiaries share equally in the portion designated for any beneficiary(ies) who predeceases the Insured | (leave blank) |
| **Business** | | | |
| corporate beneficiary | XYZ Company, Inc. Greensboro, North Carolina | (leave blank) | (leave blank) |
| Partner | George Allen Miller, partner | (leave blank) | (leave blank) |
| **Other** | | | |
| Insured's estate | Executors, Administrators or Assigns of the Insured | (leave blank) | (leave blank) |
| Formal Trust Agreement | Trustee (Show Name and Address) under Trust Agreement Dated (Show date) | (leave blank) | (leave blank) |
| Trustee Under Last Will | Trustee (put name and address if Trustee is named) Under last Will and Testament of Insured. | (leave blank) | (leave blank) |
| School | Oak Ivy College Snow Plains, North Carolina | (leave blank) | (leave blank) |
| Charitable Organization | Childrens Society Greensboro, North Carolina | (leave blank) | (leave blank) |

*Exhibit "A-2"*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JEFFERSON-PILOT LIFE     ) (
INSURANCE               ) (
                      ) (
VS.                  ) (   CIVIL ACTION NO. B-01-142
                      ) (
SORT-RITE INTERNATIONAL,  ) (
INC., ET AL.        ) (

ORAL AND VIDEOTAPED DEPOSITION OF
DEBRA ANN METZGER FINCH
MAY 13, 2002

ORAL AND VIDEOTAPED DEPOSITION OF DEBRA ANN
METZGER FINCH, produced as a witness at the instance of
the DEFENDANT SORT-RITE INTERNATIONAL, INC., taken in
the above styled and numbered cause on MAY 13, 2002,
reported by CORINNA N. GARCIA, Certified Court Reporter
No. 5210, in and for the State of Texas, at the offices
of Stapleton, Curtis & Boswell, L.L.P., 515 East
Harrison Street, Suite A, Harlingen, Texas, pursuant to
the Federal Rules of Civil Procedure.

COPY

*SJX "8"*



```
12:26:38  1    A.   My wedding.  My first wedding in '87.
12:26:48  2    Q.   You knew him to be an accountant for Sort÷Rite?
12:26:53  3    A.   Yes.
12:26:53  4    Q.   Is that your understanding?
12:26:54  5    A.   Yes.
12:26:54  6    Q.   Okay.  Did you and your mother have any sort of
12:26:57  7    a falling out about this prescription drug abuse
12:27:03  8    concern that you had?
12:27:07  9    A.   Did I with her?  Yes, sir, I did.
12:27:09 10    Q.   Okay.  Well, I've described it as a falling
12:27:25 11    out, and you've agreed with that term.  What was the
12:27:28 12    result of it?  Did you all not speak after that or --
12:27:32 13    A.   We always spoke, almost every day.
12:27:34 14    Q.   But was it -- was the relationship different
12:27:41 15    after the falling out?
12:27:41 16    A.   I became like the mother; she became like the
12:27:44 17    child.
12:27:44 18    Q.   Okay.  And did she -- was she upset with you
12:27:50 19    that you confronted her with this?
12:27:55 20    A.   Well, yes.
12:27:56 21    Q.   Okay.  And I take it that she did not believe
12:27:59 22    that she had a problem and did not need to seek
12:28:03 23    treatment for it.
12:28:05 24    A.   That's a true -- yeah, that's correct.
2:28:08  25    Q.   Okay.  Is your understanding of who is -- what
```

19

12:28:30 1  is your understanding of who's entitled to receive the

12:28:33 2  life insurance proceeds?

12:28:35 3     A.  Who's the beneficiary of it?  Leticia Pino.

12:28:39 4     Q.  Okay.  So it is your position that she is the

12:28:47 5  sole beneficiary of the life insurance proceeds?

12:28:52 6     A.  Yes.

12:28:59 7     Q.  Do you have any individual or personal claim to

12:29:05 8  anything in this lawsuit?

12:29:08 9     A.  What does that mean?

12:29:10 10    Q.  Well, if she's -- if you say that she's

12:29:15 11 entitled to all of the proceeds, do you have, in this

12:29:17 12 Jefferson-Pilot Life Insurance case, any claim against

12:29:21 13 her or Sort-Rite where you want to recover damages or

12:29:26 14 money?

12:29:27 15    A.  Against Leticia, no.

12:29:28 16    Q.  Okay.  In the Jefferson-Pilot Life Insurance

12:29:34 17 case, do you have -- do you have any kind of a claim,

12:29:38 18 individual claim, to any of the money from the

12:29:41 19 proceeds?

