54

United States District Court
Southern District of Texas
FILED

AUG 2 1 2002

~~Michael N. Milby~~
Clerk of Court

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

JEFFERSON PILOT LIFE INSURANCE §
§
vs. § CIVIL ACTION NO. B-01-142
§
SORT-RITE INTERNATIONAL, INC., §
et al. §

## JOINT PRETRIAL ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

### 1. Appearance of Counsel

a.    Defendant    :    Sort-Rite International, Inc.

      Attorneys    :    Chris Boswell
                      Attorney-in-Charge
                      Stapleton, Curtis & Boswell, L.L.P.
                      Federal ID No. 1256
                      State Bar No. 02683300
                      515 East Harrison Street, Suite "A" (78550)
                      P.O. Box 2644
                      Harlingen, Texas 78551
                      Telephone:    (956) 428-9191
                      Telecopier:    (956) 428-9283

b.    Defendants    :    Leticia Elizalde de Pino, Debra Metzger Finch and Katherine Lee Metzger

      Attorneys    :    Constance Y. Singleton
                      Attorney-in-Charge
                      Federal ID No. 6567
                      State Bar No. 18435600
                      215 Bayland Avenue
                      Houston, Texas 77009
                      Telephone:    (281) 687-0100
                      Telecopier:    (713) 850-1199

**AND**

James DeAnda
Solar & Associates
Federal ID No. 15484
State Bar No. 05624000
2800 Post Oak Blvd., Suite 6300
Houston, Texas 77056
Telephone:      (713) 850-1212
Telecopier:     (713) 802-1202

## 2. Statement of the Case

This suit was originally filed by Jefferson-Pilot Life Insurance Company (*hereinafter sometimes Jefferson Pilot*) as a Complaint for Interpleader to determine the extent of various parties' claims and interests in the proceeds of a life insurance policy. The face value of the life insurance policy is One Million Five Hundred Thousand Dollars ($1,500,000.00). Sort-Rite asserts its interest in the policy as the "Employer/Beneficiary" of Shirley Metzger. The Employer/Beneficiary portion of the policy is $1,000,000.00. Leticia Elizalde de Pino, Debra Ann Metzger Finch and Katherine Lee Metzger's also claim an interest in the proceeds of the policy. De Pino contends that she is the sole beneficiary of the entire policy. Coastal Banc, SSB and the Export-Import Bank of the United States have settled their claims pursuant to an Agreed Order For Partial Distribution of Funds and Dismissal of parties entered May 23, 2002 (Instrument No. 42) and their claims have been severed pursuant to an Order of Severance entered May 31, 2002 (Instrument No. 43). Jefferson-Pilot has been dismissed pursuant to a Stipulation of Dismissal with Prejudice and is no longer a party. Therefore, the only remaining parties are Sort Rite International, Inc., Leticia Elizalde de Pino, Debra Ann Metzger Finch and Katherine Lee Metzger.

### 3. Jurisdiction

Jefferson-Pilot, the original Plaintiff, was diverse from each Claimant and the amount in controversy exceeds $75,000.00.

### 4. Motions

1.    Defendant Sort-Rite International, Inc.'s Motion for Summary Judgment.

2.    Defendants Pino, Finch & Metzger's Motion for Summary Judgment.

3.    Second Filed Motion to Distribute Funds Now in the Registry of the Court.

### 5. Contentions of the Parties

a.    Sort-Rite International, Inc.'s Contentions:

Sort-Rite is the Employer/Beneficiary of the Split-Dollar Endorsement policy and is therefore entitled to the $1,000,000.00 portion of the policy plus attorneys fees and reimbursement of premiums paid by the company.

b.    Leticia Elizalde De Pino's, Debra Ann Metzger's and Katherine Lee Metzger's Contentions:

### 6. Admissions of Fact

A.    Upon filing its Complaint for Interpleader, Jefferson Pilot deposited the sum of $1,509,774.70 with the United States Clerk's Office.   See Jefferson Pilot Life Insurance Company's Original Complaint for Interpleader, paragraph 29.

B.    Jefferson Pilot was dismissed from the case upon Stipulation of the Parties with payment from the interplead fund of $5,786.73 as attorney's fees and costs.

