United States District Court
Southern District of Texas
FILED



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

**AUG 2 3 2002**

**Michael N. Milby**
**Clerk of Court**

| | | |
|---|---|---|
| JEFFERSON PILOT LIFE INSURANCE | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. B-01-142 |
| SORT-RITE INTERNATIONAL, INC., | § | |
| LETICIA ELIZALDE DE PINO, DEBRA | § | |
| FINCH AND KATHERINE METZGER | § | |

## JOINT PRETRIAL ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

### 1. Appearance of Counsel

    a.      Remaining Party Claimants:

    1.      Party Claimant:    Sort-Rite International, Inc.

                Attorneys   :    Chris Boswell
                                     Attorney-in-Charge
                                     Stapleton, Curtis & Boswell, L.L.P.
                                     Federal ID No. 1256
                                     State Bar No. 02683300
                                     515 East Harrison Street, Suite "A" (78550)
                                     P.O. Box 2644
                                     Harlingen, Texas 78551
                                     Telephone:     (956) 428-9191
                                     Telecopier:    (956) 428-9283

    2.      Party Claimant:    Leticia Elizalde de Pino, Debra Metzger Finch and Katherine Lee Metzger

---

Joint Pretrial Order/3206.001

Attorneys    :    Constance Y. Singleton
Attorney-in-Chargé
Federal ID No. 6567
State Bar No. 18435600
215 Bayland Avenue
Houston, Texas 77009
Telephone:    (281) 687-0100
Telecopier:    (713) 802-1202

**AND**

James DeAnda
Solar & Associates
Federal ID No. 15484
State Bar No. 05624000
2800 Post Oak Blvd., Suite 6300
Houston, Texas 77056
Telephone:    (713) 850-1212
Telecopier:    (713) 850-1199

## 2. Statement of the Case

a.    This suit was originally filed by Jefferson-Pilot Life Insurance Company
(*hereinafter sometimes Jefferson Pilot*) as a Complaint for Interpleader to determine the
extent of various parties' claims and interests in the proceeds of a life insurance policy.
The face value of the life insurance policy is One Million Five Hundred Thousand Dollars
($1,500,000.00). Sort-Rite asserts its interest in the policy as the "Employer/Beneficiary"
of Shirley Metzger, which amount is $1,000,000.00. Leticia Elizalde de Pino, Debra Ann
Metzger Finch and Katherine Lee Metzger's also claim an interest in the entire policy.
Coastal Banc, SSB and the Export-Import Bank of the United States have settled their claims
pursuant to an Agreed Order For Partial Distribution of Funds and Dismissal of parties

entered May 23, 2002 (Instrument No. 42) and their claims have been severed pursuant to

an Order of Severance entered May 31, 2002 (Instrument No. 43).  Jefferson-Pilot has been

dismissed pursuant to a Stipulation of Dismissal with Prejudice and is no longer a party.

Therefore, the only remaining parties are Sort Rite International, Inc., Leticia Elizalde de

Pino, Debra Ann Metzger Finch and Katherine Lee Metzger.

      b.     SETTLED PARTY-CLAIMANTS:

           1.     Coastal Banc, SSB
                  Andrew K. Rozell, Attorney-in-Charge
                  323 East Jackson
                  Harlingen, Texas 78550
                  Telephone:   (956) 428-1282
                  Telecopier:   (956) 428-6595
                  AND
                  Michael R. Ezell
                  Attorney at Law
                  312 East Van Buren
                  Harlingen, Texas 78550
                  Telephone:   (956) 425-2000_
                  Telecopier:   (956) 421-4258

           2.     Export-Import Bank of the United States
                  United States Attorney's Office
                  Nancy Masso, Assistant US Attorney
                  600 East Harrison Street, Suite "A"
                  Brownsville, Texas 78520
                  Telephone:   (956) 548-2554
                  Telecopier:   (956) 548-2549

### 3. **Jurisdiction**

Jefferson-Pilot, the original Plaintiff, was diverse from each Claimant and the amount

in controversy exceeds $75,000.00.

