*70*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 0 3 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| **JEFFERSON PILOT** | § | |
| **LIFE INSURANCE CO.** | § | |
| | § | |
| **v.** | § | **CASE NO. B-01-142** |
| | § | |
| **SORT-RITE INTERNATIONAL,** | § | |
| **INC.,** | § | |
| **AND** | § | |
| **LETICIA PINO, DEBRA FINCH,** | § | |
| **AND KATHERINE METZGER.** | § | |

## PINO, FINCH, AND METZGER'S RESPONSE TO MOTION TO DISTRIBUTE FUNDS HELD IN THE REGISTRY OF THE COURT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW LETICIA PINO, DEBRA FINCH, and KATHERINE METZGER and file this, their response to the Motion to Distribute Funds which was filed by SORT-RITE INTERNATIONAL, INC. In support of their response, Respondents state as follows:

### BACKGROUND

1.     SORT-RITE INTERNATIONAL, INC. filed Motion for Order Directing Clerk to Distribute Interpled Funds Pursuant to Final Judgment (Dkt. 64) on September 18, 2002, which was docketed on September 19, 2002. That motion was opposed, as stated in its

1

certificate of conference.  The Docket Sheet recites that the Docket Date for this motion is October 8, 2002.

2.    SORT-RITE'S motion relies exclusively on its motion for summary judgment and the court's granting of its motion as support for its request for $33,459.14 as reimbursement for premiums, as well as for $16,519.76 as interest on the premiums, and $40,000 in attorneys' fees.  By way of further clarification, the motion to distribute does not provide any substance for the computation, or support for its entitlement to these amounts, other than the Court's granting of its motion for summary judgment.

3.    Additionally, the motion recites that the remainder is to be paid through a check issued to Leticia Pino alone, where she is one of only three joint claimants, and where the attorney has an interest in the file.

4.    The Court's summary judgment (Dkt. 62) is silent regarding any discussion of payment to SORT-RITE INTERNATIONAL, INC. regarding the reimbursement of premiums, and interest on that money, as well as attorney's fees to counsel for SORT-RITE INTERNATIONAL, INC.

5.  SORT-RITE INTERNATIONAL, INC.'s motion for summary judgment is the only source to which one can look for support for the request and the numbers found in the Motion to Distribute.

## SUMMARY OF ARGUMENTS IN RESPONSE

1. SORT-RITE INTERNATIONAL, INC. is seeking reimbursement for a pro-rata share of ALL payments it asserts were made, despite the fact that the insurance policy, which is the source of its right to reimbursement, states that it is to receive reimbursement for only the portion which inured to the benefit of the Co-Owner, Shirley Metzger.

2. SORT-RITE has misrepresented the total amount of the payments which it made, which amounts total only $63,282.24, and not $100,447.90.

3. SORT-RITE has misrepresented the rights conveyed under the policy, which entitle SORT-RITE to reimbursement of the "cost of insurance" and not the total of the premium. The cost of the insurance was approximately half of the premium paid, and varied from month to month, as demonstrated in Exhibit 'F' which was attached to Response of Pino, Metzger, and Finch to Sort-Rite's Motion for Summary Judgment, which document is attached to Motion for

Reconsideration (Dkt. 66), as its Exhibit 'A,' and as demonstrated by the deposition testimony of James Kettenring.

4. SORT-RITE INTERNATIONAL, INC. relies solely on the affidavit of George Daily to support its position that Shirley Metzger made no reimbursements. That affidavit is insufficient to eliminate this as a fact issue, and it is not addressed in the summary judgment (Dkt. 62).

5. SORT-RITE INTERNATIONAL, INC. provided no authority for an award of attorney's fees. This is not a contract case, and the policy contains no provision for an award of attorney's fees to SORT-RITE.

6. SORT-RITE INTERNATIONAL, INC.'s motion omits reference to Debra Finch, Katherine Metzger, or Constance Singleton as those to be included as payees on the check for the remaining funds.

## ARGUMENTS

1. **"Cost of Insurance," Not Premiums, to be Reimbursed.**

SORT-RITE attached to its Motion for Summary Judgment, as Exhibit SJX-2, a copy of the policy which is the basis for this suit. On page '40' of that policy, it states:

> CO-OWNER PAYS COST OF INSURANCE- Each premium on the policy shall be paid by the Employer as it become due. The Co-Owner agrees to pay to the Employer an amount equal to the cost of the insurance provided to the Co-Owner by the policy each year. Co-Owner may make voluntary additional premium

contributions to the Employer and Employer shall pay each such amount as an increased premium.

