United States District Court
Southern District of Texas
FILED

OCT 0 4 2002

Michael N. Milby
Clerk of Court

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| JEFFERSON PILOT LIFE INSURANCE | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-01-142 |
| | § | |
| SORT-RITE INTERNATIONAL, INC., | § | |
| et al. | § | |

**SORT-RITE INTERNATIONAL, INC.'S RESPONSE TO
MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT
FILED BY LETICIA PINO, DEBRA FINCH AND KATHERINE METZGER**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

SORT-RITE INTERNATIONAL, INC., files this its Response to the Motion for

Reconsideration of Summary Judgment filed by Leticia Pino (***hereinafter "Pino"***), Debra

Finch (***hereinafter "Finch"***) and Katherine Metzger (***hereinafter "Metzger"***) and in support

thereof, would respectfully show the Court as follows:

### 1. Standard of Review for Rule 59(e) Motion

Movants Pino, Finch and Metzger (hereinafter sometimes collectively referred to as

"Pino") have filed their Motion pursuant to Federal Rule of Civil Procedure 59(e).   Rule

59(e) "recognizes only three possible grounds for any Motion for Reconsideration: (1) an

intervening change in controlling law, (2) the availability of new evidence not previously

available, and (3) the need to correct a clear error of law or prevent  manifest injustice."

*Oxford House, Inc., et al. v. City of Albany*, 155 F.R.D. 409 N.D.N.Y. (1994) citing *Atkins v. Marathon LeTourneau Co.,* 130 F.R.D. 625, 626 (S.D. Miss. 1990). Regarding the second ground, the Court in *Natural Resources Defense Counsel v. United States Environmental Protection Agency*, 705 F.Supp.698 (D.D.C.): ("NRDC"), vacated on other grounds, 707 F.Supp.3 (DDC 1989) warned: "Rule 59(e) Motions are not vehicles for bringing before the Court theories or arguments that were not advanced earlier. Nor may the Motion present evidence which was available but not offered at the original . . . trial." NRDC, 705 F.Supp. at 701-02. Similarly, in *Atkins*, the Court added: "With regard to the third ground, the Court cautions that any litigant considering bringing a Motion to Reconsider based upon that ground evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." The United States Court of Appeals for the Fifth Circuit has held that a Motion to Amend should not be employed to "introduce evidence that was available at trial but was not offered, to re-litigate old issues, to advance new theories or to secure a rehearing on the merits." *Fontenot v. Mesa Petroleum Company*, 791 F.2d 1207 (5th Cir. 1986).

In their Motion, Movants Pino, Finch and Metzger submit no authority representing an intervening change in controlling law, no new evidence unavailable at the time these Motions were submitted and there is no clear error of law. Instead, Movants Pino, Finch and Metzger do precisely what the Court of Appeals counsels against and that is to use Rule 59(e) as a vehicle to secure a rehearing on the merits.

## 2. <u>No New Evidence</u>

Movants Pino, Finch and Metzger argue that the Brownsville Division of the United States District Clerk's Office "does not reflect the filing" of their Response to Sort-Rite's Motion for Summary Judgment. Pino apparently did file the deposition testimony relied upon in her Response on July 9, 2002 as reflected on the Court's Docket Report. According to Pino, she filed the Response on July 11, 2002 [1] but offers no file stamped copy of the Response to demonstrate that it in fact was actually filed. Nor does she offer any explanation for the failure of it to remain undocketed for nearly sixty (60) days between the time of the alleged filing and the Court's ruling on Sort-Rite's Motion for Summary Judgment. Moreover, even if the Response had been filed on July 11, 2002 as purported, it would not have been timely filed. The deadline for filing Motions for Summary Judgment was established by the Court as June 4, 2002. *See the Scheduling Order (Dkt. 25)*. Sort-Rite's Motion for Summary Judgment was filed on June 4, 2002 (*Dkt. 48*) setting a Motion docket date of June 24, 2002. Local rule 7.3 requires responses to be filed within twenty (20) days and a failure to respond is to be taken as a representation of no opposition. Since there has been no Order Granting Leave to File the Response Untimely, the Response should not be considered - - particularly, at this post-judgment date. But even if the Response were to be considered along with her Motion for Reconsideration, it would not demonstrate a

---

[1] See Pino's Motion for Reconsideration (*Dkt. 66*), p. 3.

---

Sort-Rite's Response to Pino, Finch & Metzger's Mtn for Reconsideration/3206.001   -3-

manifest error of law. The Response contains no evidence important to the moving party's case. Specifically, the Response contains no evidence that a second corporate officer signed the 1995 Change of Beneficiary or that in 1995 Jefferson Pilot specifically and affirmatively waived that rule. Therefore, nothing affects this Court's original holding.

