

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

United States District Court
Southern District of Texas
FILED

OCT 0 9 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JEFFERSON PILOT LIFE INSURANCE | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-01-142 |
| | § | |
| SORT-RITE INTERNATIONAL, INC., | § | |
| et al. | § | |

**SORT-RITE INTERNATIONAL, INC.'S RESPONSE TO**
**EMERGENCY MOTION TO SET ASIDE ORDER**
**DIRECTING CLERK TO DISTRIBUTE INTERPLED FUNDS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

SORT-RITE INTERNATIONAL, INC., (*hereinafter "Sort-Rite"*) files this its

Response to "Emergency Motion to Set Aside Order Directing Clerk to Distribute Interpled

Funds and Motion Requesting Order Directing Return of Funds Disbursed to Sort-

International, Inc. Pending Disposition of Case" and in support thereof, would respectfully

show the Court as follows:

1.     Leticia Pino, Debra Finch and Katherine Metzger (*hereinafter collectively*

*"Pino"*) complain of the Court's Order Directing Clerk to Distribute Interpled Funds

Pursuant to Final Judgment entered on September 18, 2002 (*Dkt. No. 64*).

2.     Pino submits no authority for the Motion or basis for filing it as an emergency

motion.   Pino's Motion is not brought pursuant to any particular Federal Rule of Civil

Procedure.   Because the Motion fails to cite an authority, it should be denied.

3.    However, if it is to be construed as a Motion for Stay of Proceeding to Enforce a Judgment pursuant to Rule 62, that Motion should likewise be denied.  In a case similar to this one, the United States District Court for the Eastern District of Arkansas, Eastern Division denied a Motion to Compel Defendants to Repay Money Disbursed by the Clerk of the Court. *In United States v. 3,035.73 Acres of Land, More or Less, Situated in Monroe County, State of Arkansas,* 496 F.Supp. 1026 (E.D. Ark. 1980), the United States Government had deposited $1,062,000.00 in an eminent domain proceeding to be apportioned among the rightful owners of the property. The funds were distributed pursuant to Judgment and subsequently one of the parties filed a Notice of Appeal and sought the return of the distributed monies. In that case, the Movant argued that the funds had been distributed prior to the  judgment becoming final.  The Court held that "there is a serious question as to the application of Rule 62(a) where no action was taken on a Judgment against the Judgment Debtor or his property.  There was no execution or other proceeding taken against Defendants . . . . The object of the lawsuit was a question of ownership of the funds." Id at 1030.  Similarly, in this case, no action is being taken against Pino, Finch and Metzger personally or against their property.  The interpleader res was simply distributed.  Therefore, a Motion to Stay pursuant to Rule 62 should not be available to Pino.

The Court further cited the holding in *Aron v. Snyder*, 90 U.S. App. D.C. 325, 196 F.2d 38, cert. denied (1952), 344 U.S. 854, 73 S.Ct. 92, 97 L.Ed. 663, reh. denied, 344 U.S. 888, 73 S.Ct. 183, 97 L. Ed. 687 which also was a case involving post judgment distribution of interpled funds.   In that case the Court held:

---

"At all events, in view of our ruling against Aron's basic contentions as to validity of the judgment, it follows that any premature disbursal of the fund was without prejudice to his ultimate rights."

In both cases, the parties' motions to compel return of the distributed funds was denied. Likewise, this Motion should be denied for the reason that the Court's Final Judgment is lawful and without error.

4.    The Motion for Reconsideration, as argued in the Response to Pino, Finch and Metzger's Motion for Reconsideration, should be denied. Moreover, in the instant case, the Movants did not file a Motion to Stay the Judgment within ten (10) days of the date of the Judgment pursuant to Rule 62. Neither has any security to support a stay been offered or posted.

WHEREFORE, PREMISES CONSIDERED, the Emergency Motion to Set Aside Order Directing Clerk to Distribute Interpled Funds and Directing the Return of the Funds to the Registry of the Court should be in all things denied.

OF COUNSEL:

STAPLETON, CURTIS &
    BOSWELL, L.L.P.

Chris Boswell
Attorney in Charge
State Bar No. 02683300
Southern District of Texas
Admissions Id. No. 1256
515 East Harrison, Suite "A" (78550)
Post Office Box 2644
Harlingen, Texas 78551
Telephone:       (956) 428-9191
Telecopier:      (956) 428-9283

Attorney for Sort-Rite International

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the ___9th___ day of October, 2002, a true and correct copy of the above and foregoing Sort-Rite's Response to Pino, Finch and Metzger's Emergency Motion to Set Aside Order Directing Clerk to Distribute Interpled Funds was forwarded to the following:

Ms. Constance Y. Singleton
215 Bayland Avenue
Houston, Texas 77009

CMRRR #7001 2510 0006 8914 2675
And
Via Facsimile (713) 802-1202

Mr. James DeAnda
Solar & Associates
2800 Post Oak Blvd., Suite 6300
Houston, Texas 77056

CMRRR #7001 1940 0003 1456 4872
And
Via Facsimile (713) 850-1199

Chris Boswell

---