IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 1 5 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JEFFERSON PILOT § | |
| LIFE INSURANCE CO. § | |
| § | |
| v. § | CASE NO. B-01-142 |
| § | |
| SORT-RITE INTERNATIONAL, § | |
| INC., § | |
| AND § | |
| LETICIA PINO, DEBRA FINCH, § | |
| AND KATHERINE METZGER. § | |

### PINO, FINCH, AND METZGER'S REPLY
### TO SORT-RITE'S RESPONSE TO EMERGENCY MOTION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW LETICIA PINO, DEBRA FINCH, and KATHERINE METZGER and file this, their reply to the response filed by SORT-RITE INTERNATIONAL, INC., to their emergency motion to set aside order. In support of their reply, Movants state as follows:

1. In its response, SORT-RITE INTERNATIONAL, INC. states that Movants have presented no authority in support of the bringing of their motion, and, in the event that the motion is construed as a Motion for Stay of Proceeding to Enforce a Judgment under Rule 62,

1

that the motion should be denied. SORT-RITE INTERNATIONAL, INC. then cites two cases to support its position.

2. The basis and support for Movants' emergency motion is presented in that document, Federal Rules of Civil Procedure, Rule 6(a). The two opinions cited by SORT-RITE INTERNATIONAL, INC., written in 1950 and 1980, pre-date the changes to Rule 6(a) which apply to the case at bar, and are clearly distinguishable on their facts, even without regard to the applicable changes.

3. Movants timely-filed their motion for reconsideration under Rule 59, Federal Rules of Civil Procedure on September 26, 2002, seeking reconsideration of the Court's Final Judgment entered September 12, 2002. In the interim, SORT-RITE INTERNATIONAL, INC. filed, on September 18, 2002, a motion for an order to distribute funds, which motion was opposed, as recited in the certificate of conference found at the end of the motion. On September 24, 2002, prior to the ten-day time window provided for Movants' Rule 59 motion, the Court ordered the disbursement of funds, without hearing or opportunity for Movants' response to the motion to order disbursement.

4. Rule 6(a) governs computation of the time period for the filing of Rule 59 motion; thus, intermediate Saturdays, Sundays, and legal

holidays are excluded from ten-day time period. *Parkus v. Delo*, 985 F.2d 425 (8th Cir. 1993). Even when fifteen calendar days had elapsed, where five of those days were Saturdays, Sundays, and holidays, the Rule 59 motion was timely-filed under Rule 6. *Wright v. Preferred Research, Inc.*, 891 F.2d 886 (11th Cir. 1990), *app.dismd.* 937 F.2d 1556, *reh, en banc, den.* 947 F.2d 1492, *cert.den.* 502 U.S. 1049 (1992).

5. SORT-RITE INTERNATIONAL, INC. first cites *United States v. 3,035.73 Acres of Land, More or Less, Situated in Monroe County, State of Arkansas*, 496 F.Supp. 1026 (E.D. Ark. 1980). SORT-RITE INTERNATIONAL, INC. misrepresents the holding in that case. The dispute giving rise to Arkansas opinion was one between the landowners of condemned property and a timber company holding an interest in standing timber on the property. Funds in the amount of $1,062,000 were tendered into the Registry of the Court by the United States. Of that sum, $60,000 was released to the timber company, not the entire amount, which action precipitated the appeal. The opinion was based on findings that there was a full evidenciary hearing on timber values, that the court issued a memorandum and opinion which fully quantified the amount to be awarded to the timber company and

3

requested opposing counsel to submit comments and objections to its proposed order. After the passage of ten days, with no such responses forthcoming, the judgment was entered on June 23, 1980, the complaining landowner filed no document until July 7, 1980, well beyond the ten-day time window provided by Rule 6. It was also significant to the ruling that the disbursed funds were not actually in the Registry of the Court, but had been invested in interest-bearing securities, which were required to be disbursed on maturity date, which occurred three days after the final judgment was entered. *United States v. 3,035.73 Acres of Land*, at 1030.

6. The second case cited by SORT-RITE INTERNATIONAL, INC. was *Aron v. Snyder*, 196 F.2d 38 (D.C. Cir. 1952). Aron was an attorney who claimed a portion of funds tendered into the Registry of the Court on behalf of a client. *Aron v. Snyder*, at 39. Several of Aron's creditors also asserted rights to his portion of the funds. *Aron v. Snyder*, at 39. On May 2, 1945, the parties, Aron and Drier (the client) agreed that one-third of the tendered funds would be used to buy up the Aron creditors' claims, as designated by him "or by the court." *Aron v. Snyder*, at 39. Aron subsequently objected to the court's decision regarding disbursement. In ruling against Aron, the

appellate court emphasized the fact that the original agreement into which Aron had entered provided that the money could be disbursed as designated by the court, that the court's order followed a hearing in which Aron participated, and that the order contained language that disbursement be made "forthwith," to which Aron's counsel made no objection at the time. *Aron v. Snyder,* at 40. The opinion is silent regarding whether a Rule 59 motion was filed in that case.

7. Aron's appeal asserted that the court had no authority to control the funds, and was required to disburse them in accordance with Aron's instructions. *Aron v. Snyder,* at 40. The appellate court disagreed, and found that any premature disbursal was consistent with the agreement of the parties, and was without prejudice to Aron's rights. This case has no application to the facts of the case at bar.

Respectfully submitted,

CONSTANCE Y. SINGLETON
ATTORNEY-IN-CHARGE
FOR LETICIA PINO,
KATHERINE METZGER, AND
DEBRA METZGER FINCH
Fed. ID. 6567
SBOT 18435600
(281)-687-0100
Fax: (713) 802-1202
215 Bayland Avenue
Houston, Texas 77009

OF COUNSEL:

JAMES DEANDA
Solar & Associates
Fed. ID. 15484
SBOT 05624000
(713) 850-1212
Fax: (713) 850-1199
2800 Post Oak Blvd., Suite 6300
Houston, Texas 77056

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Request for Hearing has been sent, via certified mail, Return Receipt Requested, to the counsel of record named below, on this the 12th day of October, 2002:

Stapleton, Curtis & Boswell, LLP
P. O. Box 2644
Harlingen, Texas 78551
Attn: Mr. Chris Boswell

CONSTANCE Y. SINGLETON