United States District Court
Southern District of Texas
ENTERED

OCT 3 1 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JEFFERSON-PILOT LIFE INSURANCE, CO., § | | |
| Plaintiff, § | | |
| v. § | NO. B-01-142 | |
| § | | |
| SORT-RITE INTERNATIONAL, INC., AND § | | |
| LETICIA DE PINO, DEBRA FINCH, AND § | | |
| KATHERINE METZGER, § | | |
| Defendants. § | | |

## ORDER

BE IT REMEMBERED that on October 30, 2002, the Court considered the following motions: Defendants de Pino, Finch, and Metzger's (hereinafter "de Pino") "Emergency Motion to Set Aside Order Directing Clerk to Distribute Interpled Funds and Motion Requesting Order Directing Return of Funds Disbursed to Sort-Rite International, Inc. Pending Disposition of the Case" [Dkt. No. 68], Defendant de Pino's "Motion for Hearing on Motion to Set Aside Order Directing Clerk to Distribute Interpled Funds" [Dkt. No. 69], Defendant Sort-Rite International, Inc.'s (hereinafter "Sort-Rite") "Response to Motion to Distribute Funds Held in the Registry of the Court" [Dkt. No. 70], and Defendant Sort-Rite's "Response to Emergency Motion to Set Aside Order Directing Clerk to Distribute Interpled Funds" [Dkt. No. 72].

On September 5, 2002, this Court granted summary judgment in favor of Defendant Sort-Rite. The Court determined that pursuant to a life insurance policy with Jefferson-Pilot Life Insurance Company, Sort-Rite had successfully asserted an interest in policy #JP4038973 as the Employer/Beneficiary. This interest entitled the company to approximately $1,000,000.00. De Pino, as the co-beneficiary, was entitled to the remaining funds.[1] In this judgment the Court did not, however, render a decision

---

[1] The amount of the original $1,500,000 policy had been reduced based on settlement between de Pino and Coastal Banc ssb and the Export-Import Bank of the United States. Pursuant to this settlement, the Court ordered that Coastal Banc ssb receive $125,000 and

1

concerning any claims Sort-Rite may have against the co-beneficiaries on the policy for the reimbursement of premiums paid by Sort-Rite.

On September 12, 2002, the Court entered final judgment in favor of Sort-Rite. On September 18, 2002, Sort-Rite filed a Motion for Order Directing Clerk to Distribute Interpled Funds Pursuant to Final Judgment [Dkt. No. 64]. This motion contained an averment that counsel for Sort-Rite had conferred with co-Defendant de Pino and indicated the Motion for disbursement was opposed. The Court, however, on September 24, 2002, inadvertently granted Sort-Rite's Motion to Distribute Funds and directed the clerk to distribute the interpled funds pursuant to final judgment in the manner proposed by Sort-Rite [Dkt. No. 65].

On September 26, 2002, Defendant de Pino filed a Motion for Reconsideration of Summary Judgment [Dkt. No. 66] arguing in part that contested issues remained concerning reimbursement for premium payments and the award of attorneys' fees.[2]

On October 3, 2002, Defendant de Pino responded to Sort-Rite's Motion for Disbursement. In her response, de Pino argues the $33,459.14 distributed to Sort-Rite as reimbursement for premiums paid plus interest and $40,000 in attorneys' fees was incorrectly distributed. The Court now takes note that the parties never briefed the

---

Export-Import Bank receive $25,000 out of the interpled funds [Dkt. No. 42]. Further, the settlement agreement stipulated that these funds were to be subtracted from any funds to which the Court adjudged de Pino, et al. to be entitled. At the time of this disbursement, there was approximately $1,495,000.000 in the Court's registry, an amount slightly less than the $1,500,000.00 policy. This reduced amount was owed to a stipulated dismissal of Jefferson-Pilot Life Insurance Company and the Court's corresponding disbursement of $5,786.73 to Jefferson-Pilot [Dkt. Nos. 18 and 19]. The stipulation of dismissal and the Court's order are silent as to whom the disbursement was to be charged.

