United States District Court
Southern District of Texas
FILED

NOV 1 2 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JEFFERSON PILOT LIFE INSURANCE | § § | |
| vs. | § § | CIVIL ACTION NO. B-01-142 |
| SORT-RITE INTERNATIONAL, INC., et al. | § § | |

SORT-RITE INTERNATIONAL, INC.'S BRIEF
AND RESPONSE TO THE COURT'S ORDER DATED
OCTOBER 30, 2002

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

SORT-RITE INTERNATIONAL, INC. (*hereinafter "Sort-Rite"*) files this its Brief and Response to the Court's October 30, 2002 Order that it brief the specific issues contained in the Order and in support thereof, would respectfully show the Court as follows:

1. **Relevant Procedural History**

On August 15, 2001, Jefferson Pilot Life Insurance (*hereinafter "Jefferson Pilot"*) filed its Original Complaint for Interpleader and for Declaratory Judgment. Jefferson Pilot's claim for declaratory judgment was silent as to whether it was proceeding pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§2201-02 (*hereinafter Federal DJA*) or the Texas version of the Uniform Declaratory Judgment Act, Tex. Civ.& Rem. Code §37.001 et seq. (*the Texas DJA*). On October 9, 2001, Sort-Rite filed its Original Answer,

with the Affidavit filed with the Motion for Summary Judgment, and Thirty-Three Thousand Four Hundred Fifty-Nine and 14/100 Dollars ($33,459.14), being one-third (1/3) of the One Hundred Thousand Four Hundred Seventy-Seven and 90/100 Dollars ($100,477.90) in premiums paid by Sort-Rite International, Inc. pursuant to its summary judgment evidence.

The undersigned counsel manually calculated the amount of six percent (6%) on each premium paid from the date it was paid through the date of judgment. Those premiums are set forth on ***Exhibits "1 and 2"*** attached to ***SJX "3"*** and attached to Sort-Rite's Motion for Summary Judgment, as well as ***SJX "4"*** also attached to Sort-Rite's Motion for Summary Judgment.

## 2. Attorney's Fees

Texas Civil Practice & Remedies Code Section 38.001 clearly allows for the recovery of attorney's fees in declaratory judgment actions. However, Sort-Rite must bring to the Court's attention, as it is required to do, the case of ***Utica Lloyd's of Texas vs. Eric Mitchell***, 138 F.3rd 208 (5th Cir. 1998). ***In Utica Lloyds***, the Fifth Circuit Court of Appeals analyzed a claim for attorney's fees in a case wherein an insurer brought a diversity suit under the Federal DJA. In that case, the Defendant, after prevailing in the declaratory judgment action sought attorney's fees pursuant to the Texas DJA. The District Court denied the request for attorney's fees. The Court of Appeals held that "although the Texas DJA expressly provides for attorney's fees, it functions solely as a procedural mechanism for resolving substantive controversies which are already within the jurisdiction of the Courts

Counterclaim and Cross-Claim for Declaratory Judgment. The Cross-Claim for Declaratory Judgment, beginning on page 4, brings suit against, among others, Leticia Elizalde De Pino, Debra Ann Metzger Finch and Katherine Metzger seeking entry of a declaratory judgment awarding it One Million Dollars ($1,000,000) <u>plus that portion of the premiums paid by Sort-Rite which should have been paid by co-owner Shirley J. Metzger individually, plus interest at the rate of four percent (4%)</u>. ***See paragraph 11 of Sort-Rite's Answer, Counterclaim and Cross-Claim (Dkt. 8)***. Sort-Rite <u>also pled for attorney's fees</u> in its Prayer at Paragraph 3, p. 7 (***Dkt. 8***). In its Motion for Summary Judgment, Sort-Rite pled at paragraph 6 for reasonable attorney's fees and one-third (1/3) of all premiums paid by Sort-Rite plus interest as it accrued thereon from the date of each payment. ***See paragraph 7 and SJX "5", the Affidavit of George Daily (attached to Dkt. 48)***. Also attached to Sort-Rite's Motion for Summary Judgment is an Affidavit from the undersigned attorney as to the opinion on a reasonable attorney's fee in the amount of Forty Thousand Dollars ($40,000.00). The Joint Pretrial Order further cites as an issue at paragraph 9(S) whether Sort-Rite is entitled to attorney's fees. On September 12, 2002, the Final Judgment was entered in favor of Sort-Rite. That Judgment stated as follows: ..."the Court having granted summary judgment <u>on all causes of action</u> in favor of Defendant Sort-Rite enters final judgment pursuant to Federal Rules of Civil Procedure 58." Thereafter, Sort-Rite filed its Motion for Order Directing Clerk to Distribute Interpled Funds Pursuant to Final Judgment requesting an award of Forty Thousand Dollars ($40,000.00) as attorney's fees consistent

