

United States District Court
Southern District of Texas
FILED

DEC 1 8 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JEFFERSON PILOT<br>LIFE INSURANCE CO. | § § § | |
| v. | § § | CASE NO. B-01-142 |
| SORT-RITE INTERNATIONAL,<br>INC.,<br>AND<br>LETICIA PINO, DEBRA FINCH,<br>AND KATHERINE METZGER. | § § § § § § | |

## PINO, FINCH, AND METZGER'S REPLY TO SORT-RITE'S OPPOSITION TO IMMEDIATE DISTRIBUTION OF PORTION OF FUNDS WITH AFFIDAVIT DEMONSTRATING IMMEDIATE NEED

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW LETICIA PINO, DEBRA FINCH, and KATHERINE METZGER and file this, their reply to the opposition filed by SORT-RITE INTERNATIONAL, INC. to their motion for immediate distribution of portion of the interpled funds. The substance of this reply is as follows:

1. The sole basis for the opposition filed by SORT-RITE INTERNATIONAL, INC. (hereinafter referenced as 'SORT-RITE') is

that the funds should remain in the Registry of the Court in order to provide security to protect SORT-RITE against "damages for delay" in the event of appeal (Dkt. 83, page 3, first sentence).

2.     SORT-RITE cannot show any "damages for delay." There can be no injury for delay under the unique circumstances of this case. Post-judgment interest for money judgments in a civil case in a United States district court are governed by 28 USC §1961(a), which provides that "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment." That rate is currently 1.48 to 1.46%, as identified in Exhibit 'A,' attached hereto, which is a copy of the Selected Interest Rates published by the Federal Reserve Board's Board of Governors. The $1,000,000 portion of the policy, which is the only portion now in dispute, earns more than this amount while in the interest-bearing account used by the Registry of the Court, and Movants herein submit that no supercedeas bond will be necessary to assure the payment of any judgment. A supercedeas bond is intended to protect the prevailing party, and assure that sufficient funds are available to pay the judgment following an appeal. As discussed

above, the post-judgment interest is determined by the weekly average 1-year constant maturity Treasury yield in effect for the week preceding the date of judgment. This interest rate can be anticipated to be approximately 1.5%. Even if, for the purposes of argument, it is assumed that the appeal will take two years, this results in interest of only $30,000 on the $1,000,000 in dispute.

3.   From the $500,000 portion of the insurance proceeds, $350,000 remains ($150,000 was paid in settlement to two banks in June 2002). SORT-RITE's opposition to the disbursement of any of the $350,000 plus interest of approximately $11,000 is without merit.

4.   Attached hereto, as Exhibit 'B,' is the Affidavit of Debra Finch, one of the Claimant-Movants herein. In that affidavit she demonstrates her urgent need for a distribution of her portion of the funds, and her request for an expedited disbursement based on that need. The delay in receipt of these funds is creating enormous hardship for her family, and is without basis.

5.   SORT-RITE misrepresents that Rule 54 of the Federal Rules of Civil Procedure prohibits a distribution prior to final judgment. Rule 54 presents no restrictions on the Court's right to enter orders for distribution of funds held in the Registry of the Court. Rule 54 details

3

the requirement that there can be only one final judgment, which judgment must adjudicate all of the rights, claims and liabilities of all the parties.

6.  The instant funds were deposited pursuant to Rule 67, Federal Rules of Civil Procedure, which specifically addresses funds deposited into the Registry of the Court. That Rule, and 28 USC §§ 2041 and 2042, the enabling statutes, provide that the funds may be withdrawn in accordance with court order. It is clear that no final judgment is required, despite SORT-RITE's insistence. In fact, in the instant case, the attorney for Jefferson Pilot Life Insurance Company has received a disbursement of these funds, as well as the two bank-claimants. These distributions were not in violation of Rule 54, and were in accordance with Rule 67, and 28 USC §§ 2041 and 2042.

7.  The case cited in SORT-RITE's response is misapplied, in that it does not concern an interpleader factual setting. The *Notes of Advisory Committee on Rules* for Rule 67, Federal Rules of Civil Procedure, remarks that the "deposit-in-court procedure" "gives other litigants assurances that any judgment will be collectable. The amendment is intended to accomplish that." [Rule 67, Federal Rules of Civil Procedure, 1983 Amendment, first paragraph].

For this reasons, Movants respectfully request that this Court grant their request for immediate disbursement of $350,000 funds from the Registry of the Court, plus one-third the amount of the interest generated by the total interpled funds.

