United States District Court
Southern District of Texas
ENTERED

DEC 2 0 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JEFFERSON-PILOT LIFE INSURANCE, CO., § | |
| Plaintiff, § | |
| v. § | NO. B-01-142 |
| § | |
| SORT-RITE INTERNATIONAL, INC., AND § | |
| LETICIA DE PINO, DEBRA FINCH, AND § | |
| KATHERINE METZGER, § | |
| Defendants. § | |

## ORDER OF DISBURSEMENT

BE IT REMEMBERED that on December 19, 2002, the Court considered the Parties motions to distribute funds in the Court's Registry and the responses thereto [Dkt. Nos. 78, 80, 81, 82, 83, & 84].

The Court issued its Summary Judgment decision on September 5, 2002, and determined that Sort-Rite International, Inc. ("Sort-Rite") was entitled to the Employer's portion of the life insurance policy proceeds and Leticia de Pino, as the sole beneficiary,[1] was entitled to the individual portion of the life insurance proceeds. According to this division of proceeds, the Court awarded Sort-Rite one million dollars ($1,000,000) in principal and de Pino three hundred fifty thousand dollars ($350,000) in principal. De Pino's award was calculated as the difference between the individual's portion of the proceeds and one hundred fifty thousand dollars ($150,000) that was previously disbursed pursuant to a settlement agreement between de Pino and Coastal Banc and Export-Import Banc. The Court entered final judgment on September 12, 2002.

On September 24, 2002, the Court inadvertently issued an order of

---

[1]The parties, de Pino, Finch, and Metzger, have indicated to the Court that a separate agreement exists as to the division of the insurance policys proceeds. As the Court found in its summary judgment, however, de Pino is the actual beneficiary to the life insurance proceeds pursuant to the beneficiary designation contained in the policy.

1

disbursement [Dkt. No. 65], which it later vacated on October 30, 2002 [Dkt. No. 76]. The Court ordered the parties to return all disbursed funds to the Court's Registry by November 8, 2002. The Parties returned the funds to the Court's Registry, and according to the Court Registry Investment System, on November 14, 2002, one million three hundred eight-four thousand fifty-one dollars and fifty-seven cents ($1,384,051.57) was held in the account. The Court, having denied de Pino's Motion for Reconsideration on December 16, 2002, now directs the disbursement of funds, which effectuates the Court's Summary Judgment decision of September 5, 2002 and final judgment entered on September 12, 2002.

The parties disagree as to the formula the Court should use to determine the distribution of funds. Sort-Rite claims one million dollars ($1,000,000) plus the interest accrued on this amount from the date of first deposit into the Court's Registry on September 10, 2001, until the first distribution on September 27, 2002, plus any additional interest accrued on this amount since November 8, 2002, the date on which Sort-Rite deposited its portion of the funds into the registry. Presumably, Sort-Rite argues the remaining funds should be distributed to de Pino. De Pino, on the other hand, argues she should receive three hundred fifty thousand dollars ($350,000) plus one-third of any excess funds remaining in the registry after distribution of one million dollars ($1,000,000) to Sort-Rite.

Neither party has presented a detailed computation concerning the distribution of funds or evidence in the form of affidavits of expert accountants. As a result, after thoroughly reviewing the financial activity report for this case in the Court Registry Investment System, the Court applies the following formula for distribution. On August 30, 2001, the parties deposited into the Registry a principal amount of one million five hundred eleven thousand three hundred eighty-seven dollars and fifty-five cents ($1,511,387.55). There was a principal disbursement in the amount of five thousand seven hundred eighty-six dollars and seventy-three cents ($5,786.73) to Jefferson-Pilot on December 13, 2001. On May 30, 2002, de Pino settled with Coastal Banc and Export-Import Banc in the collective amount of one hundred fifty thousand dollars ($150,000). This settlement amount reduced de Pino's portion of the life insurance

proceeds from five hundred thousand dollars ($500,000) to three hundred fifty thousand dollars ($350,000). On September 25, 2002, a collective amount of one million three hundred eighty-four thousand fifty-one dollars and fifty-seven cents ($1,384,051.57) was distributed to Sort-Rite and de Pino. This same amount was redeposited into the Registry on November 14, 2002. As of December 19, 2002, the balance in this account is one million three hundred eighty-five thousand nine hundred forty-one and eleven cents ($1,385,941.11).

