*88*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States Courts
Southern District of Texas
FILED

DEC 3 0 2002

Michael N. Milby, Clerk

| | | |
|---|---|---|
| **JEFFERSON PILOT** | § | |
| **LIFE INSURANCE CO.** | § | |
| | § | |
| **v.** | § | **CASE NO. B-01-142** |
| | § | |
| **SORT-RITE INTERNATIONAL,** | § | |
| **INC.,** | § | |
| **AND** | § | |
| **LETICIA PINO, DEBRA FINCH,** | § | |
| **AND KATHERINE METZGER.** | § | |

**MOTION TO STAY PROCEEDINGS TO ENFORCE JUDGMENT**
**PENDING APPEAL**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW LETICIA PINO, DEBRA FINCH, and KATHERINE

METZGER and file this, their Motion to Stay Proceedings to Enforce

Judgment Pending Appeal.    In support of their motion, Movants state as

follows:

**BACKGROUND**

1.    By Order and Memorandum entered December 18, 2002, this

Court denied Movants' Motion for Reconsideration, and found in

favor of SORT-RITE INTERNATIONAL, INC. regarding its

claim to $1,000,000 in life insurance policy proceeds which had

1

by Jefferson Pilot Life Insurance Company, through the interpleader action which it filed to determined the rightful beneficiary of these proceeds.

2.      Movants have filed a timely Notice of Appeal regarding this ruling.

3.      Movants herein seek, under Rule 62, Federal Rules of Civil Procedure, to stay judgment and release of these funds to SORT-RITE INTERNATIONAL, INC. during the pendency of the appeal.

4.      From the vantage point of the judgment creditor, the purpose behind Rule 62 is to secure the judgment against the possibility of a judgment debtor's insolvency. *Olcott v. Delaware Flood Co.,* 76 F.3d 1538 (10th Cir. 1996).

5.      From the vantage point of the judgment debtor, Rule 62 "primarily serves to give one against whom a money judgment is entered time to post a supersedeas bond to stay enforcement of that judgment pending appeal." *Fish Mkt. Nominee Corp. v. Pelofsky,* 72 F.3d 4, 6 (1st Cir. 1995).

6.      Rule 62 clearly addresses judgment creditors and debtors. In the instant case, there are no judgment creditors or debtors. SORT-

2

RITE INTERNATIONAL, INC. has no judgment against parties PINO, FINCH, or METZGER.  Its judgment is against a *res,* which lies under the protection of the United States District Court.

7.    In the facts of the instant case both parties are protected if the contested funds remain in the Registry of the Court.  In fact, it is Appellants who are at risk if the money is released.  SORT-RITE INTERNATIONAL, INC. is a company recently in Chapter 11, and if the funds are released to it, Appellants have effectively lost their rights to appeal, as there is no reasonable likelihood that funds could be recovered from SORT-RITE INTERNATIONAL, INC.'s assets in the event of a favorable decision from the Fifth Circuit Court of Appeals.

8.    Rule 67, Federal Rules of Civil Procedure, govern the filing of interpleader actions.  "Rule 67 provides a place of safekeeping for disputed funds pending the resolution of a legal dispute." *LTV Corp. v. Gulf States Steel, Inc.* 969 F.2d 1050, 0163 (D.C. Cir. 1992).  The *Notes of Advisory Committee on Rules* for Rule 67, Federal Rules of Civil Procedure, remarks that the "deposit-in-court procedure" "gives other litigants assurances that any

judgment will be collectable." [Rule 67, Federal Rules of Civil Procedure, 1983 Amendment, first paragraph].

9.    SORT-RITE INTERNATIONAL, INC. is not at risk if the money remains in the Registry of the Court during the pendency of the appeal.  There is no question that the judgment, whether collected by Movants herein or SORT-RITE INTERNATIONAL, INC., will be collectable.

10.    SORT-RITE INTERNATIONAL, INC. has, through its own documents, approved the retention of monies in the Registry of the Court when it argued, in its own pleadings, that retention was necessary to protect it from "delay damages." (Dkt. 83, page 3, first sentence).    SORT-RITE INTERNATIONAL, INC. has provided no authority for its right to "delay damages." Additionally, the interpled funds are maintained in an interest-bearing account, which is slightly greater than current post-judgment interest.    This argument is addressed at length in Movants' Reply to Opposition to Immediate Distribution of Portion of Funds (Dkt. 85).  Movants incorporate this pleading by reference, as if fully set forth herein.

