United States District Court
Southern District of Texas
FILED

JAN 21 2003

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JEFFERSON PILOT LIFE INSURANCE | § § | |
| vs. | § § | CIVIL ACTION NO. B-01-142 |
| SORT-RITE INTERNATIONAL, INC., et al. | § § § | |

### SORT-RITE INTERNATIONAL, INC.'S RESPONSE TO MOTION TO STAY PROCEEDINGS TO ENFORCE JUDGMENT PENDING APPEAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

SORT-RITE INTERNATIONAL, INC., (*hereinafter "Sort-Rite"*) files this its Response to the Motion to Stay Proceedings to Enforce Judgment Pending Appeal filed by Leticia Pino, Debra Finch and Katherine Metzger, and in support thereof, would respectfully show the Court as follows:

#### Background

1. De Pino, Finch and Metzger (*hereinafter collectively "De Pino"*) seek to stay the judgment and the release of funds to Sort-Rite International during the pendency of an appeal which they allege has been timely filed. Pino asserts that this Court can grant a stay pursuant to Rule 62.

2. De Pino has not posted or offered to post a supersedeas bond.

3.     The funds were disbursed pursuant to this Court's Order of Disbursement on December 20, 2002. The funds were actually delivered by the Clerk on December 27, 2002 to Sort-Rite International.

### Rule 62 is Not Applicable to this Interpleader Case

4.     De Pino argues that this Court should order the funds to be returned pursuant to Rule 62. However, the applicable portions of the rule is Rule 62(b) and (d) which states:

> (b)    In its discretion and on such conditions for the security of the adverse party as are proper, the Court may <u>stay the execution</u> of or any proceedings to enforce a judgment pending the disposition of the motion for new trial or to alter or amend the judgment made pursuant to Rule 59 or of a Motion for Relief from Judgment or Order made pursuant to Rule 60 . . .
>
> (d)    Stay Upon Appeal. When an appeal is taken the Appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the Notice of Appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

5.     Clearly, Rule 62 is designed to permit a stay or suspension of pursuing execution of a judgment. In this case, there is no judgment against De Pino or any of the Movants. Therefore, Rule 62 does not apply. *See **In the United States vs. 3,035.73 Acres of Land, More or Less, Situated in Monroe County, State of Arkansas**, 496 F.Supp. 1026*

(Eastern District Ark. 1980). In that case, the United States Government had deposited One Million Sixty Two Thousand Dollars in an eminent domain proceeding to be apportioned among the rightful owners of the property. The funds were distributed pursuant to Judgment. Subsequently one of the parties filed a Notice of Appeal and sought the return of the distributed monies. In that case, the Movant argued that the funds had been distributed prior to the Judgment becoming final. The Court there held that "there is serious question as to the Application of Rule 62(a) where no action was taken on a judgment against the judgment-debtor or his property. There was no execution or other proceeding taken against Defendants . . . The object of the lawsuit was a question of ownership of the funds." *Id. at 1030*. [Emphasis supplied]. Similarly, in this case, no action is being taken against Pino, Finch and Metzger personally or against their property. The interpleader res was simply distributed. Therefore, a Motion to Stay pursuant to Rule 62 should not be available to De Pino.[1]

## No Entitlement to Automatic Stay

6.   Even if Rule 62 were available to De Pino, it is absolutely clear that no stay can be granted without the posting of a supersedeas bond.

---

[1]   In De Pino's Motion to Stay Proceedings to Enforce Judgment Appeal, she relies upon the broader authority allowed to the Appellate Court pursuant to Rule 62(g). While Rule 62(g) notes the power of the Appellate Court to "grant an injunction during the pendency of an appeal or to make any order appropriate to preserve the status quo" that authority appears to be restricted to the Appellate Court.

Rule 62(d) requires the Appellant to post a supersedeas bond before a stay may be granted. In cases involving a money judgment, the Appellant is entitled to an automatic stay upon posting a supersedeas bond. *Hebert v. Exxon Corp.,* 953 F.2d 936, 938 (5th Cir. 1992). In cases that do not involve a money judgment, a stay will not automatically issue upon the posting of a supersedeas bond. In cases involving non-money judgments, the Court may look beyond the posted security to the four-factor test utilized by courts to determine whether a discretionary stay should be issued. *See United States v. United States Fishing Vessel Maylin,* 130 F.R.D. 684, 686 (S.D. Fla. 1990) (cited with approval in *Hebert, 853 F.2d at 938). Id.* ("because a bond may not adequately compensate a non-appealing party for loss incurred as a result of the stay of a non-money judgment." The reverse, however, is not true. Simply because the Appellant is not entitled to an automatic stay if the bond is posted, does not mean that a bond is not required.

