IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

FEB 1 4 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

| | | |
|---|---|---|
| Jefferson Pilot Life Ins. Co., <br> Plaintiff, | § § § | |
| v. | § | CIVIL ACTION NO. B-01-142 |
| Sort-Rite International, et al., <br> Defendants. | § § § § | |

## ORDER

BE IT REMEMBERED that on February 12, 2003, the Court considered Leticia de Pino et al.'s Motion to Stay Proceedings to Enforce Judgment Pending Appeal [Dkt. No. 88] and Sort-Rite International, Inc.'s Response [Dkt. No. 90].[1] For the reasons that follow, the Court **DENIES** de Pino's Motion.

De Pino argues in her Motion to Stay that in light of this Court's December 18, 2002, order denying de Pino's Motion for Reconsideration and the Court's subsequent disbursement of funds on December 27, 2002, both parties will be protected if contested funds remain in the registry.[2] De Pino argues that Sort-Rite has maintained throughout the history of this case that they are entitled only to the employer's portion of the life insurance policy proceeds. Conversely, de Pino has maintained, and continues to maintain on appeal, she is entitled to the entire amount of the proceeds. In essence, de Pino argues that because Sort-Rite does not claim it is entitled to additional funds beyond the employer's portion of the proceeds, on appeal Sort-Rite stands only to lose

---

[1] De Pino filed an emergency motion to stay proceedings pending appeal with the Fifth Circuit. The Fifth Circuit denied this motion, holding the Court was without jurisdiction to require funds that had already been distributed to be returned to the District Court's Registry.

[2] The Clerk of the Court disbursed the funds on December 27, 2002. De Pino filed her Motion to Stay Proceedings to Enforce Judgment Pending Appeal [Dkt. No. 88] on December 30, 2002. De Pino's motion, therefore, in practical terms requests a return of the funds.

the funds already disbursed to it, while de Pino stands only to gain entitlement to the proceeds awarded to Sort-Rite. See de Pino, et al.'s Motion to Stay, at p. 3 [Dkt. No. 88]. As a result, de Pino asserts the principal amount of $1,000,000 (one million), which is the employer's portion of the proceeds should be returned to the Court's registry. De Pino further argues that because Sort-Rite was recently in Chapter 11, she will not reasonably be able to recover funds from Sort-Rite in the event of a favorable decision on appeal unless the Court requires the company to deposit funds in the registry. See id.

Federal Rule of Civil Procedure 62(d) has been interpreted by courts to authorize a stay pending appeal as a matter of right when there is a money judgment and the appellant posts a sufficient supersedeas bond. See American Mfrs. Mut. Ins. Co. v. American Broadcasting-Paramount Theatres, Inc., 87 S.Ct. 1, 3, 17 L.Ed.2d 37 (1966); Herbert v. Exxon Corp., 953 F.2d 936, 938 (5th Cir. 1992) (per curiam). The Fifth Circuit has stated, "the applicability of Rule 62(d) turns . . . on whether the judgment involved is monetary or nonmonetary, so long as the judgment is not otherwise excepted under Rule 62(a)." Herbert, 953 F.2d at 938. In Herbert, the Court held Rule 62(d) applied to a declaratory judgment when that judgment required the appellant to pay a sum of money. See id.

In the present case, although the judgment involves money, it was an interpleader action in which the judgment bound neither party to pay any money, but instead adjudicated their rights to the insurance policy proceeds. The funds were then distributed to the parties from the Court's Registry. See In re Texas Equipment Co., Inc. 283 B.R. 222, 226 (Bankr. N.D. Tex. 2002). Further, the insurance proceeds are not funds belonging to de Pino and being sought by Sort-Rite as an adverse party. Indeed, it was Jefferson Pilot who brought this action in interpleader with both Sort-Rite and de Pino seeking to have a portion of the funds awarded to them. Simply because de Pino continues to contend on appeal that she is entitled to the portion of the proceeds awarded to Sort-Rite, does not transform her status from that of defendant in an interpleader action to that of plaintiff, even if on appeal she argues only she stands to gain entitlement to more of the proceeds. See Price & Pierce International, Inc. v.

Spicers International Paper Sales, Inc. and Papeteries de Belgique, 1985 WL 1985, *1 (S.D. N.Y. June 28, 1985). De Pino is not, therefore, entitled to an automatic stay under Rule 62(d).