12:29:42 20    A.  I don't think so, if I'm understanding the

12:29:45 21 question correctly.  We were -- what were we --

12:29:49 22 co-beneficiaries or something.  Everyone had to die or

12:29:53 23 something.  That's all I understand.

12:29:56 24    Q.  Ms. De Pino would have to die?  Who would have

2:29:58 25 to -- she would have to die?

BRYANT & STINGLEY, INC.
McAllen          Harlingen          Brownsville
(956) 618-2366   (956) 428-0755    (956) 542-1020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JEFFERSON-PILOT LIFE      ) (
INSURANCE                 ) (
                          ) (
VS.                       ) (    CIVIL ACTION NO. B-01-142
                          ) (
SORT-RITE INTERNATIONAL,  ) (
INC., ET AL.              ) (

────────────────────────────────────────────

ORAL AND VIDEOTAPED DEPOSITION OF
KATHERINE LEE METZGER
MAY 13, 2002

────────────────────────────────────────────

　　　　　ORAL AND VIDEOTAPED DEPOSITION OF KATHERINE LEE

METZGER, produced as a witness at the instance of the

DEFENDANT SORT-RITE INTERNATIONAL, INC., taken in the

above styled and numbered cause on MAY 13, 2002,

reported by CORINNA N. GARCIA, Certified Court Reporter

No. 5210, in and for the State of Texas, at the offices

of Stapleton, Curtis & Boswell, L.L.P., 515 East

Harrison Street, Suite A, Harlingen, Texas, pursuant to

the Federal Rules of Civil Procedure.

COPY

*SJX "9"*

BRYANT & STINGLEY, INC.
McAllen        Harlingen        Brownsville
(956)618-2366   (956)428-0755   (956)542-1020

11:41:23 1    that or you don't understand, then I'm not -- I don't

11:41:23 2    need to ask you any questions about it.

11:41:25 3         A.   You probably shouldn't ask me.  I know there is

11:41:29 4    two parts.

11:41:31 5         Q.   Uh-huh.

11:41:32 6         A.   But I don't know insurance.  So --

11:41:36 7         Q.   Okay.  Is it your contention in the lawsuit

11:41:46 8    that in 1995 your mother intended to change both parts

11:41:51 9    of the policy, the corporation's part and the

11:41:55 10   individual's part?  Or do you know?

11:41:56 11        A.   I don't know.

11:41:57 12        Q.   All right.  And is the agreement that you have

11:42:07 13   with Ms. De Pino as she testified earlier, and that

11:42:12 14   would be that anything that is awarded to any of you

11:42:14 15   would be divided three ways equally between you and

11:42:18 16   your sister and Ms. De Pino?

11:42:21 17        A.   Correct.

11:42:22 18        Q.   Okay.  And is your rec -- what is your

11:42:25 19   recollection about -- and was that agreement reduced to

11:42:30 20   writing?

11:42:30 21        A.   It was.

11:42:31 22        Q.   And what is your recollection of when that

11:42:38 23   document was signed?

11:42:43 24        A.   See, I can't remember.  She died March 23rd.  I

11:42:48 25   can't -- the funeral --

# LIFE INSURANCE STANDARD CONFIRMATION INQUIRY

FRANK HYDE
Certified Public Accountant
3033 N.W. 63rd., Suite 100E
Oklahoma City, Oklahoma 73116

Date: April 30, 1996

Your completion of the following report will be sincerely appreciated. IF THE ANSWER TO ANY ITEM IS "NONE," PLEASE SO STATE. Use the enclosed envelope to return the original directly to our accountant (see name to left).

Yours truly,
Sort-Rite International, Inc
[Name of owner as shown on policy contract(s)]

By _____
Authorized Signature

REPORT FROM INSURANCE COMPANY

Jefferson Pilot Life Insurance Co.
P.O. Box 21008
Greensboro   NC   27420

Information requested as of April 30, 1996
(Date)