C.    On or about September 1, 1987, Shirley Jean Metzger, then age 49,  applied for a policy of life insurance with Jefferson-Pilot Life Insurance Company also known as "Pilot Life".  The face amount of the policy applied for was One Million Five Hundred

Thousand and No/Dollars ($1,500,000.00) with a "Split-Dollar Endorsement" between the "Employer", Sort-Rite, and certain individual Co-Beneficiaries. Shirley Metzger signed the application herself.   Jefferson-Pilot Insurance Policy number JP4038973 was issued on or about December 1, 1987 insuring the life of Shirley J. Metzger in the amount of One Million Five Hundred Thousand and No/100 Dollars ($1,500,000.00). Pursuant to the "Split-Dollar Endorsement" for Universal Life Policy, Sort-Rite was the "Employer".   Shirley Jean Metzger was the "Co-owner".   The "Co-beneficiaries" under the Split-Dollar Endorsement for Universal Life Policy were Debra Ann Metzger Finch, Katherine Lee Metzger and Frances E. Merrick.

D.      Beginning January 11, 1988 through January 4, 2001, Sort-Rite paid One Hundred Thousand Four Hundred Forty-Seven and 90/100 Dollars ($100,477.90)   in premiums for the policy. The premium amounts paid have been verified by Jefferson Pilot's Manager of Customer Service, James Richard Kettering.    These premiums were paid from the Sort-Rite checking account with Sort-Rite funds.

E.      Sort-Rite's premium payments were always sporadic as evidenced by the schedule including two payments in January 2001.  The reason for this in part is that there was not a "set Premium schedule and set premium amount."

F.      The policy in question was a "universal life policy" with a flexible-premium adjustable life/death benefit.  The cost of the insurance fees and expenses come out on a monthly basis, and there is no set premium schedule.

G.    On or about September 6, 1995, Shirley Metzger signed a Change of Beneficiary Form naming Leticia Elizalde De Pino as the primary beneficiary and Debra Ann Metzger Finch as the contingent beneficiary and Katherine Lee Metzger as the second contingent beneficiary.   (Whether the change applied to the Employer's portion, personal portion, or both, is contested).

H.    Debra Ann Metzger Finch and Katherine Metzger do not contend that they are currently beneficiaries under the policy.  Instead, their only interest is through an agreement with de Pino to share in any recovery she may obtain through this suit.  *See Sort-Rite's Motion for Summary Judgment SJXs "8" & "9", Deposition Excerpts of Finch, page 18, line 25 thru page 19, line 6, and Metzger, page 9, lines 12 thru 17*.

I.    On April 30, 1996, subsequent to the execution of the Change of Beneficiary form, Shirley Metzger, on behalf of Sort Rite,  signed a "Life Insurance Standard Confirmation Inquiry" confirming that Sort-Rite International, Inc. remained the Beneficiary of the Policy in question.

J.    Jefferson Pilot requires that if a policy is "corporate owned, the form must be signed and dated by two officials with their titles shown."  Sort-Rite was a corporate owner of the policy.   The 1995 change of beneficiary form does not contain the signature of two corporate officers.   The Change of Beneficiary Form was signed only by Shirley Metzger. No other officer of the corporation signed or witnessed the Change of Beneficiary.  Jefferson Pilot treated the change of beneficiary request as a change  in the Co-Owner's (Metzger's) portion of the policy and not to the corporate Employer's (Sort-Rite's) portion of the policy.

K.     Jefferson-Pilot could not have waived the "two-officer" requirement since it never considered that Metzger would be attempting to effect a change to the corporation's share of the policy to an individual.

L.     The policy itself prohibits either the Employer or the Employee/Co-Owner from "exercis[ing] any rights, options or privileges not specifically reserved to the Co-Owner in a manner which would impair any right or interest of the Employer.

M.     De Pino admits that she gave nothing of value in exchange for any interest in the policy.

N.     The endorsement defines net premium as: "The term "Net Premium" means the total premiums paid on the policy by the employer less (1) any outstanding policy loans made by the employer plus accrued interest thereon, (2) any partial withdrawals made by the employer, and (3) any other amounts received by the employer from the co-owner as a reimbursement of the premium paid by the employer."

## 7. Contested Issues of Fact

A.     Shirley Metzger never paid any premiums, nor did she reimburse Sort-Rite for any portion of the premiums.

B.     Jefferson Pilot Life Insurance Company did not consider the Life Insurance Contract rejected or Sort-Rite's interest terminated; otherwise, the company would not have deposited the monies in the registry of the Court and the nature of the litigation would be altogether different.

C.     After Sort-Rite's paying all of the premiums on the policy, it would violate the provisions of the split dollar endorsement agreement prohibiting actions against the interest

of either Sort-Rite or Metzger if she unilaterally and without consideration gave away Sort-Rite's interest to a personal friend.