---

## 4. <u>Motions</u>

1.      Defendant Sort-Rite International, Inc.'s Motion for Summary Judgment.

2.      Defendants Pino, Finch & Metzger's Motion for Summary Judgment.

3.      Second Filed Motion to Distribute Funds Now in the Registry of the Court.

## 5. <u>Contentions of the Parties</u>

a.      Sort-Rite International, Inc.'s Contentions:

Sort-Rite is the Employer/Beneficiary of the Split-Dollar Endorsement policy and is therefore entitled to the $1,000,000.00 portion of the policy plus attorneys fees and reimbursement of premiums paid by the company.

b.      Leticia Elizalde De Pino's, Debra Ann Metzger's and Katherine Lee Metzger's Contentions:

1.      Leticia Pino, Debra Finch and Katherine Metzger collectively assert that they are entitled to all of the proceeds to the policy which remain in the Registry of the Court after payment to settling Claimants, Coastal Banc, SSB and Export-Import Bank of the United States.

2.      Leticia Pino, Debra Finch and Katherine Metzger dispute the right of Sort-Rite International to a reimbursement of premiums and dispute its right to attorney's fees.

## 6. <u>Admissions of Fact</u>

A.      Upon filing its Complaint for Interpleader, Jefferson Pilot deposited the sum of $1,509,774.70 with the United States Clerk's Office.  See Jefferson Pilot Life Insurance Company's Original Complaint for Interpleader, paragraph 29.

---

Joint Pretrial Order/3206.001                                      Page 4

B.     In December 2001, Jefferson Pilot was dismissed from the case upon Stipulation of the Parties with payment from the interplead fund of $5,786.73 as attorney's fees and costs.

C.     On or about September 1, 1987, Shirley Jean Metzger, then age 49, applied for a policy of life insurance with Jefferson-Pilot Life Insurance Company. The face amount of the policy applied for was One Million Five Hundred Thousand and No/Dollars ($1,500,000.00). The original policy contained a "Split-Dollar Endorsement" between the "Employer", Sort-Rite, and certain individual Co-Beneficiaries. Shirley Metzger signed the application herself.   Jefferson-Pilot Insurance Policy number JP4038973 was issued on or about December 1, 1987 insuring the life of Shirley J. Metzger in the amount of One Million Five Hundred Thousand and No/100 Dollars ($1,500,000.00). Pursuant to the "Split-Dollar Endorsement" for Universal Life Policy, Sort-Rite was the "Employer" and Shirley Jean Metzger was the "Co-owner". The "Co-beneficiaries" under the Split-Dollar Endorsement for Universal Life Policy were Debra Ann Metzger Finch, Katherine Lee Metzger and Frances E. Merrick.

D.     On or about September 6, 1995, Shirley Metzger signed a Change of Beneficiary Form naming Leticia Elizalde De Pino as the primary beneficiary and Debra Ann Metzger Finch as the contingent beneficiary and Katherine Lee Metzger as the second contingent beneficiary. (Whether the change applied to the Employer's portion, personal portion, or both, is contested).

E.     On April 30, 1996, subsequent to the execution of the Change of Beneficiary form, Shirley Metzger, on behalf of Sort Rite,  signed a "Life Insurance Standard Confirmation Inquiry" confirming that Sort-Rite International, Inc. remained the Beneficiary of the Policy in question.

F.     The endorsement defines net premium as: "The term "Net Premium" means the total premiums paid on the policy by the employer less (1) any outstanding policy loans made by the employer plus accrued interest thereon, (2) any partial withdrawals made by the employer, and (3) any other amounts received by the employer from the co-owner as a reimbursement of the premium paid by the employer."

G.     The split-dollar endorsement recites the following:

> CO-OWNER PAYS COST OF INSURANCE - Each premium on the policy shall be paid  by the Employer as it becomes due.  The Co-Owner agrees to pay to the Employer an amount equal to the cost of the insurance provided to the Co-Owner by the policy each year.  Co-Owner may make voluntary additional premium contributions to the Employer and Employer shall pay each amount as an increased premium.

H.     The policy itself prohibits either the Employer or the Employee/Co-Owner from "exercis[ing] any rights, options or privileges not specifically reserved to the Co-Owner in a manner which would impair any right or interest of the Employer.

I.     In May 1992, Sort-Rite International filed for protection under Chapter 11 of the United States Bankruptcy Code, Case No. 92-21053.  The subject policy was listed as a corporate asset in the voluntary petition which Sort-Rite International filed.