This provision was part of the Split-Endorsement provision, which provided for a $500,000 portion, which was the Co-Owner's portion, and a $1,000,000 portion, which was the Employer's portion. The repayment language quoted above clearly refers to repayment of the "insurance provided to the Co-Owner by the policy," which was the $500,000 portion.

Further, the language distinguishes, even within the paragraph, between "premium" and "cost of insurance." SORT-RITE has treated these two terms as the same. They are not.

SORT-RITE INTERNATIONAL, INC. had the burden to establish that it was entitled to a return of the "cost of insurance," and it did not do that. It, accordingly, has established no right to this repayment.

The deposition of James Kettenring contained a discussion of these matters. A copy of that deposition is attached hereto as Exhibit 'A.' On page 25-26 of his deposition, Mr. Kettenring states that the cost of insurance is different from the premium, and the difference is reflected on his Exhibit 4, a copy of which is attached hereto as Respondents' Exhibit 'B,' which is a Report of Monthly Policy Activity for year 1998. As Exhbit 'B' reflects, for the year 1998, the "Planned Premium" (found in the upper right corner) was

$1,004.48 each month, and the "Cost of Insurance" varied each month from a low of $527.84 (November) to a high of $531.81 (September).

The "cost of insurance" was what was to be reimbursed, not the total premium paid. Additionally, only the pro-rata portion of the "cost of insurance" applicable to the Co-Owner's portion was to be repaid.

SORT-RITE presented no evidence regarding the cost of insurance for the premiums which it paid. It is not entitled to a return of premiums, and it's Motion for Summary Judgment is defective on its face to support a summary judgment of such reimbursement.

## 2. **Sort-Rite's Numbers Equal $63,282.84, Not $100,447.90.**

A review of SORT-RITE INTERNATIONAL, INC.'S motion reveals that it states, at page 3, para. B., that it paid $100,447.90 in premiums on the policy. It attaches, in support of this statement, copies of checks which are collectively identified as Exhibit SJX-4. These checks do not total $100,447.90. They total only $63,282.24. A summary of each of these checks is attached hereto as Exhibit 'C,' to this response. The first column refers to the page number of SORT-RITE INTERNATIONAL, INC.'s Exhibit SJX-4.

Following its recitation of the amount owed, SORT-RITE states in its motion, at page 3, para. B., that the premium amounts had been verified

by Jefferson Pilot's Manager of Customer Service, James Richard Kettenring, and references certain pages from Mr. Kettenring's deposition, attached to SORT-RITE's motion as Exhibit SJX-3. In fact, Mr. Kettenring's deposition does not verify that SORT-RITE made those payments. Mr. Kettenring clearly states that there was no way for Jefferson Pilot to ascertain who made the premium payments (SORT-RITE Exhibit SJX-3, Deposition of James Kettenring, Page 9, lines 18-21). It was Mr. Kettenring's testimony that a total of $100,447.90 in payments were made, but he could not identify who made those payments. It is SORT-RITE's burden to present evidence that it made the payments.

To the extent that SORT-RITE argues that it would have been the only party to have made such payments, this is not a credible position. Export-Import Bank of the United States and Coastal Bank each held assignments on this policy during certain time periods, and monitored the payment history. A copy of two letters from Jefferson Pilot Life Insurance Company's file, which copies are attached hereto as Exhibits 'D-1,' and 'D-2,' reflect this monitoring. In any event, it is SORT-RITE's burden to produce evidence to support its right to reimbursement. It has presented checks for $63,282.24.

### 3. Shirley Metzger Made Payments to SORT-RITE.

The only support for SORT-RITE INTERNATIONAL, INC.'s position that Shirley Metzger did not make any reimbursement payments is the affidavit of George Daily. That affidavit is insufficient to eliminate this as a fact issue. On May 21, 1998 Shirley Metzger borrowed $48,755 from Coastal Banc, secured by her separate real estate, for the benefit of SORT-RITE INTERNATIONAL, INC. A copy of the Commercial Loan Coversheet and Supporting Index, received in discovery from Coastal Banc ssb, Bates No. P-01511, is attached hereto as Exhibit 'E-1.' Attached as Exhibit 'E-2' is a copy of the deposit of those funds into the the account of SORT-RITE INTERNATIONAL, INC. (Bates No. P-01822).