### 3. Court Properly Held Change of Beneficiary Did Not Affect Sort-Rite's Interest

For the first time, [2] however, Pino argues that Sort-Rite lacks standing to require compliance with the requirements for changing the corporation's portion of the policy. In support of this new argument, she cites *Fidelity Union Life Insurance Company v. Methven*, 162 Tex. 323, 346 S.W.2d 797 (1961). However, she fails to point out that the holding of *Fidelity Union* itself reconciles its holding to that in *Creighton v. Barnes*, 152 Tex.309, 257 S.W.2d 101, relied upon by this Court. In *Fidelity*, the Texas Supreme Court held as follows:

> Policy requirements for effecting a change of beneficiary are primarily for the benefit of the insurer and compliance with them may be waived by the insurer during the lifetime of the insured. Statements in *Garabrant v. Burns*, 130 Tex. 518, 111 S.W.2d 1100; *Kotch v. Kotch*, 151 Tex. 471, 251 S.W.2d 520, and *Creighton v. Barnes*, 152 Tex. 309, 257 S.W.2d 101, to the effect that such policy requirements are also for the benefit of the beneficiary named in the policy are not inharmonious with this rule. In those cases, compliance with policy requirements was not waived during the lifetime of the insured. [Emphasis supplied.]

---

[2] Pino nowhere before has made this argument or cited this authority – not even in the "Missing Response".

---

So it is in the case at bar.   There is no evidence that Jefferson Pilot waived the two signature rule in 1995.  In fact, the conclusive evidence is to the contrary.   *See SJX "7", Affidavit of Carl Semmler, paragraphs 4, 5 & 6 attached to Sort-Rite's Motion for Summary Judgment.*  Jefferson Pilot could not have waived or even considered waiver since it never considered the 1995 Change of Beneficiary as a requested change to the corporation's share of the policy.

In fact, *Fidelity Union* supports the holding of this Court even further:

> When policy requirements have not been waived by the insurer during the lifetime of the insured, right to the policy proceeds vests immediately in the beneficiary named in the policy and that right cannot be defeated by mere proof that it was the intention of the insured to change the beneficiary or of acts by the insured falling short of substantial compliance.  *Fidelity, supra at 800*.

Thus, the Court has correctly decided this issue as a matter of law.

### 4. Metzger Was Not the "Non-Debtor"

Pino continues to argue as she did in her original Motion for Summary Judgment that the bankruptcy caused Sort-Rite to lose its interest in the policy by virtue of the rejection of an Executory Contract.  Pino now attempts to dismiss the clear holding of *In Re: CVA General Contractors, Inc.*, 267 B.R. 773 (WD Tex. 2001) relied upon by this Court by suggesting that Metzger rather than Jefferson Pilot is the "non-debtor".  The rule enunciated by *CVA General Contractors, Inc., supra,*  is that the rejection of an executory contract does not terminate or forfeit the non-debtor party's right under the Contract.  In the context of this

case, the non-debtor clearly refers to Jefferson Pilot not Shirley Metzger. The parties to the insurance contract were Sort-Rite International, Inc., the Debtor, and Jefferson Pilot. No reasonable interpretation of these cases could suggest that Metzger was the "non-debtor". The Court quite correctly held that whether or not a rejection occurred, "the policy did not change the rights of Sort-Rite and Jefferson Pilot vis-a-vis one another." *See Order (Dkt. No. 62 at page 7)*.

### 4. <u>Summary of the Argument</u>

For the reason that the Court's Order and Memorandum Opinion as well as Sort Rite's Motion for Summary Judgment (*Dkt. No. 48*) and Sort-Rite's Response to Pino's Motion for Summary Judgment (*Dkt. No. 50*) adequately address all of the other arguments made in both the Motion for Reconsideration and the "missing response", no further argument is advanced at this time. The alleged missing response should be stricken pursuant to this Court's Rule 5.F. for having been untimely filed without leave. Moreover, the Motion for Reconsideration should be denied for the reason that Pino has not submitted any intervening change in controlling law, advised the Court of new evidence unavailable at the time the Motions were submitted and because there is no clear error of law in the Court's holding.

WHEREFORE, PREMISES CONSIDERED, SORT-RITE INTERNATIONAL, INC. respectfully requests that this Court strike the Response of Pino, Finch and Metzger to Sort-Rite's Motion for Summary Judgment and Reply to Sort-Rite's Response to Motion for Summary Judgment filed by Pino, Finch and Metzger and deny the Motion for

Reconsideration of Summary Judgment filed by Leticia Pino, Debra Finch and Katherine Metzger.

Respectfully submitted on this the __4th__ day of October, 2002.

OF COUNSEL:

STAPLETON, CURTIS &
   BOSWELL, L.L.P.

Chris Boswell
Attorney in Charge
State Bar No. 02683300
Southern District of Texas
Admissions Id. No. 1256
515 East Harrison, Suite "A" (78550)
Post Office Box 2644
Harlingen, Texas  78551
Telephone:       (956) 428-9191
Telecopier:      (956) 428-9283

Attorney for Sort-Rite International, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the ___4th__ day of October, 2002, a true and correct copy of the above and foregoing Sort-Rite's Response to Pino, Finch and Metzger's Motion for Reconsideration was forwarded to the following:

Ms. Constance Y. Singleton
215 Bayland Avenue
Houston, Texas 77009

CMRRR #7001 2510 0006 8914 2903
And
Via Facsimile (713) 802-1202

Mr. James DeAnda
Solar & Associates
2800 Post Oak Blvd., Suite 6300
Houston, Texas 77056

CMRRR #7001 2510 0006 8914 2897
And
Via Facsimile (713) 850-1199

Chris Boswell