[2]The Court is aware that Defendant de Pino filed a Notice of Appeal on October 9, 2002 [Dkt. No. 73]. On September 26, 2002, de Pino filed a Motion for Reconsideration with this Court [Dkt. No. 67]. For the purpose of the Federal Rules of Civil Procedure, a motion for reconsideration is considered to be a motion to "alter or amend the judgment" under Rule 59(e) if it is served within ten days of the Court's final judgment. De Pino's Motion for Reconsideration was timely filed pursuant to Rules 59(e) and 6(a), and as a result, the timely filing of the motion for reconsideration suspends the time period for filing an appeal until this Court rules on the motion. See Fed. R. App. P. 4 (a). See also Galle v. Director, Office of Workers' Compensation Programs, 246 F.3d 440, 448 (5th Cir. 2001).

Court on the issue of attorneys' fees and, indeed, the fees were awarded in the absence of submission of a proper application.

Sort-Rite contends in its Response to de Pino's motion to set aside the September 24, 2002, order that de Pino submits no authority for the motion. De Pino's request to set aside the order, however, was clearly made in an effort to bring the Court's error to its attention in the hope of receiving immediate recourse. In this respect, de Pino's motion was not a motion to stay the execution of its Summary Judgment proceeding pursuant to Rule 62(b). Rather, de Pino's motion was intended to restore the status quo ante with respect to the issues that remained outstanding and unresolved by the Court's Summary Judgment and to allow the Court to consider a response to the Motion to Distribute Funds before issuing an order. Consequently, the Court interprets de Pino's motion as a Motion to Vacate the September 24, 2002, order.

As a result, the Court now hereby **VACATES** its September 24, 2002, order disbursing funds. The Court **ORDERS** Sort-Rite to brief the Court on the following issues no later than 1:00 p.m. on November 12, 2002. The Court **ORDERS** de Pino, et al. to submit their response no later than 1:00 p.m. on November 25, 2002. The parties should direct the Court's attention to evidence contained in the record that supports their arguments.

(1) What claim, if any, Sort-Rite has against the proceeds to which this Court adjudged de Pino to be entitled.
(2) Under the terms of the life insurance policy, whether a claim in the form of reimbursement to Sort-Rite, if proper, should be calculated by the "cost of insurance" paid or the premium payments made. If reimbursement is proper, a discussion of the amount and exact means of calculation.
(3) Any other legal arguments that would elucidate to the Court the proper distribution of the funds, including a substantive and thorough computation of the proposed distribution of funds.

The parties are reminded that any request for attorneys' fees must be

3

accompanied by a proper application in which the movant presents evidence, facts and legal authority in support of such an award.

In addition, the Court is currently reconsidering, but reserves judgment on whether the factual conclusions reached in its summary judgment concerning the amount Sort-Rite paid in premiums to Jefferson-Pilot was erroneous.

In light of the above determination, the Court **ORDERS** both parties to return all distributed funds to the Court Registry no later than 1:00 p.m. on November 8, 2002.

In conclusion, the Court hereby **GRANTS** Defendant de Pino's "Motion to Set Aside Order Directing Clerk to Distribute Interpled Funds and Motion Requesting Order Directing Return of Funds Disbursed to Sort-Rite International, Inc. Pending Disposition of the Case" [Dkt. No. 68], **DENIES** Defendant de Pino's "Motion for Hearing on Motion to Set Aside Order Directing Clerk to Distribute Interpled Funds" [Dkt. No. 69], and **DENIES** Defendant de Pino's "Request for Hearing on its Motion for Reconsideration of Summary Judgment" [Dkt. No. 67].

DONE this 30th day of October, 2002, at Brownsville, Texas.

Hilda G. Tagle
United States District Judge