... Unlike substantive law, however, the Texas procedure does not govern this diversity action." Thus, the Fifth Circuit has held that an award of attorney's fees is improper because the Texas provision authorizing attorney's fees in declaratory judgment actions is not applicable to a federal diversity case. It is also clear that while a District Court has the authority and discretion to award attorney's fees in interpleader cases, whenever it is fair and equitable to do so, that authority is limited to an award to the disinterested stakeholder. ***Metropolitan Life Insurance Company vs. Barretto,*** 178 F.Supp.2nd 745 (S.D. Texas 2001 citing ***Rhodes v. Casey***, 196 F.3rd 592, 600 (5th Cir.1999), cert. denied, 531 U.S. 924, 148 L.Ed. 2nd 240, 121 S.Ct. 298 (2000).

Thus, since the Fifth Circuit has held that Texas Declaratory Judgment Act is not available to support an award of attorney's fees in a federal diversity case, Sort-Rite must concede that there is no basis for its claim for attorney's fees and contemporaneously with this Brief and by separate Motion, moves to withdraw and dismiss that claim.

### 3. Recovery of Premiums Paid by Sort-Rite

Sort-Rite has maintained since its initial pleading that it is entitled to the return of a portion of the premiums on Shirley Metzger's individual portion of the policy. Sort-Rite sought to charge against the individual portion of the policy its claims for the premiums. Sort-Rite submits that it is entitled to charge Metzger's individual portion of the policy in the amount of Thirty-Three Thousand Four Hundred Fifty-Nine and 19/100 Dollars ($33,459.19) plus interest, which amount is one-third (1/3) of the net premiums paid by

Sort-Rite over the life of the policy. De Pino contends that Sort-Rite would be entitled only to the pro-rata portion of the costs of insurance applicable to the co-owner's portion or roughly one-half (½) of what Sort-Rite claims.

Since Sort-Rite cannot recover its attorney's fees, it no longer desires to continue litigation over the award of a return of its premium in view of the relatively small amount in controversy. Therefore, contemporaneously with this Brief and by separate Motion, Sort-Rite moves to dismiss its claim for the reimbursement of premium.

### 4. The Pending Motion To Distribute

As a result of the Court's Order of October 30, 2002 vacating the September 24, 2002 Order Directing Clerk to Distribute Funds, the Motion to Direct Clerk to Distribute remains pending. If this Court grants Sort-Rite's Motion to Dismiss its claim for attorney's fees and reimbursement of premiums paid, the issues raised in Pino's response becomes moot. Pino et al should therefore be excused from responding to this Brief. The Court is urged to then act on Sort-Rite's pending Motion to District Clerk to Distribute by Ordering the Clerk to Distribute the Funds in the Registry of the Court consistent with its Summary Judgment and Final Judgment. Specifically, the Court is urged to order the Clerk to Distribute One Million Dollars ($1,000,000) plus two-thirds (⅔) of any accumulated interest from the original date of deposit of September 10, 2001 until the first distribution on September 27, 2002 plus any additional interest on the $1,000,000 which is accrued since the November 8, 2002 re-deposit of the funds.

## 5. Summary

Sort-Rite calls to the attention of the Court *Utica Lloyd's vs. Mitchell*, *supra* which, although adverse to Sort-Rite's claim, appears dispositive on the issue of attorney's fees by rendering the Texas DJA inapplicable to this diversity case. Therefore, Sort-Rite has moved to dismiss its claim for attorney's fees. Although Sort-Rite has both legal and equitable arguments pursuant to the policy and under the facts to support its judgment for the return of premiums, to avoid further litigation over this issue, Sort-Rite no longer desires to pursue its claim for the return of premiums. Sort-Rite urges entry of an Order Directing Clerk to Distribute Funds and submits a proposed Order together with this Brief.

WHEREFORE, PREMISES CONSIDERED, Sort-Rite urges the Court to act upon its earlier Motion to Distribute and to enter an Order Distributing the Funds in the Registry of the Court pursuant to and consistent with its Final Summary Judgment.

OF COUNSEL:

STAPLETON, CURTIS &
  BOSWELL, L.L.P.

_____
Chris Boswell
Attorney in Charge
State Bar No. 02683300
Southern District of Texas
Admissions Id. No. 1256
515 East Harrison, Suite "A" (78550)
Post Office Box 2644
Harlingen, Texas 78551
Telephone:     (956) 428-9191
Telecopier:    (956) 428-9283

Attorney for Sort-Rite International, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the ___12th___ day of November, 2002, a true and correct copy of the above and foregoing Sort-Rite's Brief and Response to the Court's Order dated October 30, 2002 and Motion to Withdraw Claims, forwarded to Ms. Constance Y. Singleton, 215 Bayland Avenue, Houston, Texas 77009, via facsimile (713) 802-1202 and Certified Mail, Return Receipt Requested #7002 0860 0004 8101 4252.

_____
Chris Boswell