Respectfully submitted,

*[signature]*

CONSTANCE Y. SINGLETON
ATTORNEY-IN-CHARGE
FOR LETICIA PINO,
KATHERINE METZGER, AND
DEBRA METZGER FINCH
Fed. ID. 6567
SBOT 18435600
(281)-687-0100
Fax: (713) 802-1202
215 Bayland Avenue
Houston, Texas 77009

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been sent, via certified mail, Return Receipt Requested, to the counsel of record named below, on this the 17th day of December, 2002:

Stapleton, Curtis & Boswell, LLP
P. O. Box 2644
Harlingen, Texas 78551
Attn: Mr. Chris Boswell

*[signature]*

CONSTANCE Y. SINGLETON

# Federal Reserve Statistical Release



## H.15
## Selected Interest Rates (Daily)

Skip to Content

*Release Date: December 13, 2002*
Weekly release dates and announcements | Historical data | About
Daily update   *Other formats:* Screen reader | ASCII

---

The weekly release is posted on Monday. Daily updates of the weekly release are posted Tuesday through Friday on this site.

```
H.15 DAILY UPDATE: WEB RELEASE ONLY          For immediate release
SELECTED INTEREST RATES                          December 13, 2002

Yields in percent per annum

                                         2002    2002    2002    2002
                                         Dec     Dec     Dec     Dec
Instruments                              9       10      11      12


Federal funds (effective) 1 2 3          1.22    1.22    1.29    1.29
Commercial paper 3 4 5 6
    Nonfinancial
        1-month                          1.31    1.33    1.32    1.32
        2-month                          1.30    1.29    1.31    1.31
        3-month                          1.33    1.31    1.30    1.31
    Financial
        1-month                          1.34    1.32    1.32    1.31
        2-month                          1.31    1.31    1.32    1.32
        3-month                          1.32    1.33    1.33    1.32
CDs (secondary market) 3 7
    1-month                              1.36    1.37    1.37    1.37
    3-month                              1.34    1.34    1.35    1.34
    6-month                              1.36    1.36    1.36    1.36
Eurodollar deposits (London) 3 8
    1-month                              1.36    1.36    1.35    1.35
    3-month                              1.35    1.36    1.35    1.34
    6-month                              1.36    1.37    1.36    1.35
Bank prime loan 2 3 9                    4.25    4.25    4.25    4.25
Discount window borrowing 2 10           0.75    0.75    0.75    0.75
U.S. government securities
    Treasury bills (secondary market) 3 4
        4-week                           1.22    1.21    1.21    1.18
        3-month                          1.21    1.19    1.19    1.19
        6-month                          1.26    1.25    1.24    1.24
    Treasury constant maturities 11
        1-month                          1.24    1.23    1.23    1.20
        3-month                          1.23    1.21    1.21    1.21
        6-month                          1.28    1.27    1.26    1.27
        1-year                           1.48    1.48    1.46    1.46
        2-year                           1.88    1.90    1.85    1.85
        3-year                           2.28    2.30    2.24    2.25
        5-year                           3.08    3.07    3.02    3.03
        7-year                           3.68    3.67    3.61    3.62
        10-year                          4.06    4.06    4.01    4.01
        20-year                          5.05    5.02    4.97    4.97
    Treasury long-term average
      (25 years and above) 12 13         5.08    5.05    5.00    5.01
Interest rate swaps 14
        1-year                           1.60    1.60    1.59    1.59
        2-year                           2.22    2.22    2.21    2.20
```

http://www.federalreserve.gov/releases/h15/update/      EXHIBIT 'A'       12/13/2002

|  |  |  |  |  |
|---|---|---|---|---|
| 3-year | 2.78 | 2.77 | 2.75 | 2.75 |
| 4-year | 3.19 | 3.17 | 3.15 | 3.16 |
| 5-year | 3.52 | 3.49 | 3.46 | 3.48 |
| 7-year | 4.03 | 4.01 | 3.98 | 4.00 |
| 10-year | 4.51 | 4.49 | 4.47 | 4.48 |
| 30-year | 5.34 | 5.31 | 5.27 | 5.28 |
| Corporate bonds |  |  |  |  |
| Moody's seasoned |  |  |  |  |
| Aaa 15 | 6.24 | 6.22 | 6.15 | 6.16 |
| Baa | 7.48 | 7.46 | 7.41 | 7.43 |
| State & local bonds 16 |  |  |  | 4.83 |
| Conventional mortgages 17 |  |  |  |  |