Based on the disbursements explained above, in addition to the principal amount of one million dollars ($1,000,000), Sort-Rite is entitled to 66.66% of interest accrued on this account from the date of principal deposit, August 30, 2001, until the date of settlement between de Pino and Coastal Banc and Import-Export Banc on May 30, 2002. During this same period of time, de Pino is entitled to 33.33% of the interest earned on five hundred thousand dollars, ($500,000), which is her portion of the policy proceeds. From the date of this settlement until the first date of distribution, September 25, 2002, Sort-Rite is entitled to 74% of the total interest earned on this account, and de Pino is entitled to 26% of the interest accrued. This change in interest proportion reflects the fact that de Pino's interest in the insurance policy proceeds was reduced by settlement from five hundred thousand dollars ($500,000) to three hundred fifty thousand dollars ($350,000). From the date of principal redeposit, November 14, 2002, until the date of final disbursement, Sort-Rite is entitled to 74% of the interest accrued, and de Pino is entitled 26% of the interest accrued. The following chart reflects the Court's calculations of principal disbursement and interest earned for each party as of December 19, 2002. Any interest that has accrued between the date of this order, December 19, 2002, and the date of final disbursement shall be divided between Sort-Rite and de Pino with Sort-Rite receiving 74% of these additional funds and de Pino receiving 26% of these funds, payable Sort-Rite and de Pino's attorneys of record respectively.

The chart that follows represents the Court's calculation of each party's principal award and interest accrued:

|  | Sort-Rite | | De Pino | | |
|---|---|---|---|---|---|
|  | Principal | Interest Earned | Principal | Interest Earned | Total in Account[2] |
| 08/30/01 | 1,000,000 |  | 500,000 |  | 1,511,387.55 |
| 08/30/01-05/29/02 | 1,000,000 | 18,370.45 | 500,000 | 9,185.23 | 1,527,555.68 (on 05/29/02) |
| 05/30/02-12/19/02 | 1,000,000 | 6,205.21 | 350,000 | 2,180.21 | 1,385,941.11 (on 12/19/02) |
| TOTAL: (on 12/19/02) | 1,000,000 | 24,575.66 | 350,000 | 11,365.44 | 1,385,941.11 |

Based on the above calculations, the Court **ORDERS** the Clerk of the Court to distribute the funds in the following manner:

1. One million twenty-four thousand five hundred seventy-five dollars and sixty-six cents ($1,024,575.66), payable to Sort-Rite's attorney of record, Chris Boswell.

2. Three hundred sixty-one thousand three hundred sixty-five dollars and forty-four cents ($361,365.44), payable to de Pino's attorney of record, Constance Singleton.

3. Any interest that has accrued between the date of this order, December 19, 2002, and the date of final disbursement shall be divided between Sort-Rite and de Pino with Sort-Rite receiving 74% of these additional funds and de Pino

---

[2] Although the principal amount of the life insurance proceeds is one million five hundred thousand dollars ($1,500,000), one million five hundred eleven thousand three hundred eighty-seven dollars and fifty-five cents ($1,511,387.55) was initially deposited into the registry. The Court presumes this excess amount is accrued interest, and the Parties have not informed the Court otherwise.

4

receiving 26% of these funds, payable to Sort-Rite and de Pino's attorneys of record respectively.

DONE this 19th day of December, 2002, at Brownsville, Texas.

Hilda G. Tagle
United States District Judge