11.    Independent of the above arguments, Movants submit that a supercedeas bond is intended to protect the prevailing party, and assure that sufficient funds are available to pay the judgment following an appeal.  If SORT-RITE INTERNATIONAL, INC. is permitted to remove the interpled funds from the Registry of the Court prior to the rendering of an opinion from the Fifth Circuit Court of Appeals, it is Movants who are injured, and it is SORT-RITE INTERNATIONAL, INC. who should be required to post a supercedeas bond to protect the payment of the *res*.  Otherwise, the intent behind Rule 62 is completely thwarted by a release of the money to SORT-RITE INTERNATIONAL, INC.

12.    Under Rule 62(c), the factors regulating the issuance of a stay are "1). whether the stay applicant has made a strong showing that he is likely to succeed on the merits, 2). whether the applicant will be irreparably injured absent a stay, 3). whether issuance of the stay will substantially injure the other parties interested in the proceeding; and 4). where the public interest lies."  *Hilton v. Braunskill,* 481 U.S. 770 (1987).

13.    Certainly the trial court would not rule in favor of one party where while holding the view that the appealing party was likely to

succeed on the merits of the case. Particularly in view of the admonitions in the Court's Order and Memorandum entered December 18, 2002, Movants will not, in recognition of those admonitions, revisit the arguments made in the motion for reconsideration. However, in support of this motion, Movants state the following, in support of the first criteria set out in *Hilton v. Braunskill*:

a.   With respect to whether the insurance carrier can waive compliance with its own regulations, Movants presented case law from the Texas Supreme Court which states that it can, which case is newer than that presented in opposition to this position.

b.   With respect to their bankruptcy arguments, Movants presented bankruptcy code provisions and rules, and judicial interpretations of those in support of those arguments. Movants' appeal is not frivolous.

14.   With respect to the second criteria set out in *Hilton v. Braunskill*, whether the applicant will be irreparably injured absent a stay, Movants submit that they will be irreparably injured. In the instant action, the judgment is not against individuals. SORT-RITE

INTERNATIONAL, INC. has no right to seize personal assets of any of the three Movants herein. The judgment is against the *res,* and to dispose of that *res* by transferring it to SORT-RITE INTERNATIONAL, INC. effectively denies Movants their right to an appeal, since it is no longer protected by the Court. Movants would further argue that Rule 62 was not intended to operate to divest litigants of their appellate rights, and to use the Rule for this purpose is in contravention of the basis for the rule, which is to assure that the status quo is not manipulated by one party prior to appellate review. This is why Rule 62(g) further specifically provides the appellate court the power to "suspend, modify, restore, or grant an injunction during the pendency of an appeal or to make any order appropriate to preserve the status quo or the effectiveness of the judgment subsequently to be entered."

15. With respect to the third criteria addressed in *Hilton v. Braunskill,* whether the issuance of the stay will substantially injure the other parties interested in the proceeding, it is clear that SORT-RITE INTERNATIONAL, INC. will not be substantially injured by a decision to keep the money in the Registry of the Court. It will be there, available to the prevailing party, whoever that is, and it will

be earning interest on the money which interest is in excess of post judgment interest awarded in federal cases.

16.    With respect to the fourth criteria set out in *Hilton v. Braunskill,* which concerns where the public interest lies, Movants submit that it is in the public interest that litigants be entitled to their rights to appeal, which are effectively denied when the *res* is disposed of, and released to one party prior to appellate review.

For these reasons, Movants respectfully request that this Court grant their motion filed under Rule 62, for stay of execution of the judgment pending the appeal of the case.

Respectfully submitted,

CONSTANCE Y. SINGLETON
ATTORNEY-IN-CHARGE
FOR LETICIA PINO,
KATHERINE METZGER, AND
DEBRA METZGER FINCH
Fed. ID. 6567
SBOT 18435600
(281)-687-0100
Fax: (713) 802-1202
215 Bayland Avenue
Houston, Texas 77009

8

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Request for Hearing has been sent, via certified mail, Return Receipt Requested, to the counsel of record named below, on this the 30th day of December, 2002:

Stapleton, Curtis & Boswell, LLP
 P. O. Box 2644
Harlingen, Texas 78551
Attn:  Mr. Chris Boswell

CONSTANCE Y. SINGLETON

## CERTIFICATE OF CONFERENCE

On December 30, 2002, the undersigned conferred with Hilda, the legal assistant for SORT-RITE's attorney of record, and was advised that he was on vacation. A representative from that law firm later conferred with the undersigned, and this motion is OPPOSED.

CONSTANCE SINGLETON

9