The automatic stay is unavailable in cases involving non-money judgments because a supersedeas bond may not adequately protect the prevailing party. Although a bond might not completely protect Defendants, security remains a pre-requisite to a stay after Rule 62(d). *See Enserch Corp. v. Shnd Morahan & Co.,* 918 F.2d 462, 463-64 (5th Cir. 1990) ("Rule 62(d) establishes a general rule that losing parties in the District Court can obtain a stay pending appeal only by giving a supersedeas bond"). <u>In determining whether to grant a stay, the Courts endeavor to protect the prevailing party, allowing Plaintiffs to obtain a stay</u>

without posting a bond would be contrary to that goal. *See Borgships, Inc., Monrovia v. The M/V Macarena*, 1993 U.S. Dist. Lexis 14790. [Emphasis supplied].

7.   In the instant case, strict preservation of the interpled funds does not necessarily adequately protect Sort-Rite as Claimant.   The whole purpose of the Jefferson Pilot Life Insurance key man policy was to compensate the corporation for the loss of a key corporate officer necessary to the success of the business.   There has been no proof offered that the continued loss of the use of these funds would not otherwise be injurious to Sort-Rite as the prevailing party. Sort-Rite's opportunities to use the funds may include survival of the business, lost expansion opportunities and lost sales opportunities because of the need for capital to manufacture its shrimp processing equipment.   There has been no offer of proof by the Movant that none of these things would befall Sort-Rite because of the lost opportunity to use the funds.

### Burden Not Met For Discretionary Stay

8.   In *In Re West Delta Oil Co., Inc.*, 2001 U.S. Dist. Lexis 2183, the Appellant moved the bankruptcy court to stay the withdrawal of funds previously deposited with the Court. The Motion was denied. On appeal, the Court concurred with the bankruptcy court where Appellant failed to meet its burden for stay, however, the Court took the matter under advisement to consider whether Appellant was entitled to stay as of right upon posting of the supersedeas bond. The judgment was affirmed because the provisions allowing a stay were discretionary with the court. In that case, the court held that the Movant must establish (i)

a strong likelihood of success on the merits of the appeal, (ii) that Movant will suffer substantial irreparable injury if the stay is denied, (iii) that substantial harm will not be suffered by other parties if the stay is granted, and (iv) that issuance of the stay would not harm the public interest. Although the court engaged in an analysis of whether posting a supersedeas bond is applicable in the bankruptcy context, the portion of the opinion which is applicable to the case at bar is that dealing with the discretionary stay. In that case, the court determined that the Movant had not met its burden to demonstrate its entitlement to a discretionary stay. Clearly, the Movant has not demonstrated a strong likelihood of success on the merits of the appeal, has not offered any proof of substantial irreparable injury if the stay is denied and has offered no proof that substantial harm will not be suffered by Sort-Rite if the stay is granted.

### Summary

De Pino is not entitled to an automatic stay pursuant to Rule 62 for the reason that there is no judgment being enforced against De Pino personally or against her property. In the alternative, De Pino is not entitled to an automatic stay for the reason that there has been no offer or posting of a supersedeas bond or other form of security which would compensate Sort-Rite for its lost opportunity costs and De Pino is not entitled to a discretionary stay because it has not met its burden to establish in its favor any of the four factors which must be considered.

WHEREFORE, PREMISES CONSIDERED, Sort-Rite International, Inc. respectfully requests that this Court dismiss the Motion to Stay Proceedings to Enforce Judgment or in the alternative, deny it.

Respectfully submitted on this the 21st day of January, 2003.

OF COUNSEL:

STAPLETON, CURTIS &
  BOSWELL, L.L.P.

Chris Boswell
Attorney in Charge
State Bar No. 02683300
Southern District of Texas
Admissions Id. No. 1256
515 East Harrison, Suite "A" (78550)
Post Office Box 2644
Harlingen, Texas 78551
Telephone:    (956) 428-9191
Telecopier:   (956) 428-9283

Attorney for Sort-Rite International

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 21st day of January, 2003, a true and correct copy of the above and foregoing document was forwarded to all parties herein:

Ms. Constance Y. Singleton  
215 Bayland Ave.  
Houston, Texas 77009  
Attorney for De Pino,  
Finch & Metzger

CMRRR #7002 0860 0004 8101 3316  
And  
Via Facsimile (713) 802-1202

AND

Co-Counsel, David Melasky  
1535 West Loop South  
Fourth Floor  
Houston, Texas 77027

CMRRR #7002 0860 0004 8101 3323  
and  
Via Facsimile (713) 627-0240

_____  
Chris Boswell