As a result of the above analysis, the Court instead addresses whether de Pino is eligible for a discretionary stay. The Fifth Circuit uses a four element test in deciding whether to grant a discretionary stay pending appeal: "(1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant has made a showing of irreparable injury if the stay is not granted; (3) whether the granting of the stay would substantially harm the other parties; and (4) whether the granting of the stay would serve the public interest." Ruiz v. Estelle, 666 F.2d 854, 856 (5th Cir. 1982) (citing Ruiz v. Estelle, 650 F.2d 555 (5th Cir. 1981) (per curiam) (Ruiz I)). The movant is required to satisfy all of these elements.

Likelihood of Success

The movant must show only a substantial case on the merits when a serious legal question is involved and need not demonstrate a "probability of success." See Arnold v. Garlock, Inc., 278 F.3d 426, 439 (5th Cir. 2001) (quoting Ruiz I, 650 F.2d at 565). The movant must, however, generally show "the balance of the equities weighs heavily in favor of granting the stay." Id. In the present case, this Court made both factual and legal findings. Namely, the Court construed the meaning of such operative documents as the beneficiary designation change form, and the Court determined the effect of the bankruptcy proceedings on Sort-Rite's entitlement to the life insurance policy proceeds. In the course of making these determinations, the Court applied legal standards and interpreted both federal and Texas state law. Although the Court of course recognizes there is a possibility the Fifth Circuit will not affirm this Court's decision, the movant has not demonstrated that a particular area of the law is uncertain or that this case presents novel legal issues. Rather, movant simply disagrees with this Court's application of the law to her claims, and states her appeal is not frivolous. The Court agrees with de Pino that her appeal is not frivolous. However, were this kind of showing demonstrate "a substantial case on the merits" any appellant could easily

3

establish a likelihood of success on appeal. In light of this, de Pino has not demonstrated a likelihood of success sufficient to trigger a discretionary stay.

### Irreparable injury if the stay is not granted

De Pino argues that if a stay is not granted, she will effectively lose her right to appeal because Sort-Rite has filed for bankruptcy in the past, and therefore Sort-Rite will likely not be able to furnish de Pino with any future award of the proceeds should she win on appeal. The Court rejects this argument. Sort-Rite filed for bankruptcy under Chapter 11, and not under Chapter 7. After reorganization, the company remains solvent. De Pino has not presented the Court with any other reason that would indicate Sort-Rite will be unable to pay de Pino the proceeds should the Fifth Circuit determine on appeal that she is entitled to them. De Pino has not, therefore, demonstrated irreparable injury if the stay is not granted.

### Substantial harm to the other party

De Pino presents no arguments that Sort-Rite will not be substantially harmed except to state that "Sort-Rite International, Inc. has, through its own documents, approved the retention of monies in the Registry of the Court . . . when it argued . . . that retention was necessary to protect it from 'delay damages.'" See de Pino's Motion to Stay, at p. 4 [Dkt. No. 88]. This argument seemingly cuts the other way. Sort-Rite was arguing that should the Court determine on reconsideration it was not entitled to the funds, de Pino's portion of the money should remain in the registry during pendency of the appeal. This, along with a supersedeas bond, would protect it from damages associated with the delay of disbursement. See Sort-Rite's Response to de Pino's Motion to Distribute Funds in the Court's Registry, at p. 3 [Dkt. No. 83]. Sort-Rite suggested it would be harmed if the Court determined on reconsideration that it was not entitled to the employer's portion of the proceeds. Because de Pino has failed to demonstrate Sort-Rite will not be harmed if the Court grants a stay, de Pino also does not satisfy this element for a discretionary stay.

### Public interest

De Pino has failed to present any arguments that the public interest lies in this Court granting her stay, except to state the litigants are entitled to their right to appeal,

and without this stay she will be unable to recoup the proceeds if her appeal is successful. The Court does not find the public interest weighs in favor of granting de Pino's motion for stay.

### Distribution of the Funds

The Clerk of the Court disbursed the funds on December 27, 2002. De Pino, although alluding to a stay in her earlier Reply to Sort-Rite's Opposition to Immediate Distribution of a Portion of the Funds [Dkt. No. 85], did not file an actual Motion for Stay until December 30, 2002 [Dkt. No. 88]. The Court believes the filing of this motion after the funds had already been disbursed additionally demonstrates the equities of this case do not lean in favor of a discretionary stay.

### Conclusion

De Pino has failed to satisfy the four elements required by the Fifth Circuit when granting discretionary stays. The Court therefore **DENIES** de Pino's Motion for Stay.

DONE this 12th day of February, 2003, at Brownsville, Texas.

_____
Hilda G. Tagle
United States District Judge