| | | Policy # 1 | # 2 | # 3 |
|---|---|---|---|---|
| Ⓐ | Policy Number | JP403973 | | |
| Ⓑ | Insured—Name(s) | Shirley Jean Metzger | | |
| Ⓒ | Beneficiaries as Shown on Policies (If Verification Requested in Item 11) | Sort-Rite International, Inc. | | |
| ① | Face Amount of Basic Policy | | | |
| ② | Values Shown as of (Insert Date If Other Than Date Requested) | | | |
| ③ | Premiums, Including Prepaid Premiums, Are Paid to (Insert Date) | | | |
| ④ | Policy Surrender Value (Excluding Dividends, Additions & Indebtedness Adjustments) | | | |
| ⑤ | Surrender Value of All Dividend Credits, Including Accumulations & Additions | | | |
| ⑥ | Termination Dividend Currently Available on Surrender | | | |
| ⑦ | Other Surrender Values Available to Policy Owner | a. Prepaid Premium Value | | |
| | | b. Premium Deposit Funds | | |
| | | c. Other | | |
| ⑧ | Outstanding Policy Loans, Excluding Accrued Interest | | | |
| ⑨ | If Any Policy Loans Exist, Complete Either "a" or "b." | a. Interest Accrued on Loans | | |
| | | b1. Loan Interest Is Paid to (Enter Date) | | |
| | | b2. Interest Rate Is (Enter Rate) | | |

**Note: Please answer any item(s) 10-12 indicated by a (✓).**

| | | | | |
|---|---|---|---|---|
| 10 | Is There an Assignee of Record? (Enter Yes or No) | | | |
| 11 | Is Beneficiary of Record as Shown in Item Ⓒ Above? (Enter Yes or No*) | | * | * |
| 12 | Is the Name of Policy Owner (Subject to Any Assignment) as Shown on Top of Form: ☐ Yes  ☐ No. If No, Enter Name of Policy Owner of Record: | | | |

\* If Answer to Item 11 Is "No," Please Give Name of Beneficiary or Date of Last Beneficiary Change:

Date: 7-8-96

*SJX "10"*

Yours truly, (Insurance Company)

By _____
Authorized Signature — Title

Developed by American Institute of Certified Public Accountants, Life Office Management Association, and Million Dollar Round Table. Additional forms available from: AICPA—ORDER P.O. BOX 0946, NYC NY 10108-0946

DUPLICATE
To be retained by insurance company

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JEFFERSON-PILOT LIFE                )(
INSURANCE                           )(
                                    )(
VS.                                 )(    CIVIL ACTION NO. B-01-142
                                    )(
SORT-RITE INTERNATIONAL,            )(
INC., ET AL.                        )(

---

ORAL AND VIDEOTAPED DEPOSITION OF
LETICIA ELIZALDE DE PINO
MAY 13, 2002

---

ORAL AND VIDEOTAPED DEPOSITION OF LETICIA

ELIZALDE DE PINO, produced as a witness at the instance

of the DEFENDANT SORT-RITE INTERNATIONAL, INC., taken

in the above styled and numbered cause on MAY 13, 2002,

reported by CORINNA N. GARCIA, Certified Court Reporter

No. 5210, in and for the State of Texas, at the offices

of Stapleton, Curtis & Boswell, L.L.P., 515 East

Harrison Street, Suite A, Harlingen, Texas, pursuant to

the Federal Rules of Civil Procedure.

*SJX "11"*

COPY

```
10:34:04  1        A.  No.  No, sir.  No.  No way.
10:34:13  2        Q.  Did you pay Sort-Rite International any amount
10:34:17  3   of money in exchange for being named the beneficiary
10:34:22  4   under the life insurance policy?
10:34:23  5        A.  No, sir.
10:34:24  6        Q.  Okay.  Did you give anything of value to
10:34:30  7   Sort-Rite International, Inc. in exchange for being
10:34:35  8   named the beneficiary under the life insurance policy?
10:34:38  9        A.  No.
10:34:45 10        Q.  What is your understanding of Frances Merrick's
10:34:49 11   relationship -- what was Frances Merrick's relationship
10:34:53 12   like with Shirley?
10:34:56 13        A.  She loved her.  She was -- they were working
10:35:01 14   together, but I think -- I don't like to speak about
10:35:06 15   people that are dead, and I'm not going to say nothing
10:35:10 16   against or in favor.  So, please, because there are
10:35:15 17   matters --
10:35:16 18        Q.  Ma'am, I've got to ask --
10:35:18 19        A.  Okay.
10:35:18 20        Q.  I have to ask you what you know --
10:35:20 21        A.  I know that they were --
10:35:28 22        Q.  -- about an officer of the corporation.
10:35:28 23        A.  I came to help her in '92, okay?
10:35:28 24        Q.  You came to help who in 1992?
10:35:30 25        A.  Frances Merrick in the first bankruptcy.  I was
```

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JEFFERSON PILOT LIFE INSURANCE | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-01-142 |
| | § | |
| SORT-RITE INTERNATIONAL, INC., | § | |
| et al. | § | |

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | AFFIDAVIT |
| COUNTY OF CAMERON | § | |

I am an attorney licensed to practice law in the State of Texas. I have been licensed since 1983. I am Board Certified in Civil Trial Law by the Texas Board of Legal Specialization.