### 8. Agreed Applicable Propositions of Law

A.     Split Dollar Policies are whole life policies in which a corporation and its employee share in the payment of premiums. The typical Split Dollar Policy has a corporate employer as both its owner and its beneficiary up to the cash value of the policy. The corporate employer and the employee each pays portion of the premium. The employee has the right to specify the beneficiary for the portion of the proceeds that exceed the cash value of the policy. Under any of the many variations of this arrangement, the employee has incidents of ownership over that portion of the proceeds over which he or she may designate the beneficiary, and that portion of the proceeds is included in his or her share. *See Fiore, et al., Modern Estate Planning, Chapter 17, Life Insurance. See also Internal Revenue Code Section 2402(2).*

B.     Insurance policies are contracts and are governed by the rules of interpretation that are applicable to contracts generally. *Barnett v. Aetna Life Insurance Company*, 723 S.W.2d 663, 665 (Tex. 1987). In the absence of ambiguity, insurance contracts are to be interpreted generally as other contracts are interpreted. *Koral Industries, Inc. v. Security Connecticut Life Insurance Company*, 788 S.W.2d 136, 150 (Tex.App.-Dallas 1990, writ denied) 802 S.W.2d 650 (Tex.)

C.     Rules of construction are to be applied only where there is uncertainty as to the meaning of an insurance contract or some portion thereof. It is not for the courts to rewrite the terms of a policy but to enforce it as written. Thus, the courts can only construe and

enforce the insurance contract as it was made; they are not authorized to make a new contract for the parties that disregards plain and unambiguous language used in the policy. The courts will neither extend the contract by implication, nor limit it by too strict a construction. *American Amicable Life Insurance Company v. Lawson*, 419 S.W.2d 823 (Tex.1967).

D.     When an insurance contract is not subject to challenge for ambiguity its interpretation is a question of law for the court. *Utica National Insurance Company v. Fidelity & Casualty Company*, 812 S.W.2d 656 at 661 (Tex.App.-Dallas 1991). The question on whether an insurance policy is ambiguous is also of question of law for the court to decide. "Courts should not strain to find an ambiguity, if, in doing so they defeat the probable intentions of the parties. . . . Courts attempt to construe a contract so as to avoid rendering any of its terms void." *Vest v. Gulf Insurance*, 809 S.W.2d 531 at 533 (Tex.App.-Dallas 1991, writ denied).

## 9.  Contested Issues of Law

A.     Metzger could not unilaterally and without the signature of another officer effect the change of Sort-Rite's Employer portion of the policy. Texas law requires strict compliance with change of beneficiary requirements. Jefferson Pilot required that two corporate officers execute any change of beneficiary with respect to the corporate employer owner's interest in the policy. *Creighton v. Barnes*, 257 S.W.2d 101 (Tex.Sup.1953); *Sylva v. Sylva*, 426 S.W.2d 253 (Tex.Civ.App.–El Paso 1968, writ ref'd n.r.e.).

B.     While an insurer may waive compliance with regulations in the policy intended for its benefit, the beneficiary named in the policy has a right by virtue of the contract to

require that a change be made substantially in accordance with the manner provided. *Creighton, supra.*

C.      Restrictions on change of beneficiary in life policies are not only for the benefit of the insured but are also for the benefit of the beneficiary last named as such in the certificate or policy itself. It is now well-settled that a purported change in beneficiary will be given effect only if the insured has substantially complied with the requirements or done all she reasonably could have done to comply. *Creighton v. Barnes,* 257, S.W.2d 101 (Tex. Sup. 1953).

D.      Even if Sort-Rite had elected to reject the policy, which is denied by Sort-Rite, that would not necessarily relieve Jefferson Pilot's duty to perform and pay. In *In re CVA General Contractor's Inc.* 267 B.R. 773 (W.D.Texas 2001).

E.      The Fifth Circuit has held that "the rejection of an executory contract whether by intention or by operation of law, does not terminate or forfeit the non-debtors parties' rights under the contract." **Id at 1082.** Said the Court,

> throughout [Bankruptcy Code Section] 365, rejection refers to the debtor's decision not to assume a burdensome lease or executory contract. Section 365(g) states that rejection of a [contract or] or lease "constitutes a breach" except as provided in subjections (h)(2) and (i)(2). Three circuits, including this one, have held that this language does not mean that the executory contract or lease has been terminated, but only that a breach has been deemed to occur. *In re Continental Airlines,* 981 F.2d 1450, 1459 (5th Cir.1993) ("to assert that a contract effectively does not exist as of the date of rejection is inconsistent with deeming the same contract breached"); *In re Modern Textile, Inc., 900 F.2d 1184, 1191 (8th Cir. 1990; Leasing Service, Corp. v. First Tennessee Bank Nat'l Ass'n, 826 F. 2d 434, 436-37 (6th Cir. 1987).*

F.    While only the trustee may reject a contract, termination of the contract can only occur at the option of the non-debtor party to that contract.    *In Re CVA General Contractors, Inc. supra at 777.*

G.    [A] debtor-insured retains his present interest in the policies whether they be assumed or not. . . . There is no forfeiture of past benefits. Likewise, the insurance company gains nothing by assumption of the contract, except the right to its pre-petition debt paid ahead of general claims.    *In Re Gladding*, 22 B.R. 632 at 636 (Bankr. D. Mass 1982).