J.    A Plan of Reorganization was confirmed in that bankruptcy case on March 14, 1994. That Plan of Reorganization rejected all executory contracts, but did not specifically name the subject life insurance policy.

K.    In April 2000, Sort-Rite International filed once again for protection under Chapter 11 of the United States Bankruptcy Code, Case No. 00-21094. The subject policy is not listed as a corporate asset in the voluntary petition filed in the second bankruptcy.

L.    Sort-Rite's Second Amended Plan of Reorganization in Case No. 00-21094 was confirmed by the Bankruptcy Court on January 30, 2001.

M.    The Second Amended Plan of Reorganization specifically rejects all executory contracts, through language which includes:

> Debtor rejects, as of the Effective Date, any and all employee-related agreements and policies, including any employment agreement, management agreement or stock option provided to any employee in connection with an employment agreement or other agreement which existed prior to filing, including but not limited to any and all related employment and severance practices and policies, and all related compensation and benefit plans, policies and programs of the Debtor applicable to its officers and employees, including insurance plans, health care plans, severance benefit plans, disability and other insurance plans provided thereunder.

N.    In its Original Complaint for Interpleader, Jefferson Pilot Life Insurance Company pled, in paragraph 10 that:

> Pursuant to a Split-Dollar Endorsement for Universal Life Policy under the Policy, SHIRLEY J. METZGER was Co-Owner and SORT-RITE INTERNATIONAL, INC. was the Employer Co-Owner of the Policy. The Co-Beneficiaries under

the Split-Dollar Endorsement for Universal Life Policy of the Policy were DEBRA ANN METZGER FINCH, KATHERINE LEE METZGER and FRANCIS E. MERRICK.

O.    Whether in its Original Complaint for Interpleader, Jefferson Pilot Life Insurance Company pled, in paragraph 12, that:

> The Insured, in her capacity as President of SORT-RITE INTERNATIONAL, INC., changed the beneficiary designation in August 1995, naming LETICIA ELIZALDE de PINO, friend, a primary beneficiary and DEBRA ANN METZGER FINCH and KATHERINE LEE METZGER as contingent beneficiaries.

P.    After the Bankruptcy Judge signed the Order confirming the Second Amended Plan of Reorganization, there were no further payments of premiums on the subject life insurance policy.

## 7. Contested Issues of Fact

A.    Whether Shirley Metzger ever paid any premiums or reimburse Sort-Rite for any portions of the premiums.

B.    Whether Jefferson Pilot Life Insurance Company considered the Life Insurance Contract rejected or Sort-Rite's interest terminated.

C.    Whether after Sort-Rite's paying all of the premiums on the policy, it would violate the provisions of the split dollar endorsement agreement prohibiting actions against the interest of either Sort-Rite or Metzger if she unilaterally and without consideration gave away Sort-Rite's interest to a personal friend.

D.     Beginning January 11, 1988 through January 4, 2001. Whether Sort-Rite paid One Hundred Thousand Four Hundred Forty-Seven and 90/100 Dollars ($100,477.90) in premiums for the policy between January 11, 1988 through January 4, 2001 and whether those premium amounts paid have been verified by Jefferson Pilot's Manager of Customer Service, James Richard Kettering. Whether these premiums were paid from the Sort-Rite checking account with Sort-Rite funds.

E.     Whether Jefferson Pilot requires that if a policy is "corporate owned, the form must be signed and dated by two officials with their titles shown." Sort-Rite was a corporate owner of the policy. The 1995 change of beneficiary form does not contain the signature of two corporate officers. The Change of Beneficiary Form was signed only by Shirley Metzger. No other officer of the corporation signed or witnessed the Change of Beneficiary. Jefferson Pilot treated the change of beneficiary request as a change in the Co-Owner's (Metzger's) portion of the policy and not to the corporate Employer's (Sort-Rite's) portion of the policy.

F.     Whether Debra Ann Metzger Finch and Katherine Metzger do not contend that they are currently beneficiaries under the policy and whether their only interest is through an agreement with de Pino to share in any recovery she may obtain through this suit.

G.     Whether Jefferson-Pilot could not have waived the "two-officer" requirement since it never considered that Metzger would be attempting to effect a change to the corporation's share of the policy to an individual.