The insurance policy does not state that reimbursement is to occur on a monthly basis. In fact, the language implies that it will not be ("The Co-Owner agrees to pay to the Employer an amount equal to the cost of insurance provided to the Co-Owner by the policy each year." Policy, page 40).

### 4. SORT-RITE Has No Right to Attorney's Fees.

There is no basis for an award of attorney's fees to SORT-RITE INTERNATIONAL, INC. This is not a contract case, it is a case based

on the interpleader of insurance proceeds. There is no statutory support for an award of attorneys' fees, and none are conveyed by the insurance policy itself. SORT-RITE INTERNATIONAL, INC. provided no authorities to support its request for attorneys' fees, and such request should be denied.

## 5. <u>The Motion Misstates the Proper Recipients of the Remainder of the Funds.</u>

SORT-RITE's Motion to Distribute recites Leticia Pino as the only recipient of the remaining funds. It should include, as Payees, not only Leticia Pino, but also Debra Finch, Katherine Metzger, and the attorney, Constance Singleton, who has an interest in the file.

For this reasons, Respondents respectfully request that the Motion presented by SORT-RITE INTERNATIONAL, INC. for the disbursement of funds from the Registry of the Court be Denied.

Respectfully submitted,

OF COUNSEL:

CONSTANCE Y. SINGLETON
ATTORNEY-IN-CHARGE

JAMES DEANDA
Solar & Associates
Fed. ID. 15484
SBOT 05624000
(713) 850-1212
Fax: (713) 850-1199
2800 Post Oak Blvd., Suite 6300
Houston, Texas 77056

FOR LETICIA PINO,
KATHERINE METZGER, AND
DEBRA METZGER FINCH
Fed. ID. 6567
SBOT 18435600
(281)-687-0100
Fax: (713) 802-1202
215 Bayland Avenue
Houston, Texas 77009

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Request for Hearing has been sent, via certified mail, Return Receipt Requested, to the counsel of record named below, on this the 2nd day of October, 2002:


Stapleton, Curtis & Boswell, LLP
 P. O. Box 2644
Harlingen, Texas 78551
Attn: Mr. Chris Boswell

CONSTANCE Y. SINGLETON

# AFFIDAVIT OF ATTORNEY

STATE OF TEXAS    }
                       }
COUNTY OF HARRIS  }

      BEFORE ME, the undersigned authority, on this day appeared CONSTANCE SINGLETON, who is a person known to me, who, first being duly sworn upon her oath, deposed and stated:

      My name is CONSTANCE SINGLETON. I am over the age of eighteen years, have never been convicted of a felony or crime involving moral turpitude, and am mentally competent to execute this affidavit. I have personal knowledge of the matters set forth herein. The exhibits appended to this response are genuine and authentic copies of the originals, as presented to me through discovery in this case The excerpts of the depositions of James Kettenring made a part of this response are authentic and genuine copies of the originals. The language contained in this ~~motion~~ response was personally prepared by me, and where that language states that certain documents contain certain facts, I have personally reviewed those documents, and have personal knowledge that those documents, do, in fact, make such representations.

FURTHER, AFFIANT SAYETH NOT.

                                CONSTANCE SINGLETON

      SUBSCRIBED AND SWORN to before me on the 2nd day of October, 2001, to certify which witness my hand and seal.

                                NOTARY PUBLIC
                                STATE OF TEXAS

ROSE O. TREVINO
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
JULY 27, 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

Case No. B-01-142

United States Courts
Southern District of Texas
FILED

MH

JUL 0 8 2002

Michael N. Milby, Clerk

JEFFERSON-PILOT LIFE          )
INSURANCE COMPANY,            )
                             )
            Plaintiff,        )
                             )
        vs.                   )
                             )
SORT-RITE INTERNATIONAL,      )
ET AL.,                       )
                             )
            Defendants.       )

COPY

---

## DEPOSITION

### OF

## JAMES RICHARD KETTENRING

---

Greensboro, North Carolina
May 3, 2002
10:52 a.m.