----------
See overleaf for footnotes

FOOTNOTES

1. The daily effective federal funds rate is a weighted average of rates on brokered trades.
2. Weekly figures are averages of 7 calendar days ending on Wednesday of the current week; monthly figures include each calendar day in the month.
3. Annualized using a 360-day year or bank interest.
4. On a discount basis.
5. Interest rates interpolated from data on certain commercial paper trades settled by The Depository Trust Company. The trades represent sales of commercial paper by dealers or direct issuers to investors (that is, the offer side). See Board's Commercial Paper Web pages (http://www.federalreserve.gov/releases/cp) for more information.
6. The 1-, 2-, and 3-month rates are equivalent to the 30-, 60-, and 90-day dates reported on the Board's Commercial Paper Web page.
7. An average of dealer offering rates on nationally traded certificates of deposit.
8. Bid rates for Eurodollar deposits collected around 9:30 a.m. Eastern time.
9. Rate posted by a majority of top 25 (by assets in domestic offices) insured U.S.-chartered commercial banks. Prime is one of several base rates used by banks to price short-term business loans.
10. Rate for the Federal Reserve Bank of New York.
11. Yields on actively traded issues adjusted to constant maturities. Source: U.S. Treasury.
12. Based on the unweighted average of the bid yields for all Treasury fixed-coupon securities with remaining terms to maturity of 25 years and over.
13. A factor for adjusting the daily long-term average in order to estimate a 30-year rate can be found at http://www.treas.gov/offices/domestic-finance/debt-management/interest-rate/ltcomposite
14. International Swaps and Derivatives Association (ISDA) mid-market par swap rates. Rates are for a Fixed Rate Payer in return for receiving three month LIBOR, and are based on rates collected at 11:00 a.m. by Garban Intercapital plc and published on Reuters Page ISDAFIX1. Source: Reuters Limited.
15. Moody's Aaa rates through December 6, 2001 are averages of Aaa utility and Aaa industrial bond rates. As of December 7, 2001, these rates are averages of Aaa industrial bonds only.
16. Bond Buyer Index, general obligation, 20 years to maturity, mixed quality; Thursday quotations.
17. Contract interest rates on commitments for fixed-rate first mortgages. Source: FHLMC.

DESCRIPTION OF THE TREASURY CONSTANT MATURITY SERIES

Yields on Treasury securities at "constant maturity" are interpolated by the U.S. Treasury from the daily yield curve. This curve, which relates the yield on a security to its time to maturity, is based on the closing market bid yields on actively traded Treasury securities in the over-the-counter market. These market yields are calculated from composites of quotations obtained by the Federal Reserve Bank of New York. The constant maturity yield values are read from the yield curve at fixed maturities, currently 1, 3 and 6 months and 1, 2, 3, 5, 7, 10 and 20 years. This method provides a yield for a 10-year maturity, for example, even if no outstanding security has exactly 10 years remaining to maturity.

Weekly release dates and announcements | Historical data | About
Daily update  *Other formats:* Screen reader | ASCII

Statistical releases

Home | Economic research and data
Accessibility | Contact Us
**Last update: December 13, 2002**

http://www.federalreserve.gov/releases/h15/update/    12/17/2002

# AFFIDAVIT OF DEBRA METZGER FINCH

STATE OF TEXAS           §
                         §
HARRIS COUNTY            §

     BEFORE ME, the undersigned Notary Public, on this day personally appeared DEBRA METZGER FINCH, a person known to me, who, having been first duly sworn upon her oath, deposed and stated:

1. My name is DEBRA METZGER FINCH. I am above the age of eighteen years and am mentally competent to give this affidavit.

2. I am the daughter of Shirley Metzger, Deceased, and am one of three Claimants represented by Constance Singleton in Case No. B-01-142, styled *Jefferson Pilot Life Insurance Company v. Sort-Rite International, et al.*

3. It is my understanding that Sort-Rite International no longer makes any claim against the $500,000 portion of the $1,500,000 in policy proceeds which are the subject of this suit.

4. I am in desperate need of my portion of whatever monies are no longer in dispute.

5. My husband, Mike Finch, was diagnosed with cancer of the jaw several months ago, and has been required to undergo surgeries, chemotherapy and radiation. This crisis has depleted our savings and has affected our income, as he has been unable to work until very recently.

Exhibit 'B'

6. I am making this affidavit in support of my attorney's request for an immediate disbursement of that portion of the policy proceeds which are uncontested.

**FURTHER, AFFIANT SAYETH NOT.**

/s/
_____
DEBRA METZGER FINCH

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned Notary Public, on this the ___ day of December, 2002, to certify which witness my hand and seal.

/s/
_____
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS
My Commission Expires: _____

2