I represent Sort-Rite International, Inc., a Texas corporation, in this matter.

I am familiar with the reasonable and usual attorneys fees charged by attorneys in this area for services rendered of the type which I rendered on behalf of Sort-Rite International, Inc.

In my opinion, an attorney's fee of Forty Thousand Dollars ($40,000.00) is reasonable and it was necessary in this matter."

Further, Affiant sayeth not.

_____
Chris Boswell

- 1 -

SWORN TO AND SUBSCRIBED before me, the undersigned authority, by the said Chris Boswell on the _4th_ day of June, 2002 to certify which witness my hand and seal of office.

Notary Public - State of Texas

**HILDA LOPEZ**
Notary Public, State of Texas
My Commission Expires
**September 14, 2005**

- 2 -

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JEFFERSON PILOT LIFE INSURANCE | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-01-142 |
| | § | |
| SORT-RITE INTERNATIONAL, INC., | § | |
| et al. | § | |

## SUMMARY JUDGMENT

On this the _____ day of _____, 2002, the Motion for Summary Judgment filed by Sort-Rite International, Inc. was presented to the Court and after considering the pleading, summary judgment evidence, arguments of counsel, the Court finds that the Motion should be GRANTED.

It is therefore, ORDERED, ADJUDGED and DECREED that Sort-Rite International, Inc. have and recover from the interpled funds ONE MILLION DOLLARS plus any accrued interest thereon from the date the funds were deposited into the Registry of the Court.

It is further ORDERED, ADJUDGED and DECREED that Sort-Rite International, Inc. have and recover from the remainder of the funds one-third (1/3) of each premium payment made plus pre-judgment interest at the rate of _____ percent from the date of each premium payment in accordance with the schedule attached hereto as Exhibit "A".

It is further ORDERED, ADJUDGED and DECREED that Sort-Rite International, Inc. have and recover FORTY THOUSAND DOLLARS ($40,000.00) in attorney's fees to be paid out of the funds in the Registry of the Court. It is further ORDERED that the balance of any remaining funds in the Registry of the Court are ordered to be paid to Leticia Elizalde de Pino.

IT IS HEREBY ORDERED that the Clerk of the Court shall distribute the funds on deposit in the Registry of the Court in this case to the parties as described in the foregoing order.

All other and further relief not expressly granted is hereby denied.

_____
Judge Presiding

POLICY # JP4C38973
INSURED * SHIRLEY JEAN METZGER

| AS-OF DATE | DUE DATE | S T | FINANCIAL AMOUNT |
|---|---|---|---|
| 01-11-01 | 01-11-01 | 1 | 1004.48 |
| 01-02-01 | 01-02-01 | 1 | 1004.48 |
| 10-24-00 | 10-24-00 | 1 | 1004.48 |
| 09-25-00 | 09-25-00 | 1 | 1004.48 |
| 08-10-00 | 08-10-00 | 1 | 2008.96 |
| 04-05-99 | 04-05-99 | 1 | 1004.48 |
| 02-18-99 | 02-18-99 | 1 | 1004.48 |
| 01-26-99 | 01-26-99 | 1 | 1004.48 |
| 01-19-99 | 01-19-99 | 1 | 1004.48 |
| 12-26-98 | 12-26-98 | 1 | 2008.96 |
| 09-28-98 | 09-28-98 | 1 | 9040.32 |
| 12-29-97 | 12-29-97 | 1 | 1004.48 |
| 12-08-97 | 12-08-97 | 1 | 1004.48 |
| 11-04-97 | 11-04-97 | 1 | 1004.48 |
| 09-29-97 | 09-29-97 | 1 | 1004.48 |
| 09-06-97 | 09-06-97 | 1 | 1004.48 |
| 08-02-97 | 08-02-97 | 1 | 1004.48 |
| 06-30-97 | 06-30-97 | 1 | 1004.48 |
| 06-12-97 | 06-12-97 | 1 | 1004.48 |
| 04-28-97 | 04-28-97 | 1 | 1004.48 |
| 03-25-97 | 03-25-97 | 1 | 1004.48 |
| 03-05-97 | 03-05-97 | 1 | 1004.48 |
| 01-27-97 | 01-27-97 | 1 | 1004.48 |
| 01-15-97 | 01-15-97 | 1 | 1004.48 |
| 12-04-96 | 12-04-96 | 1 | 1004.48 |
| 10-24-96 | 10-24-96 | 1 | 1004.48 |
| 09-28-96 | 09-28-96 | 1 | 1004.48 |
| 08-26-96 | 08-26-96 | 1 | 1004.48 |
| 08-03-96 | 08-03-96 | 1 | 1004.48 |
| 07-01-96 | 07-01-96 | 1 | 1004.48 |
| 06-10-96 | 06-10-96 | 1 | 1004.48 |
| 05-09-96 | 05-09-96 | 1 | 1004.48 |
| 04-01-96 | 04-01-96 | 1 | 1004.48 |
| 03-06-96 | 03-06-96 | 1 | 1004.48 |
| 01-30-96 | 01-30-96 | 1 | 1004.48 |