H.    Sort-Rite would maintain an insurable interest since at the time of her death Shirley Metzger was employed by Sort-Rite International, Inc. and because her knowledge of the industry and her contacts in the sales side of the business were essential to the success of the business.

I.    Pino asserts that because Sort-Rite's Plan of Reorganization rejects any unassumed executory contracts that Sort-Rite no longer has an interest in the policy.

J.    **Tex.Ins.Code Sec. 3.49-1** provides that if the insured applies for the policy and names a beneficiary, that beneficiary shall thereafter at all times have an insurable interest.

## 10.  Exhibits

Please see the attached Exhibits List of Sort-Rite International, Inc.

a.    All other documents produced or responses made to discovery requests by any other party.

b.    All exhibits attached to depositions in this case to which these Defendants do not object and which are otherwise admissible at trial.

c.    All exhibits identified by any other party to which these Defendants do not object and which are otherwise admissible at trial.

d.    Sort-Rite International, Inc. reserves the right to identify additional exhibits as discovery continues and/or for the purpose of impeachment, cross-examination and rebuttal, the identity of which cannot be anticipated at this time.

## 11. Witnesses

See Defendant Sort-Rite International, Inc.'s Witness List which is attached.

Defendant Sort-Rite International, Inc. reserves the right to cross-examine any witness designated by any other party whether designated as a fact or expert witness.

All witnesses necessary for impeachment and rebuttal.

All witnesses necessary to lay the foundation for exhibits.

## 12. Settlement

All settlement efforts have been exhausted, and the case will have to be tried.

## 13. Trial

It is anticipated that trial will last two (2) days.    Sort-Rite International, Inc. anticipates availability of all witnesses.    The following witnesses for Sort-Rite reside elsewhere: Tom Braniff resides in Houston and William Capt resides in Florida.

## 14. Attachments

Attachment 1:    Sort-Rite's Proposed Findings of Fact.

Attachment 2:    Sort-Rite's Conclusions of Law.

_____     Date: _____
United States District Judge


**Approved:**

_____     Date: 8-21-02
Chris Boswell, Attorney-in-Charge
Defendant Sort-Rite International, Inc.


_____     Date: _____
Constance Singleton, Attorney-in-Charge
Defendants Leticia Elizalde de Pino, Katherine
Lee Metzger & Debra Ann Metzger Finch

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JEFFERSON PILOT LIFE INSURANCE | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-01-142 |
| | § | |
| SORT-RITE INTERNATIONAL, INC., | § | |
| et al. | § | |

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. **Proposed Findings of Fact.**

1.   Upon filing its Complaint for Interpleader, Jefferson Pilot deposited the sum of $1,509,774.70 wit the United States Clerk's Office. Jefferson Pilot was dismissed from the case upon Stipulation of the Parties with payment from the interplead fund of $5,786.73 as attorney's fees and costs.

2.   On or about September 1, 1987, Shirley Jean Metzger, then age 49, applied for a policy of life insurance with Jefferson-Pilot life Insurance Co. also known as "Pilot Life." The face amount of the policy applied for was One Million Five Hundred Thousand and No/Dollar ($1,500,000) with a Split-Dollar Endorsement between the Employer, Sort Rite, and certain individual Co-Beneficiaries. Shirley Metzger signed the application herself.

3.   Jefferson-Pilot Life insurance Policy number JP4038973 was issued on or about December 1, 1987 insuring the life of Shirley J. Metzger in the amount of $1,500,000. Pursuant to the "Split Dollar Endorsement" for Universal Life Policy, Sort-Rite was the "Employer". Shirley Jean Metzger was the "Co-Owner". The Co-Beneficiaries under the Split-Dollar Endorsement for Universal Life Policy were Debra Ann Metzger Finch, Katherine Lee Metzger and Frances Merrick.

4.   Beginning January 11, 1988 through January 4, 2001, Sort-Rite paid One Hundred Thousand Four Hundred Forty Seven and 90/100 Dollars ($100,477.90) in premiums for the policy.

5.      On or about September 6, 1995, Shirley Metzger signed a Change of Beneficiary Form. The form named Letitia Elizalde De Pino as a primary beneficiary of a portion of the policy.