H.    Whether De Pino admits that she gave nothing of value in exchange for any interest in the policy.

I.    Whether Sort-Rite's premium payments were always sporadic as evidenced by the schedule including two payments in January 2001. The reason for this in part is that there was not a "set Premium schedule and set premium amount."

J.    Whether there was no set premium schedule because the policy in question was a "universal life policy" with a flexible-premium adjustable life/death benefit with cost of the insurance fees and expenses come out on a monthly basis, and there is no set premium schedule.

K.    Whether, when the matter of the life insurance policy was discussed at the January 10, 2001 hearing in United States Bankruptcy Court on the confirmation of the plan of reorganization, attorney for the Debtor, Sort-Rite International, stated to the Court that the policy would have to be "reversed out".

## 8. Agreed Applicable Propositions of Law

A.    Insurance policies are contracts and are governed by the rules of interpretation that are applicable to contracts generally. *Barnett v. Aetna Life Insurance Company*, 723 S.W.2d 663, 665 (Tex. 1987). In the absence of ambiguity, insurance contracts are to be interpreted generally as other contracts are interpreted. *Koral Industries, Inc. v. Security Connecticut Life Insurance Company*, 788 S.W.2d 136, 150 (Tex.App.-Dallas 1990, writ denied) 802 S.W.2d 650 (Tex.)

---

B.    When an insurance contract is not subject to challenge for ambiguity its interpretation is a question of law for the court. *Utica National Insurance Company v. Fidelity & Casualty Company*, 812 S.W.2d 656 at 661 (Tex.App.-Dallas 1991). The question on whether an insurance policy is ambiguous is also of question of law for the court to decide. "Courts should not strain to find an ambiguity, if, in doing so they defeat the probable intentions of the parties. . . . Courts attempt to construe a contract so as to avoid rendering any of its terms void." *Vest v. Gulf Insurance*, 809 S.W.2d 531 at 533 (Tex.App.-Dallas 1991, writ denied).

C.    The United States Bankruptcy Code and Rules applies to the facts which relate to Sort-Rite International two Chapter 11 Bankruptcy filings.

### 9.  <u>Contested Issues of Law</u>

A.    Whether Metzger could not unilaterally and without the signature of another officer effect the change of Sort-Rite's Employer portion of the policy. Texas law requires strict compliance with change of beneficiary requirements. Jefferson Pilot required that two corporate officers execute any change of beneficiary with respect to the corporate employer owner's interest in the policy. *Creighton v. Barnes*, 257 S.W.2d 101 (Tex.Sup.1953); *Sylva v. Sylva*, 426 S.W.2d 253 (Tex.Civ.App.-El Paso 1968, writ ref'd n.r.e.).

B.    Whether while an insurer may waive compliance with regulations in the policy intended for its benefit, the beneficiary named in the policy has a right by virtue of the

contract to require that a change be made substantially in accordance with the manner provided. *Creighton, supra.*

C.     Whether restrictions on change of beneficiary in life policies are not only for the benefit of the insured but are also for the benefit of the beneficiary last named as such in the certificate or policy itself. It is now well-settled that a purported change in beneficiary will be given effect only if the insured has substantially complied with the requirements or done all she reasonably could have done to comply. *Creighton v. Barnes,* 257, S.W.2d 101 (Tex. Sup. 1953).

D.     Whether even if Sort-Rite had elected to reject the policy, which is denied by Sort-Rite, that would not necessarily relieve Jefferson Pilot's duty to perform and pay. In *In re CVA General Contractor's Inc.* 267 B.R. 773 (W.D.Texas 2001).

E.     Whether "the rejection of an executory contract whether by intention or by operation of law, does not terminate or forfeit the non-debtors parties' rights under the contract." **Id at 1082.** Said the Fifth Circuit Court of Appeals:

> throughout [Bankruptcy Code Section] 365, rejection refers to the debtor's decision not to assume a burdensome lease or executory contract. Section 365(g) states that rejection of a [contract or] lease "constitutes a breach" except as provided in subjections (h)(2) and (i)(2). Three circuits, including this one, have held that this language does not mean that the executory contract or lease has been terminated, but only that a breach has been deemed to occur. *In re Continental Airlines,* 981 F.2d 1450, 1459 (5th Cir.1993) ("to assert that a contract effectively does not exist as of the date of rejection is inconsistent with deeming the same contract breached"); *In re Modern Textile, Inc., 900 F.2d 1184, 1191 (8th Cir. 1990;*