Court Reporter:  Cindy A. Fletcher

EXHIBIT 'A'

TABLE OF CONTENTS

|  |  | PAGE |
|---|---|---|
| EXHIBIT INDEX | . . . . . . . . . . . . . . . . . . . . . | 3 |
| APPEARANCES | . . . . . . . . . . . . . . . . . . . . | 4 |
| STIPULATIONS | . . . . . . . . . . . . . . . . . . . | 5 |
| EXAMINATION |  |  |
| By Ms. Singleton | . . . . . . . . . . . | 6 |
| By Mr. Boswell | . . . . . . . . . . . . . | 30 |
| By Ms. Singleton | . . . . . . . . . . . | 38 |
| By Mr. Boswell | . . . . . . . . . . . . . | 42 |
| CERTIFICATE OF WITNESS | . . . . . . . . . . . . . | 43 |
| CERTIFICATE OF REPORTER | . . . . . . . . . . . . | 44 |
| ERRATA SHEET | . . . . . . . . . . . . . . . . . | 45 |

Reporter's Note:  This transcript contains quoted material.  Such material is reproduced as read or quoted by the speaker.

**J. KETTENRING**             **MAY 3, 2002**                    **PAGE 3**

## EXHIBIT INDEX

PAGE

Number 1      4/29/02 Session - Passport;

              Premium Payment Information      . . . . 10

Number 2      Premium Breakdown      . . . . . . . . 15

Number 3      Account Spreadsheet      . . . . . . . . 17

Number 4      12/1/98 Statement of Account      . . . . 22

J. KETTENRING             MAY 3, 2002                    PAGE 4

APPEARANCES

APPEARING ON BEHALF OF THE PLAINTIFF JEFFERSON-PILOT

LIFE INSURANCE COMPANY:

      Carl D. Semmler, J.D.

      Assistant Vice President and

      Associate Counsel

      Jefferson-Pilot Life Insurance Company

      101 North Greene Street

      Post Office Box 21008 (27420)

      Greensboro, North Carolina  27401

      Telephone:  (336) 691-3369

APPEARING ON BEHALF OF THE DEFENDANTS LETICIA PINO,

KATHERINE METZGER AND DEBRA METZGER FINCH:

      Constance Y. Singleton, Esq.

      Attorney at Law

      215 Bayland Avenue

      Houston, Texas  77009

      Telephone:  (281) 687-0100

APPEARING ON BEHALF OF THE DEFENDANT SORT-RITE

INTERNATIONAL, INC.:

      Stapleton, Curtis & Boswell, by

      Chris Boswell, Esq.

      515 East Harrison Street, Suite A

      Harlingen, Texas  78551

      Telephone:  (956) 428-9191

J. KETTENRING          MAY 3, 2002          PAGE 5

<u>STIPULATIONS</u>

It is hereby stipulated and agreed between the parties to this action, through their respective counsel of record, as follows:

1.   The deposition of JAMES RICHARD KETTENRING may be taken on Friday, May 3, 2002, beginning at 10:52 a.m., in the offices of Jefferson-Pilot Life Insurance Company; 101 North Greene Street; Greensboro, North Carolina, before Cindy A. Fletcher, Court Reporter and Notary Public.

2.   Said deposition shall be taken in accordance with the Federal Rules of Civil Procedure.

3.   The sealed original of this deposition will be mailed first-class postage or hand delivered to Constance Y. Singleton, Esq.; Attorney at Law; 215 Bayland Avenue; Houston, Texas, 77009; and notice of filing is hereby waived.

4.   The reading and signing of the deposition are not waived.

*********

J. KETTENRING                    MAY 3, 2002                    PAGE 25

1  those fees and expenses and costs of insurance can

2  come out of the accumulation value.

3      Q.   Okay.  But, in fact, when you say there's

4  no--what did you say?  There's no set premium

5  schedule?  Is that what you said?

6      A.   (Nods head up and down.)

7      Q.   Okay.  Well, if we wanted to look at this

8  document that we've identified as Exhibit 4--if we

9  wanted to try to understand how the policy works by

10 looking at this, could we find out how much the--a

11 particular--or, like, the monthly premium for

12 December of '98, how much that--what the cost to keep

13 it in force was?

14     A.   Yes.

15     Q.   And where do you look to find those

16 numbers?