*EXHIBIT "A"*

```
                POLICY # JP4038973
   12-27-95   12-27-95   1        1004.48
   11-28-95   11-28-95   1        1004.48
   10-24-95   10-24-95   1        1004.48
   10-14-95   10-14-95   1        1004.48
   08-28-95   08-28-95   1        1004.48
   07-31-95   07-31-95   1        1004.48
   06-27-95   06-27-95   1        1004.48
   05-30-95   05-30-95   1        1004.48
   02-02-95   02-02-95   1        2008.96
   10-27-94   10-27-94   1        1004.48
   02-02-94   02-02-94   1        1004.48
   11-16-93   11-16-93   1        1004.48
   10-31-93   10-31-93   1        1004.48
   08-31-93   08-31-93   1        1004.48
   03-29-93   03-29-93   1        1004.48
   02-20-93   02-20-93   1        1004.48
   12-07-92   12-07-92   1        1004.48
   11-19-92   11-19-92   1        1004.48
   10-17-92   10-17-92   1        1004.48
   08-26-91   08-26-91   1        1004.48
   08-26-91   08-26-91   1        1004.48
   07-18-91   07-18-91   1        1004.48
   05-16-91   05-16-91   1        1004.48
   05-16-91   05-16-91   1        1004.48
   05-16-91   05-16-91   1        1004.48
   07-11-90   07-11-90   1        1004.48
   07-11-90   07-11-90   1        1004.48
   04-07-90   04-07-90   1        6026.88
   02-23-90   02-23-90   1        1004.48
   08-26-89   08-26-89   1        1004.48
   07-26-89   07-26-89   1        1004.48
   06-06-89   06-06-89   1        1004.48
   05-06-89   05-06-89   1        1004.48
   04-04-89   04-04-89   1        1004.48
   03-08-89   03-08-89   1        1004.48
   02-04-89   02-04-89   1        1004.48
```

```
          POLICY # JP4038973
01-03-89   01-03-89   1          1004.48
12-03-88   12-03-88   1          1004.48
10-25-88   10-25-88   1          1004.48
10-25-88   10-25-88   1          1004.48
08-16-88   08-16-88   1          1004.48
07-11-88   07-11-88   1          1004.48
06-18-88   06-18-88   1          1004.48
05-19-88   05-19-88   1          1004.48
04-11-88   04-11-88   1          1004.48
04-05-88   04-05-88   1          1004.48
02-23-88   02-23-88   1            19.35
02-23-88   02-23-88   1          1004.48
01-19-88   01-19-88   1           985.13
12-17-87   12-17-87   1          1004.38
```

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JEFFERSON PILOT LIFE INSURANCE | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-01-142 |
| | § | |
| SORT-RITE INTERNATIONAL, INC., | § | |
| et al. | § | |

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | AFFIDAVIT |
| COUNTY OF CAMERON | § | |

I am an attorney licensed to practice law in the State of Texas. I have been licensed since 1983. I am Board Certified in Civil Trial Law by the Texas Board of Legal Specialization.

I represent Sort-Rite International, Inc., a Texas corporation, in this matter.

I am familiar with the reasonable and usual attorneys fees charged by attorneys in this area for services rendered of the type which I rendered on behalf of Sort-Rite International, Inc.

In my opinion, an attorney's fee of Forty Thousand Dollars ($40,000.00) is reasonable and it was necessary in this matter."

Further, Affiant sayeth not.

Chris Boswell

- 1 -

SWORN TO AND SUBSCRIBED before me, the undersigned authority, by the said Chris Boswell on the _4th_ day of June, 2002  to certify which witness my hand and seal of office.

HILDA LOPEZ
Notary Public, State of Texas
My Commission Expires
September 14, 2005

Notary Public - State of Texas