6.      The 1995 Change of Beneficiary form was signed only by Shirley Metzger. No other corporate officer signed or witnessed the Change of Beneficiary.

7.      Jefferson Pilot requires that if a policy is "corporate owned, the form must be signed and dated by two officials with their titles shown."

8.      Sort-Rite was a corporate owner of the policy.

9.      Jefferson Pilot treated and considered the change of beneficiary request as a change in the Co-owner's (Metzger's individual) portion of the policy and not to the corporate Employer's (Sort-Rite's) portion of the policy.

10.     Debra Ann Metzger Finch and Katherine Metzger do not contend that they are currently beneficiaries under the policy. Instead, their only interest is through an agreement with de Pino to share in any recovery she may obtain through this suit.

11.     On April 30, 1996, subsequent to the execution of the Change of Beneficiary form, Shirley Metzger, on behalf of Sort Rite, signed a "Life Insurance Standard Confirmation Inquiry" confirming that Sort-Rite International, Inc. remained the Beneficiary of the policy in question.

12.     The 1995 change of beneficiary form does not contain the signature of two corporate officers as required.

13.     Jefferson-Pilot did not waive the "two-officer" signature requirement on the 1995 Change of Beneficiary.

14.     The policy prohibits either the Employer or the Employee/Co-Owner from Exercising any rights, options or privileges not specifically reserved to the Co-Owner in a manner which would impair any right or interest of the Employer.

15.     De Pino gave nothing of value in exchange for being named beneficiary of the corporation's portion of the policy.

16.     The policy in question was a "universal life policy" with a flexible premium adjustable life/death benefit. There was no set premium schedule.

17.    Shirley Metzger never paid any premiums, nor did she reimburse Sort-Rite for any portion of the premiums.

18.    The policy was not rejected by Sort-Rite in its 2001 Bankruptcy Plan.

19.    Sort-Rite's reasonable and necessary attorney's fees through trial are $75,000.00. If the case is appealed to the 5th Circuit, reasonable attorneys fees through appeal would be $25,000. If an application for writ of certiorari is made to the U.S. Supreme Court, an additional $20,000 and if the writ were granted an additional $25,000.

## B.    Conclusions of Law.

1.    Sort-Rite International, Inc. at all material times has had an insurable interest in the Jefferson Life Policy.

2.    Sort-Rite International, Inc. is entitled to Declaratory Judgment that it is entitled pursuant to the Interpleader action to the $1,000,000 Employer portion of the policy.

3.    The 1995 Change of Beneficiary was ineffective to Change the Beneficiary of the Employer's portion of the policy.

4.    Any attempt by Shirley Metzger to change the Beneficiary of the Employer's portion of the policy to Leticia Pino through the 1995 Change of Beneficiary was violative of the Policy and void ab initio.

5.    Sort-Rite International's 2001 Bankruptcy Plan of Reorganization did not have the effect of rejecting the policy as an executory contract.

6.    The Jefferson Pilot Life Insurance Policy is not an executory contract.

7.    Jefferson Pilot could not be relieved of its duty to perform and pay on the policy. While only the trustee may reject a contract, termination of the contract can only occur at the option of the non-debtor part to that contract which never occurred in this case. In re CVA General Contractor's Inc. 267 B.R. 773 (W.D. Texas 2001).

8.    Sort-Rite International, Inc. is entitled to recover from the remaining portion of the policy an amount equal to 1/3 of the premiums paid by Sort-Rite together with interest accruing from the date of each premium payment at the rate of 6% per annum.

9.    Sort-Rite International, Inc. is entitled to recover of and from Leticia Pino's portion of the policy proceeds an amount equal to its necessary and reasonable attorney's fees.

OF COUNSEL:

STAPLETON, CURTIS &
    BOSWELL, L.L.P.

_____
Chris Boswell
Attorney in Charge
State Bar No. 02683300
Southern District of Texas
Admissions Id. No. 1256
515 East Harrison, Suite "A" (78550)
Post Office Box 2644
Harlingen, Texas 78551
Telephone:        (956) 428-9191
Telecopier:      (956) 428-9283

Attorney for Sort-Rite International, Inc.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 21ˢᵗ day of August, 2002, a true and correct copy of the above and foregoing document  was forwarded to all parties herein:

Defendant Leticia Elizalde de Pino          CMRRR #7001 2510 0006 8914 3474
Defendant Debra Ann Metzger Finch
Defendant Katherine Lee Metzger
By and Through Their Attorney of Record
Ms. Constance Y. Singleton
215 Bayland Ave.
Houston, Texas 77009

Mr. James DeAnda                            CMRRR #7001 2510 0006 8914 2699
Solar & Associates
2800 Post Oak Blvd., Suite 6300
Houston, Texas 77056

Mr. William Capt                            First Class Mail
Sort-Rite International, Inc.
P.O. Box 1805
Harlingen, Texas 78551-1805

_____
Chris Boswell

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JEFFERSON PILOT LIFE INSURANCE | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-01-142 |
| | § | |
| SORT-RITE INTERNATIONAL, INC., | § | |
| et al. | § | |

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Proposed Findings of Fact.