*Leasing Service, Corp. v. First Tennessee Bank Nat'l Ass'n,*
*826 F. 2d 434, 436-37 (6ᵗʰ Cir. 1987).*

F.      Whether, while only the trustee may reject a contract, termination of the contract can only occur at the option of the non-debtor party to that contract. *In Re CVA General Contractors, Inc. supra at 777.*

G.      Whether, [A] debtor-insured retains his present interest in the policies whether they be assumed or not. . . . There is no forfeiture of past benefits. Likewise, the insurance company gains nothing by assumption of the contract, except the right to its pre-petition debt paid ahead of general claims. *In Re Gladding*, 22 B.R. 632 at 636 (Bankr. D. Mass 1982).

H.      Whether, as Pino asserts, that because Sort-Rite's Plan of Reorganization rejects any unassumed executory contracts that Sort-Rite no longer has an interest in the policy.

I.      Whether **Tex.Ins.Code Sec. 3.49-1** provides that if the insured applies for the policy and names a beneficiary, that beneficiary shall thereafter at all times have an insurable interest.

J.      Whether rules of construction are to be applied only where there is uncertainty as to the meaning of an insurance contract or some portion thereof. It is not for the courts to rewrite the terms of a policy but to enforce it as written.    Thus, the courts can only construe and enforce the insurance contract as it was made; they are not authorized to make a new contract for the parties that disregards plain and unambiguous language used in the policy.   The courts will neither extend the contract by implication, nor limit it by too strict

a construction. *American Amicable Life Insurance Company v. Lawson*, 419 S.W.2d 823 (Tex.1967).

      K.     Whether Shirley Metzger's execution of the 1995 Change of Beneficiary Designation form was effective where there was only one signature.

      L.     Whether Jefferson Pilot Life Insurance Company's acceptance of the 1995 Change of Beneficiary form was dispositive of the issue of the effectiveness of the change of beneficiary designation.

      M.     Whether Shirley Metzger complied with Texas state law where she executed the Change of Beneficiary Designation in both her corporate and individual capacity.

      N.     Whether Sort-Rite International's confirmed plan of reorganization constituted a rejection of the insurance policy contract.

      O.     Whether Sort-Rite International retained an interest in the insurance policy proceeds despite the language in its confirmed Second Amended Plan of Reorganization.

      P.     Whether Sort-Rite International had an insurable interest in the life of Shirley Metzger at the time of her death on March 23, 2001.

      Q.     Whether Sort-Rite International is judicially estopped from asserting an interest in the life insurance policy proceeds.

      R.     Whether Jefferson Pilot Life Insurance Company is judicially estopped from asserting a position in deposition which is inconsistent with its pleadings.

      S.     Whether Sort-Rite is entitled to attorney's fees.

T.    Whether the party advocating the effectiveness of a Change of Beneficiary has the burden of proof.

## 10.  Exhibits

Please see the attached Exhibits List of Sort-Rite International, Inc. and Leticia Elizalde de Pino, Debra Finch and Katherine Metzger.  Additionally, exhibits may include:

a.    All other documents produced or responses made to discovery requests by any other party;

b.    All exhibits attached to depositions in this case to which these Defendants do not object and which are otherwise admissible at trial;

c.    All exhibits identified by any other party to which these Defendants do not object and which are otherwise admissible at trial.

All parties reserve the right to identify additional exhibits as discovery continues and/or for the purpose of impeachment, cross-examination and rebuttal, the identity of which cannot be anticipated at this time.

## 11.  Witnesses

See Defendant Sort-Rite International, Inc.'s Witness List which is attached.

See Witness List for Leticia Elizalde de Pino, Debra Finch and Katherine Metzger which is attached.

Defendant Sort-Rite International, Inc. reserves the right to cross-examine any witness designated by any other party whether designated as a fact or expert witness.

All witnesses necessary for impeachment and rebuttal.

All witnesses necessary to lay the foundation for exhibits.

## 12.  Settlement

All settlement efforts have been exhausted, and the case will have to be tried.