17     A.   It would be under the cost of insurance

18 and the cost of any riders.  And then you also have a

19 column, "Expense Charges."

20     Q.   I see.  And what would the expense

21 charges be?

22     A.   It's fees and expenses and--associated

23 with the actual contract.  In this one, it looks like

24 there's an expense charge associated with a premium

25 payment.

**J. KETTENRING**          **MAY 3, 2002**                **PAGE 26**

1     Q.   Well, the reason I was asking that is

2   that most of the entries under the, quote, "Expense

3   Charges," unquote, column are zero, and yet there are

4   two entries:  the first entry for $160, and then

5   another entry way--almost at the bottom under October

6   of '98 for 723.

7          And, so, my question was--I guess I

8   didn't word it very good.  The question is, In view

9   of the fact that for--out of 12 entries, only two of

10  them show up with any expense charge, what would

11  trigger an expense charge?

12     A.   Both of those expense charges are

13  associated with a premium received.

14     Q.   Well, okay.  That answer isn't helpful to

15  me.  Why wasn't there an expenses charge related to a

16  premium received in other months?

17     A.   There were no premiums received.

18     Q.   Okay.  So what--one thing this report of

19  monthly policy activity tells us is that there were

20  no premiums received for the year of 1998, except in

21  January and in October?

22     A.   Correct.

23     Q.   And so we can look under "Premiums

24  Received"--under "Expense"--well, under "Premiums

25  Received," as well, and we can--?  Never mind.

J. KETTENRING                 MAY 3, 2002                 PAGE 44

## CERTIFICATE OF REPORTER

1
2
3          I, CINDY A. FLETCHER, Court Reporter and
4    a Notary Public, duly appointed and qualified in and
5    for the State of North Carolina at large, do hereby
6    certify:
7          That JAMES RICHARD KETTENRING was by me
8    duly sworn to testify concerning the matters in
9    controversy in this case and was thereupon examined;
10          That said examination was reported by me
11    and the foregoing transcript is a true record of the
12    testimony given by the witness to the best of my
13    knowledge and belief;
14          That I am neither related to nor employed
15    by any of the parties or counsel employed by the
16    parties hereto, nor interested directly or indirectly
17    in the matter in controversy.
18          IN WITNESS WHEREOF, I have hereunto set
19    my hand and affixed my official seal this 6 day of
20    May 2002.
21
22
23                                    _Cindy A. Fletcher_____
24                              Cindy A. Fletcher, Notary Public
25                              My Commission Expires:  03/11/2003

**ACCURATE REPORTING SERVICE, A SPHERION COMPANY (336) 373-0985**

# JEFFERSON-PILOT
# STATEMENT OF ACCOUNT

Jefferson-Pilot Life Insurance Compa.
PO Box 21008
Greensboro NC 27420
800-487-1485

for period ending 12-01-1998

---

| | | |
|---|---|---|
| Policy Number: | JP4038973 | Coverage Type: FLEXIBLE PREMIUM ADJUSTABLE LIFE (UL203  ) |
| Policy Date: | 12-01-1987 | Death Benefit Option: LEVEL |
| Insured: | SHIRLEY JEAN METZGER | Planned Frequency: MONTHLY |
| Date of Birth: | 05-20-1938 | Planned Premium: $1,004.48 |
| Issue Age: | 50 | Specified Amount: $1,500,000.00 |
| Sex: | F | Net Death Benefit: $1,487,586.24 |

Owner: SORT RITE INTERNATIONAL INC
PO BOX 1805
HARLINGEN TX 78551

|  | 12-01-1997 | 12-01-1998 |
|---|---|---|
| Policy Values as of: | | |
| Net Policy Value: | $15,173.40 | $7,280.55 |
| Surrender Value: | $15,173.40 | $7,280.55 |
| Loan Balance: | $.00 | $12,413.76 |