1.  Upon filing its Complaint for Interpleader, Jefferson Pilot deposited the sum of $1,509,774.70 wit the United States Clerk's Office. Jefferson Pilot was dismissed from the case upon Stipulation of the Parties with payment from the interplead fund of $5,786.73 as attorney's fees and costs.

2.  On or about September 1, 1987, Shirley Jean Metzger, then age 49, applied for a policy of life insurance with Jefferson-Pilot life Insurance Co. also known as "Pilot Life." The face amount of the policy applied for was One Million Five Hundred Thousand and No/Dollar ($1,500,000) with a Split-Dollar Endorsement between the Employer, Sort Rite, and certain individual Co-Beneficiaries. Shirley Metzger signed the application herself.

3.  Jefferson-Pilot Life insurance Policy number JP4038973 was issued on or about December 1, 1987 insuring the life of Shirley J. Metzger in the amount of $1,500,000. Pursuant to the "Split Dollar Endorsement" for Universal Life Policy, Sort-Rite was the "Employer". Shirley Jean Metzger was the "Co-Owner". The Co-Beneficiaries under the Split-Dollar Endorsement for Universal Life Policy were Debra Ann Metzger Finch, Katherine Lee Metzger and Frances Merrick.

4.  Beginning January 11, 1988 through January 4, 2001, Sort-Rite paid One Hundred Thousand Four Hundred Forty Seven and 90/100 Dollars ($100,477.90) in premiums for the policy.

5.  On or about September 6, 1995, Shirley Metzger signed a Change of Beneficiary Form. The form named Letitia Elizalde De Pino as a primary beneficiary of a portion of the policy.

6.  The 1995 Change of Beneficiary form was signed only by Shirley Metzger. No other corporate officer signed or witnessed the Change of Beneficiary.

7.  Jefferson Pilot requires that if a policy is "corporate owned, the form must be signed and dated by two officials with their titles shown."

8.  Sort-Rite was a corporate owner of the policy.

9.  Jefferson Pilot treated and considered the change of beneficiary request as a change in the Co-owner's (Metzger's individual) portion of the policy and not to the corporate Employer's (Sort-Rite's) portion of the policy.

10. Debra Ann Metzger Finch and Katherine Metzger do not contend that they are currently beneficiaries under the policy. Instead, their only interest is through an agreement with de Pino to share in any recovery she may obtain through this suit.

11. On April 30, 1996, subsequent to the execution of the Change of Beneficiary form, Shirley Metzger, on behalf of Sort Rite, signed a "Life Insurance Standard Confirmation Inquiry" confirming that Sort-Rite International, Inc. remained the Beneficiary of the policy in question.

12. The 1995 change of beneficiary form does not contain the signature of two corporate officers as required.

13. Jefferson-Pilot did not waive the "two-officer" signature requirement on the 1995 Change of Beneficiary.

14. The policy prohibits either the Employer or the Employee/Co-Owner from Exercising any rights, options or privileges not specifically reserved to the Co-Owner in a manner which would impair any right or interest of the Employer.

15. De Pino gave nothing of value in exchange for being named beneficiary of the corporation's portion of the policy.

16. The policy in question was a "universal life policy" with a flexible premium adjustable life/death benefit. There was no set premium schedule.

17.  Shirley Metzger never paid any premiums, nor did she reimburse Sort-Rite for any portion of the premiums.

18.  The policy was not rejected by Sort-Rite in its 2001 Bankruptcy Plan.

19.  Sort-Rite's reasonable and necessary attorney's fees through trial are $75,000.00. If the case is appealed to the 5th Circuit, reasonable attorneys fees through appeal would be $25,000. If an application for writ of certiorari is made to the U.S. Supreme Court, an additional $20,000 and if the writ were granted an additional $25,000.

## B.  Conclusions of Law.

1.  Sort-Rite International, Inc. at all material times has had an insurable interest in the Jefferson Life Policy.

2.  Sort-Rite International, Inc. is entitled to Declaratory Judgment that it is entitled pursuant to the Interpleader action to the $1,000,000 Employer portion of the policy.