## 13.  Trial

It is anticipated that trial will last two (2) days.    Sort-Rite International, Inc. anticipates availability of all witnesses.  The following witnesses for Sort-Rite reside elsewhere: Tom Braniff resides in Houston and William Capt resides in Florida.

## 14.  Attachments

Attachment 1:        Sort-Rite's Proposed Findings of Fact.

Attachment 2:        Sort-Rite's Conclusions of Law.

_____    Date: _____
United States District Judge

**Approved:**

_____    Date: 8-23-02
Chris Boswell, Attorney-in-Charge
Defendant Sort-Rite International, Inc.

_____    Date: _____
Constance Singleton, Attorney-in-Charge
Defendants Leticia Elizalde de Pino, Katherine
Lee Metzger & Debra Ann Metzger Finch

Joint Pretrial Order/3206.001                                    Page 16

All witnesses necessary for impeachment and rebuttal.

All witnesses necessary to lay the foundation for exhibits.

## 12.  Settlement

All settlement efforts have been exhausted, and the case will have to be tried.

## 13.  Trial

It is anticipated that trial will last two (2) days.    Sort-Rite International, Inc. anticipates availability of all witnesses.  The following witnesses for Sort-Rite reside elsewhere: Tom Braniff resides in Houston and William Capt resides in Florida.

## 14.  Attachments

Attachment 1:        Sort-Rite's Proposed Findings of Fact.

Attachment 2:        Sort-Rite's Conclusions of Law.

_____        Date: _____
United States District Judge

**Approved:**

_____        Date: _____
Chris Boswell, Attorney-in-Charge
Defendant Sort-Rite International, Inc.

_____        Date: _____
Constance Singleton, Attorney-in-Charge
Defendants Leticia Elizalde de Pino, Katherine
Lee Metzger & Debra Ann Metzger Finch

Joint Pretrial Order/3206.001                                    Page 16

# Attachments "1" & "2"

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JEFFERSON PILOT LIFE INSURANCE | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-01-142 |
| | § | |
| SORT-RITE INTERNATIONAL, INC., | § | |
| et al. | § | |

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Proposed Findings of Fact.

1.    Upon filing its Complaint for Interpleader, Jefferson Pilot deposited the sum of $1,509,774.70 wit the United States Clerk's Office. Jefferson Pilot was dismissed from the case upon Stipulation of the Parties with payment from the interplead fund of $5,786.73 as attorney's fees and costs.

2.    On or about September 1, 1987, Shirley Jean Metzger, then age 49, applied for a policy of life insurance with Jefferson-Pilot life Insurance Co. also known as "Pilot Life." The face amount of the policy applied for was One Million Five Hundred Thousand and No/Dollar ($1,500,000) with a Split-Dollar Endorsement between the Employer, Sort Rite, and certain individual Co-Beneficiaries. Shirley Metzger signed the application herself.

3.    Jefferson-Pilot Life insurance Policy number JP4038973 was issued on or about December 1, 1987 insuring the life of Shirley J. Metzger in the amount of $1,500,000. Pursuant to the "Split Dollar Endorsement" for Universal Life Policy, Sort-Rite was the "Employer". Shirley Jean Metzger was the "Co-Owner". The Co-Beneficiaries under the Split-Dollar Endorsement for Universal Life Policy were Debra Ann Metzger Finch, Katherine Lee Metzger and Frances Merrick.

4.    Beginning January 11, 1988 through January 4, 2001, Sort-Rite paid One Hundred Thousand Four Hundred Forty Seven and 90/100 Dollars ($100,477.90) in premiums for the policy.

5.    On or about September 6, 1995, Shirley Metzger signed a Change of Beneficiary Form. The form named Letitia Elizalde De Pino as a primary beneficiary of a portion of the policy.

6.    The 1995 Change of Beneficiary form was signed only by Shirley Metzger. No other corporate officer signed or witnessed the Change of Beneficiary.

7.    Jefferson Pilot requires that if a policy is "corporate owned, the form must be signed and dated by two officials with their titles shown."

8.    Sort-Rite was a corporate owner of the policy.

9.    Jefferson Pilot treated and considered the change of beneficiary request as a change in the Co-owner's (Metzger's individual) portion of the policy and not to the corporate Employer's (Sort-Rite's) portion of the policy.