---

## REPORT OF MONTHLY POLICY ACTIVITY

| Month Ending | Premiums Received | Expense Charges | Interest at Guar Rate * | *Credited Excess | Total % Rate | Cost of Insurance | Cost of * Rider(s)* | Partial Surrenders | End of Month Policy Value |
|---|---|---|---|---|---|---|---|---|---|
| 01-01-1998 | 2,008.96 | 160.72 | 50.45 | 24.10 | 6.10 | 530.78 | .00 | .00 | 16,565.41 |
| 02-01-1998 | .00 | .00 | 52.49 | 25.15 | 6.10 | 530.02 | .00 | .00 | 16,113.03 |
| 03-01-1998 | .00 | .00 | 51.01 | 24.40 | 6.10 | 530.27 | .00 | .00 | 15,658.17 |
| 04-01-1998 | .00 | .00 | 49.52 | 22.52 | 6.00 | 530.52 | .00 | .00 | 15,199.69 |
| 05-01-1998 | .00 | .00 | 48.02 | 2.65 | 6.00 | 530.76 | .00 | .00 | 14,719.60 |
| 06-01-1998 | .00 | .00 | 46.46 | 1.79 | 6.00 | 531.03 | .00 | .00 | 14,236.82 |
| 07-01-1998 | .00 | .00 | 44.86 | .84 | 5.80 | 531.29 | .00 | .00 | 13,751.23 |
| 08-01-1998 | .00 | .00 | 43.28 | .06 | 5.80 | 531.55 | .00 | .00 | 13,263.02 |
| 09-01-1998 | .00 | .00 | 41.68 | .00 | 5.80 | 531.81 | .00 | .00 | 12,772.89 |
| 10-01-1998 | 9,040.32 | 723.23 | 42.79 | 1.04 | 5.80 | 532.08 | .00 | .00 | 20,601.73 |
| 11-01-1998 | .00 | .00 | 65.72 | 9.64 | 5.80 | 527.84 | .00 | .00 | 20,149.25 |
| 12-01-1998 | .00 | .00 | 64.23 | 8.91 | 5.80 | 528.08 | .00 | .00 | 19,694.31 |
| Totals | 11,049.28 | 883.95 | 600.51 | 121.10 | | 6,366.03 | .00 | .00 | |

Interest has been credited monthly in determination of policy values. The minimum rate of interest guaranteed is 4.00%. Interest in excess of the guaranteed rate may be credited as described in the policy. Such interest, if any, is shown above under "Excess". Excess interest credited on any policy value held as security for a policy loan may be at a different rate.

Based on the company's schedule of monthly cost of insurance rates in effect as of 12-01-1998, your rate per $1000 net amount at risk for the policy year beginning 12-01-1998 will not be greater than 0.591690.

This policy contains non-guaranteed factors that may have changed during the policy year. The columns with the non-guaranteed factors are asterisked above.

---

## PROJECTION OF NEXT YEAR'S CASH SURRENDER VALUE

Assuming no premiums are paid, your policy value on the 12-01-1999 policy anniversary is projected as follows:

| | Cash Surrender Value | Policy Value |
|---|---|---|
| Using Current Interest and Cost of Insurance Rates | $14,141.34 | $13,603.95 |

The net death benefit is the death benefit after any outstanding loan balance is deducted.

Using guaranteed interest and cost of insurance rates, your policy will terminate before the end of the policy year.

---

IMPORTANT POLICY OWNER NOTICE: You should consider requesting more detailed information about your policy to understand how it may perform in the future. You should not consider replacement of your policy or make changes in your coverage without requesting a current illustration. You may annually request, without charge, such an illustration by calling 800-487-1485, writing to Jefferson-Pilot Life Insurance Company at PO Box 21008, Greensboro, NC 27420, or contacting your agent. If you do not receive a current illustration of your policy within 30 days from your request, you should contact your state insurance department.

---

Agency: 16701
Agent: 0001520

**EXHIBIT**

4

THANK YOU FOR ALLOWING US TO BE OF SERVICE

EXHIBIT 'B'