3.  The 1995 Change of Beneficiary was ineffective to Change the Beneficiary of the Employer's portion of the policy.

4.  Any attempt by Shirley Metzger to change the Beneficiary of the Employer's portion of the policy to Leticia Pino through the 1995 Change of Beneficiary was violative of the Policy and void ab initio.

5.  Sort-Rite International's 2001 Bankruptcy Plan of Reorganization did not have the effect of rejecting the policy as an executory contract.

6.  The Jefferson Pilot Life Insurance Policy is not an executory contract.

7.  Jefferson Pilot could not be relieved of its duty to perform and pay on the policy. While only the trustee may reject a contract, termination of the contract can only occur at the option of the non-debtor part to that contract which never occurred in this case. In re CVA General Contractor's Inc. 267 B.R. 773 (W.D. Texas 2001).

8.  Sort-Rite International, Inc. is entitled to recover from the remaining portion of the policy an amount equal to 1/3 of the premiums paid by Sort-Rite together with interest accruing from the date of each premium payment at the rate of 6% per annum.

9.  Sort-Rite International, Inc. is entitled to recover of and from Leticia Pino's portion of the policy proceeds an amount equal to its necessary and reasonable attorney's fees.

OF COUNSEL:

STAPLETON, CURTIS &
  BOSWELL, L.L.P.

_____
Chris Boswell
Attorney in Charge
State Bar No. 02683300
Southern District of Texas
Admissions Id. No. 1256
515 East Harrison, Suite "A" (78550)
Post Office Box 2644
Harlingen, Texas 78551
Telephone:      (956) 428-9191
Telecopier:     (956) 428-9283

Attorney for Sort-Rite International, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the ____ day of August, 2002, a true and correct copy of the above and foregoing document was forwarded to all parties herein:

Defendant Leticia Elizalde de Pino        CMRRR #7001 2510 0006 8914 3474
Defendant Debra Ann Metzger Finch
Defendant Katherine Lee Metzger
By and Through Their Attorney of Record
Ms. Constance Y. Singleton
215 Bayland Ave.
Houston, Texas 77009

Mr. James DeAnda                          CMRRR #7001 2510 0006 8914 2699
Solar & Associates
2800 Post Oak Blvd., Suite 6300
Houston, Texas 77056

Mr. William Capt                          First Class Mail
Sort-Rite International, Inc.
P.O. Box 1805
Harlingen, Texas 78551-1805

_____
Chris Boswell

| UNITED STATES DISTRICT COURT | ☆ | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| JEFFERSON PILOT LIFE INS. CO.<br><br>V.<br><br>SORT-RITE INTERNATION, LETITIA PINO, KATHERINE METZGER AND DEBRA METZGER FINCH | CASE NO.    B-01-142<br><br>**Exhibit List** |
|---|---|
| Judge Hilda G. Tagle | Case Manager:    Stella Cavazos<br>Court Reporter:    Breck Record |
| List of Exhibits for<br>**SORT-RITE INTERNATIONAL, INC.** | Proceeding                                  Date |

| No. | Description | Adm | Exd |
|---|---|---|---|
| 1 | Jefferson Pilot Life Insurance Application dated 9/1/87 signed by Shirley Metzger | | |
| 2 | Jefferson Pilot Life Insurance Policy JP4038973 with Split Dollar Endorsement for Universal Life | | |
| 3 | Summary of Premium Activity from Jefferson Pilot Business Records previously marked as Exhibit 1 to Kettenrings Deposition | | |
| 4 | Summary of Premium Paids on JP4038973 previously marked as Exhibit 2 to Kettering's Deposition | | |
| 5 | Copies of Sort Rite International Inc. Checks to Jefferson Pilot Life Ins. Co. previously marked as SJX "4" to Sort-Rite's Motion for Summary Judgment | | . |
| 6 | Change of Beneficiary Form signed in 1995 and previously marked as SJX "6" to Sort Rite's Motion for Summary Judgment | | |
| 7 | The Affidavit of Carl Semmler dated March 15, 2002 with attachments and previously marked as SJX "7" to Sort Rite's Motion for Summary Judgment | | |
| 8 | Life Insurance Standard Confirmation Inquiry dated April 30, 1996 and previously marked as SJX "10" to Sort Rite's Motion for Summary Judgment | | |
| 9 | An Original Multi-part Change Of Beneficiary Form from Jefferson Pilot of the type used in 1995 attached to the deposition of Carl Semmler | | |
| 10 | Time Records for Attorney Chris Boswell | | |
| 11 | Report of Thomas Braniff | | |
| 12 | | | |
| 13 | | | |