10.    Debra Ann Metzger Finch and Katherine Metzger do not contend that they are currently beneficiaries under the policy. Instead, their only interest is through an agreement with de Pino to share in any recovery she may obtain through this suit.

11.    On April 30, 1996, subsequent to the execution of the Change of Beneficiary form, Shirley Metzger, on behalf of Sort Rite, signed a "Life Insurance Standard Confirmation Inquiry" confirming that Sort-Rite International, Inc. remained the Beneficiary of the policy in question.

12.    The 1995 change of beneficiary form does not contain the signature of two corporate officers as required.

13.    Jefferson-Pilot did not waive the "two-officer" signature requirement on the 1995 Change of Beneficiary.

14.    The policy prohibits either the Employer or the Employee/Co-Owner from Exercising any rights, options or privileges not specifically reserved to the Co-Owner in a manner which would impair any right or interest of the Employer.

15.    De Pino gave nothing of value in exchange for being named beneficiary of the corporation's portion of the policy.

16.    The policy in question was a "universal life policy" with a flexible premium adjustable life/death benefit. There was no set premium schedule.

17.    Shirley Metzger never paid any premiums, nor did she reimburse Sort-Rite for any portion of the premiums.

18.    The policy was not rejected by Sort-Rite in its 2001 Bankruptcy Plan.

19.    Sort-Rite's reasonable and necessary attorney's fees through trial are $75,000.00. If the case is appealed to the 5th Circuit, reasonable attorneys fees through appeal would be $25,000. If an application for writ of certiorari is made to the U.S. Supreme Court, an additional $20,000 and if the writ were granted an additional $25,000.

**B.    Conclusions of Law.**

1.    Sort-Rite International, Inc. at all material times has had an insurable interest in the Jefferson Life Policy.

2.    Sort-Rite International, Inc. is entitled to Declaratory Judgment that it is entitled pursuant to the Interpleader action to the $1,000,000 Employer portion of the policy.

3.    The 1995 Change of Beneficiary was ineffective to Change the Beneficiary of the Employer's portion of the policy.

4.    Any attempt by Shirley Metzger to change the Beneficiary of the Employer's portion of the policy to Leticia Pino through the 1995 Change of Beneficiary was violative of the Policy and void ab initio.

5.    Sort-Rite International's 2001 Bankruptcy Plan of Reorganization did not have the effect of rejecting the policy as an executory contract.

6.    The Jefferson Pilot Life Insurance Policy is not an executory contract.

7.    Jefferson Pilot could not be relieved of its duty to perform and  pay on the policy. While only the trustee may reject a contract, termination of the contract can only occur at the option of the non-debtor part to that contract which never occurred in this case. In re CVA General Contractor's Inc. 267 B.R. 773 (W.D. Texas 2001).

8.    Sort-Rite International, Inc. is entitled to recover from the remaining portion of the policy an amount equal to 1/3 of the premiums paid by Sort-Rite together with interest accruing from the date of each premium payment at the rate of 6% per annum.

9.    Sort-Rite International, Inc. is entitled to recover of and from Leticia Pino's portion of the policy proceeds an amount equal to its necessary and reasonable attorney's fees.

OF COUNSEL:

STAPLETON, CURTIS &
  BOSWELL, L.L.P.

_____
Chris Boswell
Attorney in Charge
State Bar No. 02683300
Southern District of Texas
Admissions Id. No. 1256
515 East Harrison, Suite "A" (78550)
Post Office Box 2644
Harlingen, Texas 78551
Telephone:    (956) 428-9191
Telecopier:    (956) 428-9283

Attorney for Sort-Rite International, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of August, 2002, a true and correct copy of the above and foregoing document was forwarded to all parties herein:

Defendant Leticia Elizalde de Pino    CMRRR #7001 2510 0006 8914 3474
Defendant Debra Ann Metzger Finch
Defendant Katherine Lee Metzger
By and Through Their Attorney of Record
Ms. Constance Y. Singleton
215 Bayland Ave.
Houston, Texas 77009

Mr. James DeAnda    CMRRR #7001 2510 0006 8914 2699
Solar & Associates
2800 Post Oak Blvd., Suite 6300
Houston, Texas 77056

Mr. William Capt    First Class Mail
Sort-Rite International, Inc.
P.O. Box 1805
Harlingen, Texas 78551-1805

_____
Chris Boswell