**SUMMARY and TOTAL OF
PREMIUM PAYMENTS AS PRESENTED
IN SORT-RITE EXHIBIT SJX-4**

| Ex. Page | Check No. | Date | Amount |
|---|---|---|---|
| 1 | 447 | 1/11/88 | 985.13 |
| 3 | 8603 | 2/1/88 | 19.35 |
| 5 | 4664 | 2/9/88 | 1,004.48 |
| 6 | 6021 | 5/30/89 | 1,004.48 |
| 9 | 7201 | 720/89 | 1,004.48 |
| 10 | 6040 | 8/21/89 | 1,004.48 |
| 19 | 8183 | 2/20/90 | 1,004.48 |
| 22 | 833? | 3/28/90 | 6,026.88 |
| 26 | 8630 | 7/5/90 | 2,008.96 |
| 39 | 1680 | 8/26/93 | 1,004.48 |
| 40 | 1892 | 11/11/93 | 1,004.48 |
| 41 | 2006 | 1/31/94 | 1,004.48 |
| 56 | 10868 | 10/24/94 | 1,004.48 |
| 63 | 13011 | 1/24/95 | 1,004.48 |
| 64 | 11445 | 1/30/95 | 2,008.96 |
| 73 | 12125 | 5/26/95 | 1,004.48 |
| 76 | 12271 | 6/23/95 | 1,004.48 |
| 79 | 12462 | 7/28/95 | 1,004.48 |
| 82 | 12543 | 8/25/95 | 1,004.48 |
| 85 | 12650 | 10/1/95 | 1,004.48 |
| 88 | 12690 | 10/18/95 | 1,004.48 |
| 91 | 12802 | 11/21/95 | 1,004.48 |
| 94 | 12906 | 12/20/95 | 1,004.48 |
| 101 | 13172 | 3/1/96 | 1,004.48 |
| 104 | 13301 | 3/26/96 | 1,004.48 |
| 111 | 13640 | 6/24/96 | 1,004.48 |
| 114 | 14006 | 9/24/96 | 1,004.48 |
| 115 | 14090 | 10/22/96 | 1,004.48 |
| 116 | 14185 | 11/26/96 | 1,004.48 |
| 112 | 13775 | 7/29/96 | 1,004.48 |
| 113 | 13887 | 8/20/96 | 1,004.48 |
| 117 | 14287 | 1/3/97 | 1,004.48 |
| 118 | 14370 | 1/24/97 | 1,004.48 |
| 119 | 14478 | 2/28/97 | 1,004.48 |
| 120 | 14562 | 3/21/97 | 1,004.48 |
| 121 | 14682 | 4/24/97 | 1,004.48 |
| 122 | 21031 | 1/31/98 | 1,004.48 |
| 123 | 21526 | 9/23/98 | 8,035.84 |
| 124 | 21698 | 12/17/98 | 1,004.48 |
| *125 | 21697 | 12/17/98 | 1,004.48 |

EXHIBIT 'C'

| 126 | 21770 | 1/15/99 | 1,004.48 |
| 127 | 21778 | 1/19/99 | 1,004.48 |
| 128 | 21872 | 2/15/99 | 1,004.48 |
| 129 | 21980 | 3/28/99 | 1,004.48 |
| 130 | 1108 | 8/2/00 | 2,008.96 |
| 131 | 1215 | 9/13/00 | 1,004.48 |
| 132 | 1257 | 10/19/00 | 1,004.48 |
| 133 | 1382 | 12/28/00 | 1,004.48 |
| 134 | 1393 | 1/4/00 | 1,004.48 |
|  |  |  |  |
| TOTAL |  |  | 63,282.24 |

*125 – The amount of the check is $1,707.10
    Check Description: "Loan Interest – 702.62, premium 1,004.48

2

202 56_ 3628                    INTL BUS DEV                                    002



OFFICE OF THE GENERAL COUNSEL        **EXPORT-IMPORT BANK**
                                      OF THE UNITED STATES

                                              September 15, 2000

FAX (956) 423-2878
Ms. Nelda Longoria
Jefferson Pilot Life Insurance Company
701 East Harrison Street
Harlingen, Texas 78551-2607

                          Re: Policy # JP4038973
                              Shirley Jean Metzger

        Dear Ms Longoria:

        Thank you for your letter of September 8, 2000. As long as there is an existing
assignment in favor of Export-Import Bank, even as a co-assignee together with Coastal Bank,
there is no real problem.

        However, we do request that, in the future, any notices sent to Coastal Bank (e.g. in
connection with a delinquent premium payment ) also be sent to Export-Import Bank at the
above address, to the attention of Nestor SyBing and myself.

        If you would confirm that Export-Import Bank will be given all future notices, I would
appreciate it.