**UNITED STATES DISTRICT COURT    ☆    SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| Jefferson-Pilot Life Ins. Co.<br><br>V.<br><br>Sort-Rite International, Leticia Pino, Katherine Metzger and Debra Metzger Finch | CASE NO. **B-01-142**<br><br>**Witness List** |
| Judge Hilda G. Tagle | Case Manager:   Stella Cavazos<br>Court Reporter:   Breck Record |
| List of<br>**WITNESSES FOR SORT-RITE INTL. INC.** | Proceeding                                        Date |

1.    George Daily
      Sort-Rite International, Inc.
      P.O. Box 1805
      Harlingen, Texas 78551
      (956) 423-2427

      Will testify regarding the ownership of Sort-Rite, the ownership of the life insurance policy in question, Shirley Metzger's role in the company, payment of premiums and the Sort-Rite Bankruptcy.

2.    William Capt
      Sort-Rite International, Inc.
      8485 N.W. 74th
      Miami, Florida 33166

      Will testify regarding the ownership of Sort-Rite, the ownership of the life insurance policy in questions, Shirley Metzger's role in the company, payment of premiums and the Sort-Rite Bankruptcy.

3.    Carl D. Semmler
       Assistant Vice President & Associate Counsel
       Jefferson Pilot Financial
       P.O. Box 21008
       Greensboro, NC 27420
       336-691-3369

       Will testify regarding practices and procedures of Jefferson Pilot, requirements for changing beneficiaries, documents contained in Jefferson Pilot's file and the fact that Jefferson Pilot did not consider the 1995 change of beneficiary by Shirley Metzger as a change to the corporation/employer's portion of the policy.   Testimony will be by deposition.

4.    James Richard Kettenring
       Manager of Customer Service
       Jefferson Pilot Financial
       Greensboro, NC 27420
       336-691-3369

       Will testify regarding the amount of premiums paid on the policy, balance of any loan or value at time of death and the premium requirements.   Testimony will be by deposition.

5.    Thomas Braniff, JD, CPCU, Expert Witness
       Texas Insurance Consulting
       River Oaks Bank & Trust Bldg.
       2001 Kirby Drive, Suite 915
       Houston, Texas 77019
       (713) 524-2250

       Mr. Braniff will testify as indicated in Designation of expert Witness previously served and filed. The opinions will include: A description of the nature of split-dollar endorsement policies, customary and reasonableness of provisions prohibiting parties from exercising rights which would be detrimental to the other party, requirements regarding

the requirement of signatures of multiple corporate officers to effect changes of beneficiary, improprieties in naming a personal friend of the insured as beneficiary of the corporate owned portion of a split dollar endorsement policy, why the change of beneficiary form in 1995 did not effect a change in beneficiary of the corporation's portion of the policy, and why the corporation is entitled to the $1,000,000 portion of the policy in question.

6.    Chris Boswell
      Stapleton, Curtis & Boswell
      Attorneys at Law
      515 East Harrison, Suite "A"
      Post Office Box 2644
      Harlingen, Texas 78551
      (956) 428-9191
      (956) 428-9283 (fax)

      Will testify regarding the reasonableness and necessity of attorneys fees incurred in connection with this case recoverable in a Declaratory Judgment Action. The testimony will include an opinion that $75,000 would be a reasonable fee for representation of Sort-Rite through a three day trial of this case. That opinion is based on an hourly rate of $250.00 per hour for 300 hours. If the case is appealed to the 5th Circuit, reasonable attorneys fees through appeal would be $25,000. If an application for writ of certiorari is made to the U.S. Supreme Court, an additional $20,000 and if the writ were granted an additional $25,000.

7.    Leticia Elizalde de Pino
      through her Attorney Constance Singleton
      215 Bay land Ave.
      Houston, Texas 77009
      281-687-0100

      Will testify that she gave nothing of value to Sort-Rite, Inc. sufficient to be named beneficiary of the corporation's portion of the policy and that she knows nothing surrounding the events or intent of Shirley Metzger's decision sign the Change of

Beneficiary Form in 1995.  Knows of her agreement  with Debra Metzger Finch and Katherine Metzger to share any recovery from this suit.

8.    Debra Metzger Finch
      through her Attorney Constance Singleton
      215 Bay land Ave.
      Houston, Texas 77009 .
      281-687-0100

      Will testify that she knows nothing surrounding the purpose and intent of the 1995 Change of Beneficiary form.  Knows of her agreement to share recovery from this suit with Pino and her sister.

9.    Katherine Metzger
      through her Attorney Constance Singleton
      215 Bay land Ave.
      Houston, Texas 77009
      281-687-0100

      Will testify that she knows nothing surrounding the purpose and intent of the 1995 Change of Beneficiary form.  Knows of her agreement to share recovery from this suit with Pino and her sister.