        With best regards,

                                      Sincerely,

                                      *Bill Mays*

                                      ───────────────
                                      William Mays


        cc: Nestor Sybing


                    811 VERMONT AVENUE, N.W.  WASHINGTON, D.C. 20571

                              Ex. D-1
                              Ex. D-2



**JEFFERSON PILOT**
FINANCIAL

**Nelda Longoria**
*Executive Assistant*

Jefferson Pilot Financial
701 East Harrison Street
PO Box 2607
Harlingen, TX 78551-2607

bus:  956 423 4956
       800 423 4088
fax:  956 423 2878

September 15, 2000

Jefferson Pilot Life Insurance Company
Attn.:  Policy Billing & Collection—5000
PO Box 210008
Greensboro, NC 27420

SEP 2 0 2000

RE:  Policy No. JP4038973 – Shirley Jean Metzger, Insured

Please mark your files to include Export-Import Bank, as the 2nd assignee on this policy, to receive any notices on the above policy.  As indicated on the attached copy of a faxed document sent by Export-Import Bank, these notices should go to the attention of Nestor SyBing and William Mays, c/o General Counsel Department, Export-Import Bank, 811 Vermont Avenue, NW, Washington, DC  20571-0002.

Thank you for your assistance in this matter.

Sincerely,

Nelda Longoria
Executive Assistant
RGV—78124

Attachment

FAX Copy:  William Mays
              202-565-3628

## COMMERCIAL LOAN COVERSHEET
## AND SUPPORTING INDEX

**Loan Officer:**      Lynn Frizzell

**Loan Amount:**      $48,755.00          **Borrower #:**  457605611

**Note Date:**        05/21/98            **Note #:**      9008

**Interest Rate:**    10.50%

**Name(s) and Address of Borrower:**      **Tax ID or SS#:** 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

Shirley Metzger                           **Physical Address:**
P.O. Box 1805                             825 W. Jefferson
Harlingen, TX 78551                       Harlingen, TX  78550

**Master Note:** Yes _____  No __X__
                 Rev _____  Non-Rev ____

**Purpose of Proceeds:**

To pay off Note No. 9007 ($16,600.00) plus new money for working capital.

**Terms and Anticipated Payout:**

$48,755.00 Plus interest due 6/21/98.

**Security and Valuation:  (Indicate date and source of valuation)**

Third  Lien D/T Lot 2, Block 1, Treasure Hills Sub., Unit 5, an Addition to the City of Harlingen, Cameron County, Texas valued at $169,000 (3/26/98) by Valley Appraisal Service.

**Other Information:  (include means of disbursement):**

Interest has been collected to 5/26/98 - Note No. 9007 $253.09.
5/27/98 - Loan Proceeds deposited to Sort Rite - Acct. No. 5091100275.

**Property Code:**    **41**
**Collateral Code:**  **81**
**SIC Code:**         **3550**
**Loan Grade:**       **7**

**Flood Map Info:  Map No. 485477-0015B, revised 8/3/81, Zone "C"**

EXHIBIT 'E-1'

SBBT-9013 Clarke American XU514004

**Checking Deposit**



1008

Date __5/27/98__

Check's and other items are received for deposit subject to the terms and conditions of this bank's collection agreement. Deposits may not be available for immediate withdrawal.

Account Number



| CASH | | |
|------|---|---|
| Loan Proceeds #457605611-9008 | | |
| | 48,755.00 | |
| | | |
| | | |
| **TOTAL** | | |
| LESS CASH RECEIVED | | |

5 0 9  1 1 0 0  2 7  5

Account Title __Sort Rite International, Inc.__
__P.O. Box 1805__
__Harlingen, TX 78551__

Acknowledge Receipt of Cash Received By Signing Above

TOTAL DEPOSIT $    4 8  7 5 5 0 0

⑈3149735931⑈                                    20

---

Clarke American X4960437 PSB-0281     **PACIFIC SOUTHWEST BANK**     1040

**General Ledger**
**DEBIT**
DISBURSEMENT

Date: __5-27-98__
Prepared By: __30__
Approved By: _____
Transaction Amount

Account Number

| Teller # | Branch Number |
|----------|---------------|
| 132 | 091 |

*1992150*     $     *48 755 00*

ACCOUNT NAME   *Commercial Loans*

Description  *Fund new Loan # 457605611-9008*

*Shirley Metzger*

Offset Account # *5091100275*

⑈5555⑈300⑈⑈



EXHIBIT 'E-2'